A

PLD-C-001

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>CHARLES M. BROWN<br>55 Skylonda Drive<br>Woodside, CA 94062<br><br>TELEPHONE NO. (650) 851-2858   FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): In Pro Per | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO
STREET ADDRESS: 400 County Center
MAILING ADDRESS: (formerly 401 Marshall Street)
CITY AND ZIP CODE: Redwood City, California, 94063
BRANCH NAME: SOUTHERN

PLAINTIFF: CHARLES M. BROWN

DEFENDANT: WIRELESS NETWORKS, INC.

[X] DOES 1 TO    50

| BREACH OF        CONTRACT | |
|---|---|
| [X] COMPLAINT | ____ AMENDED COMPLAINT (Number): |
| ____ CROSS-COMPLAINT | ____ AMENDED CROSS-COMPLAINT (Number): |

**ENDORSED FILED**
**SAN MATEO COUNTY**

JUL 1 0 2007

Clerk of the Superior Court
By M. Javillonar
DEPUTY CLERK

**Jurisdiction** (check all that apply):
____ ACTION IS A LIMITED CIVIL CASE
   Amount demanded ____ does not exceed $10,000
               ____ exceeds $10,000, but does not exceed $25,000
[X] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
____ ACTION IS RECLASSIFIED by this amended complaint or cross-complaint
   ____ from limited to unlimited
   ____ from unlimited to limited

CASE NUMBER:

CIV 464574

1. Plaintiff* (name or names):   CHARLES M. BROWN

   alleges causes of action against defendant* (name or names): WIRELESS NETWORKS, INC., a Delaware
   corporation with its principal place of business in San Mateo County, CA

2. This pleading, including attachments and exhibits, consists of the following number of pages:   14

3. a. Each plaintiff named above is a competent adult
   ____ except plaintiff (name):

      (1) ____ a corporation qualified to do business in California
      (2) ____ an unincorporated entity (describe):
      (3) ____ other (specify):

   b. ____ Plaintiff (name):
      a. ____ has complied with the fictitious business name laws and is doing business under the fictitious name (specify):

      b. ____ has complied with all licensing requirements as a licensed (specify):

   c. ____ Information about additional plaintiffs who are not competent adults is shown in Attachment 3c.

4. a. Each defendant named above is a natural person
      [X] except defendant (name): WIRELESS              ____ except defendant (name):
   NETWORKS, INC.
      (1) ____ a business organization, form unknown        (1) ____ a business organization, form unknown
      (2) [X] a corporation                                 (2) ____ a corporation
      (3) ____ an unincorporated entity (describe):         (3) ____ an unincorporated entity (describe):

      (4) ____ a public entity (describe):                  (4) ____ a public entity (describe):

      (5) ____ other (specify):                             (5) ____ other (specify):

* If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.

Page 1 of 2

| | | |
|---|---|---|
| Form Approved for Optional Use<br>Judicial Council of California<br>PLD-C-001 [Rev. January 1, 2007] | **COMPLAINT—Contract** | Legal<br>Solutions<br>Plus |

Code of Civil Procedure, § 425.12

| SHORT TITLE: BROWN v. WIRELESS NETWORKS, INC. | CASE NUMBER: |
|---|---|

4. *(Continued)*
   b. The true names of defendants sued as Does are unknown to plaintiff.
      (1) ____ Doe defendants *(specify Doe numbers):* _____ were the agents or employees of the named
         defendants and acted within the scope of that agency or employment.
      (2) ____ Doe defendants *(specify Doe numbers):* _____ are persons whose capacities are unknown to
         plaintiff.
   c. ____ Information about additional defendants who are not natural persons is contained in Attachment 4c.
   d. ____ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

5. ____ Plaintiff is required to comply with a claims statute, **and**
   a. ____ has complied with applicable claims statutes, *or*
   b. ____ is excused from complying because *(specify):*

6. ____ This action is subject to ____ Civil Code section 1812.10 ____ Civil Code section 2984.4.
7. This court is the proper court because
   a. $\underline{X}$ a defendant entered into the contract here.
   b. ____ a defendant lived here when the contract was entered into.
   c. ____ a defendant lives here now.
   d. $\underline{X}$ the contract was to be performed here.
   e. $\underline{X}$ a defendant is a corporation or unincorporated association and its principal place of business is here.
   f. ____ real property that is the subject of this action is located here.
   g. ____ other *(specify):*

8. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*
   $\underline{X}$ Breach of Contract
   $\underline{X}$ Common Counts
   ____ Other *(specify):*

9. ____ Other allegations:

10. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
    a. ____ damages of: $ 50,617.32
    b. ____ interest on the damages
       (1) ____ according to proof
       (2) $\underline{X}$ at the rate of *(specify):*    10.00 percent per year from *(date):* July 18, 2007
    c. ____ attorney's fees
       (1) ____ of: $ 0.00
       (2) ____ according to proof.
    d. ____ other *(specify):*

11. ____ The paragraphs of this pleading alleged on information and belief are as follows *(specify paragraph numbers):*

Date: JULY 18, 2007

CHARLES M. BROWN, In Pro Per

(TYPE OR PRINT NAME)                                    (SIGNATURE OF PLAINTIFF OR ATTORNEY)

*(If you wish to verify this pleading, affix a verification.)*

| SHORT TITLE: BROWN v. WIRELESS NETWORKS, INC. | CASE NUMBER: |
|---|---|

FIRST _____
(number)

## CAUSE OF ACTION—Breach of Contract

ATTACHMENT TO ⎯X⎯ Complaint ⎯⎯ Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

BC-1. Plaintiff *(name)*: CHARLES M. BROWN

alleges that on or about *(date):*      June 30, 2001 and January 30, 2003
a ⎯X⎯ written ⎯⎯ oral ⎯⎯ other *(specify):*
agreement was made between *(name parties to agreement):* CHARLES M. BROWN and WIRELESS NETWORKS, INC.
⎯X⎯ A copy of the agreement is attached as Exhibit A, or
⎯⎯ The essential terms of the agreement ⎯⎯ are stated in Attachment BC-1 ⎯⎯ are as follows *(specify):*

Those agreements (promissory notes) were expressly affirmed by the Board of Directors of WIRELESS NETWORKS, INC. on April 19, 2005 (See Exhibit "B").

BC-2. On or about *(dates):*  $/\ 9\ APRIL$ , 2007
defendant breached the agreement by ⎯⎯ the acts specified in Attachment BC-2 ⎯X⎯ the following acts *(specify):*

WIRELESS NETWORKS, INC.'S and its controlling shareholder, Ruy Rothschild de Souza, refusal to pay Plaintiff the sums owed to him after repeated demands therefore.

BC-3. Plaintiff has performed all obligations to defendant except those obligations plaintiff was prevented or excused from performing.

BC-4. Plaintiff suffered damages legally (proximately) caused by defendant's breach of the agreement
⎯⎯ as stated in Attachment BC-4 ⎯X⎯ as follows *(specify):*

$51,617.32

BC-5. ⎯⎯ Plaintiff is entitled to attorney fees by an agreement or a statute
⎯⎯ of $ 0.00
⎯⎯ according to proof.

BC-6. ⎯⎯ Other:

Page _____

Page 1 of 1

| Form Approved for Optional Use<br>Judicial Council of California<br>PLD-C-001(1) [Rev. January 1, 2007] | **CAUSE OF ACTION—Breach of Contract** | Legal<br>Solutions<br>Plus | Code of Civil Procedure, § 425.12 |

PLD-C-001(2)

| SHORT TITLE: BROWN v. WIRELESS NETWORKS, INC. | CASE NUMBER: |
|---|---|

SECOND _____ **CAUSE OF ACTION—Common Counts**
(number)

ATTACHMENT TO ☒ Complaint ☐ Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

CC-1. Plaintiff *(name):*  CHARLES M. BROWN

alleges that defendant *(name):*  WIRELESS NETWORKS, INC.

became indebted to ☒ plaintiff ☐ other *(name):*

a. ☐ within the last four years
   (1) ☐ on an open book account for money due.
   (2) ☐ because an account was stated in writing by and between plaintiff and defendant in which it
       was agreed that defendant was indebted to plaintiff.

b. ☒ within the last ☒ two years ☐ four years
   (1) ☐ for money had and received by defendant for the use and benefit of plaintiff.
   (2) ☐ for work, labor, services and materials rendered at the special instance and request of defendant
       and for which defendant promised to pay plaintiff
       ☐ the sum of $ 0.00
       ☐ the reasonable value.
   (3) ☐ for goods, wares, and merchandise sold and delivered to defendant and for which defendant
       promised to pay plaintiff
       ☐ the sum of $ 0.00
       ☐ the reasonable value.
   (4) ☐ for money lent by plaintiff to defendant at defendant's request.
   (5) ☒ for money paid, laid out, and expended to or for defendant at defendant's special instance and
       request.
   (6) ☐ other *(specify):*

CC-2. $ 3,351.00 _____, which is the reasonable value, is due and unpaid despite plaintiff's demand,
plus prejudgment interest ☐ according to proof ☒ at the rate of ___10.00___ percent per year
from *(date):*  July 18, 2007

CC-3. ☐ Plaintiff is entitled to attorney fees by an agreement or a statute
      ☐ of $ 0.00
      ☐ according to proof.

CC-4. ☒ Other:

See Exhibit "C"

Page _____

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(2) [Rev. January 1, 2007]

**CAUSE OF ACTION—Common Counts**

Legal
Solutions
Plus

Code of Civil Procedure, § 425.12

# EXHIBIT A

☑00:

**$71,892.29**

**Woodside, CA**
**June 30, 2001**

### PROMISSORY NOTE

FOR VALUE RECEIVED, **Wireless Networks, Inc.,** a Delaware corporation
("Borrower") hereby promises to pay to the order of **Charles M. Brown** ("Lender") in
lawful money of the United states of America, on **June 30, 2003,** the principal sum of
**Seventy One Thousand Eight Hundred Ninety Two Dollars and Twenty Nine Cents**
**($71,892.29).** This Note will bear interest at the rate of nine percent (9%) per annum
until the date of maturity, and thereafter will bear interest at the rate of nine percent (9%)
per annum until fully paid.

In the event that Borrower shall fail to make full and timely payment of the
principal hereunder when due, the entire unpaid principal amount of this Note shall
automatically become immediately due and payable without demand or notice, and
Borrower shall pay such further amount as shall be sufficient to cover all costs and
expenses (including reasonable attorney's fees) directly or indirectly incurred by Lender
in connection with the collection of this Note.

Borrower hereby waives notice of default, notice of acceleration, notice of
prepayment, presentment, protest, or notice of dishonor. Borrower may prepay at any
time, in part or in full, without penalty.

**WIRELESS NETWORKS, INC. (Borrower)**

**By: Charles Brown, President**

**By: Secretary**

$2,000.00

**Woodside, CA**
**January 30, 2003**

## PROMISSORY NOTE

FOR VALUE RECEIVED, **Wireless Networks, Inc.**, a Delaware corporation
("Borrower") hereby promises to pay to the order of **Charles M. Brown** ("Lender") in
lawful money of the United states of America, on **January 30, 2005**, the principal sum of
**Two Thousand Dollars and No Cents ($2,000,00)**. This Note will bear interest at the
rate of nine percent (9%) per annum until the date of maturity, and thereafter will bear
interest at the rate of nine percent (9%) per annum until fully paid.

In the event that Borrower shall fail to make full and timely payment of the
principal hereunder when due, the entire unpaid principal amount of this Note shall
automatically become immediately due and payable without demand or notice, and
Borrower shall pay such further amount as shall be sufficient to cover all costs and
expenses (including reasonable attorney's fees) directly or indirectly incurred by Lender
in connection with the collection of this Note.

Borrower hereby waives notice of default, notice of acceleration, notice of
prepayment, presentment, protest, or notice of dishonor. Borrower may prepay at any
time, in part or in full, without penalty.

**WIRELESS NETWORKS, INC. (Borrower)**

By: Charles Brown, President            By: Secretary

# EXHIBIT B

MINUTES OF A SPECIAL MEETING OF THE BOARD OF DIRECTORS

OF

WIRELESS NETWORKS, INC.

A special meeting of the Board of Directors of Wireless Networks, Inc., a Delaware corporation, (the "Company"), was held as follows:

| | |
|---|---|
| Date: | April 19, 2005 |
| Time: | 10:45 AM Pacific Time |
| Place: | 350 Cambridge Avenue, Suite 150 |
| | Palo Alto, California. |
| Kind of Meeting: | Special |
| How Called or Noticed: | Notice waived |
| Director Present: | Mr. Charles Brown |
| Directors Absent: | None |
| Other Persons Present: | James Hagan, Esq. attorney for the |
| | Company, and Mr. Ruy Rothschild de Souza |

The following matters of business were considered and conducted.

1. Mr. Brown, as President of the Company, called the meeting to order. On motion duly made, seconded, and unanimously carried, Mr. Hagan was elected as Recording Secretary to record the minutes of this meeting.

2. Mr. Brown noted that Mr. Redett, previously a director of the Company, has resigned from that position, leaving Mr. Brown as the only director of the Company. Mr. Brown also noted that the Company has just issued to Mr. Ruy Rothschild de Souza's company, MRG International, Inc., an affiliate of Cruzamerica, 112,791.2064 shares of its common stock, a majority of the Company's outstanding common stock. Acting under and pursuant to Section 223(a)(1) of the Delaware Corporation Law, Mr. Brown elected Mr. Ruy Rothschild de Souza as a director of the Company to serve as such without compensation. Mr. Ruy Rothschild de Souza accepted the position of a director of the Company and thereafter participated in the meeting as a director. Mr. Brown observed that Mr. Brown presently serves as the President, Secretary, and Treasurer of the company. This matter was discussed. No change was made.

3. Mr. Brown presented to the meeting financial statements as of December 31, 2004, for the company and for its wholly-owned subsidiary, Wireless Networks do Brazil. These financial statements were reviewed in detail by the directors. Thereafter, on

motions duly made, seconded, and unanimously carried, each of those financial statements was approved.

4. Mr. Brown presented to the meeting two promissory notes which evidence indebtedness due from the company to him, one in the amount of $71, 892.29 and one in the amount of $2,000.00. These promissory notes were discussed and considered. Thereafter, on motions duly made, seconded, and unanimously carried, the following resolutions were adopted:

RESOLVED, that each of the aforesaid promissory notes shall be, and each of them is hereby, approved and ratified;

RESOLVED FURTHER, that the officers of this corporation shall be, and they are hereby, authorized, directed, and empowered to sign and deliver said promissory notes and to take any and all actions as may in their judgment be necessary or appropriate to carry out and perform said promissory notes and the foregoing resolution.

5. Mr. Brown presented to the meeting a Fourth Amendment (to August 31, 2004) and a Fifth Amendment (to December 31, 2004) to the loan and option agreement executed by and between the Company and Cruzamerica in January, 2002. These documents were reviewed and considered. Thereafter, on motions duly made, seconded, and unanimously carried, the following resolutions were adopted:

RESOLVED, that the Fourth Amendment and the Fifth Amendment to the aforesaid loan and option agreement shall be, and each of them hereby is, approved and ratified;

RESOLVED FURTHER, that the officers of this corporation shall be, and they are hereby, authorized, directed, and empowered to sign and deliver said Fourth Amendment and Fifth Amendment and to take any and all actions as may in their judgment be necessary or appropriate to carry out and perform said agreements and the foregoing resolution.

6. Mr. Brown presented to the meeting a promissory note due from Wireless Networks do Brazil to this company in the amount of $1,074,010.52 as of December 31, 2004. This promissory note was reviewed and considered. Thereafter, on motions duly made, seconded, and unanimously carried, the following resolution was adopted:

RESOLVED, that the aforesaid promissory note shall be, and it is hereby, approved and accepted;

7. Mr. Brown presented to the meeting a power of attorney, similar in form and content to other powers of attorney approved in the past, by means of which to authorize Mr. Ruy Rothschild de Souza to conduct the business of the Company in Brazil. This document was reviewed and considered. Thereafter on motions duly made, seconded, and unanimously carried, the following resolutions were adopted:

RESOLVED, that the aforesaid power of attorney shall be, and it is hereby, approved and ratified;

RESOLVED FURTHER, that the officers of this corporation shall be, and they are hereby, authorized, directed, and empowered to sign and deliver said power of attorney and to take any and all actions as may in their judgment be necessary or appropriate to carry out and perform said power of attorney and the foregoing resolution.

8. Mr. Hagan suggested that the Company send a letter to all shareholders informing them of the conversion by Cruzamerica of debt into common stock, the resignation of Mr. Redett as a director, and the election of Mr. Ruy Rothschild de Souza as a director. Mr. Brown and Mr. Ruy Rothschild de Souza undertook to do so.

9. Mr. Brown noted that the company was current in its tax and filings and its Delaware corporation filings.

10. Mr. Brown observed that the Company may need a small line of credit of up to $5,000 for use in the immediate future. This matter was discussed and considered. Thereafter, on motions duly made, seconded, and unanimously carried, the standard bank line of credit resolutions attached hereto were approved, ratified, and adopted, and the officers of the corporation were authorized and empowered to sign and deliver such documents, and to take such actions, as may be in their judgment necessary or appropriate to obtain such a line of credit and to carry out and implement the foregoing resolutions.

11. There being no further business to come before the meeting, on motion duly made, seconded and unanimously carried, the meeting was adjourned at 11:05 A. M. Pacific Time.

Date: April 19, 2005

as Recording Secretary

# EXHIBIT C

Charles Brown
WNI bills paid directly by Charles Brown
May - June 2007

| | | |
|---|---|---:|
| 5/1/07 | BMW BANK BMWFS PYMT 070429 66959027 Charl | 969.15 |
| 5/30/07 | BMW BANK BMWFS PYMT 070529 67697147 Charl | 969.15 |
| 4/18/07 | Sprint | 95.39 |
| 4/19/07 | Sprint | 109.42 |
| 5/25/07 | Sprint | 93.79 |
| 6/30/07 | BMW Finance | 969.15 |
| 6/27/07 | Extra Storage | 145.00 |

| | |
|---|---:|
| Total | 3,351.05 |

## SUMMONS
### (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

WIRELESS NETWORKS, INC. and DOES 1 THROUGH 50

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**ENDORSED FILED**
**SAN MATEO COUNTY**

JUL 1 9 2007

Clerk of the Superior Court
By    M. Javillenar
DEPUTY CLERK

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CHARLES M. BROWN

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.  Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.  Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca.  Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
*Hay otros requisitos legales.  Es recomendable que llame a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO
400 County Center
(formerly 401 Marshall Street)
Redwood City, California, 94063
SOUTHERN

CASE NUMBER:
*(Número del Caso):*
464574

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
CHARLES M. BROWN                                     (650) 851-2858
55 Skylonda Drive
Woodside, CA 94062

DATE:    JUL 1 9 2007                **JOHN C. FITTON**        Clerk, by _____, Deputy
*(Fecha)*                                   *(Secretario)*                **M. JAVILLONAR**        *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Wireless Networks, Inc.

under:  ☒ CCP 416.10 (corporation)              ☐ CCP 416.60 (minor)
        ☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
        ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
        ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*  7-23-07        2:3 p

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

## NOTICE OF CASE MANAGEMENT CONFERENCE

Charles Brown

**ENDORSED FILED**
**SAN MATEO COUNTY** Case No. ____ CIV 4 0 4 5 7 4

JUL 1 9 2007    Date: ____ NOV 2 8 2007

vs.

**Clerk of the Superior Court**
**By M. Javillonar** Time: 9:00 a.m.
**DEPUTY CLERK**

Wireless Networks,

Dept. 2 – on Tuesday & Friday
Dept. 8 – on Wednesday & Thursday

You are hereby given notice of your Case Management Conference. The date, time and department have been written above.

1. In accordance with applicable California Rules of Court and Local Rules 2.3(d)1-4 and 2.3(m), you are hereby ordered to:
   a. **Serve all named defendants and file proofs of service on those defendants with the court within 60 days** of filing the complaint (CRC 3.110).
   b. **Serve a copy of this notice,** Case Management Statement and ADR Information Sheet on all named parties in this action.
   c. **File and serve** a completed Case Management Statement at least 15 days before the Case Management Conference [CRC 3.725]. Failure to do so may result in monetary sanctions.
   d. **Meet and confer,** in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than 30 days before the date set for the Case Management Conference.

2. **If you fail to follow the orders above, you are ordered to show cause why you should not be sanctioned. The Order To Show Cause hearing will be at the same time as the Case Management Conference hearing. Sanctions may include monetary, evidentiary or issue sanctions as well as striking pleadings and/or dismissal.**

3. Continuances of case management conferences are highly disfavored unless good cause is shown.
4. Parties may proceed to an appropriate dispute resolution process ("ADR") by filing a Stipulation To ADR and Proposed Order (see attached form.). If plaintiff files a Stipulation To ADR and Proposed Order electing to proceed to judicial arbitration, the Case Management Conference will be taken off the court calendar and the case will be referred to the Arbitration Administrator. If plaintiffs and defendants file a **completed** stipulation to another ADR process (e.g., mediation) **10 days** prior to the first scheduled case management conference, the case management conference will be continued for 90 days to allow parties time to complete their ADR session. The court will notify parties of their new case management conference date.
5. If you have filed a default or a judgment has been entered, your case is not automatically taken off the Case Management Conference Calendar. If "Does", "Roes", etc. are named in your complaint, they must be dismissed in order to close the case. If any party is in bankruptcy, the case is stayed only as to that named party.
6. You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.
7. The Case Management judge will issue orders at the conclusion of the conference that may include:
   a. Referring parties to voluntary ADR and setting an ADR completion date;
   b. Dismissing or severing claims or parties;
   c. Setting a trial date.
8. The Case Management judge may be the trial judge in this case.

For further information regarding case management policies and procedures, see the court website at www.sanmateocourt.org.

* Telephonic appearances at case management conferences are available by contacting CourtCall, LLC, an independent vendor, at least 5 business days prior to the scheduled conference (see attached CourtCall information).

**B**

AT-105

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):*<br>JEFFREY F. RYAN, SBN 129079<br>RYAN & STEINER, An Association of Attorneys<br>455 North Whisman Avenue, Suite 200<br>Mountain View, CA  94043-5721<br>TELEPHONE NO.: 650-691-1430      FAX NO.: 650-968-2685<br>ATTORNEY FOR *(Name):*  Plaintiff Charles M. Brown | **FOR COURT USE ONLY** |
| NAME OF COURT: Superior Court of California, County of San Mateo<br>STREET ADDRESS: 400 County Center<br>MAILING ADDRESS: 400 County Center<br>CITY AND ZIP CODE: Redwood City, CA  94063<br>BRANCH NAME: | |
| PLAINTIFF:   Charles M. Brown<br><br>DEFENDANT: Wireless Networks, Inc. | |

| | |
|---|---|
| **APPLICATION FOR**<br>☑ **RIGHT TO ATTACH ORDER**  ☑ **TEMPORARY PROTECTIVE ORDER**<br>☑ **ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT**<br>☐ **ORDER FOR ISSUANCE OF ADDITIONAL WRIT OF ATTACHMENT**<br><br>☐ **After Hearing**   ☑ **Ex Parte**<br>☐ **Against Property of Nonresident** | CASE NUMBER:<br><br>CIV 464574 |

1. Plaintiff *(name):* Charles M. Brown
   applies   ☐ after hearing   ☑ ex parte   for
   a. ☑ a right to attach order and writ of attachment.
   b. ☐ an additional writ of attachment.
   c. ☑ a temporary protective order.
   d. ☐ an order directing the defendant to transfer to the levying officer possession of
      (1) ☐ property in defendant's possession.
      (2) ☐ documentary evidence in defendant's possession of title to property.
      (3) ☐ documentary evidence in defendant's possession of debt owed to defendant.

2. Defendant *(name):*
   a. ☐ is a natural person who
      (1) ☐ resides in California.
      (2) ☐ does not reside in California.
   b. ☑ is a corporation
      (1) ☑ qualified to do business in California.
      (2) ☐ not qualified to do business in California.
   c. ☐ is a California partnership or other unincorporated association.
   d. ☐ is a foreign partnership that
      (1) ☐ has filed a designation under Corporations Code section 15800.
      (2) ☐ has not filed a designation under Corporations Code section 15800.
   e. ☐ is other *(specify):*

3. Attachment is sought to secure recovery on a claim upon which attachment may issue under Code of Civil Procedure section 483.010.

4. Attachment is not sought for a purpose other than the recovery on a claim upon which the attachment is based.

5. Plaintiff has no information or belief that the claim is discharged or the prosecution of the action is stayed in a proceeding under Title 11 of the United States Code (Bankruptcy).

(Continued on reverse)

Page one of three

| | | |
|---|---|---|
| Form Approved for Optional Use<br>Judicial Council of California<br>AT-105 [Rev. January 1, 2000] | **APPLICATION FOR RIGHT TO ATTACH ORDER, TEMPORARY<br>PROTECTIVE ORDER, ETC. (Attachment)** | Code of Civil Procedure,<br>§§ 482.030, 484.010 et seq.<br><br>American LegalNet, Inc.<br>www.USCourtForms.com |

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Brown v. Wireless Networks, Inc. | CIV 464574 |

6. ☐ Plaintiff's claim or claims arise out of conduct by the defendant who is a natural person of a trade, business, or profession. The claim or claims are not based on the sale or lease of property, a license to use property, the furnishing of services, or the loan of money where any of the foregoing was used by the defendant primarily for personal, family, or household purposes.

7. The facts showing plaintiff is entitled to a judgment on the claim on which the attachment is based are set forth with particularity in the
   a. ☐ verified complaint.
   b. ☐ attached affidavit or declaration.
   c. ☑ following facts *(specify)*:

     Plaintiff is the lender on two promissory notes in the original principal amount of $73,892.29 plus stated interest; the remaining balance on the notes is $51,617.32 plus interest; both notes are in default and defendant has refused to make payment despite demand therefor. Further Plaintiff rendered services to defendant as its former president and is owed unpaid wages in the amount of $46, 876.60, and unreimbursed expenses in the amount of 3,511.06.

8. The amount to be secured by the attachment is: $ 112,324.98
   a. ☑ which includes estimated costs of: $ 320
   b. ☑ which includes estimated allowable attorney fees of: $ 10,000

9. Plaintiff is informed and believes that the following property sought to be attached for which a method of levy is provided is subject to attachment:
   a. ☑ Any property of a defendant who is **not** a natural person.
   b. ☐ Any property of a nonresident defendant.
   c. ☐ Property of a defendant who is a natural person that is subject to attachment under Code of Civil Procedure section 487.010 described as follows *(specify)*:

   d. ☐ Property covered by a bulk sales notice with respect to a bulk transfer by defendant on the proceeds of the sale of such property *(describe)*:

   e. ☐ Plaintiff's pro rata share of proceeds from an escrow in which defendant's liquor license is sold *(specify license number)*:

10. Plaintiff is informed and believes that the property sought to be attached is not exempt from attachment.

11. ☐ The court issued a Right to Attach Order on *(date)*:
    *(Attach a copy.)*

12. ☐ Nonresident defendant has not filed a general appearance.

(Continued on page three)

AT-105 [Rev. January 1, 2000]     **APPLICATION FOR RIGHT TO ATTACH ORDER, TEMPORARY**     Page two of three
                                    **PROTECTIVE ORDER, ETC. (Attachment)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Brown v. Wireless Networks, Inc. | CIV 464574 |

13.  a.  Plaintiff ☑ alleges on ex parte application for order for writ of attachment
        ☐ is informed and believes on application for temporary protective order
that plaintiff will suffer great or irreparable injury if the order is not issued before the matter can be heard on notice because
  (1) ☑ it may be inferred that there is a danger that the property sought to be attached will be
      (a) ☐ concealed.
      (b) ☐ substantially impaired in value.
      (c) ☑ made unavailable to levy by other than concealment or impairment in value.
  (2) ☑ defendant has failed to pay the debt underlying the requested attachment and is insolvent as defined in Code of Civil Procedure section 485.010, subdivision (b)(2).
  (3) ☐ a bulk sales notice was recorded and published pursuant to Division 6 of the Commercial Code with respect to a bulk transfer by the defendant.
  (4) ☐ an escrow has been opened under the provisions of Business and Professions Code section 24074 with respect to the sale by the defendant.
  (5) ☑ other circumstances *(specify)*:

> Defendant's lone material asset consists of certain source code which is contained on certain DVD computer disks that have been deposited with this Court in the related matter of Hagan Law Firm v. Wireless Networks, Case NO. CIV 464141. Defendant has reached a settlement of that matter and if the code is released to defendant it will likely be removed from the country and transferred to defendant's subsidiary in Brasil

  b.  The statements in item 13a are established by ☐ the attached affidavit or declaration
      ☑ the following facts *(specify)*:

> As former president of Defendant, plaintiff has personal knowledge that as of July 6, 2007, defendant is insolvent, has less than $100 in bank accounts, conducts no operations which generate income and cannot pay its debts as they come due; that Defendant has not paid and refused to pay plaintiff on the promissory notes or for wages earned, or for expenses incurred; Defendant intended to remove and transfer the source code to Brasil on or about July 11, 2007, and was prevented from doing so only by the deposit into this Court made in Case NO. CIV 464141, which is about to settle.

14.  ☑ Plaintiff requests the following relief by temporary protective order *(specify)*:

> That the source code deposited with this court in case no. CIV 464141 not be released, and instead be retained by the court pending the outcome of this case and that a right to attach order be issued in defendant's favor attaching the source code.

15.  Plaintiff
  a.  ☐ has filed an undertaking in the amount of: $
  b.  ☑ has not filed an undertaking.

Date:

JEFFREY F. RYAN
(TYPE OR PRINT NAME OF PLAINTIFF OR PLAINTIFF'S ATTORNEY)

_____
(SIGNATURE OF PLAINTIFF OR PLAINTIFF'S ATTORNEY)

## DECLARATION

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and complies with Rule of Court 3.1202(c).
Date: August 17, 2007

CHARLES M. BROWN
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF DECLARANT)

16. Number of pages attached: 0

**APPLICATION FOR RIGHT TO ATTACH ORDER, TEMPORARY PROTECTIVE ORDER, ETC. (Attachment)**

JEFFREY F. RYAN, ESQ. SBN 129079
RYAN & STEINER
An Association of Attorneys
455 North Whisman Road, Suite 200
Mountain View, CA 94043-5721
Telephone:    (650) 691-1430
Facsimile:    (650) 968-2685

Attorneys for Plaintiff,
CHARLES M. BROWN

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN MATEO

CHARLES M. BROWN,

        Plaintiff,

vs.

WIRELESS NETWORKS, INC., a Delaware
corporation, and DOES 1 THROUGH 50,

        Defendants.

Case No.: CIV 464574

**MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF
*EX PARTE* APPLICATION FOR RIGHT
TO ATTACH ORDER AND
TEMPORARY PROTECTIVE ORDER**

**Date:**    **August 20, 2007**
**Time:**    **2:00 p.m.**
**Place;**    **San Mateo County Courthouse
        400 County Center
        Law and Motion Department**

## MEMORANDUM OF POINTS AND AUTHORITIES

Section 483.010 of the Code of Civil Procedure provides that an attachment may be issued in an action for a claim for money based on a contract or an implied contract and the total amount of the claim is fixed or readily ascertainable in an amount in excess of $500.00, exclusive of costs, interest, and attorneys fees.

Sections 485.010 and 485.210 of the Code of Civil Procedure provide that a right to attach order may be issued after the filing of a complaint upon an *ex parte* application when a supporting declaration demonstrates that great or irreparable injury would result if the order were delayed until the matter could be heard on notice in that the defendant is insolvent and cannot pay its debts as they become due, the plaintiff would be entitled to judgment and the property

1  sought to be attached is not exempt from attachment. Section 486.010 of the Code of Civil

2  Procedure provides that the court may also issue a temporary protective order.

3      Section 487.919 of the Code of Civil Procedure provides that, where the defendant is a

4  corporation, all corporate property for which a method of levy is provided is subject to

5  attachment.

6      Plaintiff seeks to attach three DVD computer disks which are tangible personal property

7  of the defendant which embody the defendant's source code and which are capable of delivery.

8  The source code disks have already been deposited with this Court in connection with a related

9  case titled The Hagan Law Firm, Inc. v. Wireless Networks, Inc., Case No. CIV 464141. The

10  plaintiff in the Hagan case has informed the plaintiff herein that it has reached a settlement of

11  that matter. Accordingly defendant's source code disks will soon be released if no further order

12  retaining custody in this Court is issued and Plaintiff herein not allowed to attach the disks.

13      Section 572 of the Code of Civil Procedure provides that, when the defendant has in its

14  possession or under its control any money or other thing capable of delivery which under the

15  circumstances of the case should be held by the court pending final disposition of the action, the

16  court may order the same to be deposited in court subject to the further direction of the court. In

17  the circumstances of this case, the aforesaid three DVD disks are at immediate risk of being

18  removed and transferred to Brazil. Accordingly, said three DVD disks should, upon resolution

19  of the Hagan case, remain in the custody of the Court in this matter pending final disposition of

20  this action.

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1    Based on the foregoing and the supporting documents, Plaintiff CHARLES M. BROWN

2  respectfully requests that the three DVD disks should, upon resolution of the Hagan case, remain

3  in the custody of the Court in this matter pending final disposition of this action.

4

5                              Respectfully submitted

6                              RYAN & STEINER
                               An Association of Attorneys
7

8

9  Dated:  August 20, 2007        BY: _____
                                      JEFFREY F. RYAN, Attorneys for Plaintiff
10                                    CHARLES M. BROWN

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                      3

1    JEFFREY F. RYAN, ESQ. SBN 129079
     RYAN & STEINER
2    An Association of Attorneys
     455 North Whisman Road, Suite 200
3    Mountain View, CA 94043-5721
     Telephone:    (650) 691-1430
4    Facsimile:    (650) 968-2685

5    Attorneys for Plaintiff,
6    CHARLES M. BROWN

7                           SUPERIOR COURT OF CALIFORNIA

8                             COUNTY OF SAN MATEO

9

10   CHARLES M. BROWN,                          Case No.: CIV 464574

11          Plaintiff,                          **DECLARATION OF VIRGINIA**
                                                **FERNANDEZ IN SUPPORT *EX PARTE***
12          vs.                                 **APPLICATION FOR RIGHT TO**
                                                **ATTACH ORDER AND TEMPORARY**
13   WIRELESS NETWORKS, INC., a Delaware        **PROTECTIVE ORDER**
     corporation, and DOES 1 THROUGH 50,
14                                              **(Rule 3.1204)**
            Defendants.
15                                              **Date:      August 20, 2007**
16                                              **Time:      2:00 p.m.**
                                                **Place;     San Mateo County Courthouse**
17                                              **           400 County Center**
                                                **           Law and Motion Department**
18

19          The undersigned does hereby declare and say as follows:

20          1.      I am a resident of the State of California over the age of eighteen years.  I am

21   aware of the following facts of my own personal knowledge.  I am competent to testify and if

22   called as a witness would testify that the following facts are true and correct.

23          2.      I placed a telephone call to Daniel J. Herling, Esq. of the Duane Morris LLP firm,

24   at telephone number (415) 957-3000 who represents Defendant WIRELESS NETWORKS, INC.

25   in the related case *The Hagan Law Firm v. Wireless Networks, Inc.,*" San Mateo County Superior

26   Court case no. CIV 464141.  On Friday, August 17, 2007 at 9:23 a.m., I called the law office of

27   Duane Morris LLP and was transferred to Mr. Herling's extension.  He did not answer and I left

28   a detailed message.  In that telephone conversation, I notified Mr. Herling that at 2:00 p.m. on

                                                 1
     DECLARATION OF VIRGINIA FERNANDEZ IN SUPPORT *EX PARTE* APPLICATION
     FOR RIGHT TO ATTACH ORDER AND TEMPORARY PROTECTIVE ORDER
     BROWN V. WIRELESS NETWORKS, INC.                                    CASE NO.  CIV 464574

1   Monday, August 20, 2007, at the San Mateo County Courthouse, Law and Motion Department at

2   400 County Center, Redwood City, California, Plaintiff CHARLES M. BROWN, would appear

3   before the above-entitled court and would present to said Court an *ex parte* application

4   requesting the Court enter a writ of attachment. I then asked to speak with his assistant, Beth

5   Coffey, and I was advised Mr. Herling was away on vacation. I gave Ms. Coffey all of the

6   details of the hearing. On August 17, 2007, I sent a confirming letter to Mr. Herling's office via

7   facsimile and U.S. mail. On August 17, 2007, I received correspondence from Jessica E. La

8   Londe of Mr. Herling's office indicating they would be attending the *ex parte* hearing.

9   (Attached hereto is a true and correct copy of Jessica E. La Londe's correspondence, dated

10   August 17, 2007, marked as **Exhibit "A."**)

11       3.    I placed a telephone call to Margaret Wilson, Authorized Agent for CT

12   Corporation, agent for service of process for Defendant WIRELESS NETWORKS, INC. at

13   telephone number (213) 457-0596. On Friday, August 17, 2007 at 9:26 a.m., I called CT

14   Corporation and after the telephone rang about 10 times I received a recording indicating that

15   party was not answering and I would be disconnected. I tried again at 9:43 a.m., 9:55 a.m. and

16   received the same recording indicating that the party was not answer and I would be

17   disconnected.

18       I declare under penalty of perjury under the laws of the State of California that the

19   foregoing is true and correct. This declaration was executed on August  17 , 2007, in

20   Mountain View, California.

21

22                          VIRGINIA L. FERNANDEZ

23

24

25

26

27

28

2