**EXHIBIT A**

DuaneMorris·

*FIRM and AFFILIATE OFFICES*

NEW YORK
LONDON
SINGAPORE
LOS ANGELES
CHICAGO
HOUSTON
HANOI
PHILADELPHIA
SAN DIEGO
SAN FRANCISCO
BALTIMORE
BOSTON
WASHINGTON, DC
LAS VEGAS
ATLANTA
MIAMI
PITTSBURGH
NEWARK
WILMINGTON
PRINCETON
LAKE TAHOE
HO CHI MINH CITY

JESSICA E. LA LONDE
DIRECT DIAL: 415.957.3225
*E-MAIL:* jclalonde@duanemorris.com

*www.duanemorris.com*

August 17, 2007

VIA FACSIMILE AND U.S. MAIL

Virginia L. Fernandez
Paralegal
Ryan & Steiner
455 North Whieman Road, Suite 200
Mountain View, CA 94043-5721

> **Re:** *Brown v. Wireless Networks, Inc.*
> Case No. CIV 464574 _____

Dear Ms. Fernandez:

I am assisting Dan Herling in the above-referenced matter. We have received your letter of today, informing us that you will be appearing *ex parte* on behalf of Plaintiff on Monday for a writ of attachment. This letter is notification to you that we will be attending Monday's hearing on behalf of Wireless Networks, Inc., and will be opposing Plaintiff's motion. If you intend to file any papers with the Court regarding Plaintiff's motion, please provide us with a copy of such papers in advance of Monday's hearing.

Very truly yours,

Jessica E. La Londe

JEL/tm

cc: Jeffrey F. Ryan, Esq.
    Daniel J. Herling, Esq.



## DuaneMorris·

DUANE MORRIS LLP
ONE MARKET, SPEAR TOWER, SUITE 2000
SAN FRANCISCO, CA 94105-1104
PHONE: 415.957.3000
FAX: 415.957.3001

# FACSIMILE TRANSMITTAL SHEET

| TO: | Jeffrey F. Ryan, Esq. |
|---|---|
| **FIRM/COMPANY:** | Ryan & Steiner |
| **FACSIMILE NUMBER:** | 650.968.2685 |
| **CONFIRMATION TELEPHONE:** | 650.691.1430 |
| **FROM:** | Jessica E. La Londe |
| **DIRECT DIAL:** | 415.957.3225 |
| **DATE:** | August 17, 2007 |
| **USER NUMBER:** | 7066 |
| **FILE NUMBER:** | 99999-00097 |
| **TOTAL # OF PAGES:** (INCLUDING COVERSHEET) | 2 |
| **MESSAGE:** | *Brown v. Wireless Networks, Inc.* |

Please see attached letter.

NOTE: Original will not follow

CONFIDENTIALITY NOTICE

THIS FACSIMILE TRANSMISSION IS PRIVILEGED AND CONFIDENTIAL AND IS INTENDED ONLY FOR THE
REVIEW OF THE PARTY TO WHOM IT IS ADDRESSED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN
ERROR, PLEASE IMMEDIATELY TELEPHONE THE SENDER ABOVE TO ARRANGE FOR ITS RETURN, AND IT
SHALL NOT CONSTITUTE WAIVER OF THE ATTORNEY-CLIENT PRIVILEGE.

If there is a problem with this transmission, please call us as soon as possible at 415.957.3000.

DM1\1174132.1

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| JEFFREY F. RYAN, SBN 129079<br>RYAN & STEINER, an Association of Attorneys<br>455 N. Whisman Avenue, Suite 200<br>Mountain View, CA 94043-5721<br>TELEPHONE NO.: 650-691-1430　　FAX NO.: 650-968-2685<br>ATTORNEY FOR *(Name)*: Plaintiff Charles M. Brown | |

NAME OF COURT: Superior Court of California, County of San Mateo
STREET ADDRESS: 400 County Center
MAILING ADDRESS: 400 County Center
CITY AND ZIP CODE: Redwood City, CA 94063
BRANCH NAME:

PLAINTIFF: Charles M. Brown

DEFENDANT: Wireless Networks, Inc.

| **EX PARTE**<br>☑ **RIGHT TO ATTACH ORDER AND ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT (RESIDENT)**<br>☐ **ORDER FOR ISSUANCE OF ADDITIONAL WRIT OF ATTACHMENT (RESIDENT)** | CASE NUMBER:<br><br>CIV 464574 |
|---|---|

1. The application and supporting declaration or affidavit of plaintiff *(name)*: Charles M. Brown
   for an ex parte ☑ right to attach order and order for issuance of writ of attachment ☐ order for issuance of an additional
   writ of attachment ☐ has been considered by the court.

## FINDINGS

2. THE COURT FINDS
   a. Defendant *(specify name)*:　　Wireless Networks, Inc.　　is a ☐ natural person
      ☐ partnership ☐ unincorporated association ☑ corporation ☐ other *(specify)*:
   b. The claim upon which the application is based is one upon which an attachment may be issued under Code of Civil Procedure section 483.010.
   c. Plaintiff has established the probable validity of the claim upon which the attachment is based.
   d. The attachment is not sought for a purpose other than the recovery on the claim upon which the application is based.
   e. The amount to be secured by the attachment is greater than zero.
   f. The affidavit or declaration accompanying the application shows that the property sought to be attached, or the portions thereof to be specified in the writ, are not exempt from attachment.
   g. The portion of the property sought to be attached described in item 3b is not exempt from attachment.
   h. An undertaking in the amount of: $10,000　　　　　　　　　　is required before a writ shall issue, and plaintiff
      ☒ has ☐ has not filed an undertaking in that amount.
   i. Great or irreparable injury will result to the plaintiff if issuance of the order is delayed until the matter can be heard on notice, based on the following:
      (1) ☑ There is a danger that the property sought to be attached would be
          (a) ☐ concealed.　　　　(b) ☐ substantially impaired in value.
          (c) ☑ made unavailable to levy by other than concealment or impairment in value.
      (2) ☑ Defendant has failed to pay the debt underlying the requested attachment and is insolvent as defined in Code of Civil Procedure section 485.010, subdivision (b)(2), as set forth in the affidavit or declaration filed in support of this application, which specifies the defendant's known undisputed debts and the basis for plaintiff's determination that the defendant's debts are undisputed.
      (3) ☐ A bulk sales notice was recorded and published pursuant to Division 6 of the Commercial Code with respect to a bulk transfer by the defendant.
      (4) ☐ An escrow has been opened pursuant to the provisions of Business and Professions Code section 24074 with respect to the sale by the defendant of a liquor license. The liquor license number is:
      (5) ☑ Other circumstances *(specify)*: Sole material asset may be removed from the country.

   j. ☐ A Right to Attach Order was issued on *(date)*:　　　　　　　　　　　　　　　　　　　　　　　pursuant to
      ☐ Code of Civil Procedure section 484.090 (on notice) ☐ Code of Civil Procedure section 485.220 (ex parte)
   k. ☐ Other *(specify)*:

*(Continued on reverse)*

Form Approved for Optional Use<br>Judicial Council of California<br>AT-125 [Rev. January 1, 2000]　**EX PARTE RIGHT TO ATTACH ORDER AND ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT (RESIDENT) (Attachment)**　Code of Civil Procedure,<br>§§ 482.030, 485.010 et seq.

American LegalNet, Inc.<br>www.USCourtForms.com

## ORDER

3. THE COURT ORDERS

a. Plaintiff has a right to attach property of defendant *(name)*: Wireless Networks, Inc.
in the amount of: $ 112,324.98

b. The clerk shall issue ☑ a writ of attachment ☐ an additional writ of attachment in the amount stated in item 3a
☐ forthwith ☐ upon the filing of an undertaking in the amount of: $
(1) ☐ for the property covered by a bulk sales notice with respect to a bulk transfer by defendant or the proceeds of the sale of such property, described as follows *(specify)*:

(2) ☐ for plaintiff's pro rata share of proceeds from an escrow in which defendant's liquor license is sold. The license number is *(specify)*:
(3) ☑ for any property of a defendant who is **not** a natural person for which a method of levy is provided.
(4) ☐ for property of a defendant who is a natural person subject to attachment under Code of Civil Procedure section 487.010 *(specify)*:

c. ☐ Defendant shall transfer to the levying officer possession of
(1) ☐ any documentary evidence in defendant's possession of title to any property described in item 3b.
(2) ☐ any documentary evidence in defendant's possession of debt owed to defendant described in item 3b.
(3) ☐ the following property in defendant's possession *(specify)*:

---

**NOTICE TO DEFENDANT: FAILURE TO COMPLY WITH THIS ORDER MAY SUBJECT YOU TO ARREST AND PUNISHMENT FOR CONTEMPT OF COURT.**

---

d. ☑ Other *(specify)*:
Defendant's source code on deposit with this court in case no. CIV 464141 shall be held by this Court pending resolution of this case in addition to CIV 464141

e. Total number of boxes checked in item 3: **2**

Date:

▶

........................................ (TYPE OR PRINT NAME) ........................................     (SIGNATURE OF JUDGE OR COMMISSIONER)

1 | JEFFREY F. RYAN, ESQ. SBN 129079
RYAN & STEINER

2 | An Association of Attorneys

3 | 455 North Whisman Road, Suite 200
Mountain View, CA 94043-5721

4 | Telephone: (650) 691-1430
Facsimile: (650) 968-2685

5

Attorneys for Plaintiff,

6 | CHARLES M. BROWN

7 | SUPERIOR COURT OF CALIFORNIA

8 | COUNTY OF SANTA CLARA

9

10 | CHARLES M. BROWN, | Case No.: CIV 464574

11 | Plaintiff, | **PROOF OF SERVICE**

12 | vs.

13 | WIRELESS NETWORKS, INC., a Delaware
corporation, and DOES 1 THROUGH 50,

14

15 | Defendants.

16

17

18

19

20

21

22

23

24

25

26

27

28

1

# PROOF OF SERVICE

2  I am employed in the County of Santa Clara, California, the County. I, the undersigned,

3  declare that I am over the age of 18 years and not a party to this action. My business address is

4  455 North Whisman Road, Suite 200, Mountain View, California 94043-5721. I am employed

5  as a paralegal by Ryan & Steiner, an Association of Attorneys. On **August 20, 2007**, I served

6  the attached document(s):

7      1. *EX PARTE* **RIGHT TO ATTACH ORDER AND ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT;**

8

9      2. **DECLARATION OF VIRGINIA FERNANDEZ IN SUPPORT OF** *EX PARTE* **APPLICATION FOR RIGHT TO ATTACH ORDER AND**

10         **TEMPORARY PROTECTIVE ORDER;**

11      3. **APPLICATION FOR RIGHT TO ATTACH ORDER; TEMPORARY PROTECTIVE ORDER; and ORDER FOR ISSUANCE OF WRIT OF**

12         **ATTACHMENT;**

13      4. **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF** *EX PARTE* **APPLICATION FOR RIGHT TO ATTACH ORDER AND**

14         **TEMP0ORARY PROTECTIVE ORDER;**

15      5. **SECOND AMENDED COMPLAINT; and**

16      6. **NOTICE OF RELATED CASE.**

17  Person(s) Served:

18

19

| **Attorney for Defendant:** | **Attorney for Agent for Service of Process:** |
|---|---|
| Daniel J. Herling, Esq.<br>DUANE MORRIS LLP<br>One Market Street, Spear Tower, Suite 2000<br>San Francisco, CA 94105-1104<br>Telephone: (415) 957-3000<br>Facsimile (415) 957-3001 | Margaret Wilson, Authorized Agent<br>CT CORPORATION<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>(213) 457-0596 |
| *VIA HAND DELIVERY* | *VIA REGULAR MAIL* |

25

26  **X**    **By Mail:** I caused such envelope with postage thereon fully prepaid, to be placed in the United States Mail this day at Mountain View, California. I am "readily familiar"

27  with the firm's practice of collecting and processing mail. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.

28

BROWN V. WIRELESS NETWORKS, INC.                    CASE NO. CIV 464574

| | | |
|---|---|---|
| 1 | | **By Facsimile** Transmission: I caused such document(s) to be transmitted to the addressee(s)' facsimile number noted above. |
| 2 | | **By Federal Express:** I caused such document(s) to be deposited in a box or other facility regularly maintained by Federal Express, or delivered to an authorized courier or driver authorized by Federal Express to receive documents, in an envelope or package designated by Federal Express with delivery fees paid or provided for, addressed to the person on whom it is to be served, at the office address as last given by that person on any document filed in the cause and served on the party making service; otherwise at that party's residence. The deposit was made on **August 20, 2007** at Mountain View, California. |
| 7 | **X** | **By Hand Delivery:** By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and causing each envelope(s) to be hand served in accordance with C.C.P. §1011(a). |
| 9 | | **By Personal Delivery:** I caused such document(s) to be personally delivered to the addressee(s) listed herein or if upon a party, and not otherwise provided, then in accordance with C.C.P. §1011(b). |

I declare under penalty of perjury under the laws of the State of California that the

foregoing is true and correct. Executed on **August 20, 2007** at Mountain View, California.

Virginia L. Fernandez

FILED
SAN MATEO COUNTY

AUG 2 0 2007

Clerk of the Superior Court
By
DEPUTY CLERK

1  DANIEL J. HERLING (SBN 103711)
   LINA M. BRENNER (SBN 191075)
2  JESSICA E. LA LONDE (SBN 235744)
   **DUANE MORRIS LLP**
3  One Market, Spear Tower, Suite 2000
   San Francisco, CA 94105-1104
4  Telephone: 415.957.3000
   Facsimile: 415.957.3001
5  E-Mail:  djherling@duanemorris.com

6  Attorneys for Defendant
   WIRELESS NETWORKS, INC.

7

8

9                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                    FOR THE COUNTY OF SAN MATEO         **BY FAX**

11  CHARLES M. BROWN,                    Case No. CIV 464574

12          Plaintiff,                   **OPPOSITION OF DEFENDANT
                                          WIRELESS NETWORKS, INC. TO**
13      v.                               **PLAINTIFF'S *EX PARTE*
                                          APPLICATION FOR WRIT OF**
14  WIRELESS NETWORKS, INC.,             **ATTACHMENT**

15          Defendant.                   Date:   August 20, 2007
                                         Time:   2:00 p.m.
16                                       Dept:   Law and Motion

17

18

19      Defendant Wireless Networks, Inc. ("WNI") has not had the opportunity to review Plaintiff's

20  moving papers with respect to his *Ex Parte* Application for Writ of Attachment ("Application"), and

21  therefore submits this Opposition based on WNI's expectations about the arguments Plaintiff will

22  raise.

23                      **I.      INTRODUCTION**

24      Plaintiff Charles M. Brown ("Plaintiff") is not entitled to the issuance of a writ of attachment

25  as a matter of law, as he cannot establish the requirements for a writ to issue, set forth in California

26  Code of Civil Procedure ("CCP") §§ 483.010 and 485.220. First, Plaintiff cannot demonstrate that

27  the amount upon which the attachment must be based is fixed or readily ascertainable. Second,

28  Plaintiff cannot establish that it is more likely than not that he will succeed in his claim against WNI,

DM1\1174162.1

DEFENDANT WIRELESS NETWORKS, INC.'S OPPOSITION TO
PLAINTIFF'S *EX PARTE* APPLICATION FOR WRIT OF ATTACHMENT

1 as there are serious questions regarding the validity and enforceability of the promissory notes on
2 which Plaintiff is suing. Third, Plaintiff's Application fails because he is seeking the writ as part of
3 his campaign of harassment of and intentional harm to WNI.

4 Moreover, even if Plaintiff could establish the requirements for a writ to issue, which he
5 cannot, the issuance of a writ would cause severe and irreparable harm to WNI, and should not be
6 issued on that ground as well.

7 Based on all the above, there is no valid legal or equitable basis for an attachment order as to
8 the WNI property sought by Plaintiff, and Plaintiff's Application should be denied.

9 ## II. FACTS

10 Plaintiff Charles Brown is a former officer and director of Defendant WNI. Plaintiff was
11 removed as an officer and director of WNI on or about July 13, 2007. Plaintiff filed a complaint
12 against WNI on July 19, 2007 for breach of contract and common counts, alleging that WNI owed
13 him certain sums, some of which Plaintiff claims is evidenced by two separate promissory notes,
14 executed on June 30, 2001 and January 30, 2003, and payable on June 30, 2003 and January 30,
15 2005, respectively. (*See* Plaintiff's Complaint in this action, and Exhibit A thereto.) These
16 promissory notes were signed by Plaintiff himself, in his capacity as President and Secretary of
17 Defendant WNI. (*See* Exhibit A to Plaintiff's Complaint.)

18 While WNI has not had the opportunity to review Plaintiff's Application for a writ of
19 attachment, it believes that Plaintiff is likely seeking to attach certain source code belonging to WNI,
20 consisting of three DVD computer disks used to conduct WNI's business ("Source Code").

21 Other relevant facts are discussed, as appropriate, in the Argument section below.

22 ## III. ARGUMENT

23 Plaintiff's Application fails on each of the following requirements to obtain a right to attach
24 and writ of attachment order:

25     (1) The claim upon which the attachment is based is one upon
which an attachment may be issued.
26

27     (2) The plaintiff has established the probable validity of the claim
upon which the attachment is based.

28

2

DEFENDANT WIRELESS NETWORKS, INC.'S OPPOSITION TO
PLAINTIFF'S *EX PARTE* APPLICATION FOR WRIT OF ATTACHMENT

1    (3)    The attachment is not sought for a purpose other than the
       recovery upon the claim upon which the attachment is based.

2

3    *(See* CCP § 485.220, listing the requirements (CCP § 484.090, for noticed hearings, contains the

4    same requirements.))  The statutory requirements are to be strictly construed.  *(See, e.g., Nakasone v.*

5    *Randall* (1982) 129 Cal.App.3d 757, 761.)  Moreover, the writ would cause serious and irreparable

6    harm to WNI's business.

7       For all these reasons, Plaintiff's Application should be denied.

8    **A.    *First Prong*: The Claim Upon Which the Attachment is Based in Not One Upon
         Which An Attachment May Be Issued**

9

10    To be subject to attachment under the first prong of CCP § 485.220, Plaintiff must show that

11   there is a "fixed or readily ascertainable amount" as to which a writ may issue.  (CCP § 483.010(a).)

12   There is a serious factual dispute as to the amounts WNI allegedly owes to Plaintiff and therefore, a

13   writ is inappropriate.  The following facts demonstrate that the amount claimed by Plaintiff is not a

14   "fixed or readily ascertainable amount":

15   **The Amounts in the Promissory Notes Are Disputed and Do Not Match Damages**

16   **Sought in Complaint.** The amounts stated in the promissory notes are seriously disputed by WNI

17   and, as such, a writ of attachment based on these notes would be inappropriate.  The promissory

18   notes were executed by Plaintiff himself and thus the amounts therein are inherently suspect.  WNI

19   does not know how Plaintiff derived these amounts and, at this time, has no basis for believing them

20   to be true or accurate.  Moreover, the amount of damages claimed in Plaintiff's complaint differs

21   from the amounts allegedly evidenced by the promissory notes.  Therefore, there is a serious dispute

22   regarding the amounts allegedly owed by WNI, and there is therefore no fixed or readily

23   ascertainable amount as to which a writ may issue.

24   **WNI Has Not Had Access to Corporate Records.**  The amounts allegedly owed to Plaintiff

25   by WNI are also not readily ascertainable because WNI has not had access to its corporate records.

26   WNI's corporate records were being held in a storage unit under Plaintiff's name.  Plaintiff

27   continually stalled in providing WNI access to these records, precluding WNI from reviewing such

28   records.  After repeated attempts, it was not until August 14 that Plaintiff sent to WNI's counsel the

DM1\1174162.1                                3

1 key to the storage unit where such records are being held. WNI has not had the opportunity to fully
2 review those corporate documents. Therefore, the amount allegedly owed to Plaintiff is not readily
3 ascertainable.

4 **Offset Likely Applies.** Moreover, the amount allegedly owed to Plaintiff is not fixed or
5 readily ascertainable because an offset of any amount likely applies. WNI believes it is possible that
6 it has already paid some or all of any sums Plaintiff claims are owed pursuant to the promissory
7 notes, which are likely evidenced by the corporate records which WNI has only recently gained
8 access to. Therefore, offset would apply to this extent.

9 Additionally, as discussed in Section C below, WNI plans on filing a cross-complaint against
10 Plaintiff for breach of fiduciary duties, among other causes of action.[1] Any damages awarded to
11 WNI pursuant to its cross-complaint would offset the damages claimed by Plaintiff.

12 **B.** *Second Prong*: **Plaintiff Cannot Establish the Probable Validity of the Claim Upon Which the Attachment is Based**
13

14 Plaintiff cannot establish the probable validity of the claim upon which the attachment is
15 based, and therefore Plaintiff's Application also fails under the second prong of CCP § 485.220. A
16 claim has "probable validity" if "it is more likely than not that the plaintiff will obtain a judgment
17 against the defendant on that claim." (CCP § 481.190.) It is *not* more likely than not that Plaintiff
18 will obtain a judgment against WNI because: (1) at least one of the promissory notes appears to have
19 a statute of limitations issue on its face, and (2) the enforceability of the promissory notes is
20 seriously in dispute.

21 **1. Promissory Note Has a Statute of Limitations Issue On its Face**

22 The promissory note for $71,892.29 (as opposed to the promissory note for $2,000) was
23 executed on June 30, 2001 and payable on June 30, 2003, more than four years prior to Plaintiff's
24 complaint being filed on July 19, 2007. It thus appears that Plaintiff's claim on this promissory note
25 may be barred by the statute of limitations. *See* CCP § 337 ("Within four years: 1. An action upon
26 any contract, obligation or liability founded upon an instrument in writing . . . .").

27
28 [1] WNI's responsive pleading is due August 22, 2007.

DM1\1174162.1             4

1  Therefore, it is *not* "more likely than not" that Plaintiff will obtain a judgment against WNI

2  on its claim pursuant to the $71,892.29 promissory note, and Plaintiff's Application fails for this

3  reason.

### 2. Enforceability of Promissory Notes Seriously in Dispute

5  It is seriously in dispute whether Plaintiff will be able to enforce the promissory notes against

6  WNI. For one, Plaintiff himself executed the promissory notes, which were to inure to his benefit.

7  It is questionable whether Plaintiff may enforce the promissory notes against WNI under such facts.

8  Moreover, it is questionable whether Plaintiff may claim that WNI wrongfully failed to pay

9  such notes when, at the time the notes became due, Plaintiff was still an officer and director of WNI

10  and presumably had some power to ensure payment was made to him.

11  There are, therefore, serious legal issues about the enforceability of the promissory notes

12  against WNI, that make it unlikely that Plaintiff will succeed on his claim against WNI. Plaintiff's

13  Application should therefore be denied on this ground as well.

### C. *Third Prong*: On Information and Belief, the Attachment is Being Sought For Purposes Other Than the Recovery Upon the Claim Upon Which the Attachment is Based, To Wit, to Harass and Intentionally Harm WNI

16  WNI believes that Plaintiff is seeking the Application for improper purposes, specifically, as

17  part of Plaintiff's ongoing campaign to harass and cause WNI irreparable harm. Plaintiff therefore

18  cannot establish that the attachment is being sought to recover upon the claim on which the

19  attachment is based, as required by the third prong of CCP § 485.220. This pattern and practice of

20  harassing WNI and attempting to intentionally cause WNI harm is evidenced by other actions

21  Plaintiff has taken to date, including his breach of fiduciary duties as CEO of WNI; his improper

22  involvement in another lawsuit, discussed further below; and his claims against WNI with the

23  California Department of Industrial Relations, Division of Labor Standards Enforcement ("DLSE").

### 1. Plaintiff Breached His Fiduciary Duties as CEO of WNI; WNI's Cross-Complaint

26  Plaintiff has engaged in sham behavior with the specific intent of causing WNI harm and, in

27  the process, has breached his fiduciary duties to Plaintiff. In *Hagan v. Wireless Networks Inc.*, Case

28  No. CIV 464141, pending in the San Mateo Superior Court, WNI's former attorney, James Hagan,

DM1\1174162.1

5

1 filed a complaint against WNI on June 29, 2007, alleging unpaid legal bills. On July 6, 2007, while
2 Plaintiff was still an officer and director of WNI, Plaintiff volunteered to be deposed by Mr. Hagan
3 in the *Hagan* lawsuit. During this deposition, Plaintiff made various statements allegedly on behalf
4 of WNI, that were extremely harmful and detrimental to WNI, and which Plaintiff had no authority
5 to make. Specifically, Plaintiff stated during the deposition that WNI held Source Code of value,
6 that there was no reason Mr. Hagan's bills should not be paid, and that WNI had no legal defense
7 that would justify the nonpayment of the promissory notes issued to Plaintiff, among other
8 statements.

9 Plaintiff volunteered for the deposition without WNI's authority and attended the deposition
10 without an attorney present. Because Plaintiff was not represented by counsel, Plaintiff made
11 several improper statements, including offering legal opinions about various issues related to WNI.
12 Moreover, Plaintiff volunteered for this deposition knowing that he was about to lose his positions
13 within WNI and, on information and belief, knowing that he was going to file a lawsuit against WNI.
14 Therefore, Plaintiff submitted to examination in collusion with Mr. Hagan and with the purpose of
15 making self-serving statements and statements intentionally aimed at harming WNI.

16 Based on Plaintiff's deposition testimony, on July 11, 2007, Mr. Hagan obtained a writ of
17 attachment against WNI with respect to the aforementioned Source Code, which is presently with
18 the Superior Court for San Mateo, pursuant to CCP § 572. WNI and Mr. Hagan have reached a
19 settlement with respect to Mr. Hagan's matter, pursuant to which Mr. Hagan and WNI will execute a
20 stipulation for an order vacating the writ of attachment and CCP § 572 order regarding the Source
21 Code.

22 WNI believes that the actions taken by Plaintiff with respect to the *Hagan* lawsuit were done
23 with the purpose of intentionally harming and harassing WNI, and were done in breach of Plaintiff's
24 fiduciary duties. WNI plans on filing a cross-complaint against Plaintiff for breach of fiduciary
25 duties, based in part on Plaintiff's actions discussed above, when it is due to respond to Plaintiff's
26 complaint (currently Wednesday, August 22, 2007). Moreover, WNI believes that this current
27 Application is part of the same campaign to cause WNI irreparable injury, and that it should
28 therefore be denied.

DM1\1174162.1

6

**2. DLSE Claim**

Around the time Plaintiff filed this lawsuit, Plaintiff also filed a claim against WNI with the DLSE, claiming certain past wages, some of which appear to be covered by this lawsuit. WNI believes that the DLSE claim has no basis in law and contains groundless and false allegations. WNI furthermore believes that this, combined with other actions, including Plaintiff's breach of fiduciary duties discussed above, establishes a pattern and practice of attempting to intentionally harm and harass WNI.

Based on Plaintiff's actions to date, WNI believes that this Application is not being sought for the expressed purposes, but to further harass WNI and cause WNI harm. Plaintiff's Application should therefore be denied.

**D.     The Attachment Would Have a Serious Detrimental Effect on WNI's Business**

The Court is required to assess the harm to the potentially affected party, WNI, caused by the requested writ of attachment. *(North Hollywood Marble Co., Inc. v. Superior Court* (1984) 157 Cal.App.3d 683, 690.) Further, the Court must consider "the interest of the defendant in avoiding potential adverse financial consequences." *(Id.* at 690.)

The property sought to be attached will have a serious detrimental effect on WNI, which will inhibit it from running its business, further undermining the logic behind the present Application. One of WNI's main non-monetary assets is the Source Code. The Source Code has already been subject to a writ since July 11, 2007. The longer the Source Code is unavailable to WNI, the less value it has to WNI, and WNI must expend additional time and money to conduct its business without the Source Code. Plaintiff is well aware of the Source Code's value to WNI and, in seeking the writ, is attempting to purposefully harm and harass WNI.

**IV.     CONCLUSION**

Plaintiff cannot meet the requirements for the issuance of a writ of attachment, as a matter of law. Plaintiff cannot demonstrate that the amounts it seeks are fixed or readily ascertainable, as the amounts are seriously in dispute, and are not capable of easy resolution. Plaintiff also cannot establish that it will more likely than not succeed on its claims against WNI, as it is questionable whether the promissory notes may be enforced. Plaintiff also appears to be applying for the writ as

1   one more step in his campaign of harassment and intentional harm to WNI. Lastly, even if Plaintiff

2   could satisfy all of the requirements for a writ to issue, which he cannot, the Court should not issue a

3   writ of attachment because of the serious and irreparable harm it will cause WNI.

4       Based on all the above, Plaintiff's Application should be denied.

5

6   Dated: August 20, 2007           **DUANE MORRIS** LLP

7

8               By:

                 Lina M. Brenner

9                 Attorneys for Defendant

                Wireless Networks, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT WIRELESS NETWORKS, INC.'S OPPOSITION TO
PLAINTIFF'S *EX PARTE* APPLICATION FOR WRIT OF ATTACHMENT

1  DANIEL J. HERLING (SBN 103711)
   LINA M. BRENNER (SBN 191075)
2  JESSICA E. LA LONDE (SBN 235744)
   **DUANE MORRIS LLP**
3  One Market, Spear Tower, Suite 2000
   San Francisco, CA 94105-1104
4  Telephone: 415.957.3000
   Facsimile: 415.957.3001
5  E-Mail:   djherling@duanemorris.com

6  Attorneys for Defendant
   WIRELESS NETWORKS, INC.
7

**ENDORSED FILED**
**SAN MATEO COUNTY**

AUG 2 0 2007

**Clerk of the Superior Court**
By_____ I. Gomez
        DEPUTY CLERK

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                    FOR THE COUNTY OF SAN MATEO

11  CHARLES M. BROWN,                     Case No. CIV 464574

12              Plaintiff,               **PROOF OF SERVICE OF**
                                         **OPPOSITION OF DEFENDANT**
13         v.                            **WIRELESS NETWORKS, INC. TO**
                                         **PLAINTIFF'S *EX PARTE***
14  WIRELESS NETWORKS, INC.,             **APPLICATION FOR WRIT OF**
                                         **ATTACHMENT**
15              Defendant.
                                         Date:    August 20, 2007
16                                       Time:    2:00 p.m.
                                         Dept:    Law and Motion
17

18

19

20

21

22

23

24

25

26

27

28
   DM1\1174804.1
   PROOF OF SERVICE OF OPPOSITION OF DEFENDANT WIRELESS NETWORKS, INC. TO PLAINTIFF'S
                   *EX PARTE* APPLICATION FOR WRIT OF ATTACHMENT

*Charles M. Brown v. Wireless Networks, Inc.*
Santa Mateo County Superior Court Case No. CIV-464574

## PROOF OF SERVICE

I am a resident of the state of California, I am over the age of 18 years, and I am not a party to this lawsuit. My business address is Duane Morris LLP, One Market Plaza, Spear Tower, Suite 2000, San Francisco, California 94105. On the date listed below, I served the following document(s):

**PROOF OF SERVICE OF OPPOSITION OF DEFENDANT WIRELESS NETWORKS, INC. TO PLAINTIFF'S *EX PARTE* APPLICATION FOR WRIT OF ATTACHMENT**

☐   by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date during normal business hours. Our facsimile machine reported the "send" as successful.

☐   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California, addressed as set forth below.

I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. According to that practice, items are deposited with the United States mail on that same day with postage thereon fully prepaid. I am aware that, on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing stated in the affidavit.

☐   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, deposited with Federal Express Corporation on the same date set out below in the ordinary course of business; to the person at the address set forth below, I caused to be served a true copy of the attached document(s).

☐   by causing personal delivery of the document(s) listed above to the person at the address set forth below.

☒   by personally delivering the document(s) listed above to the person at the address set forth below.

Jeffrey F. Ryan, Esq.
San Mateo County Superior Court
Dept. 2, Crtrm. 8C
400 County Center
Redwood City, CA 94063

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Dated: August 20, 2007

Lisa M. Brenner

PROOF OF SERVICE OF OPPOSITION OF DEFENDANT WIRELESS NETWORKS, INC. TO PLAINTIFF'S *EX PARTE* APPLICATION FOR WRIT OF ATTACHMENT