# EXHIBIT C

AT-105

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| James Hagan, Esq., SBN 037149<br>359 Cambridge Avenue, Suite 150<br>Palo Alto, CA 94306 | |
| TELEPHONE NO.: 650-322-8498    FAX NO.: | |
| ATTORNEY FOR *(Name)*: | |
| NAME OF COURT: Superior Court in and for San Mateo County<br>STREET ADDRESS: 400 County Center<br>MAILING ADDRESS: 400 County Center<br>CITY AND ZIP CODE: Redwood City, CA 94063<br>BRANCH NAME: | |
| PLAINTIFF: The Hagan Law Firm, Inc. | |
| DEFENDANT: Wireless Networks, Inc.<br>    55 Skylonda Drive, Woodside, CA 94062 | CASE NUMBER: |
| **APPLICATION FOR**<br>[✓] RIGHT TO ATTACH ORDER  [✓] TEMPORARY PROTECTIVE ORDER<br>[✓] ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT<br>[ ] ORDER FOR ISSUANCE OF ADDITIONAL WRIT OF ATTACHMENT<br><br>    [ ] After Hearing    [✓] Ex Parte<br>    [ ] Against Property of Nonresident | CIV 464141 |

1. Plaintiff *(name)*: The Hagan Law Firm, Inc.
   applies [ ] after hearing  [✓] ex parte  for
   a. [✓] a right to attach order and writ of attachment.
   b. [ ] an additional writ of attachment.
   c. [✓] a temporary protective order.
   d. [✓] an order directing the defendant to transfer to the levying officer possession of
       (1) [✓] property in defendant's possession.
       (2) [ ] documentary evidence in defendant's possession of title to property.
       (3) [ ] documentary evidence in defendant's possession of debt owed to defendant.

   No prior ex parte application has been made in this case. (Rule of Court 3.1202(b))

2. Defendant *(name)*: Wireless Networks, Inc. (no known attorney) Defendant's Telephone Number is 650-851-1656 extension 301 (Rule of Court 3.1202(a))
   a. [ ] is a natural person who
       (1) [ ] resides in California.
       (2) [ ] does not reside in California.
   b. [✓] is a corporation
       (1) [✓] qualified to do business in California.
       (2) [ ] not qualified to do business in California.
   c. [ ] is a California partnership or other unincorporated association.
   d. [ ] is a foreign partnership that
       (1) [ ] has filed a designation under Corporations Code section 15800.
       (2) [ ] has not filed a designation under Corporations Code section 15800.
   e. [ ] is other *(specify)*:

3. Attachment is sought to secure recovery on a claim upon which attachment may issue under Code of Civil Procedure section 483.010.

4. Attachment is not sought for a purpose other than the recovery on a claim upon which the attachment is based.

5. Plaintiff has no information or belief that the claim is discharged or the prosecution of the action is stayed in a proceeding under Title 11 of the United States Code (Bankruptcy).

(Continued on reverse)

Page one of three

| Form Approved for Optional Use<br>Judicial Council of California<br>AT-105 [Rev. January 1, 2000] | APPLICATION FOR RIGHT TO ATTACH ORDER, TEMPORARY<br>PROTECTIVE ORDER, ETC. (Attachment) | Code of Civil Procedure,<br>§§ 482.030, 484.010 et seq.<br><br>American LegalNet, Inc.<br>www.USCourtForms.com |

| SHORT TITLE: Hagan Law Firm v. Wireless Networks | CASE NUMBER: CIV 464141 |
|---|---|

6. ☐ Plaintiff's claim or claims arise out of conduct by the defendant who is a natural person of a trade, business, or profession. The claim or claims are not based on the sale or lease of property, a license to use property, the furnishing of services, or the loan of money where any of the foregoing was used by the defendant primarily for personal, family, or household purposes.

7. The facts showing plaintiff is entitled to a judgment on the claim on which the attachment is based are set forth with particularity in the
   a. ☐ verified complaint.
   b. ☐ attached affidavit or declaration.
   c. ☑ following facts (specify):

   Plaintiff is a law firm which has performed legal services for the Defendant for more than four years, during which time the Plaintiff's billings to Defendant have reached a total of $44,909, which billings have not been paid. At his deposition examination on July 6, 2007, the President of the Defendant, Charles Brown, admitted that the Defendant has no defense to Plaintiff's claims, and that Defendant is insolvent within the definition set forth in Section 485.010, Code of Civil Procedure.

8. The amount to be secured by the attachment is: $ 45,229.00
   a. ☑ which includes estimated costs of: $ 320.00
   b. ☐ which includes estimated allowable attorney fees of: $

9. Plaintiff is informed and believes that the following property sought to be attached for which a method of levy is provided is subject to attachment:
   a. ☑ Any property of a defendant who is not a natural person.
   b. ☐ Any property of a nonresident defendant.
   c. ☐ Property of a defendant who is a natural person that is subject to attachment under Code of Civil Procedure section 487.010 described as follows (specify):

   d. ☐ Property covered by a bulk sales notice with respect to a bulk transfer by defendant on the proceeds of the sale of such property (describe):

   e. ☐ Plaintiff's pro rata share of proceeds from an escrow in which defendant's liquor license is sold (specify license number):

10. Plaintiff is informed and believes that the property sought to be attached is not exempt from attachment.

11. ☐ The court issued a Right to Attach Order on (date):
    (Attach a copy.)

12. ☐ Nonresident defendant has not filed a general appearance.

(Continued on page three)

AT-105 [Rev. January 1, 2000]    **APPLICATION FOR RIGHT TO ATTACH ORDER, TEMPORARY PROTECTIVE ORDER, ETC. (Attachment)**    Page two of three

| SHORT TITLE: Hagan Law Firm v. Wireless Networks | CASE NUMBER: CIV 464141 |
|---|---|

13. a. Plaintiff [✓] alleges on ex parte application for order for writ of attachment
   [✓] is informed and believes on application for temporary protective order
   that plaintiff will suffer great or irreparable injury if the order is not issued before the matter can be heard on notice because
   (1) [✓] it may be inferred that there is a danger that the property sought to be attached will be
      (a) [ ] concealed.
      (b) [ ] substantially impaired in value.
      (c) [✓] made unavailable to levy by other than concealment or impairment in value.
   (2) [✓] defendant has failed to pay the debt underlying the requested attachment and is insolvent as defined in Code of Civil Procedure section 485.010, subdivision (b)(2).
   (3) [ ] a bulk sales notice was recorded and published pursuant to Division 6 of the Commercial Code with respect to a bulk transfer by the defendant.
   (4) [ ] an escrow has been opened under the provisions of Business and Professions Code section 24074 with respect to the sale by the defendant.
   (5) [✓] other circumstances (specify):

   The Plaintiff seeks to attach, or have deposited in court under Section 572 of the Code of Civil Procedure, the Defendant's source code, which consists of three DVD computer disks. At his deposition examination on July 6, 2007, the President of the Defendant, Charles Brown, testified that the source code is capable of delivery and that, on July 11, 2007, or within just days thereafter, the source code may be removed by the Defendant to Brazil.

   b. The statements in item 13a are established by [ ] the attached affidavit or declaration
   [✓] the following facts (specify):

   The President of the Defendant testified in a deposition on July 6 that (a) Defendant is insolvent in that is has less than $100 in a bank account, conducts no operations which generate income, and cannot pay its debts and they come due, (b) the Defendant has not paid the billings of the Plaintiff for $44,909 which billings are correct and should be paid and the Defendant has no objection or defense thereto, and (c) that on July 11, 2007, or just a few days thereafter, the Defendant intends to remove and transfer the source code from this country to a subsidiary in Brazil.

14. [✓] Plaintiff requests the following relief by temporary protective order (specify):

   The Plaintiff prays that the Court issue its order herein that (a) prohibits the Defendant from removing the source code from its present location or transferring the source code to any location outside of the State of California or copying or duplicating the source code, or (b) orders and directs the Defendant to deposit the source code in court pursuant to Section 572 of the Code of Civil Procedure.

15. Plaintiff
   a. [ ] has filed an undertaking in the amount of: $
   b. [✓] has not filed an undertaking.

Date: July 10, 2007

James Hagan, Esq.
(TYPE OR PRINT NAME OF PLAINTIFF OR PLAINTIFF'S ATTORNEY)     (SIGNATURE OF PLAINTIFF OR PLAINTIFF'S ATTORNEY)

## DECLARATION

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and complies with Rule of Court 3.1202 (c).

Date: July 10, 2007

James Hagan, Esq.
(TYPE OR PRINT NAME)     (SIGNATURE OF DECLARANT)

16. Number of pages attached: 0

AT-105 [Rev. January 1, 2000]     **APPLICATION FOR RIGHT TO ATTACH ORDER, TEMPORARY PROTECTIVE ORDER, ETC. (Attachment)**     Page three of three

James Hagan, Esq., SBN 037149
350 Cambridge Avenue, Suite 150
Palo Alto, California 94306
Telephone: 650-322-8498

Attorney for Plaintiff

IN THE SUPERIOR COURT OF CALIFORNIA
IN AND FOR THE COUNTY OF SAN MATEO

| | |
|---|---|
| THE HAGAN LAW FIRM, INC., a California Corporation, | Case Number: CIV 464141 |
| Plaintiff | |
| vs. | DECLARATION OF JAMES HAGAN (Rules of Court 3.1201(2) and 3.1202(c)) |
| WIRLESS NETWORKS, INC, a corporation | Date: July 11, 2007<br>Time: 2:00 P.M.<br>Place: San Mateo County Courthouse<br>400 County Center<br>Law and Motion Department |
| Defendant | |

The undersigned does hereby declare and say as follows:

1. I am a resident of the State of California over the age of eighteen years. I am aware of the following facts of my own personal knowledge. I am competent to testify and if called as a witness would testify that the following facts are true and correct.

2. The Plaintiff's claim in this case is a claim for money based on a contract or an implied contract and the total amount of the claim is fixed or readily ascertainable in an amount in excess of $500.00 exclusive of costs, interest, and attorneys fees.

3. A complaint has been filed in this case and served upon the Defendant. The complaint has been filed without mediation or arbitration because the Defendant has never requested arbitration or mediation and, as set forth below, the only substantial asset of the Defendant may in the immediate future be removed from the country and transferred to Brazil leaving the Plaintiff with no source of recovery.

4. On July 6, 2007, at a deposition examination, Mr. Charles Brown, as President of the Defendant, testified as follows:

A. The Defendant is indebted to the Plaintiff in the amount of $44,909, and there is no defense to the payment of that debt, and that debt should be paid.

B. The Defendant is insolvent in that it cannot pay its debts as they come due for payment because it has no funds except less than $100 in a bank account and generates no income.

C. The Defendant is a corporation authorized to do business in California.

D. The Defendant has only four assets consisting of its books and records, its ownership of a Brazilian subsidiary called Wireless Networks do Brazil, evidence of which cannot be located, some inventory of radios in storage, and tangible personal property consisting of three DVD computer disks that embody the Defendant's source code which are presently in a bank safe deposit box and which are easily moved and capable of delivery.

E. The source code is the only asset of the Defendant that has any realizable value, and may have substantial value.

F. On July 11, 2007, or immediately thereafter, the Defendant may remove the source code from California and transfer and deliver it to the Defendant's subsidiary in Brazil.

5    The source code is not exempt from attachment. Section 488.335 of the Code of Civil Procedure provides a method of levy for tangible personal property that the defendant possesses or controls.

6. Great or irreparable injury will result to the Plaintiff if the order is delayed until the matter can be heard on notice in that the source code may be transferred to Brazil leaving the Plaintiff with no way ever to satisfy a judgment.

7. In the circumstance of this case, when the defendant has in its possession or under its control any money or other thing capable of delivery such as the source code which is readily transferable beyond the jurisdiction of this court, it is appropriate that the source code should be deposited with and held by the court pending final disposition of the action as provided in Section 572 of the Code of Civil Procedure.

Executed under penalty of perjury at Palo Alto, California, on July 11, 2007.

                                                         James Hagan

Declaration—Page 2

James Hagan, Esq., SBN 037149
350 Cambridge Avenue, Suite 150
Palo Alto, California 94306
Telephone: 650-322-8498

Attorney for Plaintiff

IN THE SUPERIOR COURT OF CALIFORNIA
IN AND FOR THE COUNTY OF SAN MATEO

| | |
|---|---|
| THE HAGAN LAW FIRM, INC., a California Corporation, <br><br> Plaintiff <br><br> vs. <br><br> WIRLESS NETWORKS, INC, a corporation <br><br> Defendant | Case Number: CIV 464141 <br><br> DECLARATION OF JAMES HAGAN (Rule of Court 3.1204) <br> Date: July 11, 2007 <br> Time: 2:00 P. M. <br> Place: San Mateo County Courthouse <br> 400 County Center <br> Law and Motion Department |

The undersigned does hereby declare and say as follows:

1. I am a resident of the State of California over the age of eighteen years. I am aware of the following facts of my own personal knowledge. I am competent to testify and if called as a witness would testify that the following facts are true and correct.

2. I placed a telephone to Charles Brown, the President of the Defendant Wireless Networks, Inc., at the telephone number thereof (650-851-1656) at 8:28 A. M. on the morning of Wednesday, July 11, 2007. Mr. Brown answered and we spoke until about 8:50 A.M. In that telephone conversation, I notified Mr. Brown that, at 2:00 P.M on Wednesday, July 11, 2007, at the San Mateo County Courthouse, Law and Motion Department, at 400 county Center, Redwood City, California, the Plaintiff in the above-entitled case, THE HAGAN LAW FIRM, INC., would appear before the above-entitled court and would present to said court an *ex parte* application requesting that the court enter a Right to Attach Order and a Temporary Protective Order to enable the Plaintiff to attach property of the Defendant, or enter an Order pursuant to Section 572 of the Code of Civil Procedure directing the Defendant to deposit in court the three DVD computer disks that embody the Defendant's

source code to be held by the court pending a final resolution of the action. In accordance with Rule of Court 3.1204(a)(2), I asked Mr. Brown if the Defendant would appear at said *ex parte* application. Mr. Brown informed me that the Defendant at this time was not represented by any attorney, but that he would personally appear at the *ex parte* application.

3. The notice given to the Defendant of the *ex parte* application is shorter that provided in Rule of Court 3.1203(a). However, there are exceptional circumstances that justify a shorter time for such notice as follows: (a) The President of the Defendant, Mr. Brown, has been notified and will appear at the *ex parte* application. (b) On July 6, at a deposition examination Mr. Brown testified that the Defendant had only one asset of substantial value, three DVD computer disks which embody the Defendant's source code. (c) Mr. Brown also testified at that deposition that the Defendant had no funds or income with which to pay the debt owed to the Plaintiff. (d) Mr. Brown also testified that, on July 11, 2007, or immediately thereafter, the Defendant may remove the source code from this country and transfer it to a subsidiary in Brazil. Accordingly, if the source code is not immediately subjected to attachment or a temporary protective order, or deposited with the court, it may be removed from the jurisdiction of this court never to return, and the Plaintiff will have no way ever to satisfy a judgment against the Defendant.

Executed under penalty of perjury at Palo Alto, California, on July 11, 2007.

_____
James Hagan

James Hagan, Esq., SBN 037149
350 Cambridge Avenue, Suite 150
Palo Alto, California 94306
Telephone: 650-322-8498

Attorney for Plaintiff

IN THE SUPERIOR COURT OF CALIFORNIA
IN AND FOR THE COUNTY OF SAN MATEO

| | |
|---|---|
| THE HAGAN LAW FIRM, INC., a California Corporation,<br><br>Plaintiff<br><br>vs.<br><br>WIRLESS NETWORKS, INC, a corporation<br><br>Defendant | Case Number: CIV 464141<br><br>MEMORANDUM<br><br>Date: July _11_, 2007<br>Time: 2:00 P. M.<br>Place: San Mateo County Courthouse<br>400 County Center<br>Law and Motion Department |

MEMORANDUM OF POINTS AND AUTHORITIES

1. Section 483.010 of the Code of Civil Procedure provides that an attachment may be issued in an action for a claim for money based on a contract or an implied contract and the total amount of the claim is fixed or readily ascertainable in an amount in excess of $500.00 exclusive of costs, interest, and attorneys fees.

2. Sections 485.010 and 485.210 of the Code of Civil Procedure provide that a right to attach order may be issued after the filing of a complaint upon an *ex parte* application when a supporting declaration demonstrates that great or irreparable injury would result if the order were delayed until the matter could be heard on notice in that the defendant is insolvent and cannot pay its debts as they become due, the plaintiff would be entitled to judgment, and the property sought to be attached is not exempt from attachment. Section 486.010 of the Code of Civil Procedure provides that the court may also enter a temporary protective order.

3. Section 487.919 of the Code of Civil Procedure provides that, where the defendant is a corporation, all corporate property for which a method of levy is provided is subject to attachment.

MEMORANDUM—Page 1

4. Plaintiff seeks to attach or deposit in court three DVD computer disks which are tangible personal property of the defendant which embody the defendant's source code and which are capable of delivery. Section 488.335 of the Code of Civil Procedure provides a method of levy for tangible personal property that the defendant possesses or controls.

5. Section 572 of the Code of Civil Procedure provides that, when the defendant has in its possession or under its control any money or other thing capable of delivery which under the circumstances of the case should be held by the court pending final disposition of the action, the court may order the same to be deposited in court subject to he further direction of the court. In the circumstances of this case, the aforesaid three DVD disks are at immediate risk of being removed and transferred to Brazil. Accordingly, said three DVD disks should be deposited in court pending final disposition of the action.

Dated: July 10, 2007

Respectfully submitted,

*James Hagan*
as Attorney for Plaintiff

# Notice of Client's Right To Arbitration

__Wireless Networks, Inc.__
Client's Name

__The Hagan Law Firm, Inc.__
Attorney's Name

Client's Address

Attorney's Address

You have an outstanding balance for fees and/or costs for professional services in the amount of $ __44,909__

charged to you in the matter of __general corporate representation__

☑ I have filed a lawsuit against you in the:      __San Mateo County Superior Court   CIV 464141__
Court                                                                           Case No.
__400 County Center, Redwood City, CA 94063__
Address

As Plaintiff in said action, The Hagan Law Firm, Inc., hereby gives Wireless Networks, Inc
~~a fifteen day extension of time in which to file a~~
~~responsive pleading in said case.~~
Address

☐ No lawsuit or arbitration proceeding has yet been filed but may be filed if we do not resolve this claim.

You have the right under Sections 6200-6206 of the California Business and Professions Code to request arbitration of these fees or costs by an independent, impartial arbitrator or panel of arbitrators through a bar association program created solely to resolve fee disputes between lawyers and clients.

You will LOSE YOUR RIGHT TO ARBITRATION UNDER THIS PROGRAM if:

1. YOU DO NOT FILE A WRITTEN APPLICATION FOR ARBITRATION WITH THE BAR ASSOCIATION WITHIN 30 DAYS FROM RECEIPT OF THIS NOTICE USING A FORM PROVIDED BY THE LOCAL BAR ASSOCIATION OR STATE BAR OF CALIFORNIA FEE ARBITRATION PROGRAM; OR

2. YOU RECEIVE THIS NOTICE AND THEN EITHER (1) ANSWER A COMPLAINT I HAVE FILED IN COURT; OR (2) FILE A RESPONSE TO ANY ARBITRATION PROCEEDING THAT I HAVE INITIATED FOR COLLECTION OF FEES, AND/OR COSTS, WITHOUT FIRST HAVING SERVED AND FILED A REQUEST FOR ARBITRATION UNDER THIS PROGRAM; OR

3. YOU FILE AN ACTION OR PLEADING IN ANY LAWSUIT WHICH SEEKS A COURT DECISION ON THIS DISPUTE OR WHICH SEEKS DAMAGES FOR ANY ALLEGED MALPRACTICE OR PROFESSIONAL MISCONDUCT.

I have the right to file a lawsuit against you if you give up your right to mandatory fee arbitration. If I have already filed a lawsuit or arbitration, you may have the lawsuit or arbitration postponed after you have filed an application for arbitration under this program.

I have determined that:

☑ There is a local program which may have jurisdiction to hear this matter. The address of the arbitration program you should contact is:

__Palo Alto Bar Association__
Name of Program
__405 Sherman Avenue__
Address
__Palo Alto,      CA    94306__
City                  State     Zip Code
__650-326-8322__
Telephone No

☐ There is no approved local program which has jurisdiction to hear this matter.

The State Bar of California will conduct fee arbitration (1) where there is no approved local program, (2) where there is a local program but it declines for any reason to hear your case, (3) where there is a local program and you wish non-binding arbitration of this dispute and the local program refuses to allow non-binding arbitration of your dispute, or (4) if you believe you cannot receive a fair hearing before the local bar named above. If you need assistance, please contact Mandatory Fee Arbitration, State Bar of California, 180 Howard Street, San Francisco, CA 94105-1639, (415) 538-2020.

__July 11, 2007__                    _/s/ James Hagan_   James Hagan, Esq.
Date                                            Attorney

(State Bar Approved Form Rev. April 1, 2007)

To James Hagan and The Hagan Law Firm, Inc.

I have received the foregoing Notice of Client's Right to Arbitration, and the extension of time in which to file a responsive pleading in the case of the Hagan Law Firm, Inc., v. Wireless Networks, Inc., Case No. CIV 464141 in the San Mateo County Superior Court, in my capacity as President of Wireless Networks, INc

In my capacity as President of Wireless Networks, Inc., and on behalf
on behalf thereof, I inform you that Wireless Networks, Inc., has no wish to arbitrate or mediate the matter of the legal fees owed to your law firm, and, for and on behalf of Wireless Networks, Inc., I hereby knowingly and voluntarily waive and relinquish and forever discharge the right of Wireless Networks,
Inc.
Inc., to arbitrate or mediate the matter of the legal fees owed to your firm by Wireless Networks, Inc.

Wireless Networks, Inc.
By _/s/ Charles Brauer_____
as President
11 July 2007
1:58 PM

AT-125

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, state bar number, and address):*
James Hagan, Esq. SBN 037149
350 Cambridge Avenue, Suite 150
Palo Alto, CA 94306

TELEPHONE NO.: 650-322-8498   FAX NO.:
ATTORNEY FOR *(Name):* Plaintiff

NAME OF COURT: Superior Court in and for San Mateo County
STREET ADDRESS: 400 County Center
MAILING ADDRESS: 400 County Center
CITY AND ZIP CODE: Redwood City, CA 94063
BRANCH NAME:

PLAINTIFF: The Hagan Law Firm, Inc.

DEFENDANT: Wireless Networks, Inc.

FOR COURT USE ONLY

FILED
SAN MATEO COUNTY
JUL 11 2007
Clerk of the Superior Court
by _____ DEPUTY CLERK

**EX PARTE**
[✓] RIGHT TO ATTACH ORDER AND ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT (RESIDENT)
[ ] ORDER FOR ISSUANCE OF ADDITIONAL WRIT OF ATTACHMENT (RESIDENT)

CASE NUMBER: CIV 464141

1. The application and supporting declaration or affidavit of plaintiff *(name):* The Hagan Law Firm, Inc.
   for an ex parte [✓] right to attach order and order for issuance of writ of attachment  [ ] order for issuance of an additional writ of attachment   has been considered by the court.

**FINDINGS**

2. THE COURT FINDS
   a. Defendant *(specify name):* Wireless Networks, Inc.   is a   [ ] natural person   [ ] partnership   [ ] unincorporated association   [✓] corporation   [ ] other *(specify):*
   b. The claim upon which the application is based is one upon which an attachment may be issued under Code of Civil Procedure section 483.010.
   c. Plaintiff has established the probable validity of the claim upon which the attachment is based.
   d. The attachment is not sought for a purpose other than the recovery on the claim upon which the application is based.
   e. The amount to be secured by the attachment is greater than zero.
   f. The affidavit or declaration accompanying the application shows that the property sought to be attached, or the portions thereof to be specified in the writ, are not exempt from attachment.
   g. The portion of the property sought to be attached described in item 3b is not exempt from attachment.
   h. An undertaking in the amount of: $10,000.00   is required before a writ shall issue, and plaintiff
      [ ] has   [✓] has not   filed an undertaking in that amount.
   i. Great or irreparable injury will result to the plaintiff if issuance of the order is delayed until the matter can be heard on notice, based on the following:
      (1) [✓] There is a danger that the property sought to be attached would be
           (a) [ ] concealed.   (b) [ ] substantially impaired in value.
           (c) [✓] made unavailable to levy by other than concealment or impairment in value.
      (2) [✓] Defendant has failed to pay the debt underlying the requested attachment and is insolvent as defined in Code of Civil Procedure section 485.010, subdivision (b)(2), as set forth in the affidavit or declaration filed in support of this application, which specifies the defendant's known undisputed debts and the basis for plaintiff's determination that the defendant's debts are undisputed.
      (3) [ ] A bulk sales notice was recorded and published pursuant to Division 6 of the Commercial Code with respect to a bulk transfer by the defendant.
      (4) [ ] An escrow has been opened pursuant to the provisions of Business and Professions Code section 24074 with respect to the sale by the defendant of a liquor license. The liquor license number is:
      (5) [✓] Other circumstances *(specify):* The property sought to be attached will be removed to Brazil.
   j. [ ] A Right to Attach Order was issued on *(date):*   pursuant to
        [ ] Code of Civil Procedure section 484.090 (on notice)   [ ] Code of Civil Procedure section 485.220 (ex parte)
   k. [ ] Other *(specify):*

*(Continued on reverse)*

Form Approved for Optional Use
Judicial Council of California
AT-125 [Rev. January 1, 2000]

**EX PARTE RIGHT TO ATTACH ORDER AND ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT (RESIDENT) (Attachment)**

Code of Civil Procedure,
§§ 482.030, 485.010 et seq.

American LegalNet, Inc.
www.USCourtForms.com

| SHORT TITLE: Hagan Law Firm v. Wireless Networks | CASE NUMBER: CIV 464141 |
|---|---|

## ORDER

3. THE COURT ORDERS
   a. Plaintiff has a right to attach property of defendant *(name)*: Wireless Networks, Inc.
      in the amount of: $ 45,229.00.

   b. The clerk shall issue [✓] a writ of attachment [ ] an additional writ of attachment in the amount stated in item 3a
      [ ] forthwith [✓] upon the filing of an undertaking in the amount of: $ 10,000.00.
      (1) [ ] for the property covered by a bulk sales notice with respect to a bulk transfer by defendant or the proceeds of the sale of such property, described as follows *(specify)*:

      (2) [ ] for plaintiff's pro rata share of proceeds from an escrow in which defendant's liquor license is sold. The license number is *(specify)*:
      (3) [✓] for any property of a defendant who is not a natural person for which a method of levy is provided.
      (4) [ ] for property of a defendant who is a natural person subject to attachment under Code of Civil Procedure section 487.010 *(specify)*:

   c. [ ] Defendant shall transfer to the levying officer possession of
      (1) [ ] any documentary evidence in defendant's possession of title to any property described in item 3b.
      (2) [ ] any documentary evidence in defendant's possession of debt owed to defendant described in item 3b.
      (3) [✓] the following property in defendant's possession *(specify)*:
         Three compact DVD computer disks which contain Defendant's computer source code (hereinafter referred to as the "Source Code").

   **NOTICE TO DEFENDANT: FAILURE TO COMPLY WITH THIS ORDER MAY SUBJECT YOU TO ARREST AND PUNISHMENT FOR CONTEMPT OF COURT.**

   d. [✓] Other *(specify)*:
      Defendant's Source Code is capable of delivery and should under the circumstances be held by the court under Section of 572 of the Code of Civil Procedure pending final disposition of this action. The court therefore orders the Defendant to deliver the Source Code to the Clerk of the Court.
   e. Total number of boxes checked in item 3: __4__

Date: JUL 1 1 2007

_____ (TYPE OR PRINT NAME)    _____ (SIGNATURE OF JUDGE OR COMMISSIONER)

AT-125 [Rev. January 1, 2000]   EX PARTE RIGHT TO ATTACH ORDER AND ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT (RESIDENT) (Attachment)   Page two

IN THE SUPERIOR COURT OF CALIFORNIA
IN AND FOR THE COUNTY OF SAN MATEO

| | |
|---|---|
| THE HAGAN LAW FIRM, INC., a California Corporation,<br><br>Plaintiff<br><br>vs.<br><br>WIRLESS NETWORKS, INC, a corporation<br><br>Defendant | Case Number: CIV 464141<br><br>**ENDORSED FILED**<br>**SAN MATEO COUNTY**<br><br>JUL 1 2 2007<br><br>Clerk of the Superior Court<br>By   Mary Lou Dragonryder<br>DEPUTY CLERK |

### RECEIPT FOR DEPOSIT IN COURT

Pursuant to an order of the court issued and filed in the above-entitled case on July 11, 2007, the Defendant WIRELESS NETWORKS, INC., does hereby deliver and deposit in court the Defendant's Source Code embodied in three DVD computer disks to be held in the court pending a final determination of the action or further order of the court, and the court hereby acknowledges receipt of the same.

Date: July 12, 2007

Office of the Clerk
Superior Court of San Mateo County

JOHN C. FITTON
By _____  MARYLOU DRAGON RYDER