1  JEFFREY F. RYAN, ESQ. SBN 129079
   RYAN & STEINER
2  An Association of Attorneys
   455 North Whisman Road, Suite 200
3  Mountain View, CA 94043-5721
   Telephone:    (650) 691-1430
4  Facsimile:    (650) 968-2685

5
   Attorneys for Plaintiff,
6  CHARLES M. BROWN

7                    UNITED STATES DISTRICT COURT

8                   NORTHERN DISTRICT OF CALIFORNIA

9                        SAN FRANCISCO DIVISION

10

11 | CHARLES M. BROWN,                              | Case No.: C-07-04301 EDL
12 |     Plaintiff,                                 | **DECLARATION OF JEFFREY F. RYAN IN SUPPORT OF CHARLES BROWN'S REPLY TO WNI'S OPPOSITION TO APPLICATION FOR RIGHT TO ATTACH ORDER**
13 | vs.
14 | WIRELESS NETWORKS, INC., a Delaware corporation, and DOES 1 THROUGH 50,
15 |
16 |     Defendants.                                | Date:  August 31, 2007
   |                                                | Time:  10:00 a.m.
   |                                                | Dept.: Courtroom E, 15th Floor
17 |                                                | Judge: Magistrate Elizabeth D. Laporte

18

19       I, Jeffrey F. Ryan, declare and state as follows:

20       1.     I am an attorney licensed to practice before all the courts of California and in this

21 Court. I make this declaration of my own personal knowledge and if called upon to testify in

22 Court I could and would testify as follows.

23       2.     In Wireless Networks, Inc.'s ("WNI") opposition it makes much to do about the

24 application I filed on behalf of Charles Brown in San Mateo County Superior Court. It is

25 important to note that there are no declarations which were filed by WNI's counsel in support of

26 their opposition to this ex parte application which discuss what happened at the hearing in the

27 San Mateo Superior Court. Instead, they simply argue about what did and did not occur in

28 Court.

3. I, on the other hand, attended the hearing. First of all, the ex parte application was to be heard in the Law and Motion Department. When I arrived at the courthouse in Redwood City, I was informed that the Law and Motion Judge was on vacation and all ex parte applications would be heard in the Presiding Judge's (Hon. Marie S. Weiner), Department on the Eight Floor. I then went upstairs to the Presiding Judge's Department and presented my papers to her clerk. I overheard Judge Weiner's clerk and bailiff discussing who the research attorney was for the ex parte applications for that particular department on that day. The bailiff indicated the name of the research attorney to Judge Weiner's clerk. Judge Weiner's clerk then said to the bailiff in my presence "Have you called that research attorney yet?" The bailiff said "No, I haven't." The clerk said "You better call him up because he never shows up when he is assigned to our department for ex parte applications, unless you call and insist that he show up." The bailiff then proceeded to call the research attorney.

4. When the research attorney finally showed up approximately 15 minutes late, he was in a noticeably foul mood. He grabbed my moving and the opposition papers off of the counsel's table in a hasty and angry manner and disappeared to the back room. When he came out he had certain questions for me which clearly indicated that he had not read the moving papers. I then pointed out to him where in the moving papers he could find the information he was seeking and I even opened the page and showed him the highlighted sections of the April 19, 2005 Board of Directors' Minutes showing Ruy Rothschild de Souza's ("Mr. de Souza") approval and ratification of the promissory notes. He still refused to read even the highlighted sentences on this one page. I asked him if he would like for me to read to him the words that were highlighted and at that point, he finally agreed to read the two sentences that had been highlighted for the Court's convenience. He then asked a second question which showed he had not read any part of the Board of Directors' Minutes so I pointed him to the second page of Board of Directors' Minutes which had one sentence highlighted, which would have given him the answer to his question.

5. In short, it was clear that this research attorney did not want to be there for this ex parte application, had no interest in reading and understanding the arguments raised in the application, and was frankly upset that he had been called to the department by the bailiff.

6. When he came out the second time from the back room he said that the application was "denied without prejudice" and I asked him why and he said "I am not telling you, it is just denied without prejudice." I then asked to speak with the judge and he said "No, goodbye."

7. At no time did the research attorney use the word "extortion" to describe the relief we were seeking. That is simply a misstatement by WNI's in its argument.

8. Furthermore, as you can see in the attached writ of attachment which was filed with the San Mateo Superior Court, many of the arguments we are raising in application to the Federal Court, we did not raise in the State Court. (True and correct copies of the writ of attachment filed with the San Mateo Superior Court are attached here to as **Exhibit "A"**). We also did not have certain of the evidence, which we are presenting to the Federal Court including, but not limited to, the Declaration of Joao Araujo, WNI's former software engineer, which I found out about right after the ex parte hearing in the San Mateo Superior Court.

9. I spoke with James Hagan, WNI's former corporate counsel, about his ex parte application. Mr. Hagan informed me that he did in fact give notice to the Bryan Cave Law Firm in Santa Monica, California, who was representing WNI and Mr. deSouza's interest at that time. He also, of course, gave the Officer and Director of WNI, Charles Brown, notice of the application as he was required to do. Therefore, WNI was duly notified of that ex parte hearing.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. This declaration was executed this 29 day of August, 2007, in Mountain View, California.

_Jeffrey F Ryan_
JEFFREY F. RYAN

---