# EXHIBIT A

AT-105

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | FOR COURT USE ONLY |
|---|---|
| JEFFREY F. RYAN, SBN 129079<br>RYAN & STEINER, An Association of Attorneys<br>455 North Whisman Avenue, Suite 200<br>Mountain View, CA 94043-5721<br>TELEPHONE NO.: 650-691-1430   FAX NO.: 650-968-2685<br>ATTORNEY FOR (Name): Plaintiff Charles M. Brown | |

NAME OF COURT: Superior Court of California, County of San Mateo
STREET ADDRESS: 400 County Center
MAILING ADDRESS: 400 County Center
CITY AND ZIP CODE: Redwood City, CA 94063
BRANCH NAME:

PLAINTIFF: Charles M. Brown

DEFENDANT: Wireless Networks, Inc.

**APPLICATION FOR**
☑ RIGHT TO ATTACH ORDER    ☑ TEMPORARY PROTECTIVE ORDER
☑ ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT
☐ ORDER FOR ISSUANCE OF ADDITIONAL WRIT OF ATTACHMENT

☐ After Hearing    ☑ Ex Parte
☐ Against Property of Nonresident

CASE NUMBER: CIV 464574

1. Plaintiff (name): Charles M. Brown
   applies ☐ after hearing ☑ ex parte for
   a. ☑ a right to attach order and writ of attachment.
   b. ☐ an additional writ of attachment.
   c. ☑ a temporary protective order.
   d. ☐ an order directing the defendant to transfer to the levying officer possession of
      (1) ☐ property in defendant's possession.
      (2) ☐ documentary evidence in defendant's possession of title to property.
      (3) ☐ documentary evidence in defendant's possession of debt owed to defendant.

2. Defendant (name):
   a. ☐ is a natural person who
      (1) ☐ resides in California.
      (2) ☐ does not reside in California.
   b. ☑ is a corporation
      (1) ☑ qualified to do business in California.
      (2) ☐ not qualified to do business in California.
   c. ☐ is a California partnership or other unincorporated association.
   d. ☐ is a foreign partnership that
      (1) ☐ has filed a designation under Corporations Code section 15800.
      (2) ☐ has not filed a designation under Corporations Code section 15800.
   e. ☐ is other (specify):

3. Attachment is sought to secure recovery on a claim upon which attachment may issue under Code of Civil Procedure section 483.010.

4. Attachment is not sought for a purpose other than the recovery on a claim upon which the attachment is based.

5. Plaintiff has no information or belief that the claim is discharged or the prosecution of the action is stayed in a proceeding under Title 11 of the United States Code (Bankruptcy).

(Continued on reverse)

Form Approved for Optional Use
Judicial Council of California
AT-105 [Rev. January 1, 2000]

**APPLICATION FOR RIGHT TO ATTACH ORDER, TEMPORARY PROTECTIVE ORDER, ETC. (Attachment)**

Page one of three

Code of Civil Procedure,
§§ 482.030, 484.010 et seq.

American LegalNet, Inc.
www.USCourtForms.com

| SHORT TITLE: Brown v. Wireless Networks, Inc. | CASE NUMBER: CIV 464574 |
|---|---|

6. ☐ Plaintiff's claim or claims arise out of conduct by the defendant who is a natural person of a trade, business, or profession. The claim or claims are not based on the sale or lease of property, a license to use property, the furnishing of services, or the loan of money where any of the foregoing was used by the defendant primarily for personal, family, or household purposes.

7. The facts showing plaintiff is entitled to a judgment on the claim on which the attachment is based are set forth with particularity in the
   a. ☐ verified complaint.
   b. ☐ attached affidavit or declaration.
   c. ☑ following facts (specify):
   Plaintiff is the lender on two promissory notes in the original principal amount of $73,892.29 plus stated interest; the remaining balance on the notes is $51,617.32 plus interest; both notes are in default and defendant has refused to make payment despite demand therefor. Further Plaintiff rendered services to defendant as its former president and is owed unpaid wages in the amount of $46,876.60, and unreimbursed expenses in the amount of 3,511.06.

8. The amount to be secured by the attachment is: $ 112,324.98
   a. ☑ which includes estimated costs of: $ 320
   b. ☑ which includes estimated allowable attorney fees of: $ 10,000

9. Plaintiff is informed and believes that the following property sought to be attached for which a method of levy is provided is subject to attachment:
   a. ☑ Any property of a defendant who is **not** a natural person.
   b. ☐ Any property of a nonresident defendant.
   c. ☐ Property of a defendant who is a natural person that is subject to attachment under Code of Civil Procedure section 487.010 described as follows (specify):

   d. ☐ Property covered by a bulk sales notice with respect to a bulk transfer by defendant on the proceeds of the sale of such property (describe):

   e. ☐ Plaintiff's pro rata share of proceeds from an escrow in which defendant's liquor license is sold (specify license number):

10. Plaintiff is informed and believes that the property sought to be attached is not exempt from attachment.

11. ☐ The court issued a Right to Attach Order on (date):
    (Attach a copy.)

12. ☐ Nonresident defendant has not filed a general appearance.

(Continued on page three)

AT-105 [Rev. January 1, 2000]    **APPLICATION FOR RIGHT TO ATTACH ORDER, TEMPORARY PROTECTIVE ORDER, ETC. (Attachment)**    Page two of three

| SHORT TITLE: Brown v. Wireless Networks, Inc. | CASE NUMBER: CIV 464574 |
|---|---|

13. a. Plaintiff [✓] alleges on ex parte application for order for writ of attachment
     [ ] is informed and believes on application for temporary protective order
   that plaintiff will suffer great or irreparable injury if the order is not issued before the matter can be heard on notice because
   (1) [✓] it may be inferred that there is a danger that the property sought to be attached will be
        (a) [ ] concealed.
        (b) [ ] substantially impaired in value.
        (c) [✓] made unavailable to levy by other than concealment or impairment in value.
   (2) [✓] defendant has failed to pay the debt underlying the requested attachment and is insolvent as defined in Code of Civil Procedure section 485.010, subdivision (b)(2).
   (3) [ ] a bulk sales notice was recorded and published pursuant to Division 6 of the Commercial Code with respect to a bulk transfer by the defendant.
   (4) [ ] an escrow has been opened under the provisions of Business and Professions Code section 24074 with respect to the sale by the defendant.
   (5) [✓] other circumstances (specify):

   Defendant's lone material asset consists of certain source code which is contained on certain DVD computer disks that have been deposited with this Court in the related matter of Hagan Law Firm v. Wireless Networks, Case NO. CIV 464141. Defendant has reached a settlement of that matter and if the code is released to defendant it will likely be removed from the country and transferred to defendant's subsidiary in Brazil

   b. The statements in item 13a are established by [ ] the attached affidavit or declaration
      [✓] the following facts (specify):

   As former president of Defendant, plaintiff has personal knowledge that as of July 6, 2007, defendant is insolvent, has less than $100 in bank accounts, conducts no operations which generate income and cannot pay its debts as they come due; that Defendant has not paid and refused to pay plaintiff on the promissory notes or for wages earned, or for expenses incurred; Defendant intended to remove and transfer the source code to Brazil on or about July 11, 2007, and was prevented from doing so only by the deposit into this Court made in Case NO. CIV 464141, which is about to settle.

14. [✓] Plaintiff requests the following relief by temporary protective order (specify):

   That the source code deposited with this court in case no. CIV 464141 not be released, and instead be retained by the court pending the outcome of this case and that a right to attach order be issued in defendant's favor attaching the source code.

15. Plaintiff
    a. [ ] has filed an undertaking in the amount of: $
    b. [✓] has not filed an undertaking.

Date:

JEFFREY F. RYAN
(TYPE OR PRINT NAME OF PLAINTIFF OR PLAINTIFF'S ATTORNEY)

/s/ Jeffrey F Ryan
(SIGNATURE OF PLAINTIFF OR PLAINTIFF'S ATTORNEY)

## DECLARATION

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and complies with Rule of Court 3.1202(c).
Date: August 17, 2007

CHARLES M. BROWN
(TYPE OR PRINT NAME)

/s/ Charles M. Brown
(SIGNATURE OF DECLARANT)

16. Number of pages attached: 0

JEFFREY F. RYAN, ESQ. SBN 129079
RYAN & STEINER
An Association of Attorneys
455 North Whisman Road, Suite 200
Mountain View, CA 94043-5721
Telephone:   (650) 691-1430
Facsimile:   (650) 968-2685

Attorneys for Plaintiff,
CHARLES M. BROWN

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN MATEO

| | |
|---|---|
| CHARLES M. BROWN,<br><br>Plaintiff,<br><br>vs.<br><br>WIRELESS NETWORKS, INC., a Delaware corporation, and DOES 1 THROUGH 50,<br><br>Defendants. | Case No.: CIV 464574<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF *EX PARTE* APPLICATION FOR RIGHT TO ATTACH ORDER AND TEMPORARY PROTECTIVE ORDER**<br><br>Date:   August 20, 2007<br>Time:   2:00 p.m.<br>Place;   San Mateo County Courthouse<br>400 County Center<br>Law and Motion Department |

## MEMORANDUM OF POINTS AND AUTHORITIES

Section 483.010 of the Code of Civil Procedure provides that an attachment may be issued in an action for a claim for money based on a contract or an implied contract and the total amount of the claim is fixed or readily ascertainable in an amount in excess of $500.00, exclusive of costs, interest, and attorneys fees.

Sections 485.010 and 485.210 of the Code of Civil Procedure provide that a right to attach order may be issued after the filing of a complaint upon an *ex parte* application when a supporting declaration demonstrates that great or irreparable injury would result if the order were delayed until the matter could be heard on notice in that the defendant is insolvent and cannot pay its debts as they become due, the plaintiff would be entitled to judgment and the property

sought to be attached is not exempt from attachment. Section 486.010 of the Code of Civil Procedure provides that the court may also issue a temporary protective order.

Section 487.919 of the Code of Civil Procedure provides that, where the defendant is a corporation, all corporate property for which a method of levy is provided is subject to attachment.

Plaintiff seeks to attach three DVD computer disks which are tangible personal property of the defendant which embody the defendant's source code and which are capable of delivery. The source code disks have already been deposited with this Court in connection with a related case titled The Hagan Law Firm, Inc. v. Wireless Networks, Inc., Case No. CIV 464141. The plaintiff in the Hagan case has informed the plaintiff herein that it has reached a settlement of that matter. Accordingly defendant's source code disks will soon be released if no further order retaining custody in this Court is issued and Plaintiff herein not allowed to attach the disks.

Section 572 of the Code of Civil Procedure provides that, when the defendant has in its possession or under its control any money or other thing capable of delivery which under the circumstances of the case should be held by the court pending final disposition of the action, the court may order the same to be deposited in court subject to the further direction of the court. In the circumstances of this case, the aforesaid three DVD disks are at immediate risk of being removed and transferred to Brazil. Accordingly, said three DVD disks should, upon resolution of the Hagan case, remain in the custody of the Court in this matter pending final disposition of this action.

///
///
///
///
///
///
///
///

1  Based on the foregoing and the supporting documents, Plaintiff CHARLES M. BROWN
2  respectfully requests that the three DVD disks should, upon resolution of the Hagan case, remain
3  in the custody of the Court in this matter pending final disposition of this action.

Respectfully submitted

RYAN & STEINER
An Association of Attorneys

Dated: August 20, 2007     BY: /s/ Jeffrey F. Ryan
                               JEFFREY F. RYAN, Attorneys for Plaintiff
                               CHARLES M. BROWN

JEFFREY F. RYAN, ESQ. SBN 129079
RYAN & STEINER
An Association of Attorneys
455 North Whisman Road, Suite 200
Mountain View, CA 94043-5721
Telephone:    (650) 691-1430
Facsimile:    (650) 968-2685

Attorneys for Plaintiff,
CHARLES M. BROWN

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN MATEO

| | |
|---|---|
| CHARLES M. BROWN,<br><br>          Plaintiff,<br><br>vs.<br><br>WIRELESS NETWORKS, INC., a Delaware corporation, and DOES 1 THROUGH 50,<br><br>          Defendants. | Case No.: CIV 464574<br><br>**DECLARATION OF VIRGINIA FERNANDEZ IN SUPPORT *EX PARTE* APPLICATION FOR RIGHT TO ATTACH ORDER AND TEMPORARY PROTECTIVE ORDER**<br><br>**(Rule 3.1204)**<br><br>Date:    **August 20, 2007**<br>Time:    **2:00 p.m.**<br>Place;   **San Mateo County Courthouse**<br>         **400 County Center**<br>         **Law and Motion Department** |

The undersigned does hereby declare and say as follows:

1.   I am a resident of the State of California over the age of eighteen years. I am aware of the following facts of my own personal knowledge. I am competent to testify and if called as a witness would testify that the following facts are true and correct.

2.   I placed a telephone call to Daniel J. Herling, Esq. of the Duane Morris LLP firm, at telephone number (415) 957-3000 who represents Defendant WIRELESS NETWORKS, INC. in the related case *The Hagan Law Firm v. Wireless Networks, Inc.,*" San Mateo County Superior Court case no. CIV 464141. On Friday, August 17, 2007 at 9:23 a.m., I called the law office of Duane Morris LLP and was transferred to Mr. Herling's extension. He did not answer and I left a detailed message. In that telephone conversation, I notified Mr. Herling that at 2:00 p.m. on

Monday, August 20, 2007, at the San Mateo County Courthouse, Law and Motion Department at 400 County Center, Redwood City, California, Plaintiff CHARLES M. BROWN, would appear before the above-entitled court and would present to said Court an *ex parte* application requesting the Court enter a writ of attachment. I then asked to speak with his assistant, Beth Coffey, and I was advised Mr. Herling was away on vacation. I gave Ms. Coffey all of the details of the hearing. On August 17, 2007, I sent a confirming letter to Mr. Herling's office via facsimile and U.S. mail. On August 17, 2007, I received correspondence from Jessica E. La Londe of Mr. Herling's office indicating they would be attending the *ex parte* hearing. (Attached hereto is a true and correct copy of Jessica E. La Londe's correspondence, dated August 17, 2007, marked as **Exhibit "A."**)

3. I placed a telephone call to Margaret Wilson, Authorized Agent for CT Corporation, agent for service of process for Defendant WIRELESS NETWORKS, INC. at telephone number (213) 457-0596. On Friday, August 17, 2007 at 9:26 a.m., I called CT Corporation and after the telephone rang about 10 times I received a recording indicating that party was not answering and I would be disconnected. I tried again at 9:43 a.m., 9:55 a.m. and received the same recording indicating that the party was not answer and I would be disconnected.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. This declaration was executed on August 17, 2007, in Mountain View, California.

VIRGINIA L. FERNANDEZ

# EXHIBIT A

# DuaneMorris®

FIRM and AFFILIATE OFFICES

NEW YORK
LONDON
SINGAPORE
LOS ANGELES
CHICAGO
HOUSTON
HANOI
PHILADELPHIA
SAN DIEGO
SAN FRANCISCO
BALTIMORE
BOSTON
WASHINGTON, DC
LAS VEGAS
ATLANTA
MIAMI
PITTSBURGH
NEWARK
WILMINGTON
PRINCETON
LAKE TAHOE
HO CHI MINH CITY

JESSICA E. LA LONDE
DIRECT DIAL: 415.957.3225
E-MAIL: jclalonde@duanemorris.com

www.duanemorris.com

August 17, 2007

VIA FACSIMILE AND U.S. MAIL

Virginia L. Fernandez
Paralegal
Ryan & Steiner
455 North Whieman Road, Suite 200
Mountain View, CA 94043-5721

Re:  *Brown v. Wireless Networks, Inc.*
     Case No. CIV 464574

Dear Ms. Fernandez:

I am assisting Dan Herling in the above-referenced matter. We have received your letter of today, informing us that you will be appearing *ex parte* on behalf of Plaintiff on Monday for a writ of attachment. This letter is notification to you that we will be attending Monday's hearing on behalf of Wireless Networks, Inc., and will be opposing Plaintiff's motion. If you intend to file any papers with the Court regarding Plaintiff's motion, please provide us with a copy of such papers in advance of Monday's hearing.

Very truly yours,

Jessica E. La Londe

JEL/tm

cc: Jeffrey F. Ryan, Esq.
    Daniel J. Herling, Esq.

# DuaneMorris®

DUANE MORRIS LLP
ONE MARKET, SPEAR TOWER, SUITE 2000
SAN FRANCISCO, CA 94105-1104
PHONE: 415.957.3000
FAX: 415.957.3001

# FACSIMILE TRANSMITTAL SHEET

| | |
|---|---|
| TO: | Jeffrey F. Ryan, Esq. |
| FIRM/COMPANY: | Ryan & Steiner |
| FACSIMILE NUMBER: | 650.968.2685 |
| CONFIRMATION TELEPHONE: | 650.691.1430 |
| FROM: | Jessica E. La Londe |
| DIRECT DIAL: | 415.957.3225 |
| DATE: | August 17, 2007 |
| USER NUMBER: | 7066 |
| FILE NUMBER: | 99999-00097 |
| TOTAL # OF PAGES: (INCLUDING COVERSHEET) | 2 |
| MESSAGE: | *Brown v. Wireless Networks, Inc.* |
| | Please see attached letter. |

NOTE: Original will not follow

CONFIDENTIALITY NOTICE

THIS FACSIMILE TRANSMISSION IS PRIVILEGED AND CONFIDENTIAL AND IS INTENDED ONLY FOR THE REVIEW OF THE PARTY TO WHOM IT IS ADDRESSED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE IMMEDIATELY TELEPHONE THE SENDER ABOVE TO ARRANGE FOR ITS RETURN, AND IT SHALL NOT CONSTITUTE WAIVER OF THE ATTORNEY-CLIENT PRIVILEGE.

If there is a problem with this transmission, please call us as soon as possible at 415.957.3000.

DM1\1174132.1