United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES M BROWN, | No. C-07-04301 EDL |
| Plaintiff, | **ORDER RE ATTACHMENT** |
| v. | |
| WIRELESS NETWORKS INC, | |
| Defendant. | |

On August 31, 2007, Plaintiff's application for a right to attach order came on for hearing. Plaintiff was represented by Jeff Ryan; Defendant was represented by Daniel Herling. After full consideration of the papers, and for the reasons stated at the hearing, the Court hereby orders as follows:

Based on the facts in evidence before the Court, Plaintiff has demonstrated that he meets the four part test to attach Defendant's assets to secure funds sufficient to satisfy a future judgment**.** See Cal. Civ. Proc. Code § 484.090(a) (a court must find all of the following before attachment may issue: (1) the claim upon which the attachment is based is one upon which an attachment may be issued, (2) the plaintiff has established the probable validity of the claim upon which the attachment is based, (3) the attachment is not sought for a purpose other than recovery of the claim upon which the attachment is based and (4) the amount to be secured by the attachment is greater than zero). In particular, Plaintiff has shown that the claim has probable validity because, based on the facts in evidence before the Court, it is at least slightly more likely than not that Plaintiff will obtain a judgment against Defendant for the remaining principal amount owed on the promissory notes at issue, $51,617.32. See Cal. Code Civ. P. § 481.190; Brown Decl., ¶¶ 12-13 and Exs. B-C.

1  Defendant has argued that it would be seriously harmed if the Court extended the state
2  court's attachment of the DVDs containing the source code Defendant uses in its business.  Plaintiff
3  has argued that the DVDs should not be released to Defendant because Defendant's Brazilian
4  subsidiary would thereby obtain access to the source code without proper payment.  However,
5  Plaintiff has stated he would accept a bond as security in lieu of attachment of the source code
6  DVDs.  Defendant has agreed to post a bond or bank guarantee to avoid attachment of the source
7  code DVDs.  Accordingly, for the reasons stated at the hearing, the Court orders Defendant to post
8  either a bond or a bank guarantee by September 6, 2007, per the parties' stipulation or further Court
9  order, in the amount of $51,617.32 to satisfy a potential judgment.  Upon completion of that
10 transaction, the Court orders that the source code DVDs be immediately released to Defendant's
11 counsel.  The parties are ordered to promptly meet and confer, and inform the Court by August 31,
12 2007, as to whether they can stipulate to the election of a bond or a bank guarantee to secure a
13 potential judgment.

**IT IS SO ORDERED.**

Dated: August 31, 2007

ELIZABETH D. LAPORTE
United States Magistrate Judge

2