# EXHIBIT B

MINUTES OF A SPECIAL MEETING OF THE BOARD OF DIRECTORS
OF
WIRELESS NETWORKS, INC.

A special meeting of the Board of Directors of Wireless Networks, Inc., a Delaware corporation, (the "Company"), was held as follows:

| | |
|---|---|
| Date: | April 19, 2005 |
| Time: | 10:45 AM Pacific Time |
| Place: | 350 Cambridge Avenue, Suite 150 |
| | Palo Alto, California. |
| Kind of Meeting: | Special |
| How Called or Noticed: | Notice waived |
| Director Present: | Mr. Charles Brown |
| Directors Absent: | None |
| Other Persons Present: | James Hagan, Esq. attorney for the Company, and Mr. Ruy Rothschild de Souza |

The following matters of business were considered and conducted.

1. Mr. Brown, as President of the Company, called the meeting to order. On motion duly made, seconded, and unanimously carried, Mr. Hagan was elected as Recording Secretary to record the minutes of this meeting.

2. Mr. Brown noted that Mr. Redett, previously a director of the Company, has resigned from that position, leaving Mr. Brown as the only director of the Company. Mr. Brown also noted that the Company has just issued to Mr. Ruy Rothschild de Souza's company, MRG International, Inc., an affiliate of Cruzamerica, 112,791.2064 shares of its common stock, a majority of the Company's outstanding common stock. Acting under and pursuant to Section 223(a)(1) of the Delaware Corporation Law, Mr. Brown elected Mr. Ruy Rothschild de Souza as a director of the Company to serve as such without compensation. Mr. Ruy Rothschild de Souza accepted the position of a director of the Company and thereafter participated in the meeting as a director. Mr. Brown observed that Mr. Brown presently serves as the President, Secretary, and Treasurer of the company. This matter was discussed. No change was made.

3. Mr. Brown presented to the meeting financial statements as of December 31, 2004, for the company and for its wholly-owned subsidiary, Wireless Networks do Brazil. These financial statements were reviewed in detail by the directors. Thereafter, on

motions duly made, seconded, and unanimously carried, each of those financial statements was approved.

4. Mr. Brown presented to the meeting two promissory notes which evidence indebtedness due from the company to him, one in the amount of $71,892.29 and one in the amount of $2,000.00. These promissory notes were discussed and considered. Thereafter, on motions duly made, seconded, and unanimously carried, the following resolutions were adopted:

RESOLVED, that each of the aforesaid promissory notes shall be, and each of them is hereby, approved and ratified;

RESOLVED FURTHER, that the officers of this corporation shall be, and they are hereby, authorized, directed, and empowered to sign and deliver said promissory notes and to take any and all actions as may in their judgment be necessary or appropriate to carry out and perform said promissory notes and the foregoing resolution.

5. Mr. Brown presented to the meeting a Fourth Amendment (to August 31, 2004) and a Fifth Amendment (to December 31, 2004) to the loan and option agreement executed by and between the Company and Cruzamerica in January, 2002. These documents were reviewed and considered. Thereafter, on motions duly made, seconded, and unanimously carried, the following resolutions were adopted:

RESOLVED, that the Fourth Amendment and the Fifth Amendment to the aforesaid loan and option agreement shall be, and each of them hereby is, approved and ratified;

RESOLVED FURTHER, that the officers of this corporation shall be, and they are hereby, authorized, directed, and empowered to sign and deliver said Fourth Amendment and Fifth Amendment and to take any and all actions as may in their judgment be necessary or appropriate to carry out and perform said agreements and the foregoing resolution.

6. Mr. Brown presented to the meeting a promissory note due from Wireless Networks do Brazil to this company in the amount of $1,074,010.52 as of December 31, 2004. This promissory note was reviewed and considered. Thereafter, on motions duly made, seconded, and unanimously carried, the following resolution was adopted:

RESOLVED, that the aforesaid promissory note shall be, and it is hereby, approved and accepted;

7. Mr. Brown presented to the meeting a power of attorney, similar in form and content to other powers of attorney approved in the past, by means of which to authorize Mr. Ruy Rothschild de Souza to conduct the business of the Company in Brazil. This document was reviewed and considered. Thereafter on motions duly made, seconded, and unanimously carried, the following resolutions were adopted:

RESOLVED, that the aforesaid power of attorney shall be, and it is hereby, approved and ratified;

RESOLVED FURTHER, that the officers of this corporation shall be, and they are hereby, authorized, directed, and empowered to sign and deliver said power of attorney and to take any and all actions as may in their judgment be necessary or appropriate to carry out and perform said power of attorney and the foregoing resolution.

8. Mr. Hagan suggested that the Company send a letter to all shareholders informing them of the conversion by Cruzamerica of debt into common stock, the resignation of Mr. Redett as a director, and the election of Mr. Ruy Rothschild de Souza as a director. Mr. Brown and Mr. Ruy Rothschild de Souza undertook to do so.

9. Mr. Brown noted that the company was current in its tax and filings and its Delaware corporation filings.

10. Mr. Brown observed that the Company may need a small line of credit of up to $5,000 for use in the immediate future. This matter was discussed and considered. Thereafter, on motions duly made, seconded, and unanimously carried, the standard bank line of credit resolutions attached hereto were approved, ratified, and adopted, and the officers of the corporation were authorized and empowered to sign and deliver such documents, and to take such actions, as may be in their judgment necessary or appropriate to obtain such a line of credit and to carry out and implement the foregoing resolutions.

11. There being no further business to come before the meeting, on motion duly made, seconded and unanimously carried, the meeting was adjourned at 11:05 A. M. Pacific Time.

Date: April 19, 2005

*James Hogan*
as Recording Secretary