# EXHIBIT D

PLD-C-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| JEFFREY F. RYAN, ESQ. (SBN 129079)<br>RYAN & STEINER<br>An Association of Attorneys<br>455 North Whisman Road, Suite 200<br>Mountain View, CA 94045<br>TELEPHONE NO: (650) 691-1430  FAX NO. (Optional): (650) 968-2685<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Plaintiff, CHARLES M. BROWN | |

~~SUPERIOR COURT OF CALIFORNIA, COUNTY OF~~ UNITED STATES DISTRICT COURT
STREET ADDRESS: NORTHERN DISTRICT OF CALIFORNIA
MAILING ADDRESS: 450 Golden Gate Avenue, 16th Floor
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: SAN FRANCISCO DIVISION

PLAINTIFF: CHARLES M. BROWN

DEFENDANT: WIRELESS NETWORKS, INC.

[X] DOES 1 TO  50

**BREACH OF CONTRACT**
[ ] COMPLAINT  [X] AMENDED COMPLAINT (Number): ERRATA THREE (3)
[ ] CROSS-COMPLAINT  [ ] AMENDED CROSS-COMPLAINT (Number):

Jurisdiction (check all that apply):
[ ] ACTION IS A LIMITED CIVIL CASE
   Amount demanded [ ] does not exceed $10,000
   [ ] exceeds $10,000, but does not exceed $25,000
[X] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint
   [ ] from limited to unlimited
   [ ] from unlimited to limited

CASE NUMBER: C-07-04301 EDL

1. Plaintiff* (name or names): CHARLES M. BROWN

   alleges causes of action against defendant* (name or names): WIRELESS NETWORKS, INC., a Delaware corporation with its principal place of business in San Mateo County, CA
2. This pleading, including attachments and exhibits, consists of the following number of pages: 17
3. a. Each plaintiff named above is a competent adult
      [ ] except plaintiff (name):
         (1) [ ] a corporation qualified to do business in California
         (2) [ ] an unincorporated entity (describe):
         (3) [ ] other (specify):

   b. [ ] Plaintiff (name):
      a. [ ] has complied with the fictitious business name laws and is doing business under the fictitious name (specify):

      b. [ ] has complied with all licensing requirements as a licensed (specify):

   c. [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3c.
4. a. Each defendant named above is a natural person
      [X] except defendant (name): WIRELESS NETWORKS, INC.
         (1) [ ] a business organization, form unknown
         (2) [X] a corporation
         (3) [ ] an unincorporated entity (describe):
         (4) [ ] a public entity (describe):
         (5) [ ] other (specify):

      [ ] except defendant (name):
         (1) [ ] a business organization, form unknown
         (2) [ ] a corporation
         (3) [ ] an unincorporated entity (describe):
         (4) [ ] a public entity (describe):
         (5) [ ] other (specify):

* If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.

Form Approved for Optional Use
Judicial Council of California
PLD-C-001 [Rev. January 1, 2007]

COMPLAINT—Contract

Legal Solutions Plus

Page 1 of 2
Code of Civil Procedure, § 425.12

| | PLD-C-001 |
|---|---|
| SHORT TITLE: BROWN v. WIRELESS NETWORKS, INC. | CASE NUMBER: C-07-04301 EDL |

4. *(Continued)*
   b. The true names of defendants sued as Does are unknown to plaintiff.
      (1) ☐ Doe defendants *(specify Doe numbers):* _____ were the agents or employees of the named defendants and acted within the scope of that agency or employment.
      (2) ☐ Doe defendants *(specify Doe numbers):* _____ are persons whose capacities are unknown to plaintiff.
   c. ☐ Information about additional defendants who are not natural persons is contained in Attachment 4c.
   d. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

5. ☐ Plaintiff is required to comply with a claims statute, and
   a. ☐ has complied with applicable claims statutes, *or*
   b. ☐ is excused from complying because *(specify):*

6. ☐ This action is subject to ☐ Civil Code section 1812.10   ☐ Civil Code section 2984.4.
7. This court is the proper court because
   a. ☒ a defendant entered into the contract here.
   b. ☐ a defendant lived here when the contract was entered into.
   c. ☐ a defendant lives here now.
   d. ☒ the contract was to be performed here.
   e. ☒ a defendant is a corporation or unincorporated association and its principal place of business is here.
   f. ☐ real property that is the subject of this action is located here.
   g. ☐ other *(specify):*

8. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*
   ☒ Breach of Contract
   ☒ Common Counts
   ☒ Other *(specify):*  wages due

9. ☐ Other allegations:

10. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
    a. ☒ damages of: $ 98,653.92
    b. ☐ interest on the damages
        (1) ☐ according to proof
        (2) ☒ at the rate of *(specify):* 10.00 percent per year from *(date):* July 19, 2007
    c. ☐ attorney's fees
        (1) ☐ of: $ 0.00
        (2) ☐ according to proof.
    d. ☐ other *(specify):*

11. ☐ The paragraphs of this pleading alleged on information and belief are as follows *(specify paragraph numbers):*

Date: SEPTEMBER 6, 2007

JEFFREY F. RYAN, ESQ. (SBN 129079)
(TYPE OR PRINT NAME)                                             (SIGNATURE OF PLAINTIFF OR ATTORNEY)

*(If you wish to verify this pleading, affix a verification.)*

PLD-C-001 [Rev. January 1, 2007]          **COMPLAINT—Contract**                          Page 2 of 2

| SHORT TITLE: BROWN v. WIRELESS NETWORKS, INC. | CASE NUMBER: C-07-04301 EDL |
|---|---|

ERRATA    **THIRD AMENDED FIRST**    **CAUSE OF ACTION—Breach of Contract**
(number)

ATTACHMENT TO   _X_ Complaint    ___ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

BC-1. Plaintiff *(name)*: CHARLES M. BROWN

    alleges that on or about *(date)*:    June 30, 2003
    a _X_ written ___ oral ___ other *(specify)*:
    agreement was made between *(name parties to agreement)*:    CHARLES M. BROWN and WIRELESS NETWORKS, INC.

    _X_ A copy of the agreement is attached as Exhibit A, or
    ___ The essential terms of the agreement ___ are stated in Attachment BC-1 ___ are as follows *(specify)*:

Those agreements (promissory notes) were expressly affirmed by the Board of Directors of WIRELESS NETWORKS, INC., on April 19, 2005 (See Exhibit "B").

BC-2. On or about *(dates)*:    April 19, 2007
    defendant breached the agreement by ___ the acts specified in Attachment BC-2 _X_ the following acts *(specify)*:

WIRELESS NETWORKS, INC.'S and its controlling shareholder, Ruy Rothschild de Souza, refused to pay Plaintiff the sums owed him after repeated demands therefore.

BC-3. Plaintiff has performed all obligations to defendant except those obligations plaintiff was prevented or excused from performing.

BC-4. Plaintiff suffered damages legally (proximately) caused by defendant's breach of the agreement
    ___ as stated in Attachment BC-4    _X_ as follows *(specify)*:

$51,617.32

BC-5. _X_ Plaintiff is entitled to attorney fees by an agreement or a statute
    ___ of $ 0.00
    _X_ according to proof.

BC-6. ___ Other:

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(1) [Rev. January 1, 2007]

**CAUSE OF ACTION—Breach of Contract**

Legal Solutions Plus    Code of Civil Procedure, § 425.12

| | PLD-C-001(2) |
|---|---|
| SHORT TITLE: BROWN v. WIRELESS NETWORKS, INC. | CASE NUMBER: C-07-04301 EDL |

ERRATA

<u>THIRD AMENDED SECOND</u>    **CAUSE OF ACTION—Common Counts**
(number)

ATTACHMENT TO  [X] Complaint   [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

CC-1. Plaintiff *(name):* CHARLES M. BROWN

alleges that defendant *(name):* WIRELESS NETWORKS, INC., a Delaware corporation

became indebted to [X] plaintiff  [ ] other *(name):*

a. [ ] within the last four years
   (1) [ ] on an open book account for money due.
   (2) [ ] because an account was stated in writing by and between plaintiff and defendant in which it was agreed that defendant was indebted to plaintiff.

b. [X] within the last [X] two years  [ ] four years
   (1) [ ] for money had and received by defendant for the use and benefit of plaintiff.
   (2) [X] for work, labor, services and materials rendered at the special instance and request of defendant and for which defendant promised to pay plaintiff
      [X] the sum of $ 46,876.60
      [ ] the reasonable value.
   (3) [ ] for goods, wares, and merchandise sold and delivered to defendant and for which defendant promised to pay plaintiff
      [ ] the sum of $ 0.00
      [ ] the reasonable value.
   (4) [ ] for money lent by plaintiff to defendant at defendant's request.
   (5) [X] for money paid, laid out, and expended to or for defendant at defendant's special instance and request.
   (6) [X] other *(specify):*

Defendant WIRELESS NETWORK, INC. has also failed to pay accounts due which were charged to Plaintiff. Extra Storage Redwood City issued a Preliminary Lien Notice in the amount of $160.00 which Plaintiff had to pay on behalf of WIRELESS NETWORK, INC. Plaintiff has made demand upon Defendant but Defendant has refused to pay the accounts. (See Exhibits "C" and "D").

CC-2. $ 50,442.65 _____, which is the reasonable value, is due and unpaid despite plaintiff's demand, plus prejudgment interest [ ] according to proof  [X] at the rate of 10.00 percent per year from *(date):* July 19, 2007

CC-3. [X] Plaintiff is entitled to attorney fees by an agreement or a statute
   [ ] of $ 0.00
   [X] according to proof.

CC-4. [X] Other: Labor Code 218.5 -- In any action brought for the nonpayment of wages, fringe benefits, or health and welfare or pension fund contributions, the court shall award reasonable attorney's fees and costs to the prevailing party if any party to the action requests attorney's fees and costs upon the initiation of the action. This section shall not apply to an action brought by the Labor Commissioner. This section shall not apply to a surety issuing a bond pursuant to Chapter 9 (commencing with Section 7000) of Division 3 of the Business and Professions Code or to an action to enforce a mechanics lien brought under Chapter 2 (commencing with Section 3109) of Title 15 of Part 4 of Division 3 of the Civil Code.

This section does not apply to any action for which attorney's fees are recoverable under Section 1194.

Page _____
Page 1 of 1

| Form Approved for Optional Use Judicial Council of California PLD-C-001(2) [Rev. January 1, 2007] | **CAUSE OF ACTION—Common Counts** | Legal Solutions Plus | Code of Civil Procedure, § 425.12 |

# EXHIBIT A

Case 3:07-cv-04301-EDL    Document 29-2    Filed 09/06/2007    Page 6 of 38

$71,892.29

Woodside, CA
June 30, 2001

## PROMISSORY NOTE

FOR VALUE RECEIVED, Wireless Networks, Inc., a Delaware corporation ("Borrower") hereby promises to pay to the order of Charles M. Brown ("Lender") in lawful money of the United states of America, on June 30, 2003, the principal sum of Seventy One Thousand Eight Hundred Ninety Two Dollars and Twenty Nine Cents ($71,892.29). This Note will bear interest at the rate of nine percent (9%) per annum until the date of maturity, and thereafter will bear interest at the rate of nine percent (9%) per annum until fully paid.

In the event that Borrower shall fail to make full and timely payment of the principal hereunder when due, the entire unpaid principal amount of this Note shall automatically become immediately due and payable without demand or notice, and Borrower shall pay such further amount as shall be sufficient to cover all costs and expenses (including reasonable attorney's fees) directly or indirectly incurred by Lender in connection with the collection of this Note.

Borrower hereby waives notice of default, notice of acceleration, notice of prepayment, presentment, protest, or notice of dishonor. Borrower may prepay at any time, in part or in full, without penalty.

WIRELESS NETWORKS, INC. (Borrower)

*[signature]*
By: Charles Brown, President

*[signature]*
By: Secretary

$2,000.00

Woodside, CA
January 30, 2003

## PROMISSORY NOTE

FOR VALUE RECEIVED, Wireless Networks, Inc., a Delaware corporation ("Borrower") hereby promises to pay to the order of Charles M. Brown ("Lender") in lawful money of the United states of America, on January 30, 2005, the principal sum of Two Thousand Dollars and No Cents ($2,000.00). This Note will bear interest at the rate of nine percent (9%) per annum until the date of maturity, and thereafter will bear interest at the rate of nine percent (9%) per annum until fully paid.

In the event that Borrower shall fail to make full and timely payment of the principal hereunder when due, the entire unpaid principal amount of this Note shall automatically become immediately due and payable without demand or notice, and Borrower shall pay such further amount as shall be sufficient to cover all costs and expenses (including reasonable attorney's fees) directly or indirectly incurred by Lender in connection with the collection of this Note.

Borrower hereby waives notice of default, notice of acceleration, notice of prepayment, presentment, protest, or notice of dishonor. Borrower may prepay at any time, in part or in full, without penalty.

WIRELESS NETWORKS, INC. (Borrower)

_____     _____
By: Charles Brown, President      By: Secretary

# EXHIBIT B

MINUTES OF A SPECIAL MEETING OF THE BOARD OF DIRECTORS
OF
WIRELESS NETWORKS, INC.

A special meeting of the Board of Directors of Wireless Networks, Inc., a Delaware corporation, (the "Company"), was held as follows:

| | |
|---|---|
| Date: | April 19, 2005 |
| Time: | 10:45 AM Pacific Time |
| Place: | 350 Cambridge Avenue, Suite 150 |
| | Palo Alto, California. |
| Kind of Meeting: | Special |
| How Called or Noticed: | Notice waived |
| Director Present: | Mr. Charles Brown |
| Directors Absent: | None |
| Other Persons Present: | James Hagan, Esq. attorney for the Company, and Mr. Ruy Rothschild de Souza |

The following matters of business were considered and conducted.

1. Mr. Brown, as President of the Company, called the meeting to order. On motion duly made, seconded, and unanimously carried, Mr. Hagan was elected as Recording Secretary to record the minutes of this meeting.

2. Mr. Brown noted that Mr. Redett, previously a director of the Company, has resigned from that position, leaving Mr. Brown as the only director of the Company. Mr. Brown also noted that the Company has just issued to Mr. Ruy Rothschild de Souza's company, MRG International, Inc., an affiliate of Cruzamerica, 112,791.2064 shares of its common stock, a majority of the Company's outstanding common stock. Acting under and pursuant to Section 223(a)(1) of the Delaware Corporation Law, Mr. Brown elected Mr. Ruy Rothschild de Souza as a director of the Company to serve as such without compensation. Mr. Ruy Rothschild de Souza accepted the position of a director of the Company and thereafter participated in the meeting as a director. Mr. Brown observed that Mr. Brown presently serves as the President, Secretary, and Treasurer of the company. This matter was discussed. No change was made.

3. Mr. Brown presented to the meeting financial statements as of December 31, 2004, for the company and for its wholly-owned subsidiary, Wireless Networks do Brazil. These financial statements were reviewed in detail by the directors. Thereafter, on

motions duly made, seconded, and unanimously carried, each of those financial statements was approved.

4. Mr. Brown presented to the meeting two promissory notes which evidence indebtedness due from the company to him, one in the amount of $71,892.29 and one in the amount of $2,000.00. These promissory notes were discussed and considered. Thereafter, on motions duly made, seconded, and unanimously carried, the following resolutions were adopted:

> RESOLVED, that each of the aforesaid promissory notes shall be, and each of them is hereby, approved and ratified;
>
> RESOLVED FURTHER, that the officers of this corporation shall be, and they are hereby, authorized, directed, and empowered to sign and deliver said promissory notes and to take any and all actions as may in their judgment be necessary or appropriate to carry out and perform said promissory notes and the foregoing resolution.

5. Mr. Brown presented to the meeting a Fourth Amendment (to August 31, 2004) and a Fifth Amendment (to December 31, 2004) to the loan and option agreement executed by and between the Company and Cruzamerica in January, 2002. These documents were reviewed and considered. Thereafter, on motions duly made, seconded, and unanimously carried, the following resolutions were adopted:

> RESOLVED, that the Fourth Amendment and the Fifth Amendment to the aforesaid loan and option agreement shall be, and each of them hereby is, approved and ratified;
>
> RESOLVED FURTHER, that the officers of this corporation shall be, and they are hereby, authorized, directed, and empowered to sign and deliver said Fourth Amendment and Fifth Amendment and to take any and all actions as may in their judgment be necessary or appropriate to carry out and perform said agreements and the foregoing resolution.

6. Mr. Brown presented to the meeting a promissory note due from Wireless Networks do Brazil to this company in the amount of $1,074,010.52 as of December 31, 2004. This promissory note was reviewed and considered. Thereafter, on motions duly made, seconded, and unanimously carried, the following resolution was adopted:

RESOLVED, that the aforesaid promissory note shall be, and it is hereby, approved and accepted;

7. Mr. Brown presented to the meeting a power of attorney, similar in form and content to other powers of attorney approved in the past, by means of which to authorize Mr. Ruy Rothschild de Souza to conduct the business of the Company in Brazil. This document was reviewed and considered. Thereafter on motions duly made, seconded, and unanimously carried, the following resolutions were adopted:

RESOLVED, that the aforesaid power of attorney shall be, and it is hereby, approved and ratified;

RESOLVED FURTHER, that the officers of this corporation shall be, and they are hereby, authorized, directed, and empowered to sign and deliver said power of attorney and to take any and all actions as may in their judgment be necessary or appropriate to carry out and perform said power of attorney and the foregoing resolution.

8. Mr. Hagan suggested that the Company send a letter to all shareholders informing them of the conversion by Cruzamerica of debt into common stock, the resignation of Mr. Redett as a director, and the election of Mr. Ruy Rothschild de Souza as a director. Mr. Brown and Mr. Ruy Rothschild de Souza undertook to do so.

9. Mr. Brown noted that the company was current in its tax and filings and its Delaware corporation filings.

10. Mr. Brown observed that the Company may need a small line of credit of up to $5,000 for use in the immediate future. This matter was discussed and considered. Thereafter, on motions duly made, seconded, and unanimously carried, the standard bank line of credit resolutions attached hereto were approved, ratified, and adopted, and the officers of the corporation were authorized and empowered to sign and deliver such documents, and to take such actions, as may be in their judgment necessary or appropriate to obtain such a line of credit and to carry out and implement the foregoing resolutions.

11. There being no further business to come before the meeting, on motion duly made, seconded and unanimously carried, the meeting was adjourned at 11:05 A. M. Pacific Time.

Date: April 19, 2005

*[signature: James Hogan]*
as Recording Secretary

# EXHIBIT C

Charles Brown
WNI bills paid directly by Charles Brown
May - June 2007

| Date | Description | Amount |
|---|---|---|
| 5/1/07 | BMW BANK BMWFS PYMT070429 66959027 Charl | 969.15 |
| 5/30/07 | BMW BANK BMWFS PYMT070529 67697147 Charl | 969.15 |
| 4/18/07 | Sprint | 95.39 |
| 4/19/07 | Sprint | 109.42 |
| 5/25/07 | Sprint | 93.79 |
| 6/30/07 | BMW Finance | 969.15 |
| 6/27/07 | Extra Storage | 145.00 |
| | Total | 3,351.05 |

# EXHIBIT D

07/30/07

EXTRA STORAGE RDWD CITY
1940 SPRING ST.
REDWOOD CITY, CA 94063

## Preliminary Lien Notice

UNIT ID# B267 (PLN)

CHARLES BROWN - C/O WIRELESS NETWORK, INC.
P.O. BOX 620042

WOODSIDE, CA 94062

Dear CHARLES BROWN - C/O WIRELESS NETWORK, INC.,

According to our records, we have not received payment for rent and/or other charges for the use of storage unit # B267 at:

EXTRA STORAGE RDWD CITY
1940 SPRING ST.
REDWOOD CITY, CA 94063

These charges which are summarized below total $160.00. This sum includes accrued rent, a $10 late fee, and a $15 preliminary lien fee, and has been due for more than 14 days in accordance with California law.

| Due Date | Description | Amount |
| --- | --- | --- |
| 07/15/07 | Rent Charge | $135.00 |
| 07/25/07 | Late | $10.00 |
| 07/30/07 | Late | $15.00 |
| Total: | | $160.00 |

If this sum is not paid in full before 08/17/07 your right to use the storage space will terminate, you will be denied access, a $15 Notice of Lien Sale fee will be added to your account balance, and a self storage owner's lien on any stored property will be imposed pursuant to Section 21705 of the California Business and Professions Code.

**You may pay this sum in cash, check, credit card, cashier's check or money order. We do not accept partial payments** and you will be responsible for the entire amount due at the time of payment which may include any additional rent or fees that accrue after this notice is printed and mailed. If you have any questions concerning your account, please call us at (650) 367 7224.

Sincerely,

Manager
EXTRA STORAGE RDWD CITY

EXTRA STORAGE RDWD CITY
1940 SPRING ST.
REDWOOD CITY, CA 94063
(650) 367 7224

BROWN, CHARLES - C/O WIRELESS NETWORK, INC.
P.O. BOX 620042
WOODSIDE, CA 94062

## Transaction Receipt

Account #: 4195   Date: 07/31/2007 12:41PM   Receipt #: 38810

| Unit | Paid Thru | Item Description | Amount |
|---|---|---|---|
| B267 | 08/14/07 | Rent | $135.00 |
|  |  | Fee | $25.00 |

| Credit Card | VISA XXXXXXXXXXXX7179 Auth.: 031571 | $160.00 |
|---|---|---|
| Total |  | $160.00 |

The undersigned acknowledges receipt of goods and/or services in the amount of the total shown hereon and agrees to payment of this amount. If payment has been made in the form of a credit card or credit card account debit, such payment will be in accord with the card issuer agreement, and the undersigned agrees to performance according to the obligations set forth therein.

_Charles Brown_   7-31-07
Customer         Date         Employee