DANIEL J. HERLING (SBN 103711)
LINA M. BRENNER (SBN 191075)
JESSICA E. LA LONDE (SBN 235744)
**DUANE MORRIS LLP**
One Market, Spear Tower, Suite 2000
San Francisco, CA 94105-1104
Telephone: 415.957.3000
Facsimile: 415.957.3001
E-Mail:    djherling@duanemorris.com
           lmbrenner@duanemorris.com
           jelalonde@duanemorris.com

Attorneys for Defendant
WIRELESS NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES M. BROWN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>WIRELESS NETWORKS, INC., a Delaware corporation,<br><br>Defendant. | Case No. 3:07-CV-04301 EDL<br><br>**DEFENDANT WIRELESS NETWORKS, INC.'S MOTION TO STRIKE PLAINTIFF'S FOURTH AMENDED COMPLAINT OR, IN THE ALTERNATIVE, MOTION TO DISMISS CERTAIN CLAIMS**<br><br>Date:    October 16, 2007<br>Time:    9:00 a.m.<br>Dept:    Courtroom E, 15th Floor<br>Judge:   Magistrate Elizabeth D. Laporte |

TO PLAINTIFF AND HIS ATTORNEY OF RECORD:

PLEASE TAKE NOTICE THAT on **October 16, 2007, at 9:00 a.m.** or as soon thereafter as the matter may be heard in Courtroom E of the Honorable Elizabeth D. Laporte, located at 450 Golden Gate Avenue, San Francisco, CA 94102, defendant Wireless Networks, Inc. ("WNI") will and hereby does move to strike Plaintiff's Fourth Amended Complaint (erroneously labeled as an "errata" to the Third Amended Complaint) pursuant to Fed. R. Civ. P. 12(f) and moves for an award of attorneys' fees and costs as sanctions for violation of Fed. R. Civ. P. 15(a) or, in the alternative, moves to dismiss certain of Plaintiff's cause of action denoted "CC-1" pursuant to Fed. R. Civ. P. 12(b)(6). This motion is based on this Notice and Motion, the within Memorandum of Points and

1

Authorities, the Request for Judicial Notice and the Declaration of Daniel J. Herling filed and served herewith, and upon the papers, records, and pleadings on file herein.

With this Motion, WNI seeks to strike Plaintiff's Fourth Amended Complaint in its entirety as it is in contravention of Fed. R. Civ. P. 15(a), and asks the Court to grant WNI its attorneys' fees and costs as sanctions for Plaintiff's violation of Fed. R. Civ. P. 15(a). Alternatively, WNI seeks to dismiss Plaintiff's claims relating to alleged "wages due" for the time period July 1, 2002 through September 30, 2002, as barred by the statute of limitations.

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

## I.      INTRODUCTION

Plaintiff filed a Fourth Amended Complaint, which he has attempted to disguise as an "errata" to his Third Amended Complaint, filed only a day earlier. The Fourth Amended Complaint was filed without first obtaining the necessary leave from this Court or the consent of WNI, in contravention of Fed. R. Civ. P. 15(a). The Fourth Amended Complaint should therefore be stricken in its entirety, pursuant to Fed. R. Civ. P. 12(f). In the alternative, certain of Plaintiff's claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff's Fourth Amended Complaint seeks damages for alleged unpaid wages for the July 1, 2002 to September 30, 2002 time period, which are barred by the relevant statute of limitations. Therefore, Plaintiff's wage claims as they relate to the July 1, 2002 to September 30, 2002 time period should be dismissed with prejudice pursuant to the Fed. R. Civ. P. 12(b)(6).

## II.      FACTS AND BACKGROUND

**A.      Plaintiff's Claim With the Labor Commissioner**

On or about August 1, 2007, Plaintiff filed a claim with the Labor Commissioner of the State of California, alleging non-payment of wages as follows:

> (1)      Wages for 3.5 months at $6,000 per month earned from April 1, 2007 to July 13, 2007, claiming $21,000.
>
> (2)      Wages for 3 months at $6,000 per month earned from July 1, 2002 to September 30, 2002, claiming $18,000.
>
> (3)      Reimbursement for unauthorized deductions from wages earned during the period from April 1, 2007 to July 13, 2007, claiming $1,876.60.

1  (*See* Exhibit A to Defendant Wireless Networks, Inc.'s Request for Judicial Notice in Support of

2  Motion to Strike or, in the Alternative Motion to Dismiss ("Request for Judicial Notice").)  Plaintiff

3  therefore seeks a total of $40,876.60 in alleged unpaid wages in his claim with the Labor

4  Commissioner.  (*Id.*)  The hearing is currently scheduled for September 11, 2007.  (*See* Exhibit B to

5  Request for Judicial Notice.)

6  **B.     Plaintiff's Lawsuit Against WNI**

7          On July 19, 2007, Plaintiff filed a lawsuit against WNI in the San Mateo Superior Court,

8  which alleged breaches of certain promissory notes and did not include claims for alleged unpaid

9  wages.  (*See* Exhibit A to Notice of Removal of Action under 28 U.S.C. Section 1441 (Diversity) to

10 Federal Court, filed on August 21, 2007 ("Notice of Removal").)  On August 20, 2007, Plaintiff filed

11 a Second Amended Complaint, which added a claim for "wages due" and sought $46,876.60

12 pursuant to this cause of action.  (*See* Exhibit C to Notice of Removal, at CC-1.)  WNI removed the

13 San Mateo Superior Court action to this Court on August 21, 2007, on the basis of diversity

14 jurisdiction.  (*See* Notice of Removal.)  Once Plaintiff amended his complaint to add causes of action

15 for alleged "wages due," WNI planned on seeking a dismissal of Plaintiff's claim with the Labor

16 Commissioner, on the ground that Plaintiff should not be allowed to simultaneously seek the same

17 remedy in two different fora.  (*See* Declaration of Daniel J. Herling in Support of Defendant

18 Wireless Networks, Inc. Motion to Strike or, in the alternative, Motion to Dismiss ("Herling Decl."),

19 ¶ 3.)

20         Before WNI could make a request for dismissal with the Labor Commissioner in advance of

21 the September 11, 2007 hearing, Plaintiff filed a Third Amended Complaint on September 5,

22 wherein he reduced his claim for "wages due" to $0.00.  (*See* Third Amended Complaint.)

23 Uncertain what Plaintiff intended by this Third Amended Complaint, Mr. Herling sought

24 clarification from Plaintiff's counsel, Mr. Ryan, in a September 6 letter, which stated that it appeared

25 that Plaintiff was alleging no damages for "wages due" and, therefore, that WNI would move to

26 dismiss the Labor Commissioner claim on this ground.  (*See* Exhibit A to Herling Decl., ¶ 4.)

27         On September 6, Mr. Ryan responded to Mr. Herling's letter, stating that Plaintiff had not

28 intended to abandon his claim for wages, but that there were mistakes in the Third Amended

1    Complaint and Plaintiff would be filing an errata.  (*See* Exhibit B to Herling Decl., ¶ 5.)  On

2    September 6, Plaintiff filed a Fourth Amended Complaint, which he has erroneously labeled an

3    "errata" to the Third Amended Complaint (WNI refers to this amendment by its proper title, "Fourth

4    Amended Complaint.")  Plaintiff did not obtain leave of court before doing so, and did not obtain

5    WNI's written consent to do so.  (Herling Decl., ¶ 6.)

6                                   **III.    ARGUMENT**

7    **A.    The Court Should Strike Plaintiff's Fourth Amended Complaint Pursuant to Fed. R.
            Civ. P. 12(f), and Impose Sanctions on Plaintiff**

8

9            Pursuant to Fed. R. Civ. P. 15(a), a plaintiff may file an amended complaint *once* as a "matter

10   of course" before a responsive pleading is served, but must obtain leave of court or obtain the

11   adverse party's written consent before filing any additional amended complaints.  Plaintiff filed a

12   Third Amended Complaint on September 5.  Prior to filing his Fourth Amended Complaint on

13   September 6, he did not obtain leave of court or WNI's written consent and therefore violated Fed.

14   R. Civ. P. 15(a).

15           Filing an amended complaint in contravention of Fed. R. Civ. P. 15(a) is grounds for striking

16   the amended complaint.  *See, e.g.*, *Serpa v. SBC Telecomms., Inc.*, 318 F. Supp. 2d 865 (N. D. Cal.

17   2004).  Moreover, although such a showing is not required, WNI has been prejudiced by Plaintiff's

18   failure to comply with Fed. R. Civ. P. 15(a) in light of the upcoming hearing before the Labor

19   Commissioner on September 11, 2007.  Therefore, the Court should strike Plaintiff's Fourth

20   Amended Complaint pursuant to Fed. R. Civ. P. 12(f), as it is in contravention of Fed. R. Civ. P.

21   15(a).

22           Moreover, WNI is entitled to its attorneys fees and costs for filing this Motion, as a sanction

23   for Plaintiff's blatant violation of Fed. R. Civ. P. 15(a), even if the Court ultimately allows Plaintiff

24   to amend his complaint.  *See, e.g.*, *Medtronic, Inc. v. White*, 365 F. Supp. 2d 1105, 1119 (N.D. Cal.

25   2005) ("As a sanction for violating Rule 15. . . Medtronic is [ordered] to pay Dr. White's attorneys'

26   fees and costs incurred in filing his motion to strike.")  Therefore, WNI is entitled to its attorneys

27   fees and costs as a sanction for Plaintiff's violation of the Federal Rules of Civil Procedure.

28   ///

**B.     In the Alternative, the Court Should Dismiss Certain of Plaintiff's Wage Claims Pursuant to FRCP 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) allows the Court to dismiss an action for failure to state a claim upon which relief can be granted.  A motion to dismiss for failure to state a claim lies when a plaintiff's claim is barred by the statute of limitations.  *See, e.g.*, *Jablon v. Dean Witter & Co.*, 614 F.2d 677 (9th Cir. 1980).  In this action, Plaintiff's claim for wages for the July 1, 2002 to September 30, 2002 time period are barred by the relevant statute of limitations and should therefore be dismissed by the Court with prejudice.

**1.     Plaintiff's Wage Claims**

While Plaintiff's Fourth Amended Complaint does not specify the time periods for which he alleges "wages due," the claim that Plaintiff filed with the Labor Commissioner provides this information and can be relied upon by the Court in considering this Motion.  *See, e.g.*, *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) (holding that a court may take judicial notice of official records and reports in considering a Rule 12(b)(6) motion).  As outlined in the fact section above, Plaintiff's Labor Commissioner claim alleges non-payment of wages as follows:

(1)     Wages for 3.5 months at $6,000 per month earned from April 1, 2007 to July 13, 2007, claiming $21,000.

(2)     Wages for 3 months at $6,000 per month earned from July 1, 2002 to September 30, 2002, claiming $18,000.

(3)     Reimbursement for unauthorized deductions from wages earned during the period  from April 1, 2007 to July 13, 2007, claiming $1,876.60.

(*See* Exhibit A to Request for Judicial Notice.)  Plaintiff therefore seeks a total of $40,876.60 in alleged unpaid wages in his claim with the Labor Commissioner.

Comparing this $40,876.60 figure to the "wages due" figure in Plaintiff's Fourth Amended Complaint ($46,876.60), it is clear that Plaintiff's wage claims here involve the same time periods at issue in his Labor Commissioner claim.  In Plaintiff's claim with the Labor Commissioner, he seeks 6.5 months of wages, at $6,000 a month, for a total of $39,000.  He additionally seeks "reimbursement for unauthorized deductions from wages earned" in the amount of $1,876.60, for a total of $40,876.60.  In this lawsuit, Plaintiff seeks $46,876.60 – an amount that differs from

1   Plaintiff's claim with the Labor Commissioner by exactly 1 month's alleged wage ($6,000).

2   Therefore, we can conclude that all of the wages (and their related time periods) that are sought in

3   the Labor Commissioner claim are also sought in Plaintiff's Fourth Amended Complaint, and the

4   Court can rely on the dates in the Labor Commissioner claim for this Motion.

5           **2.      Plaintiff's Wage Claim for the July 1, 2002 to September 30, 2002 Time Period (for $18,000) is Barred by the Relevant Statute of Limitations**

6

7           Claims for wages due under an alleged employment contract are subject to the normal statute

8   of limitations for actions on a contract.  *See, e.g.*, *Cuadra v. Millan*, 17 Cal.4th 855 (1998)

9   (disapproved on other grounds in *Samuels v. Mix*, 22 Cal.4th 1 (1999)).  Thus, the statute of

10  limitations is two years for oral employment contracts (*see* Cal. Code Civ. Proc., § 339), and four

11  years for written employment contracts (*see* Cal. Code Civ. Proc., § 337(1)).

12          Even under the written contract statute of limitations (four years), Plaintiff's wage claim for

13  the July 1, 2002 to September 30, 2002 time period would have run on September 30, 2006 – almost

14  one year ago.  Moreover, it appears that Plaintiff is alleging there was an oral employment

15  agreement, and the statute of limitations thus would have run by September 30, 2004 – almost three

16  years ago.

17          Therefore, Plaintiff's wage claim as it relates to the July 1, 2002 to September 30, 2002 time

18  period (in the amount of $18,000) is time-barred and should be dismissed.

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1

## IV.     CONCLUSION

2          WNI respectfully requests the Court to strike Plaintiff's Fourth Amended Complaint in its

3 entirety pursuant to Fed. R. Civ. P. 12(f), as it was filed in contravention of Fed. R. Civ. P. 15(a).

4 WNI furthermore requests the Court to grant WNI its attorneys fees and costs for filing this Motion

5 as sanctions for Plaintiff's violation of Fed. R. Civ. P. 15(a), regardless of whether the Court

6 ultimately allows Plaintiff to amend his complaint.  In the alternative, WNI seeks to dismiss

7 Plaintiff's claims relating to alleged "wages due" for the time period July 1, 2002 through September

8 30, 2002, as barred by the statute of limitations.

9 Dated: September 7, 2007                    **DUANE MORRIS LLP**

10

11                                      By:        /s/ Daniel J. Herling
                                              Daniel J. Herling
12                                            Lina M. Brenner
                                              Jessica E. La Londe
                                              Attorneys for Defendant
13                                            Wireless Networks, Inc.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT WIRELESS NETWORKS, INC.'S MOTION TO STRIKE                    CASE NO. 07-4301 EDL
DM1\1185523.1