Daniel J. Herling (SBN 103711)
Lina M. Brenner (SBN 191075)
Jessica E. La Londe (SBN 235744)
**DUANE MORRIS LLP**
One Market, Spear Tower, Suite 2000
San Francisco, CA 94105-1104
Telephone: 415.957.3000
Facsimile: 415.957.3001
E-Mail:   djherling@duanemorris.com
          jelalonde@duanemorris.com

Attorneys for Defendant
WIRELESS NETWORKS, INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| CHARLES M. BROWN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WIRELESS NETWORKS, INC., a Delaware corporation,<br><br>　　　　Defendant. | Case No. C-07-04301 EDL<br><br>**DEFENDANT WIRELESS NETWORKS, INC.'S OPPOSITION TO EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: RETENTION OF SOURCE CODE IN CALIFORNIA AND/OR FOR AN ORDER INCREASING THE AMOUNT OF DEFENDANT'S BOND**<br><br>Dept:　Courtroom E, 15th Floor<br><br>Judge:　Mag. Elizabeth D. Laporte |

**I.    INTRODUCTION AND SUMMARY OF ARGUMENT**

　　　　Plaintiff's renewed attempt to destroy the business of Wireless Networks, Inc. ("WNI") through this temporary restraining order and his renewed attempt to increase the amount of the bond must fail because: (1) plaintiff's request does not meet the basis for injunctive relief, either preliminary or permanent, for there is no established irreparable injury nor proof of the inadequacy of legal remedies; (2) an injunction to compel payment of money past due under a contract, or specific performance of a past due obligation, is not available in equity; (3) plaintiff's moving papers fail to meet his burden under either the traditional tests and/or alternative tests for injunctive relief;

1

(4) the current claims being prosecuted by plaintiff are "disfavored" applications for injunction in that, if granted, they would provide substantially all the relief the movant would obtain after a full trial on the merits; (5) plaintiff's request for a TRO is in essence an "asset freeze" which is not permitted where damages have allegedly already been suffered; (6) the declarations submitted in support of the TRO do not adequately address the issues of: [1] the likelihood of success on the merits [2] a substantial threat the plaintiff will suffer irreparable injury if the injunction is denied [3] the threatened injury outweighs any damage the injunction might cause to defendant and [4] the injunction will not disserve the public interest. The declarations of the shareholders and Mr. Ashby are inadmissible hearsay. All of the declarations, including those of the plaintiff contain irrelevant, immaterial and ad hominem attacks on the majority shareholder of the defendant and should be rejected in their entirety; and (7) the claim for an increase in the bond is in essence a request for attorney's fees that are in excess of the amount being claimed in the underlying action.

As the court is aware, this motion is now the third attempt of plaintiff to cripple the operations of WNI by attempting to freeze WNI's major asset, the Source Code containing all of WNI's systems. The moving papers and the declaration of Charles Brown are a rehash of what was argued before the court on August 31, 2007, at which time the court issued an order requiring WNI to post a bond in the amount of $51,617.32.

The current moving papers are, once again, fraught with factual inaccuracies. For example, despite the fact that Mr. Brown resigned from WNI on July 13, 2007, almost two months ago, and has not been involved with any of the operations of WNI since that time, he continues to assert that he has knowledge of WNI's current operations. For example, footnote 1 which asserts that WNI's corporate records remain in storage in Redwood City, California is flat wrong. (See Declaration of Jessica La Londe.) Specifically, WNI's corporate records have been retrieved from storage in Redwood City, California, where they are currently being inventoried and assessed. Operational records are being sent to Sao Paulo, Brazil, the principal place of business of WNI and the corporate records such as articles of incorporation, minute books and bylaws are being sent to WNI's corporate counsel in New York City, New York.

///

2

OPPOSITION TO EX PARTE APPLICATION FOR TEMPORARY                                CASE NO. 07-4301 EDL
RESTRAINING ORDER AND ORDER TO SHOW CAUSE
DM1\1188468.1

Despite plaintiff's continued accusations, there are no WNI operations in California. Not permitting WNI access to, as well as possession of, the original and/or any copy of the source code makes no business nor legal nor equitable sense. Accordingly, plaintiff's application should be denied in its entirety.

## II. FACTS

Plaintiff Charles Brown is a former officer and director of defendant WNI. At the meeting of shareholders of WNI on July 11, 2007, Mr. Brown was not reelected to the Board of Directors and he thereafter rejected any offer to continue as president of WNI. In fact, he resigned from WNI on July 13, 2007. Plaintiff filed a complaint against WNI on July 19, 2007 for breach of contract and common counts, alleging that WNI owed him certain sums, some of which plaintiff claims is evidenced by two separate promissory notes, executed on June 30, 2001 and June 30, 2003 and payable on June 30, 2003 and January 30, 2005, respectively. On August 20, 2007, WNI's counsel was served with an amended complaint, which attempted to add causes of action for plaintiff's wage claims. Subsequent to that time, the plaintiff has filed a third and fourth amended complaint. The fourth amended complaint is currently the subject of a Motion to Strike and, in the alternative, a Motion to Dismiss Certain of the Wage Claims which is set to be heard by this court on October 16, 2007.

Nowhere in any of the four iterations of the plaintiff's complaint are there any claims for equitable relief.

On August 31, 2007, this court held a hearing on the writ of attachment brought by plaintiff. The court has issued orders that a bond in the amount of $51,617.32 be posted by WNI no later than September 14, 2007.

## III. ARGUMENT

### A. The Court Should Deny The Restraining Order Because The Available Remedies For The Claims Of The Plaintiff Are Legal And Not Equitable.

As a threshold matter in determining whether a temporary restraining order should be granted, the court must determine whether the relief requested is equitable in nature. Here, plaintiff's request does not meet the basis for injunctive relief, either preliminary or permanent, as

3

there has been no showing of an irreparable injury nor has there been a showing of an inadequacy of legal remedies. Specifically, the court in this case has already issued a writ of attachment requiring WNI to file a bond. Accordingly, a legal remedy for the plaintiff's claims is available. *See Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312, 102 S. Ct. 1798, 1803 (1982); *Stanley v. University of So. Calif.*, 13 F.3d 1313, 1320 (9th Cir. 1994).

An injunction to compel payment of money past due under a contract, where specific performance of a past-due monetary obligation, is not available in equity. *See Great West Life & Ann. Ins. Co. v. Knudson*, 534 U.S. 204, 212, 122 S. Ct. 713 (2002). In this case, the claims of Brown are limited to alleged breaches of promissory notes and wage claims that are specific to Brown himself.

Though plaintiff's moving papers recite the traditional and alternative tests standard for seeking injunctive relief, plaintiff has failed to show that the requested prohibition of WNI removing the Source Code from California meets either of these tests. Specifically, the current fourth amended complaint is subject to a motion to dismiss. Thus, the likelihood of success is at issue. There is no possibility of irreparable injury to plaintiff if the preliminary relief is not granted since the court has already issued a writ of attachment covering the claimed outstanding value of the promissory notes. Any balance of hardships favors WNI and not the plaintiff, and the advancement of public interest is not relevant to this private dispute between plaintiff and WNI.

In certain "disfavored" cases, courts hold that the four factors listed above must be "closely scrutinized" before a preliminary injunction will be granted. *See Schrier v. University of Colorado*, 427 F.3d 1253, 1259 (10th Cir. 2005). "Disfavored" cases, such as the instant matter, are cases wherein the requested application for injunction "provides substantially all the relief the movant would obtain after a full trial on the merits." *Id.* at 1260-1261. A bond in the amount of $51,617.32 has been ordered by the court. That is the amount claimed by plaintiff for the promissory notes.

Finally, plaintiff's request for a temporary restraining order is no more than an attempt to obtain a "asset freeze" of an important asset of WNI, the Source Code. Federal courts do not have the power to order a "freeze" of the defendant's assets prior to judgment to assure collectability of a

///

4

judgment. *See Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 319-320, 119 S. Ct. 1961, 1968-1969 (1999).

Where damages have already been suffered, the court cannot issue a preliminary injunction to prevent defendant from transferring assets in which plaintiff claims no present lien or interest. This theory is based on the traditional rule in equity that a judgment affixing the amount of the debt is required before creditors can interfere with the debtor's property. *See Dateline Exports, Inc. v. Basic Const., Inc.* 306 F.3d 912, 914 (9th Cir. 2002).

### B. The Court Should Deny The Restraining Order Because Plaintiff's Only Remedy Is Damages And The Legal Remedy Is Adequate

As discussed above, plaintiff is not entitled to injunctive relief for any breach of the promissory notes or the wage loss because he has an adequate remedy in damages. "Where the law gives a party an adequate remedy by way of an action and damages for breach of contract, or for compensation for the services rendered under it, a court of equity may not grant specific performance of such a contract." *Wilkinson v. Wiederkehr*, 101 Cal.App.4th 822, 834 (2002) (quoting *Shive v. Barrow*, 88 Cal.App.2d 838, 834-44 (1948)). Plaintiff does not even attempt to argue that his legal remedy is inadequate. Rather, he attempts to craft an argument that the bond that the court has currently required should be increased threefold in order to account for the attorney's fees that are being incurred in this case. It strains credulity to understand how a claimed threefold increase in the bond from $51,000 to $200,000 in order to cover plaintiff's anticipated attorney's fees is reasonable. Plaintiff provides no explanation for this claim other than stating that he intends to incur $100,000 in attorney's fees for claims that equal $100,000. The only possible explanation for the excess attorney's fees is the fact that plaintiff has now brought three different motions in two different venues to attach the Source Code and that he has filed four complaints, the last of which in contravention of Federal rules which has required defendant to file a motion to strike.

Plaintiff and his counsel's aggressive approach to litigation should not be rewarded by increasing the bond.

///

5

///

### C. Barring WNI From Control Of Its Own Assets Should Not Be Granted.

Plaintiff seeks a TRO barring WNI from utilizing its own asset, the Source Code, for its operations. Plaintiff attempts to do this with declarations from shareholders and a Mr. Ashby. These declarations are fraught with inadmissible hearsay and do not address the issue of why WNI should not be permitted to have access to, and control of, its own assets. Rather, the declarations are a series of attacks upon the current majority shareholder. Interestingly, one of the major claims is lack of information. Up through July 13, 2007, the individual that had the obligation to the shareholders to report on the progress of the company was the plaintiff himself since he held the positions of President, Secretary, and Treasurer. The declaration statements relating to inadequate notice of the July Board meeting are also patently false. Notice was provided for the July Board of Directors' hearing in accordance with WNI's bylaws. The failure of the shareholders to participate rests with them alone.

Since July 13, 2007, the management of WNI has focused its time and energy attempting to defeat plaintiff's grab for WNI's Source Code. The shareholders of WNI are being informed by current management of what has recently transpired as well as report on current and future business plans. This information establishes that WNI is a going concern and that only a few misguided and/or misinformed shareholders are attempting to conspire with Mr. Brown to place obstacles in an attempt to preclude WNI's success. See Declaration of Daniel J. Herling.

Mr. Brown's declaration contains his third version of whether the Source Code has value. A close review of his declaration indicates that it is self-serving. Brown asserts that the only value the Source Code has is to Brown because he is the only one who knows how to use it. This circular reasoning of Brown is that since he is no longer with WNI, WNI should not be permitted to use its own asset.

This self-serving reasoning should be rejected by the court. This is now plaintiff's third contradictory version of whether the Source Code has value. It is also his third attempt to attach the Source Code. It is clear that plaintiff seeks to attach the Source Code only to harm WNI by impeding its ability to generate revenue and/or to grab the Source Code to further develop his own

6

///

company. Plaintiff's application for a TRO barring WNI from utilizing its own assets should be denied in its entirety.

## IV. CONCLUSION

Plaintiff's application for a temporary restraining order should be denied. The plaintiff's underlying claims are not equitable in nature and there is adequate legal remedy available to him.

Plaintiff's continuing demand that WNI not have the right to control it own asset is part of his campaign of harassment and intentional harm to WNI.

What is even more clear is that the request to increase the bond establishes that this lawsuit is being brought for attorney's fees and not for any legitimate reason.

Dated: September 10, 2007                **DUANE MORRIS LLP**

By:      /s/ Daniel J. Herling
         Daniel J. Herling
         Attorneys for Defendant
         Wireless Networks, Inc.

7

OPPOSITION TO EX PARTE APPLICATION FOR TEMPORARY                                    CASE NO. 07-4301 EDL
RESTRAINING ORDER AND ORDER TO SHOW CAUSE
DM1\1188468.1