1  JEFFREY F. RYAN, ESQ. SBN 129079
   RYAN & STEINER
2  An Association of Attorneys
   455 North Whisman Road, Suite 200
3  Mountain View, CA 94043-5721
   Telephone:     (650) 691-1430
4  Facsimile:     (650) 968-2685
5
   Attorneys for Plaintiff,
6  CHARLES M. BROWN

7              UNITED STATES DISTRICT COURT

8           NORTHERN DISTRICT OF CALIFORNIA

9                SAN FRANCISCO DIVISION

10

11 CHARLES M. BROWN,                    Case No.: C-07-04301 EDL

12             Plaintiff,              **SUPPLEMENTAL DECLARATION OF
                                       PLAINTIFF CHARLES M. BROWN IN
13    vs.                              SUPPORT OF APPLICATION FOR
                                       TEMPORARY RESTRAINING ORDER,
14 WIRELESS NETWORKS, INC., a Delaware  ORDER TO SHOW CAUSE AND
   corporation,                        PRELIMINARY INJUNCTION**
15
16             Defendants.

17                                     **Dept.:   Courtroom E, 15th Floor
                                       Judge:   Magistrate Elizabeth D. Laporte**

18

19 I, CHARLES M. BROWN, declare as follows:

20     I am the plaintiff in the above-captioned matter, over the age of 18 and a resident of

21 California. I have personal knowledge of the facts set forth herein, and if called to testify as a

22 witness, would testify thereto. I have read the declaration of Ms. LaLonde in support of WNI's

23 opposition to my ex parte application for a temporary restraining order and it is replete with

24 misstatements which I will refute below through objective evidence.

25 **I.     DECLARATION OF JESSICA E. LA LONDE IN SUPPORT OF DEFENDANT
26         WIRELESS NETWORKS, INC.'S OPPOSITION TO PLAINTIFF'S TRO**

27

28

1      **1.**     In paragraph 4, Jessica E. La Londe states, "After repeated attempts, commencing

2      on July 13, 2007, it was not until August 14, 2007 that Plaintiff sent the key to the storage unit

3      where such records were being held to Duane Morris LLP's office in San Francisco."

4      **2.**     The facts are the following:

5           A.     On July 13, 2007, the date of my resignation, I sent an email to Souza

6      asking him where to send the key to the storage space (See Exhibit A attached hereto and

7      incorporated herein by reference).

8           B.     In response to my request as to where to send the key, I received an email

9      from Mr. Souza on July 20, 2007, threatening me and demanding that I provide "electronic

10    media recorded data" to him personally. I asked him again as to where I should send

11    the key to the storage space (See Exhibit B attached hereto and incorporated herein by

12    reference).

13         C.     On August 1, 2007, I received a letter from the Bryan Cave law firm. On

14    August 2, 2007, I responded and explained to Ms. Hyman what I had been told by the storage

15    space management, Pat Espasandin, that they needed to appoint a representative to sign the

16    papers for transfer of the storage space. I also made another request that they pay the bill for the

17    storage   They knew the status of the storage space when they sent the letter to me because they

18    had previously contacted Pat Espasandin and were informed of the same process. I wanted to

19    have the storage space liability transferred out of my good name .(See Exhibit C attached hereto

20    and incorporated herein by reference).

21         D.     In response, on August 13, 2007, I received additional threatening

22    correspondence from Souza's attorneys harassing me again and misstating the facts. So, I called

23    up the legal representative of the Company mentioned in the latest email message, a Mr.Daniel

24    Herling at Duane Morris law firm. I asked him to verify that he represented the Company to

25    which he responded affirmatively. I assumed he was a legitimate representative of the Company

26    by reference to the Bryan Cave email. I then asked him where to send the key, requested that he

27    immediately effect a change of transfer for the storage space, and to pay the bills at the storage

28    space, all of which he said he would do. I offered to meet him at the storage space to effect the

1  transfer and sign any required documents.  He asked me to fax the documents to him and I

2  explained that he needed to contact the storage management for the proper documents and

3  coordinate the process from his end as to who would sign the documents.  I gave him the

4  telephone number of the storage company.     As an Officer of the Court I thought his

5  representations to me would be sufficient.  He cited a legal code section to the effect that he had

6  authority to bind the company to the representations that he had made to me in the conversation.

7  So instead of meeting at the storage space and obtaining a signed receipt, I agreed to mail the key

8  to him to close the loop.  (See Exhibit D attached hereto and incorporated herein by reference).

9           E.       To protect the Company's property, I elected to pay the bills due at the

10  storage space from personal funds on two separate occasions - on June 27, 2007, and July 31,

11  2007.   To this date, the storage space bills are still not being paid nor has Souza or his

12  representatives made any effort to fulfill their fiduciary duties in this regard by effecting a

13  transfer of the rental agreement.   Contrary to what he told me and agreed to in our phone

14  conversation, Mr. Herling did not effect a transfer of the storage space lease and liability, he did

15  not pay the bills due to the storage space and he did not return a receipt for the key to the storage

16  space. (See Exhibit E attached hereto and incorporated herein by reference).

17  **II.    DEFENDANT WIRELESS NETWORKS, INC.'S OPPOSITION TO EX PARTE**
    **APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO**
18  **SHOW CAUSE RE: RETENTION OF SOURCE CODE IN CALIFORNIA**
    **AND/OR FOR AN ORDER INCREASING THE AMOUNT OF DEFENDANT'S**
19  **BOND**

20           I have read WNI's opposition to my ex parte application for a temporary restraining order

21  and it too is chalk full of misstatements which I will address immediately below.

22           1.      Page 2, Line 13:  *"As the court is aware, this motion is now the third attempt of*
                     *plaintiff to cripple the operations of WNI by attempting to freeze WNI's major*
23                   *asset, the Source Code containing all of WNI's systems."*

24           2.      The facts are as follows:

25           A.      In March of 2006, Mr. Souza, without notice or discussion with WNI,

26  unilaterally ordered the operations engineers at WNB to disconnect the network access of WNI

27  personnel to the Networks Operations Center (NOC) at WNB.  These WNI engineers were part

28  of the original group who created the source code.   They were charged with updating,

1   maintaining the code base, training, and supporting the operations engineers at Wireless

2   Networks do Brasil. This task was performed in excellent fashion by WNI right up until Mr.

3   Souza disconnected WNI from the operations network in Brazil. It was at this time that the

4   continual and unabated harassment began of the engineers to deliver the source code to WNB.

5   **Mr. Souza has been operating WNB for over one and a half years without possession or**

6   **access to the Source Code**.

7           **B.**     In April of 2007, Souza cut off payments for license fees and engineering

8   support from WNB to WNI, and so WNI's engineers left the Company for nonpayment of

9   wages. For nearly four months since April of 2007, Souza has been operating WNB without any

10  engineering support of any kind from the former staff at WNI. This clearly demonstrates that

11  Souza is able to run the business without the source code, and that the compiled source code that

12  runs in the NOC at WNB works just fine for operating the business. Further, if the Source Code

13  is so critical to WNB's operations, why did Souza refuse to have WNB make payments under the

14  "de facto" license agreement and support agreement after over four years of making such

15  payments? He must have concluded sometime prior to March 2006, and at least by March of

16  2007 that he had no further use of either the source code or WNI's engineers and staff to run the

17  business of WNB in Brazil. He has no intention of continuing the operations of WNI or he

18  would not have taken these actions.

19      3.   Page 6, Line 25:

20          *a. This self-serving reasoning should be rejected by the court. This is now*

21              *plaintiff's third contradictory version of whether the Source Code has value. It*

22              *is clear that plaintiff seeks to attach the Source Code only to harm WNI by*

23              *impeding its ability to generate revenue and/or to grab the Source Code to*

24              *further develop his own."*

25      4.   That facts are as follows:

26          **A.**     As stated in my Declaration on the subject, the value of the Source Code is

27  dependent upon the context in which the valuation is made, like any intellectual property of this

28  kind. It has no intrinsic value per se. It consists of thousands of lines of computer programming

1    code that is meaningless to anyone other than someone trained in the art. A book doesn't have

2    much commercial value without a publisher, with the likely exception of the author. Souza has

3    stripped WNI clean of its core personnel assets so, the code has minimal value to WNI.

4    However, to WNB, it has value since its NOC is using the code in a compiled form, without a

5    license.

6          **B.**    As I am, the former staff and engineers of WNI who created the Company,

7    its opportunities, and its intellectual property are all off pursuing their careers. This statement

8    does not make any sense.

9        I declare under penalty of perjury under the laws of the United States that the foregoing is

10    true and correct.

11        Executed September ___11___, 2007, at Woodside, California.

12

13                              /s/ Charles M. Brown

14                              CHARLES M. BROWN

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF CHARLES M. BROWN

BROWN V. WIRELESS NETWORKS, INC.                             CASE NO. C-07-04301 EDL

# EXHIBIT A

-----Mensagem original-----
De: Charles Brown [mailto:cbrown@flyingcircuit.com]
Enviada em: quarta-feira, 18 de julho de 2007 19:58
Para: Ruy Rothschild de Souza
Cc: Charles M Brown
Assunto: Re: Resignation Letter as of July 13, 2007

Dear Ruy,

To the best of my knowledge, I have moved all Company property in my
possession to the Company's warehouse space.

To protect the company's property, since payments were abruptly
ceased from Wireless Networks do Brasil as of March 2007, I have been
paying the monthly storage space fees from my personal funds since
April 2007. I will not be making any further payments from personal
funds on behalf of the Company. Therefore, and as I have stated
before, I urge you to make sure that these monthly fees are paid
promptly. I believe the current month fees are due on July 17th. If
the storage fees are not paid when due, the storage company will
padlock the space until they are paid current, proceed to file for a
judgment for possession of its contents, and subsequently sell the
property within at a liquidation price. My understanding is that
they can accomplish this in a matter of 60 days or so. So once again,
I strongly suggest you to make these payments when due.

Please let me know where you would like to have the key to the lock
on the storage space mailed. The storage space number is: B267.
The storage space location is as follows:

Extra Storage
1940 Spring St.
Redwood City CA 94063
Tel: 650-367-7224

Regards,

Charlie

On Jul 18, 2007, at 1:44 PM, Ruy Rothschild de Souza wrote:

Dear Charles,

I received your letter from last July 13th and regret you have decided
to resign from your position at the Company.
Nevertheless, the newly elected board will devote its best efforts in
order to stabilize and develop the Company's business.
I urge you to deliver, not later than July 20th, the documents and
informations that, in my capacity as Chairman of the Board, I
requested
to you, previous to your decision, in order to put on the way several
procedures for the above purposes.
Considering the fact of your resignation, we might add some additional
procedures to those listed on my request, like changing the
signatories
to the bank account, changing the Company's office address and others
you or I might remind.
I hope we can establish a cooperative relationship during this
transition period, for the benefit of the Company and its
shareholders,
and wish you success in your future personnal goals.

Sincerely,

Ruy Rothschild de Souza
Chairman


-----Mensagem original-----
De: Charles Brown [mailto:brown@wireless-networks.com]
Enviada em: sexta-feira, 13 de julho de 2007 19:50
Para: Ruy Rothschild de Souza
Cc: Charles Brown
Assunto: Resignation Letter as of July 13, 2007

Dear Ruy,

The attached resignation letter was faxed to your office this
afternoon.

Regards,

Charlie

# EXHIBIT B

**From:** cbrown@flyingcircuit.com
**Subject:** Re: RES: Resignation Letter as of July 13, 2007
**Date:** July 23, 2007 9:07:26 AM PDT
**To:** ruysouza@uol.com.br
**Cc:** cbrown@flyingcircuit.com
**Security:** Signed

Dear Ruy,

I am no longer an Officer or Director of the Corporation.  I have
taken reasonable action to safeguard the property of the corporation
that was in my custody by placing it in storage.  Please inform me as
to whom I should deliver the key to the storage space.

Regards,

Charlie


On Jul 20, 2007, at 11:18 AM, Ruy Rothschild de Souza wrote:

Dear Charles,

Although you informed that you "have moved all Company property in
your
possession to the Company's warehouse space", you continue to be
legally
responsible for the company's properties until the moment you have
properly
delivered them to me, as the Chairman of the Company, or to someone
assigned
by me to receive them.

Additionally, it is not admissible, to any point of view, to receive
any
"property" that "to the best of your knowledge" have bean moved to a
warehouse space. Thus I request you to make a complete list of all
Company's
properties that are or were at your possession and/or that you have
moved to
the warehouse space. Once you've presented that complete list to me I
will
assign a person to meet you and officially receive the key and each
of the
documents and/or assets that are under your responsibility up to this
moment. Certainly, the more detailed the list is, more prepared the
assigned

person will be to receive the documents; and quicker will be the receipt
process also.

I have sent you a request for specific documents and information in order to
proceed with some important issues decided by the new board. I am sure that
most of those informations are in your possession and were not sent to the
storage space, specially those that are electronic media recorded data and
can be made immediately available to me as the Chairman of the Company,
without any additional bureaucratic procrastination. For this kind of
information, I will be the person to validate the delivery. Please confirm
if the requested documents and information are present in your list.

You are hereby advised that in case of refusal, it will constitute a breach
of your fiduciary duty to WNI, to its subsidiary WNB, and to all of its
stockholders, that will be severely injured, given that they will be unable
to service their ongoing third party obligations and their reputations and
commercial operations.


Regards,

Ruy Rothschild de Souza


-----Mensagem original-----
De: Charles Brown [mailto:cbrown@flyingcircuit.com]
Enviada em: quarta-feira, 18 de julho de 2007 19:58
Para: Ruy Rothschild de Souza
Cc: Charles M Brown
Assunto: Re: Resignation Letter as of July 13, 2007

Dear Ruy,

To the best of my knowledge, I have moved all Company property in my
possession to the Company's warehouse space.

To protect the company's property, since payments were abruptly
ceased from Wireless Networks do Brasil as of March 2007, I have been

paying the monthly storage space fees from my personal funds since April 2007. I will not be making any further payments from personal funds on behalf of the Company. Therefore, and as I have stated before, I urge you to make sure that these monthly fees are paid promptly.  I believe the current month fees are due on July 17th.  If the storage fees are not paid when due, the storage company will padlock the space until they are paid current, proceed to file for a judgment for possession of its contents, and subsequently sell the property within at a liquidation price.  My understanding is that they can accomplish this in a matter of 60 days or so. So once again, I strongly suggest you to make these payments when due.

Please let me know where you would like to have the key to the lock on the storage space mailed.  The storage space number is:  B267. The storage space location is as follows:

Extra Storage
1940 Spring St.
Redwood City CA 94063
Tel:  650-367-7224

Regards,

Charlie


On Jul 18, 2007, at 1:44 PM, Ruy Rothschild de Souza wrote:

Dear Charles,

I received your letter from last July 13th and regret you have decided
to resign from your position at the Company.
Nevertheless, the newly elected board will devote its best efforts in
order to stabilize and develop the Company's business.
I urge you to deliver, not later than July 20th, the documents and informations that, in my capacity as Chairman of the Board, I requested
to you, previous to your decision, in order to put on the way several
procedures for the above purposes.
Considering the fact of your resignation, we might add some additional
procedures to those listed on my request, like changing the signatories
to the bank account, changing the Company's office address and others
you or I might remind.

I hope we can establish a cooperative relationship during this transition period, for the benefit of the Company and its shareholders,
and wish you success in your future personnal goals.

Sincerely,

Ruy Rothschild de Souza
Chairman


-----Mensagem original-----
De: Charles Brown [mailto:brown@wireless-networks.com]
Enviada em: sexta-feira, 13 de julho de 2007 19:50
Para: Ruy Rothschild de Souza
Cc: Charles Brown
Assunto: Resignation Letter as of July 13, 2007

Dear Ruy,

The attached resignation letter was faxed to your office this afternoon.

Regards,

Charlie

# Exhibit C



Miriam O. Hyman
Direct: 212-541-2249
Facsimile: 212-541-1349
mohyman@bryancave.com

August 1, 2007

**Via E-mail (brown@wireless-networks.com)**
Mr. Charlie Brown
55 Skylonda Drive
Woodside, CA 94062

Bryan Cave LLP

1290 Avenue of the Americas

New York, NY 10104-3300

Tel (212) 541-2000

Fax (212) 541-4630

www.bryancave.com

Re:    Extra Storage Space B267

Dear Mr. Brown:

We are U.S. counsel to Wireless Networks, Inc. ("WNI") and are writing to request that you immediately notify Ms. Pat Espasandin at Extra Storage RWC that the correct lessor of the above-referenced space is WNI and that access to same should be granted to the duly elected officers of WNI.

We have been advised that the storage space is registered in your individual name and that access cannot be granted without your consent.

As you are aware, the space and the contents therein are the property of WNI.

Please confirm by tomorrow that you have delivered the instructions to Extra Storage as requested above.

Chicago

Hong Kong

Irvine

Jefferson City

Kansas City

Kuwait

Los Angeles

New York

Phoenix

Shanghai

St. Louis

Washington, DC

And Bryan Cave,
A Multinational Partnership,

London

Sincerely,

Miriam O. Hyman

cc:    Mr. Ruy de Souza (via e-mail)

-----Original Message-----

Supplemental Declaration of Charles M. Brown, September 11, 2007

From: Charles Brown [mailto:cbrown@flyingcircuit.com]
Sent: Thursday, August 02, 2007 3:27 PM
To: Hyman, Miriam O.
Cc: Charles M Brown; Ruy Rothschild de Souza
Subject: Re: Extra Storage Space B267

Ms. Hyman,

I have previously attempted to transfer authority to the space to the
Company but no one was available to take the responsibility. The
storage company cannot do so without a Fiduciary Agreement & Transfer
for responsibility for the unit, which requires a signature from a
representative of the Company. Perhaps you could contact the storage
space management and arrange for the proper documentation and provide
the appropriate signatures from the Company's representative.

Also, the space was once again noticed as being late for payment and a
lock was placed on the space. I paid the bill again this month but
expect to be reimbursed for that and all prior months' rent prior to
signing a release.

Also, to where should the Post Office forward the Company's mail?

Sincerely,

Charles Brown


On Aug 1, 2007, at 2:22 PM, Hyman, Miriam O. wrote:
<<WNI.pdf>>
Please see attached.
Miriam O. Hyman
Bryan Cave LLP
1290 Avenue of the Americas
New York, New York 10104
Tel: 212-541-2249
Fax: 212-541-1349
e-mail: mohyman@bryancave.com

This electronic message is from a law firm. It may contain
confidential or privileged information. If you received this
transmission in error, please reply to the sender to advise of the
error and delete this transmission and any attachments.

IRS Circular 230 Disclosure: To ensure compliance with requirements
imposed by the IRS, we inform you that any U.S. federal tax advice
contained in this communication (including any attachments) is not
intended or written to be used, and cannot be used, for the purpose of

(i) avoiding penalties under the Internal Revenue Code or (ii)
promoting, marketing, or recommending to another party any transaction
or matter addressed herein.
<WNI.pdf>


Confidentiality Notice: This electronic mail transmission is
privileged and confidential and is intended only for the review of the
party to whom it is addressed. If you have received this transmission
in error, please immediately return it to the sender. Unintended
transmission shall not constitute waiver of the attorney-client or any
other privilege.

# Exhibit D

From: Hyman, Miriam O. [mailto:MOHyman@bryancave.com]
Sent: Monday, August 06, 2007 2:32 PM
To: Charles Brown
Cc: Charles M Brown; Ruy Rothschild de Souza; Herling, Daniel J.
Subject: RE: Extra Storage Space B267

Dear Mr. Brown,

Your claim that no one has been available to accept responsibility for the storage space is specious. Per our recent correspondence and your telephone conversations with Mr.de Souza, you are and have been on notice that the key and access to the storage space was to have been delivered to him or his agent.

We hereby instruct you to deliver to Duane Morris LLP, One Market, Spear Tower, Suite 2000, San Francisco, CA 94105-1104, by Aug. 8: (i) the key to the storage space; (ii) copies of all documents duly signed by you, if needed, which are required by the Storage Company to transfer the storage space from your personal control to the control of WNI and/or Mr. de Souza or his counsel; (iii) a list of all items delivered by you, in your capacity as President of WNI, to the storage space and (iv) all books and records of WNI, including the source code, as more specifically itemized in a letter dated on or about July 13 from Mr. de Souza, currently in your possession or control, together with a certification from you that the materials you will be delivering plus the items deposited in the storage space constitute ALL the corporate records and documents of WNI.

Please be advised that we will take whatever actions are required, including the commencement of litigation, to enforce our client's rights if you fail to comply with the above request.

If you have any questions regarding how best to arrange for the requested deliveries, please contact Mr. Herling at 415-957-3018.

Very truly yours,

Miriam Hyman

August 14, 2007

**Wireless Networks, Inc.**
**Receipt for key to Extra Storage Unit No. B267**

I hereby acknowledge receipt of the key to the lock for the warehouse space located below, received from Charles Brown on the date below.

Extra Storage
1940 Spring St.
Redwood City CA 94063
Unit No. B267

Signed_____
       Daniel J. Herling, as Corporate Attorney for Wireless Networks, Inc.
       Duane Morris LLP
       One Market, Spear Tower
       Suite 2000
       San Fransciso, CA  94105

Date_____

Please mail signed receipt to:

Charles Brown
55 Skylonda Drive
Woodside, CA  94062

Thank you,

*Charles Brown*
Charles Brown

*Key To
Warehouse
Space
# B267*

Supplemental Declaration of Charles M. Brown, September 11, 2007

August 14, 2007

I hereby acknowledge re
Charles Brown on the d:

Extra Storage
1940 Spring St.
Redwood City CA 9406
Unit No. B267

Signed _____

Daniel J
Duane M
One Mar
Suite 20(
San Frans

Date _____

Please mail signed

Charles Brown
55 Skylonda Drive
Woodside, CA  94062

Thank you,

*Charlie Brown*
Charles Brown

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

DANIEL J. HERLING
DUANE MORRIS LLP
ONE MARKET ST, SPEAR TOWER
SUITE 2000
SAN FRANCISCO, CA 94105

2. Article Number
(Transfer from service label)

7006 0100 0005 5399 9440

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____    ☐ Agent    ☐ Addressee
B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered    ☐ Return Receipt for Merchandise
   ☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

U.S. Postal Service
CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

OFFICIAL USE

| | |
|---|---|
| Postage | $1.31 |
| Certified Fee | $2.65 |
| Return Receipt Fee (Endorsement Required) | $2.15 |
| Restricted Delivery Fee (Endorsement Required) | $0.00 |
| Total Postage & Fees | $6.11 |

Sent To  DANIEL J. HERLING
Street, Apt. No.; or PO Box No.  ONE MARKET ST, SPEAR TOWER # 2000
City, State, ZIP+4  SAN FRANCISCO, CA 94105

PS Form 3800, June 2002    See Reverse for Instructions

940629991
0567830213 -0098
08/15/2007    (800)275-8777    01:53:54 PM

SAN FRANCISCO CA 94105

| Product Description | Sale Qty | Unit Price | Final Price |
|---|---|---|---|
| SAN FRANCISCO CA 94105 | | | |
| Zone-1 First-Class Large Env 1.00 oz. | | | $1.31 |
| Return Rcpt (Green Card) | | | $2.15 |
| Certified | | | $2.65 |
| Label #: | | 70060100000553999440 | |
| Issue PVI: | | | $6.11 |

Total:    $6.11

Paid by:    $6.11

Account #:    XXXXXXXXXXX5881
Approval #:    015628
Transaction #:    48
23 903471142

Order stamps at USPS.com/shop or call
1-800-Stamp24.  Go to USPS.com/clicknship
to print shipping labels with postage.
For other information call 1-800-ASK-USPS.

Bill#: 1000202419627
Clerk: 04

All sales final on stamps and postage.
Refunds for guaranteed services only.
Thank you for your business.
*********************************************
*********************************************
HELP US SERVE YOU BETTER

Go to: http://gx.gallup.com/pos

TELL US ABOUT YOUR RECENT
POSTAL EXPERIENCE

YOUR OPINION COUNTS
*********************************************
*********************************************

Customer Copy

Supplemental Declaration of Charles M. Brown, September 11, 2007

# Exhibit E

 06/25/07

EXTRA STORAGE RDWD CITY
1940 SPRING ST.
REDWOOD CITY, CA 94063

**Late Notice**

UNIT ID# B267 (LTN)

CHARLES BROWN - C/O WIRELESS NETWORK, INC.
P.O. BOX 620042
WOODSIDE, CA 94062

Dear CHARLES BROWN - C/O WIRELESS NETWORK, INC.,

The rent for unit # B267 was due on 6/15/2007 and has not been received.  Please forward payment to:

EXTRA STORAGE RDWD CITY
1940 SPRING ST.
    REDWOOD CITY, CA 94063

Per your rental agreement, a late fee of $10.00 has been charged to your account.

We appreciate your business and hope to continue to service your storage needs.  If you have any questions, you may contact us at (650) 367 7224.

If you have already sent a payment, thank you and please remember to add the $10.00 late fee to your next payment.

Sincerely,

**TIM AND PAT ESPASANDIN**

Manager
EXTRA STORAGE RDWD CITY

Account Summary - Unit # B267

Date of Last Payment      : 05/15/07
Amount of Last Payment   : $135.00
Rent Paid-Thru Date       : 06/14/07
Current Balance           : $145.00

Save money by taking advantage of our Pre-pay Discounts!
Pre-pay 5 and a 1/2 months and you will receive 1/2 off the 6th month free.
Pre-pay 11 months and receive the 12th month free.

Save money by "Telling A Friend." For each friend you refer to our facility and they rent, you will receive a $20 credit toward your next rent due.

Supplemental Declaration of Charles M. Brown, September 11, 2007

EXTRA STORAGE RDWD CITY
1940 SPRING ST.
REDWOOD CITY, CA  94063
(650) 367 7224


BROWN, CHARLES  - C/O WIRELESS NETWORK, INC.
P.O. BOX  620042
WOODSIDE, CA  94062


### Transaction Receipt

| Account #: 4195 | Date: 06/27/2007  1:20PM | | Receipt #: 38054 |
|---|---|---|---|

| Unit | Paid Thru | Item Description | Amount |
|---|---|---|---|
| B267 | 07/14/07 | Rent | $135.00 |
| | | Fee | $10.00 |

| Credit Card | VISA  XXXXXXXXXXXX7179<br>Auth.: 027302 | $145.00 |
|---|---|---|
| Total | | $145.00 |

| Unit | Current Balance | Next Pmnt. Amount | Next Pmnt. Date |
|---|---|---|---|
| B267 | $0.00 | $136.00 | 07/15/07 |
| Total | $0.00 | $136.00 | |

*Paid by Charles Brown*
*F C I  Credit Card*

The undersigned acknowledges receipt of goods and/or services in the amount of the total shown hereon and agrees to payment of this amount. If payment has been made in the form of a credit card or credit card account debit, such payment will be in accord with the card issuer agreement, and the undersigned agrees to performance according to the obligations set forth therein.

| _____ | 6-27-07 | _____ |
|---|---|---|
| Customer | Date | Employee |

Supplemental Declaration of Charles M. Brown, September 11, 2007



07/30/07

EXTRA STORAGE RDWD CITY
1940 SPRING ST.
REDWOOD CITY, CA 94063

# Preliminary Lien Notice

UNIT ID# B267 (PLN)

CHARLES BROWN - C/O WIRELESS NETWORK, INC.
P.O. BOX 620042

WOODSIDE, CA 94062

Dear CHARLES BROWN - C/O WIRELESS NETWORK, INC.,

According to our records, we have not received payment for rent and/or other charges for the use of storage unit # B267 at:

EXTRA STORAGE RDWD CITY
1940 SPRING ST.
REDWOOD CITY, CA 94063

These charges which are summarized below total $160.00. This sum includes accrued rent, a $10 late fee, and a $15 preliminary lien fee,  and has been due for more than 14 days in accordance with California law.

| Due Date | Description | Amount |
|----------|-------------|--------|
| 07/15/07 | Rent Charge | $135.00 |
| 07/25/07 | Late | $10.00 |
| 07/30/07 | Late | $15.00 |
| Total: | | $160.00 |

If this sum is not paid in full before 08/17/07 your right to use the storage space will terminate, you will be denied access, a $15 Notice of Lien Sale fee will be added to your account balance, and a self storage owner's lien on any stored property will be imposed pursuant to Section 21705 of the California Business and Professions Code.

**You may pay this sum in cash, check, credit card, cashier's check or money order. We do not accept partial payments** and you will be responsible for the entire amount due at the time of payment which may include any additional rent or fees that accrue after this notice is printed and mailed. If you have any questions concerning your account, please call us at (650) 367 7224.

Sincerely,

Manager
EXTRA STORAGE RDWD CITY

EXTRA STORAGE RDWD CITY
1940 SPRING ST.
REDWOOD CITY, CA  94063
(650) 367 7224

BROWN, CHARLES  - C/O WIRELESS NETWORK, INC.
P.O. BOX  620042
WOODSIDE, CA  94062

## Transaction Receipt

**Account #:** 4195          **Date:** 07/31/2007  12:41PM          **Receipt #:** 38810

| Unit | Paid Thru | Item Description | Amount |
|------|-----------|------------------|--------|
| B267 | 08/14/07 | Rent | $135.00 |
|      |          | Fee | $25.00 |

| | | | |
|---|---|---|---|
| **Credit Card** | VISA  XXXXXXXXXXXX7179 | | $160.00 |
|                 | Auth.:  031571 | | |
| **Total** | | | $160.00 |

The undersigned acknowledges receipt of goods and/or services in the amount of the total shown hereon and agrees to payment of this amount. If payment has been made in the form of a credit card or credit card account debit, such payment will be in accord with the card issuer agreement, and the undersigned agrees to performance according to the obligations set forth therein.

_____          7-31-07          _____
         Customer                         Date                    Employee


08/30/07

EXTRA STORAGE RDWD CITY
1940 SPRING ST.
REDWOOD CITY, CA 94063

## Preliminary Lien Notice

UNIT ID# B267 (PLN)

CHARLES BROWN - C/O WIRELESS NETWORK, INC.
P.O. BOX 620042

WOODSIDE, CA 94062

Dear CHARLES BROWN - C/O WIRELESS NETWORK, INC.,

According to our records, we have not received payment for rent and/or other charges for the use of storage unit # B267 at:

EXTRA STORAGE RDWD CITY
1940 SPRING ST.
REDWOOD CITY, CA 94063

These charges which are summarized below total $160.00. This sum includes accrued rent, a $10 late fee, and a $15 preliminary lien fee, and has been due for more than 14 days in accordance with California law.

| Due Date | Description | Amount |
|----------|-------------|--------|
| 08/15/07 | Rent Charge | $135.00 |
| 08/25/07 | Late | $10.00 |
| 08/30/07 | Late | $15.00 |
| Total: | | $160.00 |

If this sum is not paid in full before 09/17/07 your right to use the storage space will terminate, you will be denied access, a $15 Notice of Lien Sale fee will be added to your account balance, and a self storage owner's lien on any stored property will be imposed pursuant to Section 21705 of the California Business and Professions Code.

**You may pay this sum in cash, check, credit card, cashier's check or money order. We do not accept partial payments** and you will be responsible for the entire amount due at the time of payment which may include any additional rent or fees that accrue after this notice is printed and mailed. If you have any questions concerning your account, please call us at (650) 367 7224.

Sincerely,

Manager
EXTRA STORAGE RDWD CITY