IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES M BROWN, | No. C-07-04301 EDL |
| Plaintiff, | **ORDER DENYING EX PARTE APPLICATION FOR ORDER INCREASING THE AMOUNT OF DEFENDANT'S BOND AND FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE** |
| v. | |
| WIRELESS NETWORKS INC, | |
| Defendant. | |

On September 6, 2007, Plaintiff filed an Ex Parte Application for Temporary Restraining Order and Order to Show Cause re: Retention of Source Code in California and/or for an Order Increasing the Amount of Defendant's Bond. In essence, this application requests that the Court reconsider its previous order requiring Defendant to post a bond in the amount of $51,617.32 to satisfy a potential judgment, or reconsider its order to requiring a bond in lieu of a writ of attachment that would prevent Defendant from disposing of certain assets that could be used to satisfy a judgment. After full consideration of the papers, and for the reasons stated below, the Court denies Plaintiff's application.

Plaintiff brought suit against Defendant to recover amounts due to him under past due promissory notes and for wages not paid under an employment contract. Plaintiff sought no equitable remedies in his complaint, and sought only damages on his contract claims. In order to secure a potential judgment, Plaintiff sought to attach Defendant's sole remaining asset in the United States: certain DVDs containing source code used by Defendant to operate its business. At the August 31, 2007 hearing on Plaintiff's motion, the Court found that Plaintiff had demonstrated that it was more likely than not that Plaintiff would prevail on his claims on the past due promissory notes,

1  which were for a sum certain.  Plaintiff stated that a bond would be adequate in lieu of attachment of
2  the source code DVDs to satisfy that potential judgment.  Accordingly, the Court ordered Defendant
3  to post a bond in the amount of $51,267.32, based on the evidence Plaintiff submitted to demonstrate
4  the amount due on the promissory notes.  Plaintiff's papers did not request security for his attorneys'
5  fees.  When Plaintiff brought up fees orally at the hearing for the first time, Plaintiff did not submit
6  any evidence as to the amount of attorneys' fees expended or anticipated.

7  Plaintiff requests that the Court increase the bond to cover attorneys' fees in addition to
8  covering the amount due on the promissory notes.  Plaintiff has not complied with Civil Local Rule
9  7-9, which requires a party to obtain leave to file a motion for reconsideration before noticing a
10 motion for reconsideration of any interlocutory order made by that Judge.  Nor has Plaintiff shown
11 that reconsideration is warranted by reason of: (1) a material difference in fact or law from that
12 which existed at the time the issue was presented to the Court before entry of the order; (2) the
13 emergence of new material fact or a change of law occurring after the time of such order; or (3) a
14 manifest failure by the Court to consider material facts or dispositive legal arguments which were
15 presented to the Court before the entry of the order.  See Civ. L.R. 7-9.  The right to attorneys' fees,
16 and the amount of attorneys' fees expended to date in an amount certain could have been presented
17 to the Court before the earlier ruling, but was not presented.  Accordingly, the Court's ruling on the
18 amount of the surety bond will not be reconsidered.

19 Plaintiff also requests that the Court enter a temporary restraining order to prevent Defendant
20 from removing the source code from California.  Although Plaintiff's complaint sounds solely in
21 contract, Plaintiff appears to have additional disputes with an individual who was or is one of
22 Defendant's board members. Plaintiff alleges that Mr. Ruy Rothschild de Souza, a current or former
23 board member of Defendant, who also has management control of Defendant's Brazilian subsidiary,
24 engaged in a "carefully orchestrated plan to transfer [Defendant's] technology, embodied in its
25 Source Code, to [the subsidiary] without compensating [Defendant] or [Defendant's] other
26 shareholders for the technology."  Plaintiff further alleges that de Souza intentionally crippled
27 Defendant by preventing Defendant from securing new financing, and by halting license and debt
28 payments from the Brazilian subsidiary to Defendant.  Plaintiff alleges that, having nearly shut

2

Defendant's operations down, de Souza then sought to transfer the Source Code to Brazil for the use of the Brazilian subsidiary. Plaintiff, however, has not brought any claims founded in these allegations in any of its amended complaints, and has not named the individual as a Defendant or alleged that the Defendant company is a corporate fiction. Further, even if Plaintiff had alleged that de Souza's actions were attributable to Defendant, "'a mere statement of belief that the defendant can easily make away with or transport his money or goods'" is insufficient to support an injunction. See Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc., 527 U.S. 308, 327 (1999) (quoting DeBeers Consol. Mines, Ltd. v. United States, 325 U.S. 212 (1945)).

"The basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies." Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 506-07 (1959), quoted in Owner-Operator Indep. Drivers Ass'n v. Swift Transp. Co., 367 F.3d 1108, 1111 (9th Cir. 2004). Plaintiff argues that there is an immediate threat that Plaintiff would suffer irreparable injury if Defendant removed the source code DVD from California. But Plaintiff's anticipated injury is solely monetary; he argues that Defendant has no other resources from which to pay a judgment, other than the source code DVDs.[1] Monetary injury is not irreparable and damages are a legal remedy, not an equitable one. An injunction to compel the payment of money past due under a contract, or specific performance of a past due monetary obligation, is not typically available in equity. Great West Life & Ann. Ins. Co. v. Knudson, 534 U.S. 204, 210-11 (2002). "Those rare cases in which a court of equity would decree specific performance of a contract to transfer funds were suits that, unlike the present case, sought to prevent future losses that were either incalculable or would be greater than the sum awarded." Id. at 212. Here, Plaintiff's losses are calculable. See also Grupo Mexicano, 527 U.S. at 333 (1999) (a district court does not have the authority to issue a preliminary injunction preventing a party from disposing of assets pending adjudication of a contract claim for money damages); Dateline Exps., Inc. v. Basis Constr., Inc., 306 F.3d 912, 914 (9th Cir. 2002) (denying injunction).

For the reasons stated above, the Court hereby denies Plaintiff's request to increase the

---

[1] There is some question as to whether the source code DVDs have any market value. See Brown Decl., ¶ 4 (stating source code has no value other than to those who, like Plaintiff and other former employees of Defendant, have knowledge of the environment in which it was created).

3

1 surety bond posted to satisfy a potential judgment and application for a temporary restraining order.

2 **IT IS SO ORDERED.**

3 Dated: September 11, 2007

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge