```
1  Daniel J. Herling (SBN 103711)
   Lina M. Brenner (SBN 191075)
2  Jessica E. La Londe (SBN 235744)
   DUANE MORRIS LLP
3  One Market, Spear Tower, Suite 2000
   San Francisco, CA 94105-1104
4  Telephone: 415.957.3000
   Facsimile: 415.957.3001
5  E-Mail:    djherling@duanemorris.com
              jelalonde@duanemorris.com
6
   Attorneys for Defendant
7  WIRELESS NETWORKS, INC.
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES M. BROWN,<br><br>Plaintiff,<br><br>v.<br><br>WIRELESS NETWORKS, INC., a Delaware corporation,<br><br>Defendant. | Case No. C-07-04301 EDL<br><br>**BOND ON ATTACHMENT ORDER**<br><br>Dept: Courtroom E, 15th Floor<br>Judge: Mag. Elizabeth D. Laporte |

WHEREAS, Defendant WIRELESS NETWORKS, INC., desires to give a Bond on Attachment in accordance with the Order of this Court dated August 31, 2007, attached and incorporated and marked as Exhibit 1.

NOW THEREFORE, the undersigned surety, International Fidelity Insurance Company, a corporation authorized to transact surety business in the State of California, hereby obligates itself jointly and severally to Plaintiff Charles M. Brown under the aforesaid order in the sum of Fifty One Thousand Six Hundred Seventeen Dollars and Thirty-Two Cents ($51,617.32).

///
///
///
///

1  IN TESTIMONY WHEREOF, the said surety has caused its corporate name and seal to be
2  hereunder affixed by its duly authorized attorney in New Orleans, Louisiana, on this 13th day of
3  September 2007.

4                                            International Fidelity Insurance Company

6                                    By: _____
7                                          Darlene A. Bornt
                                            Attorney-in-Fact

10  This undertaking is executed under the penalty of perjury under the California law on this
11  13th day of September 2007 at New Orleans, Louisiana, by the undersigned who declares that she is
12  a duly authorized Attorney-in-Fact for said surety acting under the attached unrevoked power of
13  attorney.

14                                   By: _____
15                                          Darlene A. Bornt
                                            Attorney-in-Fact

17  Address for service to surety:

19  International Fidelity Insurance Company
    c/o International Sureties, Ltd.
    203 Carondelet Street, Suite 500
20  New Orleans, LA 70130

DM1\1190501.1
BOND ON ATTACHMENT ORDER                           2                           CASE NO. C-07-04301 EDL

Tel (973) 624-7200

# POWER OF ATTORNEY
# INTERNATIONAL FIDELITY INSURANCE COMPANY

HOME OFFICE· ONE NEWARK CENTER, 20TH FLOOR
NEWARK, NEW JERSEY 07102-5207

KNOW ALL MEN BY THESE PRESENTS: That INTERNATIONAL FIDELITY INSURANCE COMPANY, a corporation organized and existing laws of the State of New Jersey, and having its principal office in the City of Newark, New Jersey, does hereby constitute and appoint

CLARK P. FITZ-HUGH, DARLENE A. BORNT, KATHERINE B. WERNER, CATHERINE C. KEHOE,
KRISTINE K. SELLERS, MARLEY M. MORRIS, ELIZABETH TREADWAY, CANDICE T. GROS,
R. TUCKER FITZ-HUGH, LINDA A. BOURGEOIS

New Orleans, LA.

its true and lawful attorney(s)-in-fact to execute, seal and deliver for and on its behalf as surety, any and all bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof, which are or may be allowed, required or permitted by law, statute, rule, regulation, contract or otherwise, and the execution of such instrument(s) in pursuance of these presents, shall be as binding upon the said INTERNATIONAL FIDELITY INSURANCE COMPANY, as fully and amply, to all intents and purposes, as if the same had been duly executed and acknowledged by its regularly elected officers at its principal office.

This Power of Attorney is executed, and may be revoked, pursuant to and by authority of Article 3-Section 3, of the By-Laws adopted by the Board of Directors of INTERNATIONAL FIDELITY INSURANCE COMPANY at a meeting called and held on the 7th day of February, 1974.

The President or any Vice President, Executive Vice President, Secretary or Assistant Secretary, shall have power and authority

(1) To appoint Attorneys-in-fact, and to authorize them to execute on behalf of the Company, and attach the Seal of the Company thereto, bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof and,

(2) To remove, at any time, any such attorney-in-fact and revoke the authority given.

Further, this Power of Attorney is signed and sealed by facsimile pursuant to resolution of the Board of Directors of said Company adopted at a meeting duly called and held on the 29th day of April, 1982 of which the following is a true excerpt:

Now therefore the signatures of such officers and the seal of the Company may be affixed to any such power of attorney or any certificate relating thereto by facsimile, and any such power of attorney or certificate bearing such facsimile signatures or facsimile seal shall be valid and binding upon the Company and any such power so executed and certified by facsimile signatures and facsimile seal shall be valid and binding upon the Company in the future with respect to any bond or undertaking to which it is attached

IN TESTIMONY WHEREOF, INTERNATIONAL FIDELITY INSURANCE COMPANY has caused this instrument to be signed and its corporate seal to be affixed by its authorized officer, this 29th day of August, A.D 2003.

INTERNATIONAL FIDELITY INSURANCE COMPANY

STATE OF NEW JERSEY
County of Essex

Secretary

On this 29th day of August 2003, before me came the individual who executed the preceding instrument, to me personally known, and, being by me duly sworn, said the he is the therein described and authorized officer of the INTERNATIONAL FIDELITY INSURANCE COMPANY; that the seal affixed to said instrument is the Corporate Seal of said Company; that the said Corporate Seal and his signature were duly affixed by order of the Board of Directors of said Company.



IN TESTIMONY WHEREOF, I have hereunto set my hand affixed my Official Seal,
at the City of Newark, New Jersey the day and year first above written

A NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Nov. 21, 2010

CERTIFICATION

I, the undersigned officer of INTERNATIONAL FIDELITY INSURANCE COMPANY do hereby certify that I have compared the foregoing copy of the Power of Attorney and affidavit, and the copy of the Section of the By-Laws of said Company as set forth in said Power of Attorney, with the ORIGINALS ON IN THE HOME OFFICE OF SAID COMPANY, and that the same are correct transcripts thereof, and of the whole of the said originals, and that the said Power of Attorney has not been revoked and is now in full force and effect

IN TESTIMONY WHEREOF, I have hereunto set my hand this 13th day of Sept. 2007

Assistant Secretary

Exhibit 1 to Bond on Attachment Order

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES M BROWN,<br><br>    Plaintiff,<br><br>    v.<br><br>WIRELESS NETWORKS INC,<br><br>    Defendant.<br>_____/ | No. C-07-04301 EDL<br><br>**ORDER RE ATTACHMENT** |

    On August 31, 2007, Plaintiff's application for a right to attach order came on for hearing. Plaintiff was represented by Jeff Ryan; Defendant was represented by Daniel Herling. After full consideration of the papers, and for the reasons stated at the hearing, the Court hereby orders as follows:

    Based on the facts in evidence before the Court, Plaintiff has demonstrated that he meets the four part test to attach Defendant's assets to secure funds sufficient to satisfy a future judgment. See Cal. Civ. Proc. Code § 484.090(a) (a court must find all of the following before attachment may issue: (1) the claim upon which the attachment is based is one upon which an attachment may be issued, (2) the plaintiff has established the probable validity of the claim upon which the attachment is based, (3) the attachment is not sought for a purpose other than recovery of the claim upon which the attachment is based and (4) the amount to be secured by the attachment is greater than zero). In particular, Plaintiff has shown that the claim has probable validity because, based on the facts in evidence before the Court, it is at least slightly more likely than not that Plaintiff will obtain a judgment against Defendant for the remaining principal amount owed on the promissory notes at issue, $51,617.32. See Cal. Code Civ. P. § 481.190; Brown Decl., ¶¶ 12-13 and Exs. B-C.

Defendant has argued that it would be seriously harmed if the Court extended the state court's attachment of the DVDs containing the source code Defendant uses in its business. Plaintiff has argued that the DVDs should not be released to Defendant because Defendant's Brazilian subsidiary would thereby obtain access to the source code without proper payment. However, Plaintiff has stated he would accept a bond as security in lieu of attachment of the source code DVDs. Defendant has agreed to post a bond or bank guarantee to avoid attachment of the source code DVDs. Accordingly, for the reasons stated at the hearing, the Court orders Defendant to post either a bond or a bank guarantee by September 6, 2007, per the parties' stipulation or further Court order, in the amount of $51,617.32 to satisfy a potential judgment. Upon completion of that transaction, the Court orders that the source code DVDs be immediately released to Defendant's counsel. The parties are ordered to promptly meet and confer, and inform the Court by August 31, 2007, as to whether they can stipulate to the election of a bond or a bank guarantee to secure a potential judgment.

**IT IS SO ORDERED.**

Dated: August 31, 2007

ELIZABETH D. LAPORTE
United States Magistrate Judge

2