JEFFREY F. RYAN, ESQ. SBN 129079
RYAN & STEINER
An Association of Attorneys
455 North Whisman Road, Suite 200
Mountain View, CA 94043-5721
Telephone: (650) 691-1430
Facsimile: (650) 968-2685

Attorneys for Plaintiff,
CHARLES M. BROWN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

CHARLES M. BROWN,

Plaintiff,

vs.

WIRELESS NETWORKS, INC., a Delaware corporation, and DOES 1 THROUGH 50,

Defendants.

Case No.: C07-4301 EDL

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO STRIKE "FOURTH AMENDED COMPLAINT" OR TO DISMISS CERTAIN CLAIMS**

**Date: October 16, 2007**
**Time: 9:00 a.m.**
**Dept.: Courtroom E, 15th Floor**
**Judge: Magistrate Elizabeth D. Laporte**

Plaintiff Charles M. Brown ("Plaintiff" or "Brown") hereby opposes defendant Wireless Networks, Inc.'s ("Defendant" or "WNI") motion to strike or to dismiss claims. WNI's motion is simply an attempt at litigation "Gotcha" seeking to capitalize on what it knows was a clerical error by Plaintiff in the course of filing a Third Amended Complaint.

The original[1], first[2] and second[3] amended complaints were filed in the state court prior to removal. The essence of Plaintiff's claims are that he is owed monies by WNI (a) pursuant to two promissory notes and (b) as earned but unpaid wages and related employment expenses.

WNI has not filed any responsive pleading either before or after removal.[4] Plaintiff's research has found no authority interpreting Fed. R. Civ. Proc. 15(a) in the context of removal of an amended complaint, and specifically whether amendment in the State Court constitutes the permitted amendment "once as a matter of course." In the absence of clear guidance, Plaintiff filed his Third Amended Complaint with this Court as though it were his permitted amendment "as a matter of course." Unfortunately, in the process of transmitting the document for electronic filing, the page setting forth the employment-related claims was omitted from the electronic filing.[5]

---

[1] Filed by Plaintiff in pro per on July 19, 2007 and served on Defendant July 23, 2007. See Ryan Declaration, Ex A
[2] Filed by Plaintiff in pro per on August 13, 2007, but not served on Defendant until August 23, 2007. Ryan Decl. Ex B
[3] Filed by Plaintiff on August 20, 2007, and served on Defendant the same day. Ryan Decl. Ex C  Ryan Decl. Ex C.
[4] Ryan Declaration, paragraph 6.
[5] Ryan Declaration, paragraph 5.

Defendant's Counsel, having noticed the omission, specifically inquired on September 6. 2007, whether it had been Plaintiff's intent to dismiss the employment-related claims.[6] In response, Plaintiff's counsel informed Mr. Herling that same day that Plaintiff did not intend to dismiss the employment-related claims, and that the omission was a technical error that he would correct with an errata[7] that was in fact filed on September 6, 2007.[8] Nevertheless, WNI proceeded to file this motion on September 7, 2007.

WNI's motion should be denied in its entirety. The Third Amended Complaint that was prepared for filing was permissible under Fed. R. Civ. Proc. 15(a). In this Court, WNI has filed no responsive pleading, and the Third Amended Complaint was, in reality, the first amendment to the complaint in this Court. Accordingly, it should be deemed appropriately filed under Rule 15(a). The errata to the third amended complaint is not, as Defendant asserts, a "Fourth" amended complaint. Rather, when the Third Amended Complaint was filed electronically, one page was mistakenly omitted.[9] That page, unfortunately, constituted the entire claim for relief on the employment-related claims.[10] Nevertheless, WNI is seeking to turn a technical administrative error in the electronic filing process, into a substantive ruling in its favor on plaintiff's wage claim, and for its attorneys fees for its resource wasting efforts. Its efforts should not be rewarded, and its motion under Rule 12 (f) and request for attorneys' fees should be denied.

---

6 See Exhibit A to Mr. Herling's declaration.
7 See Exhibit B to Mr. Herling's declaration.
8 Ryan Decl. Exhibit E.
9 Ryan Decl. paragraph 5.
10 Ryan Decl. paragraph 5 and Exhibit E.

3

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO STRIKE "FOURTH AMENDED COMPLAINT" OR TO DISMISS CERTAIN CLAIMS
BROWN v. WIRELESS NETWORKS, INC. CASE NO. C07-4302 EDL

      Moreover, WNI's motion to strike is not well founded. A motion to strike under Rule 12(b)(6) looks to the face of the pleading alone. In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice. Jacobson v. Schwarzenegger, 357 F. Supp. 2d 1198, 1204 (C. D. Cal. 2004). On its face, the Third Amended Complaint (with errata) discloses no time-barred claims. WNI seeks to expand the complaint by its request for judicial notice, however, the factual inferences it seeks the court to draw from the Labor Commissioner claim go beyond the permissible scope of a Rule 12(b)(6) motion, and as such, must be denied. As the Ninth Circuit stated in Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007), "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test."

As an alternative, plaintiff notes that certain additional factual matters have come to light since the filing of the third amended complaint and its errata which will form the basis of an additional claim for relief, joinder of an additional party defendant, and a concomitant motion to amend the complaint. Plaintiff respectfully suggests that the Court either direct, pursuant to Federal Rule of Civil Procedure 81( c), that the complaint be restated to conform with the conventions of federal pleading practice, and that such complaint be denominated the "Fourth" amended complaint, or deny defendant's motion and permit plaintiff to file a motion to amend the complaint.

DATED: September 24, 2007

RYAN AND STEINER

Jeffrey F. Ryan