1  JEFFREY F. RYAN, ESQ. SBN 129079
   RYAN & STEINER
2  An Association of Attorneys
   455 North Whisman Road, Suite 200
3  Mountain View, CA 94043-5721
   Telephone:    (650) 691-1430
4  Facsimile:     (650) 968-2685

5  Attorneys for Plaintiff,
6  CHARLES M. BROWN

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10              SAN FRANCISCO DIVISION

11

12 CHARLES M. BROWN,                    Case No.: C07-4301 EDL

13            Plaintiff,                **DECLARATION OF JEFFREY F. RYAN
                                        IN OPPOSITION TO MOTION TO
14      vs.                             STRIKE "FOURTH AMENDED
                                        COMPLAINT" OR TO DISMISS
15 WIRELESS NETWORKS, INC., a Delaware  CERTAIN CLAIMS**
   corporation, and DOES 1 THROUGH 50,
16                                      **Date:      October 16, 2007**
17            Defendants.               **Time:      9:00 a.m.
                                        Dept.:      Courtroom E, 15th Floor
18                                      Judge:      Magistrate Elizabeth D. Laporte**

19

20

21

22

23

24

25

26

27

28
                                      1

1    I, Jeffrey F. Ryan, declare and stated:

2       1. I am an attorney at law licensed to practice in the state of California and before this

3    court and am counsel for plaintiff Charles M. Brown in the above-captioned matter. I make this

4    declaration of my own personal knowledge and based upon my review of the documents filed in

5    this and the state-court action.

6

7       2. Attached hereto as Exhibit A is a true and correct copy of the original complaint filed

8    in state court by plaintiff Charles M. Brown, in pro per. The complaint bears a file stamp date in

9    the Superior Court of July 19, 2007, and sets forth claims for breach of contract (the promissory

10   notes) and for money paid at defendant's special instance and request. This Complaint was

11   served on defendant on July 23, 2007.

12

13      3. Attached hereto as Exhibit B is a true and correct copy of the first amended complaint

14   filed in state court by plaintiff Charles M. Brown, in pro per. The first amended complaint bears

15   a file stamp date in the Superior Court of August 13, 2007, and sets forth claims for breach of

16   contract (the promissory notes), and for money paid at defendant's special instance and request,

17   and added a claim for unpaid wages. This first amended complaint was served on defendant

18   August 23, 2007.

19      4. Attached hereto as Exhibit C is a true and correct copy of the second amended

20   complaint filed in state court by my firm on behalf of plaintiff Charles M. Brown. The second

21   amended complaint bears a file stamp date in the Superior Court of August 20, 2007, and sets

22   forth same claims for breach of contract (the promissory notes), and for money paid at

23   defendant's special instance and request, and for unpaid wages as the first amended complaint,

24   and adds a claim under California Labor Code section 218.5 for attorneys fees on the wage

25   claim. This second amended complaint was served on defendant August 20, 2007.

26

27

28

**DECLARATION OF JEFFREY F. RYAN IN OPPOSITION TO MOTION TO STRIKE "FOURTH AMENDED COMPLAINT" OR TO DISMISS CERTAIN CLAIMS**
**BROWN V. WIRELESS NETWORKS, INC.**                    CASE NO. C07-4302 EDL

5. I prepared the third amended complaint for filing in this Court in order to add allegations relating to recovery of attorneys fees under the promissory notes. The complaint as prepared was otherwise unchanged from the second amended complaint filed in State Court. In the course of submitting the document through the court's electronic filing process, however, my now former secretary inexplicably omitted the page of the third amended complaint that contained the wage claim allegations. Attached hereto as Exhibit D is the Third Amended Complaint as originally filed with this Court on September 5, 2007, and attached as Exhibit E is the errata thereto which I filed the following day after responding to defense counsel's inquiry concerning the omission of the wage claims. (This exchange of correspondence is attached to Defense counsel Mr. Herling's declaration filed in support of defendant's motion).

6. As of the date of this declaration, I have received no responsive pleading from defendant, and the Court's docket shows no responsive pleading.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 24th day of September, 2007, at Mountain View, CA.

Jeffrey F Ryan

Jeffrey F. Ryan

DECLARATION OF JEFFREY F. RYAN IN OPPOSITION TO MOTION TO STRIKE "FOURTH AMENDED COMPLAINT" OR TO DISMISS CERTAIN CLAIMS
BROWN v. WIRELESS NETWORKS, INC.                                    CASE No. C07-4302 EDL

# EXHIBIT A

**Exhibit A**

PLD-C-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, St. _ r number, and address): | FOR COURT USE ONLY |
|---|---|

CHARLES M. BROWN
55 Skylonda Drive
Woodside, CA 94062

TELEPHONE NO: (650) 851-2858    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): In Pro Per

**ENDORSED FILED**
SAN MATEO COUNTY

JUL 1 9 2007

Clerk of the Superior Court
M. Javilionar
By_____
DEPUTY CLERK

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN MATEO
STREET ADDRESS: 400 County Center
MAILING ADDRESS: (formerly 401 Marshall Street)
CITY AND ZIP CODE: Redwood City, California, 94063
BRANCH NAME: SOUTHERN

PLAINTIFF: CHARLES M. BROWN

DEFENDANT: WIRELESS NETWORKS, INC.

[X] DOES 1 TO   50

|  BREACH OF   CONTRACT | |
|---|---|
| [X] **COMPLAINT** | **AMENDED COMPLAINT** (Number): |
| [_] **CROSS-COMPLAINT** | **AMENDED CROSS-COMPLAINT** (Number): |

| Jurisdiction (check all that apply): | CASE NUMBER: |
|---|---|
| [_] **ACTION IS A LIMITED CIVIL CASE** | |
| Amount demanded [_] does not exceed $10,000 | |
| [_] exceeds $10,000, but does not exceed $25,000 | CIV 4 6 4 5 7 4 |
| [X] **ACTION IS AN UNLIMITED CIVIL CASE** (exceeds $25,000) | |
| [_] **ACTION IS RECLASSIFIED** by this amended complaint or cross-complaint | |
| [_] from limited to unlimited | |
| [_] from unlimited to limited | |

1. **Plaintiff*** (name or names):    CHARLES M. BROWN

   alleges causes of action against **defendant*** (name or names): WIRELESS NETWORKS, INC., a Delaware corporation with its principal place of business in San Mateo County, CA

2. This pleading, including attachments and exhibits, consists of the following number of pages:    14

3. a. Each plaintiff named above is a competent adult
      [_] **except plaintiff** (name):

      (1) [_] a corporation qualified to do business in California
      (2) [_] an unincorporated entity (describe):
      (3) [_] other (specify):

   b. [_]  Plaintiff (name):
      a. [_] has complied with the fictitious business name laws and is doing business under the fictitious name (specify):

      b. [_] has complied with all licensing requirements as a licensed (specify):

   c. [_] Information about additional plaintiffs who are not competent adults is shown in Attachment 3c.

4. a. Each defendant named above is a natural person
      [X] **except defendant** (name): WIRELESS
      NETWORKS, INC.
      (1) [_] a business organization, form unknown
      (2) [X] a corporation
      (3) [_] an unincorporated entity (describe):
      (4) [_] a public entity (describe):
      (5) [_] other (specify):

      [_] **except defendant** (name):
      (1) [_] a business organization, form unknown
      (2) [_] a corporation
      (3) [_] an unincorporated entity (describe):
      (4) [_] a public entity (describe):
      (5) [_] other (specify):

* If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.

Form Approved for Optional Use
Judicial Council of California
PLD-C-001 [Rev. January 1, 2007]

**COMPLAINT—Contract**

Legal
Solutions
Plus

Code of Civil Procedure, § 425.12

PLD-C-001

| SHORT TITLE: BROWN v. WIREL_.S NETWORKS, INC. | CASE NUMBER: |
|---|---|

4. *(Continued)*
   b. The true names of defendants sued as Does are unknown to plaintiff.
      (1) ____ Doe defendants *(specify Doe numbers):* _____ were the agents or employees of the named
           defendants and acted within the scope of that agency or employment.
      (2) ____ Doe defendants *(specify Doe numbers):* _____ are persons whose capacities are unknown to
           plaintiff.
   c. ____ Information about additional defendants who are not natural persons is contained in Attachment 4c.
   d. ____ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

5. ____ Plaintiff is required to comply with a claims statute, **and**
   a. ____ has complied with applicable claims statutes, *or*
   b. ____ is excused from complying because *(specify):*

6. ____ This action is subject to ____ Civil Code section 1812.10 ____ Civil Code section 2984.4.
7. This court is the proper court because
   a. [X] a defendant entered into the contract here.
   b. ____ a defendant lived here when the contract was entered into.
   c. ____ a defendant lives here now.
   d. [X] the contract was to be performed here.
   e. [X] a defendant is a corporation or unincorporated association and its principal place of business is here.
   f. ____ real property that is the subject of this action is located here.
   g. ____ other *(specify):*

8. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*
   [X] Breach of Contract
   [X] Common Counts
   [ ] Other *(specify):*

9. ____ Other allegations:

10. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. ____ damages of: $ 50,617.32
   b. ____ interest on the damages
      (1) ____ according to proof
      (2) [X] at the rate of *(specify):*  10.00  percent per year from *(date):*  July 18, 2007
   c. ____ attorney's fees
      (1) ____ of: $ 0.00
      (2) ____ according to proof.
   d. ____ other *(specify):*

11. ____ The paragraphs of this pleading alleged on information and belief are as follows *(specify paragraph numbers):*

Date: JULY 18, 2007

CHARLES M. BROWN, In Pro Per
    (TYPE OR PRINT NAME)

▶ *Charles M. Brown*
        (SIGNATURE OF PLAINTIFF OR ATTORNEY)

*(If you wish to verify this pleading, affix a verification.)*

PLD-C-001(1)

| | |
|---|---|
| SHORT TITLE: BROWN v. WIRELESS NETWORKS, INC. | CASE NUMBER: |

<u>FIRST</u>       **CAUSE OF ACTION—Breach of Contract**
(number)

ATTACHMENT TO   [X] Complaint    [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

BC-1. Plaintiff *(name)*: CHARLES M. BROWN

     alleges that on or about *(date)*:    June 30, 2001 and January 30, 2003
     a [X] written   [ ] oral   [ ] other *(specify)*:
     agreement was made between *(name parties to agreement)*: CHARLES M. BROWN and WIRELESS
     NETWORKS, INC.
     [X] A copy of the agreement is attached as Exhibit A, or
     [ ] The essential terms of the agreement   [ ] are stated in Attachment BC-1   [ ] are as follows *(specify)*:

Those agreements (promissory notes) were expressly affirmed by the Board
of Directors of WIRELESS NETWORKS, INC. on April 19, 2005 (See
Exhibit "B").

BC-2. On or about *(dates)*: *19 APRIL* , 2007
     defendant breached the agreement by   [ ] the acts specified in Attachment BC-2 [X] the following acts
     *(specify)*:

WIRELESS NETWORKS, INC.'S and its controlling shareholder, Ruy Rothschild
de Souza, refusal to pay Plaintiff the sums owed to him after repeated
demands therefore.

BC-3. Plaintiff has performed all obligations to defendant except those obligations plaintiff was prevented or
     excused from performing.

BC-4. Plaintiff suffered damages legally (proximately) caused by defendant's breach of the agreement
     [ ] as stated in Attachment BC-4   [X] as follows *(specify)*:

     $51,617.32

BC-5. [ ] Plaintiff is entitled to attorney fees by an agreement or a statute
         [ ] of $ 0.00
         [ ] according to proof.

BC-6. [ ] Other:

Page _____
Page 1 of 1

**CAUSE OF ACTION—Breach of Contract**   Legal Solutions Plus   Code of Civil Procedure, § 425.12

PLD-C-001(2)

| SHORT TITLE: BROWN v. WIRELESS NETWORKS, INC. | CASE NUMBER: |
|---|---|

SECOND _____    **CAUSE OF ACTION—Common Counts**
(number)

ATTACHMENT TO    [X] Complaint    ____ Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

CC-1. Plaintiff *(name):*    CHARLES M. BROWN

alleges that defendant *(name):*    WIRELESS NETWORKS, INC.

became indebted to [X] plaintiff ____ other *(name):*

   a. ____ within the last four years
     (1) ____ on an open book account for money due.
     (2) ____ because an account was stated in writing by and between plaintiff and defendant in which it
        was agreed that defendant was indebted to plaintiff.

   b. [X] within the last [X] two years ____ four years
     (1) ____ for money had and received by defendant for the use and benefit of plaintiff.
     (2) ____ for work, labor, services and materials rendered at the special instance and request of defendant
        and for which defendant promised to pay plaintiff
        ____ the sum of $ 0.00
        ____ the reasonable value.
     (3) ____ for goods, wares, and merchandise sold and delivered to defendant and for which defendant
        promised to pay plaintiff
        ____ the sum of $ 0.00
        ____ the reasonable value.
     (4) ____ for money lent by plaintiff to defendant at defendant's request.
     (5) [X] for money paid, laid out, and expended to or for defendant at defendant's special instance and
        request.
     (6) ____ other *(specify):*

CC-2. $ 3,351.00 _____, which is the reasonable value, is due and unpaid despite plaintiff's demand,
plus prejudgment interest ____ according to proof [X] at the rate of ____ 10.00 ____ percent per year
from *(date):*    July 18, 2007

CC-3. ____ Plaintiff is entitled to attorney fees by an agreement or a statute
     ____ of $ 0.00
     ____ according to proof.

CC-4. [X] Other:

    See Exhibit "C"

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(2) [Rev. January 1, 2007]

**CAUSE OF ACTION—Common Counts**

Legal
Solutions
Plus

Code of Civil Procedure, § 425.12

# EXHIBIT A

$71,892.29

Woodside, CA
June 30, 2001

## PROMISSORY NOTE

      FOR VALUE RECEIVED, **Wireless Networks, Inc.**, a Delaware corporation ("Borrower") hereby promises to pay to the order of **Charles M. Brown** ("Lender") in lawful money of the United states of America, on **June 30, 2003**, the principal sum of **Seventy One Thousand Eight Hundred Ninety Two Dollars and Twenty Nine Cents ($71,892.29)**. This Note will bear interest at the rate of nine percent (9%) per annum until the date of maturity, and thereafter will bear interest at the rate of nine percent (9%) per annum until fully paid.

      In the event that Borrower shall fail to make full and timely payment of the principal hereunder when due, the entire unpaid principal amount of this Note shall automatically become immediately due and payable without demand or notice, and Borrower shall pay such further amount as shall be sufficient to cover all costs and expenses (including reasonable attorney's fees) directly or indirectly incurred by Lender in connection with the collection of this Note.

      Borrower hereby waives notice of default, notice of acceleration, notice of prepayment, presentment, protest, or notice of dishonor.  Borrower may prepay at any time, in part or in full, without penalty.

**WIRELESS NETWORKS, INC. (Borrower)**


By: Charles Brown, President       By:  Secretary

$2,000.00

Woodside, CA
January 30, 2003

## PROMISSORY NOTE

   FOR VALUE RECEIVED, **Wireless Networks, Inc.**, a Delaware corporation ("Borrower") hereby promises to pay to the order of **Charles M. Brown** ("Lender") in lawful money of the United states of America, on **January 30, 2005**, the principal sum of **Two Thousand Dollars and No Cents ($2,000,00)**. This Note will bear interest at the rate of nine percent (9%) per annum until the date of maturity, and thereafter will bear interest at the rate of nine percent (9%) per annum until fully paid.

   In the event that Borrower shall fail to make full and timely payment of the principal hereunder when due, the entire unpaid principal amount of this Note shall automatically become immediately due and payable without demand or notice, and Borrower shall pay such further amount as shall be sufficient to cover all costs and expenses (including reasonable attorney's fees) directly or indirectly incurred by Lender in connection with the collection of this Note.

   Borrower hereby waives notice of default, notice of acceleration, notice of prepayment, presentment, protest, or notice of dishonor. Borrower may prepay at any time, in part or in full, without penalty.

**WIRELESS NETWORKS, INC. (Borrower)**

By: Charles Brown, President        By:  Secretary

# EXHIBIT B

MINUTES OF A SPECIAL MEETING OF THE BOARD OF DIRECTORS
OF
WIRELESS NETWORKS, INC.

A special meeting of the Board of Directors of Wireless Networks, Inc., a Delaware corporation, (the "Company"), was held as follows:

|  |  |
|---|---|
| Date: | April 19, 2005 |
| Time: | 10:45 AM Pacific Time |
| Place: | 350 Cambridge Avenue, Suite 150 |
|  | Palo Alto, California. |
| Kind of Meeting: | Special |
| How Called or Noticed: | Notice waived |
| Director Present: | Mr. Charles Brown |
| Directors Absent: | None |
| Other Persons Present: | James Hagan, Esq. attorney for the |
|  | Company, and Mr. Ruy Rothschild de Souza |

The following matters of business were considered and conducted.

1. Mr. Brown, as President of the Company, called the meeting to order. On motion duly made, seconded, and unanimously carried, Mr. Hagan was elected as Recording Secretary to record the minutes of this meeting.

2. Mr. Brown noted that Mr. Redett, previously a director of the Company, has resigned from that position, leaving Mr. Brown as the only director of the Company. Mr. Brown also noted that the Company has just issued to Mr. Ruy Rothschild de Souza's company, MRG International, Inc., an affiliate of Cruzamerica, 112,791.2064 shares of its common stock, a majority of the Company's outstanding common stock. Acting under and pursuant to Section 223(a)(1) of the Delaware Corporation Law, Mr. Brown elected Mr. Ruy Rothschild de Souza as a director of the Company to serve as such without compensation. Mr. Ruy Rothschild de Souza accepted the position of a director of the Company and thereafter participated in the meeting as a director. Mr. Brown observed that Mr. Brown presently serves as the President, Secretary, and Treasurer of the company. This matter was discussed. No change was made.

3. Mr. Brown presented to the meeting financial statements as of December 31, 2004, for the company and for its wholly-owned subsidiary, Wireless Networks do Brazil. These financial statements were reviewed in detail by the directors. Thereafter, on

motions duly made, seconded, and unanimously carried, each of those financial statements was approved.

4. Mr. Brown presented to the meeting two promissory notes which evidence indebtedness due from the company to him, one in the amount of $71, 892.29 and one in the amount of $2,000.00. These promissory notes were discussed and considered. Thereafter, on motions duly made, seconded, and unanimously carried, the following resolutions were adopted:

> RESOLVED, that each of the aforesaid promissory notes shall be, and each of them is hereby, approved and ratified;

> RESOLVED FURTHER, that the officers of this corporation shall be, and they are hereby, authorized, directed, and empowered to sign and deliver said promissory notes and to take any and all actions as may in their judgment be necessary or appropriate to carry out and perform said promissory notes and the foregoing resolution.

5. Mr. Brown presented to the meeting a Fourth Amendment (to August 31, 2004) and a Fifth Amendment (to December 31, 2004) to the loan and option agreement executed by and between the Company and Cruzamerica in January, 2002. These documents were reviewed and considered. Thereafter, on motions duly made, seconded, and unanimously carried, the following resolutions were adopted:

> RESOLVED, that the Fourth Amendment and the Fifth Amendment to the aforesaid loan and option agreement shall be, and each of them hereby is, approved and ratified;

> RESOLVED FURTHER, that the officers of this corporation shall be, and they are hereby, authorized, directed, and empowered to sign and deliver said Fourth Amendment and Fifth Amendment and to take any and all actions as may in their judgment be necessary or appropriate to carry out and perform said agreements and the foregoing resolution.

6. Mr. Brown presented to the meeting a promissory note due from Wireless Networks do Brazil to this company in the amount of $1,074,010.52 as of December 31, 2004. This promissory note was reviewed and considered. Thereafter, on motions duly made, seconded, and unanimously carried, the following resolution was adopted:

RESOLVED, that the aforesaid promissory note shall be, and it is hereby, approved and accepted;

7. Mr. Brown presented to the meeting a power of attorney, similar in form and content to other powers of attorney approved in the past, by means of which to authorize Mr. Ruy Rothschild de Souza to conduct the business of the Company in Brazil. This document was reviewed and considered. Thereafter on motions duly made, seconded, and unanimously carried, the following resolutions were adopted:

RESOLVED, that the aforesaid power of attorney shall be, and it is hereby, approved and ratified;

RESOLVED FURTHER, that the officers of this corporation shall be, and they are hereby, authorized, directed, and empowered to sign and deliver said power of attorney and to take any and all actions as may in their judgment be necessary or appropriate to carry out and perform said power of attorney and the foregoing resolution.

8. Mr. Hagan suggested that the Company send a letter to all shareholders informing them of the conversion by Cruzamerica of debt into common stock, the resignation of Mr. Redett as a director, and the election of Mr. Ruy Rothschild de Souza as a director. Mr. Brown and Mr. Ruy Rothschild de Souza undertook to do so.

9. Mr. Brown noted that the company was current in its tax and filings and its Delaware corporation filings.

10. Mr. Brown observed that the Company may need a small line of credit of up to $5,000 for use in the immediate future. This matter was discussed and considered. Thereafter, on motions duly made, seconded, and unanimously carried, the standard bank line of credit resolutions attached hereto were approved, ratified, and adopted, and the officers of the corporation were authorized and empowered to sign and deliver such documents, and to take such actions, as may be in their judgment necessary or appropriate to obtain such a line of credit and to carry out and implement the foregoing resolutions.

11. There being no further business to come before the meeting, on motion duly made, seconded and unanimously carried, the meeting was adjourned at 11:05 A. M. Pacific Time.

Date: April 19, 2005

_James Hagan_
as Recording Secretary

# EXHIBIT C

Charles Brown
WNI bills paid directly by Charles Brown
May - June 2007

| | | |
|---|---|---:|
| 5/1/07 | BMW BANK BMWFS PYMT 070429 66959027 Charl | 969.15 |
| 5/30/07 | BMW BANK BMWFS PYMT 070529 67697147 Charl | 969.15 |
| 4/18/07 | Sprint | 95.39 |
| 4/19/07 | Sprint | 109.42 |
| 5/25/07 | Sprint | 93.79 |
| 6/30/07 | BMW Finance | 969.15 |
| 6/27/07 | Extra Storage | 145.00 |
| | Total | 3,351.05 |

# EXHIBIT B

**Exhibit B**

**PLD-C-001**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>CHARLES M. BROWN<br>55 Skylonda Drive<br>Woodside, CA 94062<br><br>TELEPHONE NO: (650) 851-2858   FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: In Pro Per | FOR COURT USE ONLY<br><br>ENDORSED FILED<br>SAN MATEO COUNTY<br><br>AUG 1 5 2007<br><br>Clerk of the Superior Court<br>By S. YAMBING<br>DEPUTY CLERK |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO
STREET ADDRESS: 400 County Center
MAILING ADDRESS: (formerly 401 Marshall Street)
CITY AND ZIP CODE: Redwood City, California, 94063
BRANCH NAME: SOUTHERN

PLAINTIFF:   CHARLES M. BROWN

DEFENDANT:   WIRELESS NETWORKS, INC.

[X] DOES 1 TO __50__

| BREACH OF CONTRACT | | |
|---|---|---|
| ___ COMPLAINT | [X] AMENDED COMPLAINT *(Number)*: | ONE (1) |
| ___ CROSS-COMPLAINT | ___ AMENDED CROSS-COMPLAINT *(Number)*: | |

**Jurisdiction** *(check all that apply)*:
- ___ ACTION IS A LIMITED CIVIL CASE
  - Amount demanded ___ does not exceed $10,000
  - ___ exceeds $10,000, but does not exceed $25,000
- [X] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
- ___ ACTION IS RECLASSIFIED by this amended complaint or cross-complaint
  - ___ from limited to unlimited
  - ___ from unlimited to limited

CASE NUMBER:

CIV 464574

1. Plaintiff* *(name or names)*:   CHARLES M. BROWN

alleges causes of action against **defendant*** *(name or names)*:   WIRELESS NETWORKS, INC., a Delaware corporation with its principal place of business in San Mateo County, CA

2. This pleading, including attachments and exhibits, consists of the following number of pages: 17

3. a. Each plaintiff named above is a competent adult
   - ___ except plaintiff *(name)*:
     - (1) ___ a corporation qualified to do business in California
     - (2) ___ an unincorporated entity *(describe)*:
     - (3) ___ other *(specify)*:

   b. ___ Plaintiff *(name)*:
     - a. ___ has complied with the fictitious business name laws and is doing business under the fictitious name *(specify)*:
     - b. ___ has complied with all licensing requirements as a licensed *(specify)*:

   c. ___ Information about additional plaintiffs who are not competent adults is shown in Attachment 3c.

4. a. Each defendant named above is a natural person
   - [X] except defendant *(name)*:   WIRELESS NETWORKS, INC.
     - (1) ___ a business organization, form unknown
     - (2) [X] a corporation
     - (3) ___ an unincorporated entity *(describe)*:
     - (4) ___ a public entity *(describe)*:
     - (5) ___ other *(specify)*:
   - ___ except defendant *(name)*:
     - (1) ___ a business organization, form unknown
     - (2) ___ a corporation
     - (3) ___ an unincorporated entity *(describe)*:
     - (4) ___ a public entity *(describe)*:
     - (5) ___ other *(specify)*:

_____
* If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.

Page 1 of 2

**COMPLAINT—Contract**

Legal Solutions Plus

Code of Civil Procedure, § 425.12

PLD-C-001

| SHORT TITLE: BROWN v. WIRELESS NETWORKS, INC. | CASE NUMBER: CIV 464574 |
|---|---|

4. *(Continued)*
   b. The true names of defendants sued as Does are unknown to plaintiff.
      (1) ____ Doe defendants *(specify Doe numbers):* _____ were the agents or employees of the named defendants and acted within the scope of that agency or employment.
      (2) ____ Doe defendants *(specify Doe numbers):* _____ are persons whose capacities are unknown to plaintiff.
   c. ____ Information about additional defendants who are not natural persons is contained in Attachment 4c.
   d. ____ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

5. ____ Plaintiff is required to comply with a claims statute, **and**
   a. ____ has complied with applicable claims statutes, *or*
   b. ____ is excused from complying because *(specify):*

6. ____ This action is subject to ____ Civil Code section 1812.10 ____ Civil Code section 2984.4.
7. This court is the proper court because
   a. _X_ a defendant entered into the contract here.
   b. ____ a defendant lived here when the contract was entered into.
   c. ____ a defendant lives here now.
   d. _X_ the contract was to be performed here.
   e. _X_ a defendant is a corporation or unincorporated association and its principal place of business is here.
   f. ____ real property that is the subject of this action is located here.
   g. ____ other *(specify):*

8. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*
   _X_ Breach of Contract
   _X_ Common Counts
   _X_ Other *(specify):* wages due

9. ____ Other allegations:

10. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. _X_ damages of: $ 98,653.92
   b. ____ interest on the damages
      (1) ____ according to proof
      (2) _X_ at the rate of *(specify):* 10.00 percent per year from *(date):* July 19, 2007
   c. ____ attorney's fees
      (1) ____ of: $ 0.00
      (2) ____ according to proof.
   d. ____ other *(specify):*

11. ____ The paragraphs of this pleading alleged on information and belief are as follows *(specify paragraph numbers):*

Date: AUGUST 6, 2007

CHARLES M. BROWN
_____
(TYPE OR PRINT NAME)

▶ _Charles M Brown_ (signature)
_____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

*(If you wish to verify this pleading, affix a verification.)*

**COMPLAINT—Contract**

PLD-C-001(1)

| SHORT TITLE: BROWN v. WIRELESS NETWORKS, INC. | CASE NUMBER:<br>CIV 464574 |
| --- | --- |

AMENDED FIRST
(number)

### CAUSE OF ACTION—Breach of Contract

ATTACHMENT TO [X] Complaint [___] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

BC-1.  Plaintiff *(name):* CHARLES M. BROWN

    alleges that on or about *(date):*    June 30, 2003
    a [X] written [___] oral [___] other *(specify):*
    agreement was made between *(name parties to agreement):*    CHARLES M. BROWN and WIRELESS
NETWORKS, INC.
    [X] A copy of the agreement is attached as Exhibit A, or
    [___] The essential terms of the agreement [___] are stated in Attachment BC-1 [___] are as follows *(specify):*

Those agreements (promissory notes) were expressly affirmed by the Board
of Directors of WIRELESS NETWORKS, INC., on April 19, 2005 (See
Exhibit "B").

BC-2.  On or about *(dates):*    April 19, 2007
    defendant breached the agreement by [___] the acts specified in Attachment BC-2 [X] the following acts
    *(specify):*

WIRELESS NETWORKS, INC.'S and its controlling shareholder, Ruy Rothschild
de Souza, refused to pay Plaintiff the sums owed him after repeated
demands therefore.

BC-3.  Plaintiff has performed all obligations to defendant except those obligations plaintiff was prevented or
excused from performing.

BC-4.  Plaintiff suffered damages legally (proximately) caused by defendant's breach of the agreement
    [___] as stated in Attachment BC-4 [X] as follows *(specify):*

$51,617.32

BC-5.  [___] Plaintiff is entitled to attorney fees by an agreement or a statute
    [___] of $ 0.00
    [___] according to proof.

BC-6.  [___] Other:

Page _____

| Form Approved for Optional Use<br>Judicial Council of California<br>PLD-C-001(1) [Rev. January 1, 2007] | CAUSE OF ACTION—Breach of Contract | Legal<br>Solutions<br>Plus | Code of Civil Procedure, § 425.12 |
| --- | --- | --- | --- |

PLD-C-001(2)

| SHORT TITLE: BROWN v. WIRELESS NETWORKS, INC. | CASE NUMBER: |
| | CIV 464574 |

__AMENDED  SECOND__    **CAUSE OF ACTION—Common Counts**
(number)

ATTACHMENT TO    X   Complaint   _____ Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

CC-1. Plaintiff *(name)*: CHARLES M. BROWN

    alleges that defendant *(name)*: WIRELESS NETWORKS, INC., a Delaware corporation

    became indebted to   X   plaintiff  _____ other *(name)*:

    a. _____ within the last four years
        (1) _____ on an open book account for money due.
        (2) _____ because an account was stated in writing by and between plaintiff and defendant in which it
             was agreed that defendant was indebted to plaintiff.

    b. _____ within the last   X   two years _____ four years
        (1) _____ for money had and received by defendant for the use and benefit of plaintiff.
        (2) . X   for work, labor, services and materials rendered at the special instance and request of defendant
            and for which defendant promised to pay plaintiff
             X  the sum of $ 46,876.60
            _____ the reasonable value.
        (3) _____ for goods, wares, and merchandise sold and delivered to defendant and for which defendant
            promised to pay plaintiff
            _____ the sum of $ 0.00
            _____ the reasonable value.
        (4) _____ for money lent by plaintiff to defendant at defendant's request.
        (5)   X   for money paid, laid out, and expended to or for defendant at defendant's special instance and
            request.
        (6)   X   other *(specify)*:

          Defendant WIRELESS NETWORK, INC. has also failed to pay accounts
          due which were charged to Plaintiff. Extra Storage Redwood City
          issued a Preliminary Lien Notice in the amount of $160.00 which
          Plaintiff had to pay on behalf of WIRELESS NETWORK, INC.
          Plaintiff has made demand upon Defendant but Defendant has refused
          to pay the accounts. (See Exhibits "C" and "D").

CC-2. $ 50,442.65          , which is the reasonable value, is due and unpaid despite plaintiff's demand,
    plus prejudgment interest _____ according to proof   X   at the rate of __10.00__ percent per year
    from *(date)*: July 19, 2007

CC-3. _____ Plaintiff is entitled to attorney fees by an agreement or a statute
        _____ of $ 0.00
            according to proof.

CC-4. _____ Other:

Page _____

Page 1 of 1

**CAUSE OF ACTION—Common Counts**

Legal
Solutions
Plus

Code of Civil Procedure, § 425.12

# EXHIBIT A

$71,892.29

Woodside, CA
June 30, 2001

## PROMISSORY NOTE

FOR VALUE RECEIVED, Wireless Networks, Inc., a Delaware corporation ("Borrower") hereby promises to pay to the order of **Charles M. Brown** ("Lender") in lawful money of the United states of America, on **June 30, 2003**, the principal sum of **Seventy One Thousand Eight Hundred Ninety Two Dollars and Twenty Nine Cents ($71,892.29)**. This Note will bear interest at the rate of nine percent (9%) per annum until the date of maturity, and thereafter will bear interest at the rate of nine percent (9%) per annum until fully paid.

In the event that Borrower shall fail to make full and timely payment of the principal hereunder when due, the entire unpaid principal amount of this Note shall automatically become immediately due and payable without demand or notice, and Borrower shall pay such further amount as shall be sufficient to cover all costs and expenses (including reasonable attorney's fees) directly or indirectly incurred by Lender in connection with the collection of this Note.

Borrower hereby waives notice of default, notice of acceleration, notice of prepayment, presentment, protest, or notice of dishonor. Borrower may prepay at any time, in part or in full, without penalty.

**WIRELESS NETWORKS, INC.** (Borrower)

By: Charles Brown, President

By: Secretary

$2,000.00

Woodside, CA
January 30, 2003

## PROMISSORY NOTE

FOR VALUE RECEIVED, Wireless Networks, Inc., a Delaware corporation ("Borrower") hereby promises to pay to the order of Charles M. Brown ("Lender") in lawful money of the United states of America, on **January 30, 2005**, the principal sum of **Two Thousand Dollars and No Cents ($2,000.00)**. This Note will bear interest at the rate of nine percent (9%) per annum until the date of maturity, and thereafter will bear interest at the rate of nine percent (9%) per annum until fully paid.

In the event that Borrower shall fail to make full and timely payment of the principal hereunder when due, the entire unpaid principal amount of this Note shall automatically become immediately due and payable without demand or notice, and Borrower shall pay such further amount as shall be sufficient to cover all costs and expenses (including reasonable attorney's fees) directly or indirectly incurred by Lender in connection with the collection of this Note.

Borrower hereby waives notice of default, notice of acceleration, notice of prepayment, presentment, protest, or notice of dishonor. Borrower may prepay at any time, in part or in full, without penalty.

**WIRELESS NETWORKS, INC. (Borrower)**

By: Charles Brown, President

By: Secretary

# EXHIBIT B

# MINUTES OF A SPECIAL MEETING OF THE BOARD OF DIRECTORS
## OF
### WIRELESS NETWORKS, INC.

A special meeting of the Board of Directors of Wireless Networks, Inc., a Delaware corporation, (the "Company"), was held as follows:

| | |
|---|---|
| Date: | April 19, 2005 |
| Time: | 10:45 AM Pacific Time |
| Place: | 350 Cambridge Avenue, Suite 150 |
| | Palo Alto, California. |
| Kind of Meeting: | Special |
| How Called or Noticed: | Notice waived |
| Director Present: | Mr. Charles Brown |
| Directors Absent: | None |
| Other Persons Present: | James Hagan, Esq. attorney for the |
| | Company, and Mr. Ruy Rothschild de Souza |

The following matters of business were considered and conducted.

1. Mr. Brown, as President of the Company, called the meeting to order. On motion duly made, seconded, and unanimously carried, Mr. Hagan was elected as Recording Secretary to record the minutes of this meeting.

2. Mr. Brown noted that Mr. Redett, previously a director of the Company, has resigned from that position, leaving Mr. Brown as the only director of the Company. Mr. Brown also noted that the Company has just issued to Mr. Ruy Rothschild de Souza's company, MRG International, Inc., an affiliate of Cruzamerica, 112,791.2064 shares of its common stock, a majority of the Company's outstanding common stock. Acting under and pursuant to Section 223(a)(1) of the Delaware Corporation Law, Mr. Brown elected Mr. Ruy Rothschild de Souza as a director of the Company to serve as such without compensation. Mr. Ruy Rothschild de Souza accepted the position of a director of the Company and thereafter participated in the meeting as a director. Mr. Brown observed that Mr. Brown presently serves as the President, Secretary, and Treasurer of the company. This matter was discussed. No change was made.

3. Mr. Brown presented to the meeting financial statements as of December 31, 2004, for the company and for its wholly-owned subsidiary, Wireless Networks do Brazil. These financial statements were reviewed in detail by the directors. Thereafter, on

motions duly made, seconded, and unanimously carried, each of those financial statements was approved.

4. Mr. Brown presented to the meeting two promissory notes which evidence indebtedness due from the company to him, one in the amount of $71, 892.29 and one in the amount of $2,000.00. These promissory notes were discussed and considered. Thereafter, on motions duly made, seconded, and unanimously carried, the following resolutions were adopted:

RESOLVED, that each of the aforesaid promissory notes shall be, and each of them is hereby, approved and ratified;

RESOLVED FURTHER, that the officers of this corporation shall be, and they are hereby, authorized, directed, and empowered to sign and deliver said promissory notes and to take any and all actions as may in their judgment be necessary or appropriate to carry out and perform said promissory notes and the foregoing resolution.

5. Mr. Brown presented to the meeting a Fourth Amendment (to August 31, 2004) and a Fifth Amendment (to December 31, 2004) to the loan and option agreement executed by and between the Company and Cruzamerica in January, 2002. These documents were reviewed and considered. Thereafter, on motions duly made, seconded, and unanimously carried, the following resolutions were adopted:

RESOLVED, that the Fourth Amendment and the Fifth Amendment to the aforesaid loan and option agreement shall be, and each of them hereby is, approved and ratified;

RESOLVED FURTHER, that the officers of this corporation shall be, and they are hereby, authorized, directed, and empowered to sign and deliver said Fourth Amendment and Fifth Amendment and to take any and all actions as may in their judgment be necessary or appropriate to carry out and perform said agreements and the foregoing resolution.

6. Mr. Brown presented to the meeting a promissory note due from Wireless Networks do Brazil to this company in the amount of $1,074,010.52 as of December 31, 2004. This promissory note was reviewed and considered. Thereafter, on motions duly made, seconded, and unanimously carried, the following resolution was adopted:

RESOLVED, that the aforesaid promissory note shall be, and it is hereby, approved and accepted;

7. Mr. Brown presented to the meeting a power of attorney, similar in form and content to other powers of attorney approved in the past, by means of which to authorize Mr. Ruy Rothschild de Souza to conduct the business of the Company in Brazil. This document was reviewed and considered. Thereafter on motions duly made, seconded, and unanimously carried, the following resolutions were adopted:

RESOLVED, that the aforesaid power of attorney shall be, and it is hereby, approved and ratified;

RESOLVED FURTHER, that the officers of this corporation shall be, and they are hereby, authorized, directed, and empowered to sign and deliver said power of attorney and to take any and all actions as may in their judgment be necessary or appropriate to carry out and perform said power of attorney and the foregoing resolution.

8. Mr. Hagan suggested that the Company send a letter to all shareholders informing them of the conversion by Cruzamerica of debt into common stock, the resignation of Mr. Redett as a director, and the election of Mr. Ruy Rothschild de Souza as a director. Mr. Brown and Mr. Ruy Rothschild de Souza undertook to do so.

9. Mr. Brown noted that the company was current in its tax and filings and its Delaware corporation filings.

10. Mr. Brown observed that the Company may need a small line of credit of up to $5,000 for use in the immediate future. This matter was discussed and considered. Thereafter, on motions duly made, seconded, and unanimously carried, the standard bank line of credit resolutions attached hereto were approved, ratified, and adopted, and the officers of the corporation were authorized and empowered to sign and deliver such documents, and to take such actions, as may be in their judgment necessary or appropriate to obtain such a line of credit and to carry out and implement the foregoing resolutions.

11. There being no further business to come before the meeting, on motion duly made, seconded and unanimously carried, the meeting was adjourned at 11:05 A. M. Pacific Time.

Date: April 19, 2005

as Recording Secretary

# EXHIBIT C

Charles Brown
WNI bills paid directly by Charles Brown
May - June 2007

| | | |
|---|---|---:|
| 5/1/07 | BMW BANK BMWFS PYMT 070429 66959027 Charl| 969.15 |
| 5/30/07 | BMW BANK BMWFS PYMT 070529 67697147 Charl| 969.15 |
| 4/18/07 | Sprint | 95.39 |
| 4/19/07 | Sprint | 109.42 |
| 5/25/07 | Sprint | 93.79 |
| 6/30/07 | BMW Finance | 969.15 |
| 6/27/07 | Extra Storage | 145.00 |
| | Total | 3,351.05 |

# EXHIBIT D

07/30/07

EXTRA STORAGE RDWD CITY
1940 SPRING ST.
REDWOOD CITY, CA 94063

## Preliminary Lien Notice

UNIT ID# B267 (PLN)

CHARLES BROWN - C/O WIRELESS NETWORK, INC.
P.O. BOX 620042

WOODSIDE, CA 94062

Dear CHARLES BROWN - C/O WIRELESS NETWORK, INC.,

According to our records, we have not received payment for rent and/or other charges for the use of storage unit # B267 at:

EXTRA STORAGE RDWD CITY
1940 SPRING ST.
REDWOOD CITY, CA 94063

These charges which are summarized below total $160.00. This sum includes accrued rent, a $10 late fee, and a $15 preliminary lien fee, and has been due for more than 14 days in accordance with California law.

| Due Date | Description | Amount |
|----------|-------------|--------|
| 07/15/07 | Rent Charge | $135.00 |
| 07/25/07 | Late | $10.00 |
| 07/30/07 | Late | $15.00 |
| Total: | | $160.00 |

If this sum is not paid in full before 08/17/07 your right to use the storage space will terminate, you will be denied access, a $15 Notice of Lien Sale fee will be added to your account balance, and a self storage owner's lien on any stored property will be imposed pursuant to Section 21705 of the California Business and Professions Code.

**You may pay this sum in cash, check, credit card, cashier's check or money order. We do not accept partial payments** and you will be responsible for the entire amount due at the time of payment which may include any additional rent or fees that accrue after this notice is printed and mailed. If you have any questions concerning your account, please call us at (650) 367 7224.

Sincerely,

Manager
EXTRA STORAGE RDWD CITY

EXTRA STORAGE RDWD CITY
1940 SPRING ST.
REDWOOD CITY, CA 94063
(650) 367 7224


BROWN, CHARLES - C/O WIRELESS NETWORK, INC.
P.O. BOX 620042
WOODSIDE, CA 94062


## Transaction Receipt

**Account #:** 4195          **Date:** 07/31/2007 12:41PM          **Receipt #:** 38810

| Unit | Paid Thru | Item Description | Amount |
|------|-----------|------------------|--------|
| B267 | 08/14/07 | Rent | $135.00 |
|  |  | Fee | $25.00 |

| Credit Card | VISA XXXXXXXXXXXXX7179 Auth.: 031571 | $160.00 |
|---|---|---|
| **Total** |  | **$160.00** |

The undersigned acknowledges receipt of goods and/or services in the amount of the total shown hereon and agrees to payment of this amount. If payment has been made in the form of a credit card or credit card account debit, such payment will be in accord with the card issuer agreement, and the undersigned agrees to performance according to the obligations set forth therein.

_Charles Brown_ _____          7·31·07 _____          _____

Customer                              Date                        Employee

# EXHIBIT C

**Exhibit C**

PLD-C-001

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>JEFFREY F. RYAN, ESQ. (SBN 129079)<br>RYAN & STEINER<br>An Association of Attorneys<br>455 North Whisman Road, Suite 200<br>Mountain View, CA 94045<br>TELEPHONE NO: (650) 691-1430  FAX NO. *(Optional)*: (650) 968-2685<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*:  Plaintiff, CHARLES M. BROWN | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO
STREET ADDRESS: 400 County Center
MAILING ADDRESS: (formerly 401 Marshall Street)
CITY AND ZIP CODE: Redwood City, California, 94063
BRANCH NAME: SOUTHERN

ENDORSED FILED
SAN MATEO COUNTY

AUG 2 0 2007

Clerk of the Superior Court
By     M. YOUNG
DEPUTY CLERK

PLAINTIFF: CHARLES M. BROWN

DEFENDANT: WIRELESS NETWORKS, INC.

[X] DOES 1 TO    50

| BREACH OF        CONTRACT | |
|---|---|
| ☐ COMPLAINT  [X] AMENDED COMPLAINT *(Number)*:    TWO (2) | |
| ☐ CROSS-COMPLAINT ☐ AMENDED CROSS-COMPLAINT *(Number)*: | |

**Jurisdiction** *(check all that apply)*:

☐ ACTION IS A LIMITED CIVIL CASE
  Amount demanded  ☐ does not exceed $10,000
                   ☐ exceeds $10,000, but does not exceed $25,000
[X] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
☐ ACTION IS RECLASSIFIED by this amended complaint or cross-complaint
    ☐ from limited to unlimited
    ☐ from unlimited to limited

CASE NUMBER:
CIV 464574

1. Plaintiff* *(name or names)*:    CHARLES M. BROWN

   alleges causes of action against **defendant*** *(name or names)*:    WIRELESS NETWORKS, INC., a Delaware corporation with its principal place of business in San Mateo County, CA

2. This pleading, including attachments and exhibits, consists of the following number of pages: 17

3. a. Each plaintiff named above is a competent adult
     ☐ except plaintiff *(name)*:

       (1) ☐ a corporation qualified to do business in California
       (2) ☐ an unincorporated entity *(describe)*:
       (3) ☐ other *(specify)*:

   b. ☐ Plaintiff *(name)*:
       a. ☐ has complied with the fictitious business name laws and is doing business under the fictitious name *(specify)*:

       b. ☐ has complied with all licensing requirements as a licensed *(specify)*:

   c. ☐ Information about additional plaintiffs who are not competent adults is shown in Attachment 3c.

4. a. Each defendant named above is a natural person
     [X] except defendant *(name)*:    WIRELESS NETWORKS, INC.

       (1) ☐ a business organization, form unknown
       (2) [X] a corporation
       (3) ☐ an unincorporated entity *(describe)*:

       (4) ☐ a public entity *(describe)*:

       (5) ☐ other *(specify)*:

     ☐ except defendant *(name)*:

       (1) ☐ a business organization, form unknown
       (2) ☐ a corporation
       (3) ☐ an unincorporated entity *(describe)*:

       (4) ☐ a public entity *(describe)*:

       (5) ☐ other *(specify)*:

* If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.

Page 1 of 2

PLD-C-001

| SHORT TITLE: BROWN v. WIRELESS NETWORKS, INC. | CASE NUMBER:<br>CIV 464574 |
| --- | --- |

4. *(Continued)*
   b.  The true names of defendants sued as Does are unknown to plaintiff.
       (1) ☐ Doe defendants *(specify Doe numbers):* _____ were the agents or employees of the named
           defendants and acted within the scope of that agency or employment.
       (2) ☐ Doe defendants *(specify Doe numbers):* _____ are persons whose capacities are unknown to
           plaintiff.
   c.  ☐ Information about additional defendants who are not natural persons is contained in Attachment 4c.
   d.  ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

5. ☐ Plaintiff is required to comply with a claims statute, **and**
   a.  ☐ has complied with applicable claims statutes, *or*
   b.  ☐ is excused from complying because *(specify):*

6. ☐ This action is subject to ☐ Civil Code section 1812.10 ☐ Civil Code section 2984.4.
7. This court is the proper court because
   a.  ☒ a defendant entered into the contract here.
   b.  ☐ a defendant lived here when the contract was entered into.
   c.  ☐ a defendant lives here now.
   d.  ☒ the contract was to be performed here.
   e.  ☒ a defendant is a corporation or unincorporated association and its principal place of business is here.
   f.  ☐ real property that is the subject of this action is located here.
   g.  ☐ other *(specify):*

8. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*
   ☒ Breach of Contract
   ☒ Common Counts
   ☒ Other *(specify):*   wages due

9. ☐ Other allegations:

10. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a.  ☒ damages of: $ 98,653.92
   b.  ☐ interest on the damages
       (1) ☐ according to proof
       (2) ☒ at the rate of *(specify):*   10.00  percent per year from *(date):* July 19, 2007
   c.  ☐ attorney's fees
       (1) ☐ of: $ 0.00
       (2) ☐ according to proof.
   d.  ☐ other *(specify):*

11. ☐ The paragraphs of this pleading alleged on information and belief are as follows *(specify paragraph numbers):*

Date: AUGUST 17, 2007

JEFFREY F. RYAN, ESQ. (SBN 129079)
      *(TYPE OR PRINT NAME)*

*(If you wish to verify this pleading, affix a verification.)*
      *(SIGNATURE OR PLAINTIFF OR ATTORNEY)*

PLD-C-001(1)

| SHORT TITLE: BROWN v. WIRELESS NETWORKS, INC. | CASE NUMBER: CIV 464574 |
| --- | --- |

## CAUSE OF ACTION—Breach of Contract

SECOND AMENDED FIRST
(number)

ATTACHMENT TO  [X] Complaint  ____ Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

BC-1. Plaintiff *(name)*: CHARLES M. BROWN

alleges that on or about *(date)*:     June 30, 2003
a [X] written  ____ oral  ____ other *(specify)*:
agreement was made between *(name parties to agreement)*:     CHARLES M. BROWN and WIRELESS NETWORKS, INC.
[X] A copy of the agreement is attached as Exhibit A, or
____ The essential terms of the agreement  ____ are stated in Attachment BC-1  ____ are as follows *(specify)*:

Those agreements (promissory notes) were expressly affirmed by the Board of Directors of WIRELESS NETWORKS, INC., on April 19, 2005 (See Exhibit "B").

BC-2. On or about *(dates)*:     April 19, 2007
defendant breached the agreement by  ____ the acts specified in Attachment BC-2  [X] the following acts *(specify)*:

WIRELESS NETWORKS, INC.'S and its controlling shareholder, Ruy Rothschild de Souza, refused to pay Plaintiff the sums owed him after repeated demands therefore.

BC-3. Plaintiff has performed all obligations to defendant except those obligations plaintiff was prevented or excused from performing.

BC-4. Plaintiff suffered damages legally (proximately) caused by defendant's breach of the agreement
____ as stated in Attachment BC-4  [X] as follows *(specify)*:

$51,617.32

BC-5. ____ Plaintiff is entitled to attorney fees by an agreement or a statute
____ of $ 0.00
____ according to proof.

BC-6. ____ Other:

Page ____

Page 1 of 1

PLD-C-001(2)

| SHORT TITLE:  BROWN v. WIRELESS NETWORKS, INC. | CASE NUMBER: |
|---|---|
| | CIV 464574 |

<u>SECOND AMENDED SECOND</u>     **CAUSE OF ACTION—Common Counts**
(number)

ATTACHMENT TO   [X] Complaint   ____ Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

CC-1.  Plaintiff *(name):*   CHARLES M. BROWN

alleges that defendant *(name):*   WIRELESS NETWORKS, INC., a Delaware corporation

became indebted to   [X] plaintiff   ____ other *(name):*

   a. ____ within the last four years
     (1) ____ on an open book account for money due.
     (2) ____ because an account was stated in writing by and between plaintiff and defendant in which it
        was agreed that defendant was indebted to plaintiff.

   b. [X] within the last [X] two years ____ four years
     (1) ____ for money had and received by defendant for the use and benefit of plaintiff.
     (2) [X] for work, labor, services and materials rendered at the special instance and request of defendant
        and for which defendant promised to pay plaintiff
        [X] the sum of $ 46,876.60
        ____ the reasonable value.
     (3) ____ for goods, wares, and merchandise sold and delivered to defendant and for which defendant
        promised to pay plaintiff
        ____ the sum of $ 0.00
        ____ the reasonable value.
     (4) ____ for money lent by plaintiff to defendant at defendant's request.
     (5) [X] for money paid, laid out, and expended to or for defendant at defendant's special instance and
        request.
     (6) [X] other *(specify):*

        Defendant WIRELESS NETWORK, INC. has also failed to pay accounts
        due which were charged to Plaintiff.  Extra Storage Redwood City
        issued a Preliminary Lien Notice in the amount of $160.00 which
        Plaintiff had to pay on behalf of WIRELESS NETWORK, INC.
        Plaintiff has made demand upon Defendant but Defendant has refused
        to pay the accounts. (See Exhibits "C" and "D").

CC-2.  $   50,442.65   , which is the reasonable value, is due and unpaid despite plaintiff's demand,
plus prejudgment interest ____ according to proof   [X] at the rate of   10.00   percent per year
from *(date):*  July 19, 2007

CC-3.  [X] Plaintiff is entitled to attorney fees by an agreement or a statute
     ____ of $ 0.00
     [X] according to proof.

CC-4.  [X] Other:  Labor Code 218.5 -- In any action brought for the nonpayment of wages, fringe benefits, or health and welfare or pension fund
contributions, the court shall award reasonable attorney's fees and costs to the prevailing party if any party to the action requests attorney's fees and
costs upon the initiation of the action. This section shall not apply to an action brought by the Labor Commissioner. This section shall not apply to a
surety issuing a bond pursuant to Chapter 9 (commencing with Section 7000) of Division 3 of the Business and Professions Code or to an action to
enforce a mechanics lien brought under Chapter 2 (commencing with Section 3109) of Title 15 of Part 4 of Division 3 of the Civil Code.

This section does not apply to any action for which attorney's fees are recoverable under Section 1194.

Page ____

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(2) [Rev. January 1, 2007]
**CAUSE OF ACTION—Common Counts**
Code of Civil Procedure, § 425.12

Legal
Solutions
Plus

# EXHIBIT A

$71,892.29

Woodside, CA
June 30, 2001

## PROMISSORY NOTE

FOR VALUE RECEIVED, Wireless Networks, Inc., a Delaware corporation ("Borrower") hereby promises to pay to the order of **Charles M. Brown** ("Lender") in lawful money of the United states of America, on **June 30, 2003**, the principal sum of **Seventy One Thousand Eight Hundred Ninety Two Dollars and Twenty Nine Cents ($71,892.29)**. This Note will bear interest at the rate of nine percent (9%) per annum until the date of maturity, and thereafter will bear interest at the rate of nine percent (9%) per annum until fully paid.

In the event that Borrower shall fail to make full and timely payment of the principal hereunder when due, the entire unpaid principal amount of this Note shall automatically become immediately due and payable without demand or notice, and Borrower shall pay such further amount as shall be sufficient to cover all costs and expenses (including reasonable attorney's fees) directly or indirectly incurred by Lender in connection with the collection of this Note.

Borrower hereby waives notice of default, notice of acceleration, notice of prepayment, presentment, protest, or notice of dishonor. Borrower may prepay at any time, in part or in full, without penalty.

WIRELESS NETWORKS, INC. (Borrower)


By: Charles Brown, President          By: Secretary

$2,000.00

Woodside, CA
January 30, 2003

## PROMISSORY NOTE

FOR VALUE RECEIVED, Wireless Networks, Inc., a Delaware corporation ("Borrower") hereby promises to pay to the order of Charles M. Brown ("Lender") in lawful money of the United states of America, on **January 30, 2005**, the principal sum of **Two Thousand Dollars and No Cents ($2,000.00)**. This Note will bear interest at the rate of nine percent (9%) per annum until the date of maturity, and thereafter will bear interest at the rate of nine percent (9%) per annum until fully paid.

In the event that Borrower shall fail to make full and timely payment of the principal hereunder when due, the entire unpaid principal amount of this Note shall automatically become immediately due and payable without demand or notice, and Borrower shall pay such further amount as shall be sufficient to cover all costs and expenses (including reasonable attorney's fees) directly or indirectly incurred by Lender in connection with the collection of this Note.

Borrower hereby waives notice of default, notice of acceleration, notice of prepayment, presentment, protest, or notice of dishonor. Borrower may prepay at any time, in part or in full, without penalty.

**WIRELESS NETWORKS, INC. (Borrower)**


By: Charles Brown, President          By:  Secretary

# EXHIBIT B

Exhibit B

MINUTES OF A SPECIAL MEETING OF THE BOARD OF DIRECTORS
OF
WIRELESS NETWORKS, INC.

A special meeting of the Board of Directors of Wireless Networks, Inc., a Delaware corporation, (the "Company"), was held as follows:

| | |
|---|---|
| Date: | April 19, 2005 |
| Time: | 10:45 AM Pacific Time |
| Place: | 350 Cambridge Avenue, Suite 150 |
| | Palo Alto, California. |
| Kind of Meeting: | Special |
| How Called or Noticed: | Notice waived |
| Director Present: | Mr. Charles Brown |
| Directors Absent: | None |
| Other Persons Present: | James Hagan, Esq. attorney for the |
| | Company, and Mr. Ruy Rothschild de Souza |

The following matters of business were considered and conducted.

1. Mr. Brown, as President of the Company, called the meeting to order. On motion duly made, seconded, and unanimously carried, Mr. Hagan was elected as Recording Secretary to record the minutes of this meeting.

2. Mr. Brown noted that Mr. Redett, previously a director of the Company, has resigned from that position, leaving Mr. Brown as the only director of the Company. Mr. Brown also noted that the Company has just issued to Mr. Ruy Rothschild de Souza's company, MRG International, Inc., an affiliate of Cruzamerica, 112,791.2064 shares of its common stock, a majority of the Company's outstanding common stock. Acting under and pursuant to Section 223(a)(1) of the Delaware Corporation Law, Mr. Brown elected Mr. Ruy Rothschild de Souza as a director of the Company to serve as such without compensation. Mr. Ruy Rothschild de Souza accepted the position of a director of the Company and thereafter participated in the meeting as a director. Mr. Brown observed that Mr. Brown presently serves as the President, Secretary, and Treasurer of the company. This matter was discussed. No change was made.

3. Mr. Brown presented to the meeting financial statements as of December 31, 2004, for the company and for its wholly-owned subsidiary, Wireless Networks do Brazil. These financial statements were reviewed in detail by the directors. Thereafter, on

motions duly made, seconded, and unanimously carried, each of those financial statements was approved.

4. Mr. Brown presented to the meeting two promissory notes which evidence indebtedness due from the company to him, one in the amount of $71,892.29 and one in the amount of $2,000.00. These promissory notes were discussed and considered. Thereafter, on motions duly made, seconded, and unanimously carried, the following resolutions were adopted:

RESOLVED, that each of the aforesaid promissory notes shall be, and each of them is hereby, approved and ratified;

RESOLVED FURTHER, that the officers of this corporation shall be, and they are hereby, authorized, directed, and empowered to sign and deliver said promissory notes and to take any and all actions as may in their judgment be necessary or appropriate to carry out and perform said promissory notes and the foregoing resolution.

5. Mr. Brown presented to the meeting a Fourth Amendment (to August 31, 2004) and a Fifth Amendment (to December 31, 2004) to the loan and option agreement executed by and between the Company and Cruzamerica in January, 2002. These documents were reviewed and considered. Thereafter, on motions duly made, seconded, and unanimously carried, the following resolutions were adopted:

RESOLVED, that the Fourth Amendment and the Fifth Amendment to the aforesaid loan and option agreement shall be, and each of them hereby is, approved and ratified;

RESOLVED FURTHER, that the officers of this corporation shall be, and they are hereby, authorized, directed, and empowered to sign and deliver said Fourth Amendment and Fifth Amendment and to take any and all actions as may in their judgment be necessary or appropriate to carry out and perform said agreements and the foregoing resolution.

6. Mr. Brown presented to the meeting a promissory note due from Wireless Networks do Brazil to this company in the amount of $1,074,010.52 as of December 31, 2004. This promissory note was reviewed and considered. Thereafter, on motions duly made, seconded, and unanimously carried, the following resolution was adopted:

RESOLVED, that the aforesaid promissory note shall be, and it is hereby, approved and accepted;

7. Mr. Brown presented to the meeting a power of attorney, similar in form and content to other powers of attorney approved in the past, by means of which to authorize Mr. Ruy Rothschild de Souza to conduct the business of the Company in Brazil. This document was reviewed and considered. Thereafter on motions duly made, seconded, and unanimously carried, the following resolutions were adopted:

RESOLVED, that the aforesaid power of attorney shall be, and it is hereby, approved and ratified;

RESOLVED FURTHER, that the officers of this corporation shall be, and they are hereby, authorized, directed, and empowered to sign and deliver said power of attorney and to take any and all actions as may in their judgment be necessary or appropriate to carry out and perform said power of attorney and the foregoing resolution.

8. Mr. Hagan suggested that the Company send a letter to all shareholders informing them of the conversion by Cruzamerica of debt into common stock, the resignation of Mr. Redett as a director, and the election of Mr. Ruy Rothschild de Souza as a director. Mr. Brown and Mr. Ruy Rothschild de Souza undertook to do so.

9. Mr. Brown noted that the company was current in its tax and filings and its Delaware corporation filings.

10. Mr. Brown observed that the Company may need a small line of credit of up to $5,000 for use in the immediate future. This matter was discussed and considered. Thereafter, on motions duly made, seconded, and unanimously carried, the standard bank line of credit resolutions attached hereto were approved, ratified, and adopted, and the officers of the corporation were authorized and empowered to sign and deliver such documents, and to take such actions, as may be in their judgment necessary or appropriate to obtain such a line of credit and to carry out and implement the foregoing resolutions.

11. There being no further business to come before the meeting, on motion duly made, seconded and unanimously carried, the meeting was adjourned at 11:05 A. M. Pacific Time.

Date: April 19, 2005

as Recording Secretary

# EXHIBIT C

**Exhibit C**

Charles Brown
WNI bills paid directly by Charles Brown
May - June 2007

| | | |
|---|---|---:|
| 5/1/07 | BMW BANK BMWFS PYMT 070429 66959027 Charl | 969.15 |
| 5/30/07 | BMW BANK BMWFS PYMT 070529 67697147 Charl | 969.15 |
| 4/18/07 | Sprint | 95.39 |
| 4/19/07 | Sprint | 109.42 |
| 5/25/07 | Sprint | 93.79 |
| 6/30/07 | BMW Finance | 969.15 |
| 6/27/07 | Extra Storage | 145.00 |
| | Total | 3,351.05 |

# EXHIBIT D

07/30/07

EXTRA STORAGE RDWD CITY
1940 SPRING ST.
REDWOOD CITY, CA 94063

## Preliminary Lien Notice

UNIT ID# B267 (PLN)

CHARLES BROWN - C/O WIRELESS NETWORK, INC.
P.O. BOX 620042

WOODSIDE, CA 94062

Dear CHARLES BROWN - C/O WIRELESS NETWORK, INC.,

According to our records, we have not received payment for rent and/or other charges for the use of storage unit # B267 at:

EXTRA STORAGE RDWD CITY
1940 SPRING ST.
REDWOOD CITY, CA 94063

These charges which are summarized below total $160.00. This sum includes accrued rent, a $10 late fee, and a $15 preliminary lien fee, and has been due for more than 14 days in accordance with California law.

| Due Date | Description | Amount |
|----------|-------------|--------|
| 07/15/07 | Rent Charge | $135.00 |
| 07/25/07 | Late | $10.00 |
| 07/30/07 | Late | $15.00 |
| Total: | | $160.00 |

If this sum is not paid in full before 08/17/07 your right to use the storage space will terminate, you will be denied access, a $15 Notice of Lien Sale fee will be added to your account balance, and a self storage owner's lien on any stored property will be imposed pursuant to Section 21705 of the California Business and Professions Code.

**You may pay this sum in cash, check, credit card, cashier's check or money order. We do not accept partial payments** and you will be responsible for the entire amount due at the time of payment which may include any additional rent or fees that accrue after this notice is printed and mailed. If you have any questions concerning your account, please call us at (650) 367 7224.

Sincerely,

Manager
EXTRA STORAGE RDWD CITY

EXTRA STORAGE RDWD CITY
1940 SPRING ST.
REDWOOD CITY, CA  94063
(650) 367 7224


BROWN, CHARLES  - C/O WIRELESS NETWORK, INC.
P.O. BOX  620042
WOODSIDE, CA  94062

## Transaction Receipt

Account #: 4195 | Date: 07/31/2007  12:41PM | Receipt #: 38810

| Unit | Paid Thru | Item Description | Amount |
|------|-----------|------------------|--------|
| B267 | 08/14/07 | Rent | $135.00 |
|      |          | Fee  | $25.00 |

| Credit Card | VISA XXXXXXXXXXXX7179  Auth.: 031571 | $160.00 |
|-------------|--------------------------------------|---------|
| Total |  | $160.00 |

The undersigned acknowledges receipt of goods and/or services in the amount of the total shown hereon and agrees to payment of this amount. If payment has been made in the form of a credit card or credit card account debit, such payment will be in accord with the card issuer agreement, and the undersigned agrees to performance according to the obligations set forth therein.

_Charles Brown_   7·31·07

Customer                    Date                     Employee

# EXHIBIT D

**Exhibit D**

PLD-C-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| JEFFREY F. RYAN, ESQ. (SBN 129079)<br>RYAN & STEINER<br>An Association of Attorneys<br>455 North Whisman Road, Suite 200<br>Mountain View, CA 94045<br>TELEPHONE NO: (650) 691-1430  FAX NO. (Optional): (650) 968-2685<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Plaintiff, CHARLES M. BROWN | |

UNITED STATES DISTRICT COURT
STREET ADDRESS: NORTHERN DISTRICT OF CALIFORNIA
MAILING ADDRESS: 450 Golden Gate Avenue, 16th Floor
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: SAN FRANCISCO DIVISION

PLAINTIFF: CHARLES M. BROWN

DEFENDANT: WIRELESS NETWORKS, INC.

X DOES 1 TO ___50___

| BREACH OF CONTRACT | CASE NUMBER: |
|---|---|
| ___ COMPLAINT    X AMENDED COMPLAINT (Number): THREE (3)<br>___ CROSS-COMPLAINT ___ AMENDED CROSS-COMPLAINT (Number): | |
| **Jurisdiction** (check all that apply):<br>___ ACTION IS A LIMITED CIVIL CASE<br>Amount demanded ____ does not exceed $10,000<br>_____ exceeds $10,000, but does not exceed $25,000<br>_X_ ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)<br>___ ACTION IS RECLASSIFIED by this amended complaint or cross-complaint<br>____ from limited to unlimited<br>____ from unlimited to limited | C-07-04301 EDL |

1. Plaintiff* (name or names):  CHARLES M. BROWN

alleges causes of action against defendant* (name or names):  WIRELESS NETWORKS, INC., a Delaware corporation with its principal place of business in San Mateo County, CA

2. This pleading, including attachments and exhibits, consists of the following number of pages: 17

3. a. Each plaintiff named above is a competent adult
   ____ except plaintiff (name):

   (1) ___ a corporation qualified to do business in California
   (2) ___ an unincorporated entity (describe):
   (3) ___ other (specify):

   b. ___ Plaintiff (name):
      a. ___ has complied with the fictitious business name laws and is doing business under the fictitious name (specify):

      b. ___ has complied with all licensing requirements as a licensed (specify):

   c. ___ Information about additional plaintiffs who are not competent adults is shown in Attachment 3c.

4. a. Each defendant named above is a natural person
   _X_ except defendant (name): WIRELESS NETWORKS, INC.

   ___ except defendant (name):

   (1) ___ a business organization, form unknown
   (2) _X_ a corporation
   (3) ___ an unincorporated entity (describe):
   (4) ___ a public entity (describe):
   (5) ___ other (specify):

   (1) ___ a business organization, form unknown
   (2) ___ a corporation
   (3) ___ an unincorporated entity (describe):
   (4) ___ a public entity (describe):
   (5) ___ other (specify):

* If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.

Form Approved for Optional Use
Judicial Council of California
PLD-C-001 [Rev. January 1, 2007]

**COMPLAINT—Contract**

Legal
Solutions
Plus

Code of Civil Procedure, § 425.12

**PLD-C-001**

| SHORT TITLE: BROWN v. WIRELESS NETWORKS, INC. | CASE NUMBER:<br>C-07-04301 EDL |
|---|---|

4. *(Continued)*

  b.  The true names of defendants sued as Does are unknown to plaintiff.

    (1) ____ Doe defendants *(specify Doe numbers):* _____ were the agents or employees of the named defendants and acted within the scope of that agency or employment.

    (2) ____ Doe defendants *(specify Doe numbers):* _____ are persons whose capacities are unknown to plaintiff.

  c.  ____ Information about additional defendants who are not natural persons is contained in Attachment 4c.

  d.  ____ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

5. ____ Plaintiff is required to comply with a claims statute, **and**

  a.  ____ has complied with applicable claims statutes, *or*

  b.  ____ is excused from complying because *(specify):*

6. ____ This action is subject to ____ Civil Code section 1812.10 ____ Civil Code section 2984.4.

7. This court is the proper court because

  a.  _X_ a defendant entered into the contract here.

  b.  ____ a defendant lived here when the contract was entered into.

  c.  ____ a defendant lives here now.

  d.  _X_ the contract was to be performed here.

  e.  _X_ a defendant is a corporation or unincorporated association and its principal place of business is here.

  f.  ____ real property that is the subject of this action is located here.

  g.  ____ other *(specify):*

8. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*

  _X_ Breach of Contract

  _X_ Common Counts

  _X_ Other *(specify):* wages due

9. ____ Other allegations:

10. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for

  a.  _X_ damages of: $ 0.00

  b.  ____ interest on the damages

    (1) ____ according to proof

    (2) _X_ at the rate of *(specify):* 0.00 percent per year from *(date):* July 19, 2007

  c.  ____ attorney's fees

    (1) ____ of: $ 0.00

    (2) ____ according to proof.

  d.  ____ other *(specify):*

11. ____ The paragraphs of this pleading alleged on information and belief are as follows *(specify paragraph numbers):*

Date: SEPTEMBER 5, 2007

JEFFREY F. RYAN, ESQ. (SBN 129079)
<br>(TYPE OR PRINT NAME)

*(If you wish to verify this pleading, affix a verification.)*    (SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-C-001(1)

| SHORT TITLE: BROWN v. WIRELESS NETWORKS, INC. | CASE NUMBER: |
| | C-07-04301 EDL |

## CAUSE OF ACTION—Breach of Contract

<u>THIRD AMENDED FIRST</u>
(number)

ATTACHMENT TO  <u>X</u>  Complaint  ____ Cross- Complaint

*(Use a separate cause of action form for each cause of action.)*

BC-1. Plaintiff *(name)*: CHARLES M. BROWN

    alleges that on or about *(date):*      June 30, 2003
    a <u>X</u> written  ____ oral    other *(specify):*
    agreement was made between *(name parties to agreement):*    CHARLES M. BROWN and WIRELESS
NETWORKS, INC.
    <u>X</u> A copy of the agreement is attached as Exhibit A, or
    ____ The essential terms of the agreement  ____ are stated in Attachment BC-1  ____ are as follows *(specify):*

Those agreements (promissory notes) were expressly affirmed by the Board
of Directors of WIRELESS NETWORKS, INC., on April 19, 2005 (See
Exhibit "B").

BC-2. On or about *(dates):*      April 19, 2007
    defendant breached the agreement by  ____ the acts specified in Attachment BC-2 <u>X</u> the following acts
    *(specify):*

WIRELESS NETWORKS, INC.'S and its controlling shareholder, Ruy Rothschild
de Souza, refused to pay Plaintiff the sums owed him after repeated
demands therefore.

BC-3. Plaintiff has performed all obligations to defendant except those obligations plaintiff was prevented or
    excused from performing.

BC-4. Plaintiff suffered damages legally (proximately) caused by defendant's breach of the agreement
    as stated in Attachment BC-4    X  as follows *(specify):*

$51,617.32

BC-5. <u>X</u> Plaintiff is entitled to attorney fees by an agreement or a statute
    ____ of $ 0.00
    <u>X</u> according to proof.

BC-6.    Other:

Page _____

Page 1 of 1

PLD-C-001(2)

| SHORT TITLE: BROWN v. WIRELESS NETWORKS, INC. | CASE NUMBER: |
| --- | --- |
| | C-07-04301 EDL |

THIRD AMENDED SECOND      **CAUSE OF ACTION—Common Counts**
*(number)*

ATTACHMENT TO   X̲ Complaint   ☐ Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

CC-1. Plaintiff *(name):* CHARLES M. BROWN

alleges that defendant *(name):* WIRELESS NETWORKS, INC., a Delaware corporation

became indebted to   X̲ plaintiff   ☐ other *(name):*

   a. ☐ within the last four years
      (1) ☐ on an open book account for money due.
      (2) ☐ because an account was stated in writing by and between plaintiff and defendant in which it
        was agreed that defendant was indebted to plaintiff.

   b. X̲ within the last X̲ two years   ☐ four years
      (1) ☐ for money had and received by defendant for the use and benefit of plaintiff.
      (2) X̲ for work, labor, services and materials rendered at the special instance and request of defendant
        and for which defendant promised to pay plaintiff
        X̲ the sum of $ 0.00
        ☐ the reasonable value.
      (3) ☐ for goods, wares, and merchandise sold and delivered to defendant and for which defendant
        promised to pay plaintiff
        ☐ the sum of $ 0.00
        ☐ the reasonable value.
      (4) ☐ for money lent by plaintiff to defendant at defendant's request.
      (5) X̲ for money paid, laid out, and expended to or for defendant at defendant's special instance and
        request.
      (6) X̲ other *(specify):*

        Defendant WIRELESS NETWORK, INC. has also failed to pay accounts
        due which were charged to Plaintiff. Extra Storage Redwood City
        issued a Preliminary Lien Notice in the amount of $160.00 which
        Plaintiff had to pay on behalf of WIRELESS NETWORK, INC.
        Plaintiff has made demand upon Defendant but Defendant has refused
        to pay the accounts. (See Exhibits "C" and "D").

CC-2. $ 0.00         , which is the reasonable value, is due and unpaid despite plaintiff's demand,
plus prejudgment interest   ☐ according to proof   X̲ at the rate of 10.00     percent per year
from *(date):* July 19, 2007

CC-3. X̲ Plaintiff is entitled to attorney fees by an agreement or a statute
     ☐ of $ 0.00
     X according to proof.

CC-4. X̲ Other: Labor Code 218.5 -- In any action brought for the nonpayment of wages, fringe benefits, or health and welfare or pension fund
contributions, the court shall award reasonable attorney's fees and costs to the prevailing party if any party to the action requests attorney's fees and
costs upon the initiation of the action. This section shall not apply to an action brought by the Labor Commissioner. This section shall not apply to a
surety issuing a bond pursuant to Chapter 9 (commencing with Section 7000) of Division 3 of the Business and Professions Code or to an action to
enforce a mechanics lien brought under Chapter 2 (commencing with Section 3109) of Title 15 of Part 4 of Division 3 of the Civil Code.

This section does not apply to any action for which attorney's fees are recoverable under Section 1194.

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(2) [Rev. January 1, 2007]

**CAUSE OF ACTION—Common Counts**     Code of Civil Procedure, § 425.12

Legal Solutions Plus

# EXHIBIT A

$71,892.29

Woodside, CA
June 30, 2001

## PROMISSORY NOTE

FOR VALUE RECEIVED, Wireless Networks, Inc., a Delaware corporation ("Borrower") hereby promises to pay to the order of Charles M. Brown ("Lender") in lawful money of the United states of America, on June 30, 2003, the principal sum of Seventy One Thousand Eight Hundred Ninety Two Dollars and Twenty Nine Cents ($71,892.29). This Note will bear interest at the rate of nine percent (9%) per annum until the date of maturity, and thereafter will bear interest at the rate of nine percent (9%) per annum until fully paid.

In the event that Borrower shall fail to make full and timely payment of the principal hereunder when due, the entire unpaid principal amount of this Note shall automatically become immediately due and payable without demand or notice, and Borrower shall pay such further amount as shall be sufficient to cover all costs and expenses (including reasonable attorney's fees) directly or indirectly incurred by Lender in connection with the collection of this Note.

Borrower hereby waives notice of default, notice of acceleration, notice of prepayment, presentment, protest, or notice of dishonor. Borrower may prepay at any time; in part or in full, without penalty.

WIRELESS NETWORKS, INC. (Borrower)


By: Charles Brown, President

By: Secretary

$2,000.00

Woodside, CA
January 30, 2003

## PROMISSORY NOTE

FOR VALUE RECEIVED, Wireless Networks, Inc., a Delaware corporation ("Borrower") hereby promises to pay to the order of Charles M. Brown ("Lender") in lawful money of the United states of America, on **January 30, 2005**, the principal sum of **Two Thousand Dollars and No Cents ($2,000.00)**. This Note will bear interest at the rate of nine percent (9%) per annum until the date of maturity, and thereafter will bear interest at the rate of nine percent (9%) per annum until fully paid.

In the event that Borrower shall fail to make full and timely payment of the principal hereunder when due, the entire unpaid principal amount of this Note shall automatically become immediately due and payable without demand or notice, and Borrower shall pay such further amount as shall be sufficient to cover all costs and expenses (including reasonable attorney's fees) directly or indirectly incurred by Lender in connection with the collection of this Note.

Borrower hereby waives notice of default, notice of acceleration, notice of prepayment, presentment, protest, or notice of dishonor. Borrower may prepay at any time, in part or in full, without penalty.

WIRELESS NETWORKS, INC. (Borrower)

By: Charles Brown, President

By: Secretary

# EXHIBIT B

# MINUTES OF A SPECIAL MEETING OF THE BOARD OF DIRECTORS
## OF
## WIRELESS NETWORKS, INC.

A special meeting of the Board of Directors of Wireless Networks, Inc., a Delaware corporation, (the "Company"), was held as follows:

| | |
|---|---|
| Date: | April 19, 2005 |
| Time: | 10:45 AM Pacific Time |
| Place: | 350 Cambridge Avenue, Suite 150 |
| | Palo Alto, California. |
| Kind of Meeting: | Special |
| How Called or Noticed: | Notice waived |
| Director Present: | Mr. Charles Brown |
| Directors Absent: | None |
| Other Persons Present: | James Hagan, Esq. attorney for the |
| | Company, and Mr. Ruy Rothschild de Souza |

The following matters of business were considered and conducted.

1. Mr. Brown, as President of the Company, called the meeting to order. On motion duly made, seconded, and unanimously carried, Mr. Hagan was elected as Recording Secretary to record the minutes of this meeting.

2. Mr. Brown noted that Mr. Relett, previously a director of the Company, has resigned from that position, leaving Mr. Brown as the only director of the Company. Mr. Brown also noted that the Company has just issued to Mr. Ruy Rothschild de Souza's company, MRG International, Inc., an affiliate of Cruzamerica, 112,791.2064 shares of its common stock, a majority of the Company's outstanding common stock. Acting under and pursuant to Section 223(a)(1) of the Delaware Corporation Law, Mr. Brown elected Mr. Ruy Rothschild de Souza as a director of the Company to serve as such without compensation. Mr. Ruy Rothschild de Souza accepted the position of a director of the Company and thereafter participated in the meeting as a director. Mr. Brown observed that Mr. Brown presently serves as the President, Secretary, and Treasurer of the company. This matter was discussed. No change was made.

3. Mr. Brown presented to the meeting financial statements as of December 31, 2004, for the company and for its wholly-owned subsidiary, Wireless Networks do Brazil. These financial statements were reviewed in detail by the directors. Thereafter, on

motions duly made, seconded, and unanimously carried, each of those financial statements was approved.

4. Mr. Brown presented to the meeting two promissory notes which evidence indebtedness due from the company to him, one in the amount of $71, 892.29 and one in the amount of $2,000.00. These promissory notes were discussed and considered. Thereafter, on motions duly made, seconded, and unanimously carried, the following resolutions were adopted:

RESOLVED, that each of the aforesaid promissory notes shall be, and each of them is hereby, approved and ratified;

RESOLVED FURTHER, that the officers of this corporation shall be, and they are hereby, authorized, directed, and empowered to sign and deliver said promissory notes and to take any and all actions as may in their judgment be necessary or appropriate to carry out and perform said promissory notes and the foregoing resolution.

5. Mr. Brown presented to the meeting a Fourth Amendment (to August 31, 2004) and a Fifth Amendment (to December 31, 2004) to the loan and option agreement executed by and between the Company and Cruzamerica in January, 2002. These documents were reviewed and considered. Thereafter, on motions duly made, seconded, and unanimously carried, the following resolutions were adopted:

RESOLVED, that the Fourth Amendment and the Fifth Amendment to the aforesaid loan and option agreement shall be, and each of them hereby is, approved and ratified;

RESOLVED FURTHER, that the officers of this corporation shall be, and they are hereby, authorized, directed, and empowered to sign and deliver said Fourth Amendment and Fifth Amendment and to take any and all actions as may in their judgment be necessary or appropriate to carry out and perform said agreements and the foregoing resolution.

6. Mr. Brown presented to the meeting a promissory note due from Wireless Networks do Brazil to this company in the amount of $1,074,010.52 as of December 31, 2004. This promissory note was reviewed and considered. Thereafter, on motions duly made, seconded, and unanimously carried, the following resolution was adopted:

RESOLVED, that the aforesaid promissory note shall be, and it is hereby, approved and accepted;

7. Mr. Brown presented to the meeting a power of attorney, similar in form and content to other powers of attorney approved in the past, by means of which to authorize Mr. Ruy Rothschild de Souza to conduct the business of the Company in Brazil. This document was reviewed and considered. Thereafter on motions duly made, seconded, and unanimously carried, the following resolutions were adopted:

RESOLVED, that the aforesaid power of attorney shall be, and it is hereby, approved and ratified;

RESOLVED FURTHER, that the officers of this corporation shall be, and they are hereby, authorized, directed, and empowered to sign and deliver said power of attorney and to take any and all actions as may in their judgment be necessary or appropriate to carry out and perform said power of attorney and the foregoing resolution.

8. Mr. Hagan suggested that the Company send a letter to all shareholders informing them of the conversion by Cruzamerica of debt into common stock, the resignation of Mr. Redett as a director, and the election of Mr. Ruy Rothschild de Souza as a director. Mr. Brown and Mr. Ruy Rothschild de Souza undertook to do so.

9. Mr. Brown noted that the company was current in its tax and filings and its Delaware corporation filings.

10. Mr. Brown observed that the Company may need a small line of credit of up to $5,000 for use in the immediate future. This matter was discussed and considered. Thereafter, on motions duly made, seconded, and unanimously carried, the standard bank line of credit resolutions attached hereto were approved, ratified, and adopted, and the officers of the corporation were authorized and empowered to sign and deliver such documents, and to take such actions, as may be in their judgment necessary or appropriate to obtain such a line of credit and to carry out and implement the foregoing resolutions.

11. There being no further business to come before the meeting, on motion duly made, seconded and unanimously carried, the meeting was adjourned at 11:05 A. M. Pacific Time.

Date: April 19, 2005

as Recording Secretary

# EXHIBIT C

Charles Brown
WNI bills paid directly by Charles Brown
May - June 2007

| | | |
|---|---|---|
| 5/1/07 | BMW BANK BMWFS PYMT070429 66959027 Charl | 969.15 |
| 5/30/07 | BMW BANK BMWFS PYMT070529 57697147 Charl | 969.15 |
| 4/18/07 | Sprint | 95.39 |
| 4/19/07 | Sprint | 109.42 |
| 5/25/07 | Sprint | 93.79 |
| 6/30/07 | BMW Finance | 969.15 |
| 6/27/07 | Extra Storage | 145.00 |
| | Total | 3,351.05 |

# EXHIBIT D

@002

07/30/07

EXTRA STORAGE RDWD CITY
1940 SPRING ST.
REDWOOD CITY, CA 94063

## Preliminary Lien Notice

UNIT ID# B267 (PLN)

CHARLES BROWN - C/O WIRELESS NETWORK, INC.
P.O. BOX 620042

WOODSIDE, CA 94062

Dear CHARLES BROWN - C/O WIRELESS NETWORK, INC.,

According to our records, we have not received payment for rent and/or other charges for the use of storage unit # B267 at:

EXTRA STORAGE RDWD CITY
1940 SPRING ST.
REDWOOD CITY, CA 94063

These charges which are summarized below total $160.00. This sum includes accrued rent, a $10 late fee, and a $15 preliminary lien fee, and has been due for more than 14 days in accordance with California law.

| Due Date | Description | Amount |
|----------|-------------|--------|
| 07/15/07 | Rent Charge | $135.00 |
| 07/25/07 | Late | $10.00 |
| 07/30/07 | Late | $15.00 |
| Total: | | $160.00 |

If this sum is not paid in full before 08/17/07 your right to use the storage space will terminate, you will be denied access, a $15 Notice of Lien Sale fee will be added to your account balance, and a self storage owner's lien on any stored property will be imposed pursuant to Section 21705 of the California Business and Professions Code.

**You may pay this sum in cash, check, credit card, cashier's check or money order. We do not accept partial payments** and you will be responsible for the entire amount due at the time of payment which may include any additional rent or fees that accrue after this notice is printed and mailed. If you have any questions concerning your account, please call us at (650) 367 7224.

Sincerely,

Manager
EXTRA STORAGE RDWD CITY

EXTRA STORAGE RDWD CITY
1940 SPRING ST.
REDWOOD CITY, CA  94063
(650) 367 7224


BROWN, CHARLES - C/O WIRELESS NETWORK, INC.
P.O. BOX  620042
WOODSIDE, CA  94062

| | Transaction Receipt | |
|---|---|---|
| Account #: 4195 | Date: 07/31/2007 12:41PM | Receipt #: 38810 |

| Unit | Paid Thru | Item Description | Amount |
|---|---|---|---|
| B267 | 08/14/07 | Rent | $135.00 |
| | | Fee | $25.00 |

| | | | |
|---|---|---|---|
| Credit Card | VISA XXXXXXXXXXXX7179 Auth.: 031571 | | $160.00 |
| Total | | | $160.00 |

The undersigned acknowledges receipt of goods and/or services in the amount of the total shown hereon and agrees to payment of this amount. If payment has been made in the form of a credit card or credit card account debit, such payment will be in accord with the card issuer agreement, and the undersigned agrees to performance according to the obligations set forth therein.

| _Charles Brown_ | _7.31.07_ | |
|---|---|---|
| Customer | Date | Employee |

PLD-C-001

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>JEFFREY F. RYAN, ESQ. (SBN 129079)<br>RYAN & STEINER<br>An Association of Attorneys<br>455 North Whisman Road, Suite 200<br>Mountain View, CA 94045<br>TELEPHONE NO: (650) 691-1430   FAX NO. *(Optional):* (650) 968-2685<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiff, CHARLES M. BROWN | FOR COURT USE ONLY |

| |
|---|
| ~~SUPERIOR COURT OF~~ UNITED STATES DISTRICT COURT<br>STREET ADDRESS: NORTHERN DISTRICT OF CALIFORNIA<br>MAILING ADDRESS: 450 Golden Gate Avenue, 16th Floor<br>CITY AND ZIP CODE: San Francisco, CA 94102<br>BRANCH NAME: SAN FRANCISCO DIVISION |

PLAINTIFF:   CHARLES M. BROWN

DEFENDANT:   WIRELESS NETWORKS, INC.

[X] DOES 1 TO   50

| | |
|---|---|
| **BREACH OF       CONTRACT** | |
| ____ COMPLAINT   [X] AMENDED COMPLAINT *(Number):*   THREE (3) | |
| ____ CROSS-COMPLAINT   ____ AMENDED CROSS-COMPLAINT *(Number):* | |

| | |
|---|---|
| **Jurisdiction** *(check all that apply):* | CASE NUMBER: |
| ____ **ACTION IS A LIMITED CIVIL CASE** | C-07-04301 EDL |
| Amount demanded   ____ **does not exceed $10,000** | |
| ____ **exceeds $10,000, but does not exceed $25,000** | |
| [X] **ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)** | |
| ____ **ACTION IS RECLASSIFIED** by this amended complaint or cross-complaint | |
| ____ from limited to unlimited | |
| ____ from unlimited to limited | |

1. **Plaintiff*** *(name or names):*   CHARLES M. BROWN

   alleges causes of action against **defendant*** *(name or names):*   WIRELESS NETWORKS, INC., a Delaware corporation with its principal place of business in San Mateo County, CA

2. This pleading, including attachments and exhibits, consists of the following number of pages: 17

3. a. Each plaintiff named above is a competent adult
   ____ **except** plaintiff *(name):*

       (1) ____ a corporation qualified to do business in California
       (2) ____ an unincorporated entity *(describe):*
       (3) ____ other *(specify):*

   b. ____ Plaintiff *(name):*
       a. ____ has complied with the fictitious business name laws and is doing business under the fictitious name *(specify):*

       b. ____ has complied with all licensing requirements as a licensed *(specify):*

   c. ____ Information about additional plaintiffs who are not competent adults is shown in Attachment 3c.

4. a. Each defendant named above is a natural person
     [X] **except** defendant *(name):*   WIRELESS NETWORKS, INC.
       (1) ____ a business organization, form unknown
       (2) [X] a corporation
       (3) ____ an unincorporated entity *(describe):*
       (4) ____ a public entity *(describe):*
       (5) ____ other *(specify):*

     ____ **except** defendant *(name):*
       (1) ____ a business organization, form unknown
       (2) ____ a corporation
       (3) ____ an unincorporated entity *(describe):*
       (4) ____ a public entity *(describe):*
       (5) ____ other *(specify):*

---

* If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.

Page 1 of 2

PLD-C-001

| SHORT TITLE: BROWN v. WIRELESS NETWORKS, INC. | CASE NUMBER:<br>C-07-04301 EDL |
|---|---|

4.   *(Continued)*

    b.   The true names of defendants sued as Does are unknown to plaintiff.

        (1)  ____ Doe defendants *(specify Doe numbers):* _____ were the agents or employees of the named defendants and acted within the scope of that agency or employment.

        (2)  ____ Doe defendants *(specify Doe numbers):* _____ are persons whose capacities are unknown to plaintiff.

    c.   ____ Information about additional defendants who are not natural persons is contained in Attachment 4c.

    d.   ____ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

5.   ____ Plaintiff is required to comply with a claims statute, **and**

    a.   ____ has complied with applicable claims statutes, *or*

    b.   ____ is excused from complying because *(specify):*

6.   ____ This action is subject to ____ Civil Code section 1812.10 ____ Civil Code section 2984.4.

7.   This court is the proper court because

    a.   _X_ a defendant entered into the contract here.

    b.   ____ a defendant lived here when the contract was entered into.

    c.   ____ a defendant lives here now.

    d.   _X_ the contract was to be performed here.

    e.   _X_ a defendant is a corporation or unincorporated association and its principal place of business is here.

    f.   ____ real property that is the subject of this action is located here.

    g.   ____ other *(specify):*

8.   The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*

    _X_ Breach of Contract

    _X_ Common Counts

    _X_ Other *(specify):*   wages due

9.   ____ Other allegations:

10.  **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for

    a.   _x_ damages of: $ 0.00

    b.   ____ interest on the damages

        (1)  ____ according to proof

        (2)  _x_ at the rate of *(specify):*    0.00  percent per year from *(date):* July 19, 2007

    c.   ____ attorney's fees

        (1)  ____ of: $ 0.00

        (2)  ____ according to proof.

    d.   ____ other *(specify):*

11.  ____ The paragraphs of this pleading alleged on information and belief are as follows *(specify paragraph numbers):*

Date:  SEPTEMBER 5, 2007

JEFFREY F. RYAN, ESQ. (SBN 129079)
        (TYPE OR PRINT NAME)

*(If you wish to verify this pleading, affix a verification.)*

        (SIGNATURE OF PLAINTIFF OR ATTORNEY)

## Complaints and Other Initiating Documents

3:07-cv-04301-EDL Brown v. Wireless Networks, Inc.
ADRMOP, E-Filing

U.S. District Court
Northern District of California
**Notice of Electronic Filing or Other Case Activity**

NOTE: Please read this entire notice before calling the Help Desk. If you have questions, please email
the Help Desk by replying to this message; include your question or comment along with the original
text.

Please note that these Notices are sent for all cases in the system when any case activity occurs,
regardless of whether the case is designated for e-filing or not, or whether the activity is the filing of an
electronic document or not.

If there are **two** hyperlinks below, the first will lead to the docket and the second will lead to an e-filed
document.
*If there is no second hyperlink, there is no electronic document available.*
See the FAQ posting 'I have a Notice of Electronic Filing that was e-mailed to me but there's no
hyperlink...' on the ECF home page at for more information.

The following transaction was received from by Ryan, Jeffrey entered on 9/5/2007 2:59 PM and filed on
9/5/2007
**Case Name:**        Brown v. Wireless Networks, Inc.
**Case Number:**      3:07-cv-4301
**Filer:**            Charles M. Brown
**Document Number:** 27

**Docket Text:**
AMENDED COMPLAINT *(THIRD)* against Wireless Networks, Inc.. Filed byCharles M. Brown.
(Attachments: # (1) Exhibit A# (2) Exhibit B# (3) Exhibit C# (4) Exhibit D)(Ryan, Jeffrey) (Filed on
9/5/2007)

**3:07-cv-4301 Notice has been electronically mailed to:**

Lina M. Brenner    lmbrenner@duanemorris.com, bmcoffey@duanemorris.com

Daniel J. Herling    djherling@duanemorris.com, bmcoffey@duanemorris.com

Jessica E. La Londe    JELalonde@duanemorris.com

Jeffrey Filon Ryan    jr@ryansteiner.com

**3:07-cv-4301 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**R:\scan\Third Amended Complaint.pdf
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=9/5/2007] [FileNumber=3724812-0] [
43716d879ec9793cd86610fe4ed9c61d8928453327a8658c3a90ed30f1c286f82468ae
dc5785e34930dfa4dc3babfdc0d17fef645fa582c6b6655fa52597eda4]]
**Document description:**Exhibit A
**Original filename:**R:\scan\Third Amended Complaint.Ex.A.pdf
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=9/5/2007] [FileNumber=3724812-1] [
a44b1b515fcca37dca46d3dda931903e00d014a12b7bd5a01d9bdb08e010ecbc6d6e97
d6e08fa5ad099f98b31289fc2c113b5a7a3f23940f049fe13ba003cff9]]
**Document description:**Exhibit B
**Original filename:**R:\scan\Third Amended Complaint.Ex.B.pdf
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=9/5/2007] [FileNumber=3724812-2] [
4716d357e6ed69859ab8efb4921d137b3830e814e56a9d09b91403a75dfa846a5a9a22
385e058672707f3d6732c09fa79b41a7043f538c6835ff77dd27bc8f71]]
**Document description:**Exhibit C
**Original filename:**R:\scan\Third Amended Complaint.Ex.C.pdf
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=9/5/2007] [FileNumber=3724812-3] [
60de7d2c752b4bb7ca910fc480bba543d21c539bc9ac80e253358fa22406335a2bb2c9
50a19d1a6f4f44c35d6447ae3a629fec9b6ae1da28b811bba010453c16]]
**Document description:**Exhibit D
**Original filename:**R:\scan\Third Amended Complaint.Ex.D.pdf
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=9/5/2007] [FileNumber=3724812-4] [
47d15120f44c37fa4e92da4455f003406e8aa2999d5205e53c77b61abb3665445877b8
e6622a4fd5c8150578bef6f384fded903dbe5b70b28e4e912da74032d7]]

# EXHIBIT E

PLD-C-001

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):*<br>JEFFREY F. RYAN, ESQ. (SBN 129079)<br>RYAN & STEINER<br>An Association of Attorneys<br>455 North Whisman Road, Suite 200<br>Mountain View, CA 94045<br>  TELEPHONE NO: (650) 691-1430  FAX NO. *(Optional)*: (650) 968-2685<br>E-MAIL ADDRESS *(Optional)*:<br>  ATTORNEY FOR *(Name)*: Plaintiff, CHARLES M. BROWN | FOR COURT USE ONLY |

~~SUPERIOR COURT OF CALIFORNIA, COUNTY OF~~ UNITED STATES DISTRICT COURT
  STREET ADDRESS: NORTHERN DISTRICT OF CALIFORNIA
  MAILING ADDRESS: 450 Golden Gate Avenue, 16th Floor
  CITY AND ZIP CODE: San Francisco, CA 94102
  BRANCH NAME: SAN FRANCISCO DIVISION

PLAINTIFF: CHARLES M. BROWN

DEFENDANT: WIRELESS NETWORKS, INC.

[X] DOES 1 TO     50

| BREACH OF       CONTRACT | | ERRATA |
|---|---|---|
| ☐ COMPLAINT | [X] AMENDED COMPLAINT *(Number):* | THREE (3) |
| ☐ CROSS-COMPLAINT | ☐ AMENDED CROSS-COMPLAINT *(Number):* | |

| Jurisdiction *(check all that apply):* | CASE NUMBER: |
|---|---|
| ☐ ACTION IS A LIMITED CIVIL CASE<br>  Amount demanded ☐ does not exceed $10,000<br>         ☐ exceeds $10,000, but does not exceed $25,000<br>[X] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)<br>☐ ACTION IS RECLASSIFIED by this amended complaint or cross-complaint<br>      ☐ from limited to unlimited<br>      ☐ from unlimited to limited | C-07-04301 EDL |

1. **Plaintiff\*** *(name or names):*   CHARLES M. BROWN

    alleges causes of action against **defendant\*** *(name or names):*   WIRELESS NETWORKS, INC., a Delaware corporation with its principal place of business in San Mateo County, CA

2. This pleading, including attachments and exhibits, consists of the following number of pages: 17

3. a. Each plaintiff named above is a competent adult
      ☐ except plaintiff *(name):*

         (1) ☐ a corporation qualified to do business in California
         (2) ☐ an unincorporated entity *(describe):*
         (3) ☐ other *(specify):*

   b. ☐ Plaintiff *(name):*
         a. ☐ has complied with the fictitious business name laws and is doing business under the fictitious name *(specify):*

         b. ☐ has complied with all licensing requirements as a licensed *(specify):*

   c. ☐ Information about additional plaintiffs who are not competent adults is shown in Attachment 3c.

4. a. Each defendant named above is a natural person
      [X] **except** defendant *(name):*   WIRELESS NETWORKS, INC. | ☐ **except** defendant *(name):*

| (1) ☐ a business organization, form unknown | (1) ☐ a business organization, form unknown |
|---|---|
| (2) [X] a corporation | (2) ☐ a corporation |
| (3) ☐ an unincorporated entity *(describe):* | (3) ☐ an unincorporated entity *(describe):* |
| (4) ☐ a public entity *(describe):* | (4) ☐ a public entity *(describe):* |
| (5) ☐ other *(specify):* | (5) ☐ other *(specify):* |

| | | |
|---|---|---|
| Form Approved for Optional Use<br>Judicial Council of California<br>PLD-C-001 [Rev. January 1, 2007] | **COMPLAINT—Contract** | Legal<br>Solutions<br>Plus |

Code of Civil Procedure, § 425.12

PLD-C-001

| SHORT TITLE: BROWN v. WIRELESS NETWORKS, INC. | CASE NUMBER: C-07-04301 EDL |
|---|---|

4.  *(Continued)*
    b.  The true names of defendants sued as Does are unknown to plaintiff.
        (1) ____ Doe defendants *(specify Doe numbers):* _____ were the agents or employees of the named defendants and acted within the scope of that agency or employment.
        (2) ____ Doe defendants *(specify Doe numbers):* _____ are persons whose capacities are unknown to plaintiff.
    c.  ____ Information about additional defendants who are not natural persons is contained in Attachment 4c.
    d.  ____ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

5. ____ Plaintiff is required to comply with a claims statute, **and**
    a.  ____ has complied with applicable claims statutes, *or*
    b.  ____ is excused from complying because *(specify):*

6. ____ This action is subject to ____ Civil Code section 1812.10 ____ Civil Code section 2984.4.
7.  This court is the proper court because
    a.  _X_ a defendant entered into the contract here.
    b.  ____ a defendant lived here when the contract was entered into.
    c.  ____ a defendant lives here now.
    d.  _X_ the contract was to be performed here.
    e.  _X_ a defendant is a corporation or unincorporated association and its principal place of business is here.
    f.  ____ real property that is the subject of this action is located here.
    g.  ____ other *(specify):*

8.  The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*
    _X_ Breach of Contract
    _X_ Common Counts
    _X_ Other *(specify):*  wages due

9. ____ Other allegations:

10. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
    a.  _x_ damages of: $ 98,653.92
    b.  ____ interest on the damages
        (1) ____ according to proof
        (2) _x_ at the rate of *(specify):*  10.00 percent per year from *(date):* July 19, 2007
    c.  ____ attorney's fees
        (1) ____ of: $ 0.00
        (2) ____ according to proof.
    d.  ____ other *(specify):*

11. ____ The paragraphs of this pleading alleged on information and belief are as follows *(specify paragraph numbers):*

Date:   SEPTEMBER 6, 2007

JEFFREY F. RYAN, ESQ. (SBN 129079)
      *(TYPE OR PRINT NAME)*
      *(If you wish to verify this pleading, affix a verification.)*

▶ *(SIGNATURE OF PLAINTIFF OR ATTORNEY)*

PLD-C-001(1)

| SHORT TITLE: BROWN v. WIRELESS NETWORKS, INC. | CASE NUMBER:<br>C-07-04301 EDL |
| --- | --- |

ERRATA   **THIRD AMENDED FIRST**                **CAUSE OF ACTION—Breach of Contract**
               (number)

ATTACHMENT TO  _X_ Complaint  ____ Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

BC-1. Plaintiff *(name)*: CHARLES M. BROWN

alleges that on or about *(date)*:      June 30, 2003
a _X_ written  __ oral  ____ other *(specify)*:
agreement was made between *(name parties to agreement)*:     CHARLES M. BROWN and WIRELESS
NETWORKS, INC.
_X_ A copy of the agreement is attached as Exhibit A, or
____ The essential terms of the agreement ____ are stated in Attachment BC-1 ____ are as follows *(specify)*:

Those agreements (promissory notes) were expressly affirmed by the Board
of Directors of WIRELESS NETWORKS, INC., on April 19, 2005 (See
Exhibit "B").

BC-2. On or about *(dates)*:     April 19, 2007
defendant breached the agreement by __ the acts specified in Attachment BC-2 _X_ the following acts
*(specify)*:

WIRELESS NETWORKS, INC.'S and its controlling shareholder, Ruy Rothschild
de Souza, refused to pay Plaintiff the sums owed him after repeated
demands therefore.

BC-3. Plaintiff has performed all obligations to defendant except those obligations plaintiff was prevented or
excused from performing.

BC-4. Plaintiff suffered damages legally (proximately) caused by defendant's breach of the agreement
____ as stated in Attachment BC-4 _X_ as follows *(specify)*:

$51,617.32

BC-5. X  Plaintiff is entitled to attorney fees by an agreement or a statute
       __ of $ 0.00
       _X_ according to proof.

BC-6. ____ Other:

Page _____

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(1) [Rev. January 1, 2007]
**CAUSE OF ACTION—Breach of Contract**
Legal Solutions Plus
Code of Civil Procedure, § 425.12

PLD-C-001(2)

| SHORT TITLE: BROWN v. WIRELESS NETWORKS, INC. | CASE NUMBER: |
|---|---|
| | C-07-04301 EDL |

ERRATA

__THIRD AMENDED SECOND__   **CAUSE OF ACTION—Common Counts**
(number)

ATTACHMENT TO ☒ Complaint ☐ Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

CC-1. Plaintiff *(name):*  CHARLES M. BROWN

alleges that defendant *(name):* WIRELESS NETWORKS, INC., a Delaware corporation

became indebted to ☒ plaintiff ☐ other *(name):*

   a. ☐ within the last four years
      (1) ☐ on an open book account for money due.
      (2) ☐ because an account was stated in writing by and between plaintiff and defendant in which it
         was agreed that defendant was indebted to plaintiff.

   b. ☒ within the last ☒ two years ☐ four years
      (1) ☐ for money had and received by defendant for the use and benefit of plaintiff.
      (2) ☒ for work, labor, services and materials rendered at the special instance and request of defendant
         and for which defendant promised to pay plaintiff
         ☒ the sum of $ 46,876.60
         ☐ the reasonable value.
      (3) ☐ for goods, wares, and merchandise sold and delivered to defendant and for which defendant
         promised to pay plaintiff
         ☐ the sum of $ 0.00
         ☐ the reasonable value.
      (4) ☐ for money lent by plaintiff to defendant at defendant's request.
      (5) ☒ for money paid, laid out, and expended to or for defendant at defendant's special instance and
         request.
      (6) ☒ other *(specify):*

        Defendant WIRELESS NETWORK, INC. has also failed to pay accounts
        due which were charged to Plaintiff. Extra Storage Redwood City
        issued a Preliminary Lien Notice in the amount of $160.00 which
        Plaintiff had to pay on behalf of WIRELESS NETWORK, INC.
        Plaintiff has made demand upon Defendant but Defendant has refused
        to pay the accounts. (See Exhibits "C" and "D").

CC-2. $ 50,442.65 , which is the reasonable value, is due and unpaid despite plaintiff's demand,
plus prejudgment interest ☐ according to proof ☒ at the rate of 10.00 percent per year
from *(date):* July 19, 2007

CC-3. ☒ Plaintiff is entitled to attorney fees by an agreement or a statute
     ☐ of $ 0.00
     ☒ according to proof.

CC-4. ☒ Other: Labor Code 218.5 -- In any action brought for the nonpayment of wages, fringe benefits, or health and welfare or pension fund
contributions, the court shall award reasonable attorney's fees and costs to the prevailing party if any party to the action requests attorney's fees and
costs upon the initiation of the action. This section shall not apply to an action brought by the Labor Commissioner. This section shall not apply to a
surety issuing a bond pursuant to Chapter 9 (commencing with Section 7000) of Division 3 of the Business and Professions Code or to an action to
enforce a mechanics lien brought under Chapter 2 (commencing with Section 3109) of Title 15 of Part 4 of Division 3 of the Civil Code.

This section does not apply to any action for which attorney's fees are recoverable under Section 1194.

Page _____

Page 1 of 1

# EXHIBIT A

$71,892.29

Woodside, CA.
June 30, 2001

## PROMISSORY NOTE

FOR VALUE RECEIVED, Wireless Networks, Inc., a Delaware corporation
("Borrower") hereby promises to pay to the order of **Charles M. Brown** ("Lender") in
lawful money of the United states of America, on **June 30, 2003**, the principal sum of
**Seventy One Thousand Eight Hundred Ninety Two Dollars and Twenty Nine Cents**
**($71,892.29)**. This Note will bear interest at the rate of nine percent (9%) per annum
until the date of maturity, and thereafter will bear interest at the rate of nine percent (9%)
per annum until fully paid.

In the event that Borrower shall fail to make full and timely payment of the
principal hereunder when due, the entire unpaid principal amount of this Note shall
automatically become immediately due and payable without demand or notice, and
Borrower shall pay such further amount as shall be sufficient to cover all costs and
expenses (including reasonable attorney's fees) directly or indirectly incurred by Lender
in connection with the collection of this Note.

Borrower hereby waives notice of default, notice of acceleration, notice of
prepayment, presentment, protest, or notice of dishonor. Borrower may prepay at any
time, in part or in full, without penalty.

WIRELESS NETWORKS, INC. (Borrower)


By: Charles Brown, President                    By: Secretary

$2,000.00

Woodside, CA
January 30, 2003

## PROMISSORY NOTE

FOR VALUE RECEIVED, Wireless Networks, Inc., a Delaware corporation ("Borrower") hereby promises to pay to the order of Charles M. Brown ("Lender") in lawful money of the United states of America, on January 30, 2005, the principal sum of **Two Thousand Dollars and No Cents ($2,000.00)**. This Note will bear interest at the rate of nine percent (9%) per annum until the date of maturity, and thereafter will bear interest at the rate of nine percent (9%) per annum until fully paid.

In the event that Borrower shall fail to make full and timely payment of the principal hereunder when due, the entire unpaid principal amount of this Note shall automatically become immediately due and payable without demand or notice, and Borrower shall pay such further amount as shall be sufficient to cover all costs and expenses (including reasonable attorney's fees) directly or indirectly incurred by Lender in connection with the collection of this Note.

Borrower hereby waives notice of default, notice of acceleration, notice of prepayment, presentment, protest, or notice of dishonor. Borrower may prepay at any time, in part or in full, without penalty.

WIRELESS NETWORKS, INC. (Borrower)

By: Charles Brown, President

By: Secretary

# EXHIBIT B

# MINUTES OF A SPECIAL MEETING OF THE BOARD OF DIRECTORS
## OF
## WIRELESS NETWORKS, INC.

A special meeting of the Board of Directors of Wireless Networks, Inc., a Delaware corporation, (the "Company"), was held as follows:

| | |
|---|---|
| Date: | April 19, 2005 |
| Time: | 10:45 AM Pacific Time |
| Place: | 350 Cambridge Avenue, Suite 150 |
| | Palo Alto, California. |
| Kind of Meeting: | Special |
| How Called or Noticed: | Notice waived |
| Director Present: | Mr. Charles Brown |
| Directors Absent: | None |
| Other Persons Present: | James Hagan, Esq. attorney for the |
| | Company, and Mr. Ruy Rothschild de Souza |

The following matters of business were considered and conducted.

1. Mr. Brown, as President of the Company, called the meeting to order. On motion duly made, seconded, and unanimously carried, Mr. Hagan was elected as Recording Secretary to record the minutes of this meeting.

2. Mr. Brown noted that Mr. Relett, previously a director of the Company, has resigned from that position, leaving Mr. Brown as the only director of the Company. Mr. Brown also noted that the Company has just issued to Mr. Ruy Rothschild de Souza's company, MRG International, Inc., an affiliate of Cruzamerica, 112,791.2064 shares of its common stock, a majority of the Company's outstanding common stock. Acting under and pursuant to Section 223(a)(1) of the Delaware Corporation Law, Mr. Brown elected Mr. Ruy Rothschild de Souza as a director of the Company to serve as such without compensation. Mr. Ruy Rothschild de Souza accepted the position of a director of the Company and thereafter participated in the meeting as a director. Mr. Brown observed that Mr. Brown presently serves as the President, Secretary, and Treasurer of the company. This matter was discussed. No change was made.

3. Mr. Brown presented to the meeting financial statements as of December 31, 2004, for the company and for its wholly-owned subsidiary, Wireless Networks do Brazil. These financial statements were reviewed in detail by the directors. Thereafter, on

motions duly made, seconded, and unanimously carried, each of those financial statements was approved.

4. Mr. Brown presented to the meeting two promissory notes which evidence indebtedness due from the company to him, one in the amount of $71, 892.29 and one in the amount of $2,000.00. These promissory notes were discussed and considered. Thereafter, on motions duly made, seconded, and unanimously carried, the following resolutions were adopted:

RESOLVED, that each of the aforesaid promissory notes shall be, and each of them is hereby, approved and ratified;

RESOLVED FURTHER, that the officers of this corporation shall be, and they are hereby, authorized, directed, and empowered to sign and deliver said promissory notes and to take any and all actions as may in their judgment be necessary or appropriate to carry out and perform said promissory notes and the foregoing resolution.

5. Mr. Brown presented to the meeting a Fourth Amendment (to August 31, 2004) and a Fifth Amendment (to December 31, 2004) to the loan and option agreement executed by and between the Company and Cruzamerica in January, 2002. These documents were reviewed and considered. Thereafter, on motions duly made, seconded, and unanimously carried, the following resolutions were adopted:

RESOLVED, that the Fourth Amendment and the Fifth Amendment to the aforesaid loan and option agreement shall be, and each of them hereby is, approved and ratified;

RESOLVED FURTHER, that the officers of this corporation shall be, and they are hereby, authorized, directed, and empowered to sign and deliver said Fourth Amendment and Fifth Amendment and to take any and all actions as may in their judgment be necessary or appropriate to carry out and perform said agreements and the foregoing resolution.

6. Mr. Brown presented to the meeting a promissory note due from Wireless Networks do Brazil to this company in the amount of $1,074,010.52 as of December 31, 2004. This promissory note was reviewed and considered. Thereafter, on motions duly made, seconded, and unanimously carried, the following resolution was adopted:

RESOLVED, that the aforesaid promissory note shall be, and it is hereby, approved and accepted;

7. Mr. Brown presented to the meeting a power of attorney, similar in form and content to other powers of attorney approved in the past, by means of which to authorize Mr. Ruy Rothschild de Souza to conduct the business of the Company in Brazil. This document was reviewed and considered. Thereafter on motions duly made, seconded, and unanimously carried, the following resolutions were adopted:

RESOLVED, that the aforesaid power of attorney shall be, and it is hereby, approved and ratified;

RESOLVED FURTHER, that the officers of this corporation shall be, and they are hereby, authorized, directed, and empowered to sign and deliver said power of attorney and to take any and all actions as may in their judgment be necessary or appropriate to carry out and perform said power of attorney and the foregoing resolution.

8. Mr. Hagan suggested that the Company send a letter to all shareholders informing them of the conversion by Cruzamerica of debt into common stock, the resignation of Mr. Redett as a director, and the election of Mr. Ruy Rothschild de Souza as a director. Mr. Brown and Mr. Ruy Rothschild de Souza undertook to do so.

9. Mr. Brown noted that the company was current in its tax and filings and its Delaware corporation filings.

10. Mr. Brown observed that the Company may need a small line of credit of up to $5,000 for use in the immediate future. This matter was discussed and considered. Thereafter, on motions duly made, seconded, and unanimously carried, the standard bank line of credit resolutions attached hereto were approved, ratified, and adopted, and the officers of the corporation were authorized and empowered to sign and deliver such documents, and to take such actions, as may be in their judgment necessary or appropriate to obtain such a line of credit and to carry out and implement the foregoing resolutions.

11. There being no further business to come before the meeting, on motion duly made, seconded and unanimously carried, the meeting was adjourned at 11:05 A. M. Pacific Time.

Date: April 19, 2005

as Recording Secretary

# EXHIBIT C

Charles Brown
WNI bills paid directly by Charles Brown
May - June 2007

| Date | Description | Amount |
|------|-------------|--------|
| 5/1/07 | BMW BANK BMWFS PYMT 070429 66959027 Charl | 969.15 |
| 5/30/07 | BMW BANK BMWFS PYMT 070529 67697147 Charl | 969.15 |
| 4/18/07 | Sprint | 95.39 |
| 4/19/07 | Sprint | 109.42 |
| 5/25/07 | Sprint | 93.79 |
| 6/30/07 | BMW Finance | 969.15 |
| 6/27/07 | Extra Storage | 145.00 |

Total                                                                   3,351.05

# EXHIBIT D

07/30/07

EXTRA STORAGE RDWD CITY
1940 SPRING ST.
REDWOOD CITY, CA 94063

## Preliminary Lien Notice

UNIT ID# B267 (PLN)

CHARLES BROWN - C/O WIRELESS NETWORK, INC.
P.O. BOX 620042

WOODSIDE, CA 94062

Dear CHARLES BROWN - C/O WIRELESS NETWORK, INC.,

According to our records, we have not received payment for rent and/or other charges for the use of storage unit # B267 at:

EXTRA STORAGE RDWD CITY
1940 SPRING ST.
REDWOOD CITY, CA 94063

These charges which are summarized below total $160.00. This sum includes accrued rent, a $10 late fee, and a $15 preliminary lien fee, and has been due for more than 14 days in accordance with California law.

| Due Date | Description | Amount |
|----------|-------------|--------|
| 07/15/07 | Rent Charge | $135.00 |
| 07/25/07 | Late | $10.00 |
| 07/30/07 | Late | $15.00 |

Total:                          $160.00

If this sum is not paid in full before 08/17/07 your right to use the storage space will terminate, you will be denied access, a $15 Notice of Lien Sale fee will be added to your account balance, and a self storage owner's lien on any stored property will be imposed pursuant to Section 21705 of the California Business and Professions Code.

**You may pay this sum in cash, check, credit card, cashier's check or money order. We do not accept partial payments** and you will be responsible for the entire amount due at the time of payment which may include any additional rent or fees that accrue after this notice is printed and mailed. If you have any questions concerning your account, please call us at (650) 367 7224.

Sincerely,

Manager
EXTRA STORAGE RDWD CITY

Case 3:07-cv-04301-EDL   Document 29-5   Filed 09/25/2007   Page 94 of 94
08/01/07  WED 09:14 FAX 8        31 7914
WIRELESS NETWKS                                            Case 3:07-cv-04301-EDL   Document 29-5   Filed 09/25/2007   Page 3 of 3
                                                                                                                          ☒003

EXTRA STORAGE RDWD CITY
1940 SPRING ST.
REDWOOD CITY, CA  94063
(650) 367 7224

BROWN, CHARLES - C/O WIRELESS NETWORK, INC.
P.O. BOX  620042
WOODSIDE, CA  94062

## Transaction Receipt

**Account #:** 4195          **Date:** 07/31/2007  12:41PM          **Receipt #:** 38810

| Unit | Paid Thru | Item Description | Amount |
|------|-----------|------------------|--------|
| B267 | 08/14/07 | Rent | $135.00 |
|      |          | Fee  | $25.00 |

| Credit Card | VISA XXXXXXXXXXXX7179  Auth.: 031571 | $160.00 |
|-------------|--------------------------------------|---------|
| Total |  | $160.00 |

The undersigned acknowledges receipt of goods and/or services in the amount of the total shown hereon and agrees to payment of this amount. If payment has been made in the form of a credit card or credit card account debit, such payment will be in accord with the card issuer agreement, and the undersigned agrees to performance according to the obligations set forth therein.

_Charles Brown_                    7-31-07

Customer                              Date                                  Employee