LINA M. BRENNER (SBN 191075)
JESSICA E. LA LONDE (SBN 235744)
**DUANE MORRIS LLP**
One Market, Spear Tower, Suite 2000
San Francisco, CA 94105-1104
Telephone: 415.957.3000
Facsimile: 415.957.3001
E-Mail:    lmbrenner@duanemorris.com
           jelalonde@duanemorris.com

Attorneys for Defendant
WIRELESS NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES M. BROWN, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>WIRELESS NETWORKS, INC., a Delaware corporation,<br><br>    Defendant. | Case No. 3:07-CV-04301 EDL<br><br>**REPLY IN SUPPORT OF DEFENDANT WIRELESS NETWORKS, INC.'S MOTION TO STRIKE PLAINTIFF'S FOURTH AMENDED COMPLAINT OR, IN THE ALTERNATIVE, MOTION TO DISMISS CERTAIN CLAIMS**<br><br>Date:    October 23, 2007<br>Time:    9:00 a.m.<br>Dept:    Courtroom E, 15th Floor<br>Judge:  Magistrate Elizabeth D. Laporte |

      Defendant Wireless Networks, Inc. ("WNI") respectfully submits this Reply in support of WNI's Motion to Strike Plaintiff's Fourth Amended Complaint or, in the alternative, Motion to Dismiss Certain Claims.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

      Plaintiff may characterize WNI's motion as "litigation 'Gotcha.'" There is, however, no basis for such characterization; rather, plaintiff failed to comply with the Federal Rules of Civil Procedure and the Local Rules of this Court. Plaintiff did not comply with Federal Rules of Civil Procedure, rule 15(a), and therefore his Fourth Amended Complaint (erroneously labeled by Plaintiff

as an "errata" to his Third Amended Complaint) should be stricken in its entirety, and attorneys fees awarded to WNI as sanctions.

In the alternative, WNI's motion to dismiss certain of Plaintiff's wage claims should be granted. Plaintiff's only argument in opposition to this alternative motion is that the Court may not rely on the information from the Labor Commissioner claim to decide the Rule 12(b)(6) motion. This is incorrect. Therefore, if the Court does not grant WNI's motion to strike, WNI's motion to dismiss should be granted.

## II. ARGUMENT

### A. The Court Should Strike Plaintiff's Fourth Amended Complaint Pursuant To Federal Rules Of Civil Procedure, Rule 12(f), And Impose Sanctions On Plaintiff

Plaintiff describes WNI's motion as "litigation 'Gotcha.'" Plaintiff, however, did not comply with the Federal Rules of Civil Procedure and the Local Rules of this Court. This is not the first time. In the Court's September 6, 2007 Order Enlarging Time (regarding posting the bond), the Court stated the following in footnote 1:

> The Court notes that Plaintiff has filed a Third Amended Complaint that would appear to nullify this Court's diversity jurisdiction. **Plaintiff did not seek leave to file an amended pleading, however, as required by Rule 15(a) of the Federal Rules of Civil Procedure.** The Court construes Plaintiff's failing as a request for leave, and defers ruling on it at this time, though it intends to do so promptly under an expedited schedule. Until the Court grants leave, the Second Amended Complaint is the operative complaint, and this Court has jurisdiction. [Emphasis added.]

Moreover, courts have strictly construed application of these types of rules. In two recent decisions, the Federal Circuit upheld the Northern District of California's grant of summary judgment in favor of defendant based upon plaintiff's violation of local rules. *Safeclick LLC v. Visa International Service Association*, No. 06-1182 (Fed. Cir. October 23, 2006); *O2 Micro Int'l Ltd. v. Monolithic Power Systems, Inc.*, 467 F.3d 1355 (Fed. Cir. 2006). In addition, the Northern District has held that filing an amended complaint in contravention of Federal Rules of Civil Procedure, rule 15(a) is grounds for striking the amended complaint. *See, e.g.*, *Serpa v. SBC Telecomms., Inc.*, 318 F. Supp. 2d 865 (N.D. Cal. 2004). Moreover, failure to comply with Federal Rules of Civil Procedure, rule 15(a) is grounds for sanctions against Plaintiff. *See, e.g.*, *Medtronic., Inc. v. White*, 365 F. Supp. 2d 1105 (N.D. Cal. 2005). WNI's motion is therefore not mere "litigation 'Gotcha.'"

WNI is not, as Plaintiff states, seeking to obtain a "substantive ruling in its favor on plaintiff's wage claim" through its motion to strike.  Rather, WNI is seeking relief due to Plaintiff's failure to comply with the Federal Rules of Civil Procedure and the Court's Local Rules.  Plaintiff has engaged in an explicit violation of the rules applicable to this Court, and, as such, WNI's motion to strike should be granted, and sanctions granted against Plaintiff.  *See, e.g.*, *Medtronic., supra.*

**B.     In The Alternative, The Court Should Dismiss Certain Of Plaintiff's Wage Claims Pursuant To Federal Rules Of Civil Procedure, Rule 12(b)(6)**

Plaintiff seeks payment of wages allegedly due but unpaid in 2002.  As fully discussed in WNI's motion, such claims are time-barred by the applicable statute of limitations.  Plaintiff does not dispute that the Court may take judicial notice of the Labor Commissioner claim, and cites no authority for his proposition that "the factual inferences [WNI] seeks the court to draw from the Labor Commissioner claim go beyond the permissible scope of a Rule 12(b)(6) motion . . . ." (*See* Plaintiff's Opposition at 4:8-9.)  The Court is not precluded from making reasonable inferences based upon the documents it is able to review in support of a Rule 12(b)(6) motion, and Plaintiff has not argued that these reasonable inferences would be false, i.e., that Plaintiff's wage claims are *not* time-barred.

Plaintiff cites *Swartz v. KPMG LLP*, 476 F.3d 756 (9th Cir. 2007), for the proposition that "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.  Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test."  The *Swartz* case is distinguishable from the instant matter, as there the court was analyzing the Rule 12(b)(6) motion in the context of a highly factual issue of whether plaintiff had reasonably relied on defendants' conduct.  Here, however, the statute of limitations issue is straight forward and, based on a consideration of the Labor Commissioner claim (of which the Court may properly take judicial notice), it is clear that certain of Plaintiff's wage claims are time-barred.  Therefore, recovery is not "very remote and unlikely," as stated in *Swartz*; it is in fact time-barred as a matter of law, and Plaintiff cannot prevail on certain of his wage claims.  A motion to dismiss for failure to state a claim lies when a plaintiff's claim is barred by the statute of limitations.  *See, e.g.*, *Jablon v. Dean Witter & Co.*, 614 F.2d 677

(9th Cir. 1980). Indeed, Plaintiff does not dispute that certain of his wage claims are not in fact barred.

As described in WNI's motion, it is clear that Plaintiff's wage claims here involve the same wage claims from Plaintiff's Labor Commissioner claim, and that $18,000 in alleged damages are barred by the statute of limitations. The statute of limitations is two years for oral employment contracts (*see* Cal. Code Civ. Proc. § 339), and four years for written employment contracts (*see* Cal. Code Civ. Proc. § 337(1)). Even under the more liberal statute of limitations applicable to written contracts (four years), Plaintiff's wage claim for the July 1, 2002 to September 30, 2002 time period would have run on September 30, 2006 – almost one year prior to Plaintiff filing his wage claims. Therefore, should the Court deny WNI's motion to strike, the Court should grant WNI's motion to dismiss certain wage claims.

## III.    CONCLUSION

WNI respectfully requests the Court to strike Plaintiff's Fourth Amended Complaint in its entirety pursuant to Federal Rules of Civil Procedure, rule 12(f), as it was filed in contravention of Federal Rules of Civil Procedure, rule 15(a). WNI furthermore requests the Court to grant WNI its attorneys fees and costs for filing this Motion as sanctions for Plaintiff's violation of Federal Rules of Civil Procedure, rule 15(a), regardless of whether the Court ultimately allows Plaintiff to amend his complaint. In the alternative, WNI seeks to dismiss Plaintiff's claims relating to alleged "wages due" for the time period July 1, 2002 through September 30, 2002, as barred by the statute of limitations, pursuant to Federal Rules of Civil Procedure, rule 12(b)(6).

Dated: October 8, 2007                          **DUANE MORRIS LLP**

By:      /s/ Lina M. Brenner
Lina M. Brenner
Jessica E. La Londe
Attorneys for Defendant
Wireless Networks, Inc.