United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

10    CHARLES M. BROWN,

11            Plaintiff,                          No. C 07-4301 (EDL)

12        v.                                      ORDER GRANTING MOTION TO STRIKE
                                                  PLAINTIFF'S FOURTH AMENDED
13                                                COMPLAINT AND DENYING REQUEST FOR
                                                  SANCTIONS
14
      WIRELESS NETWORKS, INC.,
15
              Defendant.
16    _____/

17        Now before the court is the motion of Defendant Wireless Networks, Inc. ("Wireless" or

18    "Defendant") to Strike Plaintiff's Fourth Amended Complaint or, in the Alternative, to Dismiss

19    Certain Claims.  Having carefully reviewed the parties' papers and considered their arguments and

20    the relevant legal authority, the Court hereby grants Wireless' motion to strike and denies Wireless'

21    request for sanctions for the following reasons.

22        This breach of contract case was removed from state court on August 21, 2007.  Wireless

23    removed this action pursuant to 28 U.S.C. § 1441 after Plaintiff Charles Brown ("Brown" or

24    "Plaintiff") amended his complaint to change his demand from $51,617.32 for breach of contract

25    and $3,351.00 for common counts to the same amount for breach of contract and $46,876.60 for

26    common counts and wages due, for a new total of $98,493.92 in damages.  On September 5, 2007,

27    Brown filed a third amended complaint without seeking permission of this court.  The court noted

28    that Brown had not requested leave to file an amended pleading pursuant to Rule 15(a) of the

United States District Court

For the Northern District of California

1   Federal Rules of Civil Procedure, and ordered that until it granted leave to amend, the second

2   amended complaint was the operative complaint.   See 9/6/07 Order.

3        On September 6, 2007, Brown filed yet another amended complaint, labeled as "errata" to

4   the third amended complaint (referred to herein as the fourth amended complaint).  Brown did not

5   seek leave from the court to file this amended complaint.  Brown filed the fourth amended complaint

6   after Wireless' counsel notified his counsel that Brown had alleged no damages in his complaint.

7   The fourth amended complaint increased the amount of controversy again to a total of $98,653.92.

8        Wireless now moves to strike Brown's fourth amended complaint on the grounds that it was

9   filed in violation of Federal Rule of Civil Procedure 15(a), which provides that each party has a right

10  to amend its pleadings once as a matter of course any time before a responsive pleading is served.  A

11  court may "order stricken from any pleading any insufficient defense or any redundant, immaterial,

12  impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  A court may strike a complaint where a

13  plaintiff has failed to comply with Rule 15(a).  See, e.g., Serpa v. SBC Telecomms., Inc., 318 F.

14  Supp. 2d 865, 875 (N.D. Cal. 2004) (granting a motion to strike a complaint where plaintiff failed to

15  comply with Rule 15(a)).  Because Brown already amended his complaint once in federal court, he

16  was required to seek leave before filing his fourth amended complaint.  Furthermore, Brown has

17  indicated that he does not wish to proceed under the third or fourth amended complaints, but wishes

18  to amend his complaint yet again.  Accordingly, the fourth amended complaint is hereby stricken.

19  As noted in this Court's prior order, Brown's second amended complaint is the operative complaint.

20       Brown wishes to amend his complaint to restate it "to conform with the conventions of

21  federal pleading practice."  In the "interest of preserving judicial resources, and in light of Rule 15's

22  liberal pleading standards," the court will allow Brown to amend his complaint.  See Medtronic, Inc.

23  v. White, 365 F. Supp. 2d 1105, 1119 (N. D. Cal. 2005) (allowing amendment of complaint where

24  plaintiff violated Rule 15 by filing an amended complaint without leave of court); see also Eminence

25  Capital LLC v. Aspeon, 316 F.3d 1048, 1051 (9th Cir. 2003) (policy of granting leave should be

26  applied with "extreme liberality").  This case is in the early stages of litigation – the initial case

27  management conference is scheduled to take place next month.  Wireless' only argument that it will

28  be prejudiced by amendment is that Brown's fourth amended complaint may prejudice its ability to

    seek dismissal of Brown's related case before the Labor Commissioner.  Wireless, however, has

**United States District Court**
For the Northern District of California

1    now obtained dismissal of that action, and Brown's amendment cannot prejudice Wireless in that

2    dismissed proceeding.  Brown, therefore, has leave to amend his second amended complaint.

3    Plaintiff may file an amended complaint no later than **November 16, 2007**.

4         Because the court has granted Wireless' motion to strike, it need not consider Wireless'

5    alternative request to dismiss Brown's time-barred claims.  However, Wireless' request for dismissal

6    raises certain pleading problems which Brown shall remedy upon amending his complaint.  Brown's

7    complaints, for example, failed to disclose the time periods for which he seeks wage recovery.  As

8    Wireless notes, California has a four year statute of limitations on written contracts.  See Cal. Code

9    Civ. Pro. § 337.  In Brown's related claims before the Labor Commissioner, Brown sought recovery

10   for wages due from  July 1, 2002 through September 30, 2002, which may be time barred under the

11   statute of limitations.  Brown does not contest that such claims would be time barred.  He merely

12   argues that the court may not dismiss his claim for these wages at this stage of the litigation because

13   he did not plead the time periods for which he seeks wages.  On a motion to dismiss, however, the

14   court may take judicial notice of matters of public record outside the pleadings.  See MGIC Indem.

15   Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).  In amending his complaint, Brown shall not

16   use state court complaint forms.  If Brown wishes to avoid dismissal of his claims, Brown must set

17   forth the time periods for which he seeks wage recovery.  If Brown wishes to plead any defense to

18   the statute of limitations, such as equitable tolling, he must plead facts in support of such a defense.

19   Brown cannot avoid dismissal by omitting any reference to dates for which he seeks wage recovery

20   in his complaint.  This would be an utter waste of judicial resources and would not give Wireless

21   notice of the claims asserted against it as required by Rule 8.[1]

22        Finally, Wireless requests sanctions, seeking attorneys fees and costs incurred in filing the

23   instant motion.  Its request for sanctions is denied.  Wireless did not file a separate motion for

24   sanctions as required by Local Rule 7-8.  In addition, Wireless relies on Medtronic, Inc. v. White,

25   365 F. Supp. 2d 1105, 1119 (N.D. Cal. 2005) in support of its request for sanctions.  In that case,

26   however, the plaintiff filed an amended complaint without leave of court and over strenuous

27   objection by defendant in a later stage of litigation.  Here, Plaintiff claims to have erroneously

28

---

[1] Should Brown seek to join additional defendants, however, he must seek permission from the
Court under Rule 15(a).

1  omitted a page while electronically filing his third amended complaint, and he filed the fourth

2  amended complaint the very next day.  Given the technical error involved here and the early stage of

3  the litigation, the Court will not award sanctions.  However, the Court cautions Brown that it will

4  not be so lenient should he violate federal procedural rules in the future.  Plaintiff has leave to file

5  one more amended complaint to restate the claims he previously pled, but he may not file any

6  subsequent complaints without the Court's permission.

7  IT IS SO ORDERED.

8  Dated: October 23, 2007

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge