Lina M. Brenner (SBN 191075)
Jessica E. La Londe (SBN 235744)
**DUANE MORRIS LLP**
One Market, Spear Tower, Suite 2000
San Francisco, CA 94105-1104
Telephone: 415.957.3000
Facsimile: 415.957.3001
E-mail:   lmbrenner@duanemorris.com
          jelalonde@duanemorris.com

Daniel J. Herling (SBN 103711)
**KELLER & HECKMAN LLP**
50 California Street, Suite 1500
San Francisco, California  94111
T:  (415) 277-5965
F:  (415) 277-5945
E-mail:  herling@khlaw.com

Attorneys for Defendant
WIRELESS NETWORKS, INC.

JEFFREY F. RYAN, ESQ. SBN 129079
**RYAN & STEINER**
An Association of Attorneys
455 North Whisman Road, Suite 200
Mountain View, CA 94043-5721
Telephone:   (650) 691-1430
Facsimile:   (650) 968-2685
E-mail:      jr@ryansteiner.com

Attorneys for Plaintiff
CHARLES M. BROWN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| CHARLES M. BROWN,<br><br>          Plaintiff,<br><br>     v.<br><br>WIRELESS NETWORKS, INC., a Delaware corporation,<br><br>          Defendant. | Case No. C-07-04301 EDL<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:     November 27, 2007<br>Time:    10:00 a.m.<br>Dept:    Courtroom E, 15th Floor<br>Judge:   Mag. Elizabeth D. Laporte |

1

The parties to the above-entitled action jointly submit this Case Management Statement, in conformance with the Northern District of California's Standing Order regarding the content of Joint Case Management Statements, and this Court's August 21, 2007 Order.

**Defendant Wireless Network, Inc.'s Note to the Court:** Counsel for both parties met and conferred, up to and including November 20, 2007, concerning the contents of this Joint Statement. However, as of 5 p.m. on November 20, 2007, the filing deadline for the Joint Statement, Plaintiff's counsel had not responded to Defendant's counsel's correspondence containing final revisions, as requested by Plaintiff's counsel, to the below Joint Statement.

As a result, Defendant WNI is hereby filing this Statement, in order to comply with the Court's scheduling order, but believes that Plaintiff may have additional revisions about which WNI is unaware. For the Court's edification, attached here to as Exhibit D is a copy of the most recent correspondence concerning the Joint Statement, which includes electronic mails and the last set of requested corrections submitted by Plaintiff's counsel to Defendant's counsel.

## JURISDICTION AND SERVICE

This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1332, as there exists complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds $75,000.

There are no issues currently between the current parties to this dispute regarding personal jurisdiction or venue. Plaintiff reserves the right to dispute jurisdiction, once it has been served with Defendant's counterclaim.

The Plaintiff served Defendant with an "errata" to the Third Amended Complaint, which the Court labeled the "Fourth Amended Complaint" ("FAC"), on September 6, 2007. The Defendant moved to strike such FAC, and the Court granted such motion, striking both the Third Amended Complaint and the FAC, and ordering that Plaintiff file a properly formatted federal complaint by no later than November 16, 2007. *See* October 23, 2007 Order, a true and correct copy of which is attached hereto as Exhibit A.

Defendant notes that, given the pending Case Management Conference, scheduled for November 27, 2007, and the due date of the present Joint Case Management Statement

("Statement"), Defendant engaged in meet and confer discussions with Plaintiff, seeking earlier receipt of the Third Amended Complaint. Plaintiff originally agreed to serve the Third Amended Complaint on November 5. However, Plaintiff subsequently informed Defendant that he would not be filing his amended complaint early, but that: the new Third Amended Complaint would not add any new parties; would be "essentially a reformatting of the state court complaint to conform to Federal pleading form;" and that Plaintiff may file a motion for leave to file a Fourth Amended Complaint, which would "add new parties and theories of recovery." *See* Exhibit B hereto.

Defendant received the Third Amended Complaint on November 16, 2007 (which, despite Plaintiff's earlier representation, does add new theories of recovery) and has not had the opportunity to fully analyze this complaint. Plaintiff's counsel apologized for the delay in getting Defendant the Third Amended Complaint. *See* Exhibit B. Defendant notes that it is still analyzing the Third Amended Complaint as of the time of submitting this statement. Plaintiff believes that Defendant has already analyzed the Third Amended Complaint as it has had same for four days now. Defendant responds that the Third Amended Complaint was filed late on Friday, November 16, 2007, and therefore Defendant has had the Third Amended Complaint for less than two Court days, and therefore has not been able to analyze it completely.

Plaintiff may file a motion for leave to file a Fourth Amended Complaint, which would add additional defendants that will have to be served.

**FACTS**

Plaintiff is a former officer and director of Defendant. In his Third Amended Complaint, Plaintiff alleges that Defendant entered into two promissory notes, and has breached those notes by failing to pay Plaintiff $51,617.32 (including principal and interest due under the terms of the notes), which Plaintiff alleges as damages. Plaintiff also alleges that Defendant failed to pay Plaintiff certain amounts pursuant to an "account stated," totaling $17,000; certain wages, totaling $46,786.80, plus attorneys fees under the applicable labor code for having to sue to recover the back wages owed to Plaintiff by Defendant; and certain monies advanced on behalf of the defendant, totaling $10,092.09, which have not been reimbursed by Defendant, despite repeated requests for same. Plaintiff furthermore alleges that Defendant is liable for defamation. Plaintiff

contends he is also entitled to recover his attorneys' fees on the promissory notes due to an attorneys' fees clause in those contracts. Plaintiff alleges that Defendant has unclean hands.

Defendant disputes that it owes any of the above amounts to Plaintiff because Defendant believes that these amounts may have already been paid to Plaintiff and/or are offset by other sums received by Plaintiff from Defendant, as well as Plaintiff's unclean hands. Defendant additionally believes that the defamation cause of action is without merit. Defendant has various counterclaims, including, but not limited to, breach of fiduciary duty, as against Plaintiff, which Defendant will allege in its responsive pleading. Finally, Plaintiff's administrative claim for allegedly outstanding wages was dismissed by the Department of Labor. Attached hereto as Exhibit C is the Notice of Dismissal effectuating same. Plaintiff believes the administrative hearing has no bearing on this case and has asked Defendant to withdraw it from this Joint Report.

**LEGAL ISSUES**

Defendant believes that some of Plaintiff's wage claims and claims regarding the promissory notes are barred by the statute of limitations. Plaintiff contends that none of his claims are barred by the applicable statutes of limitations.

Defendant furthermore questions the enforceability of the promissory notes, given that Plaintiff himself executed them, and that, as Defendant contends, they were "ratified" under false pretenses.

Plaintiff contends that the notes were expressly approved by Defendant and Mr. de Souza who attended the board meeting, was elected as a member of the board and asked questions about the various amounts due Plaintiff under the notes and past due wages before Defendant expressly approved and ratified those notes and amounts due Plaintiff. Plaintiff contends that the notes are enforceable and the only fraud is by Defendant.

Defendant also contends that the claim for defamation is barred by the litigation privilege. Plaintiff contends that the litigation privilege has no application here as Defendant sent the defamatory letter to all shareholders which was done outside the litigation. Plaintiff contends that the mere fact that Defendant attached the allegedly defamatory letter to one of its pleadings filed

1  with this Court does not make the extra litigation mailing of the allegedly defamatory letter
2  somehow privileged.
3      Defendant disputes that the letter was defamatory in any way, and contends that it was sent
4  in the context of litigation.

### MOTIONS

Prior Motions

7      Plaintiff filed an Ex Parte Application for Right to Attach Order on August 22, 2007.
8  After briefing and a hearing on the matter, the Court ordered Defendant to post a bond, which was
9  posted on September 13, 2007.
10      Plaintiff filed an Ex Parte Application for a TRO on September 6, 2007, which was denied
11  by the Court on September 12, 2007.
12      Defendant filed a Motion to Strike Plaintiff's Fourth Amended Complaint on September 7,
13  2007. The Court granted Defendant's motion on October 23, 2007, and granted Plaintiff leave to
14  file one more amended complaint by November 16, 2007, "but he may not file any subsequent
15  complaints without the Court's permission." (*See* Court's October 23, 2007 Order at p. 4:5-6.)

Pending Motions

17      There are no pending motions before the Court.

Anticipated Motions

19      Plaintiff may file a motion seeking leave of court to file an additional amended complaint
20  naming additional defendants and theories of recovery.
21      As Defendant only received the Third Amended Complaint on November 16, it is
22  considering filing a motion to dismiss certain of the causes of action pursuant to Federal Rule of
23  Civil Procedure 12(b)(6). Plaintiff believes such motion would be frivolous and if actually filed,
24  Plaintiff will seek sanctions under rule 11 against the Defendant and its counsel.
25      Defendant also expects that it will file motions to summarily adjudicate some of the legal
26  issues discussed above, such as the statute of limitations issue. Plaintiff will file a rule 11 motion
27  for sanctions if Defendant chooses to file such a motion as Plaintiff alleges there is no basis for
28  same. Plaintiff contends that there are no statute of limitations issues in the current complaint.

**AMENDMENT TO PLEADINGS**

Plaintiff filed a Third Amended Complaint on or about September 5, 2007, and an "errata" to same (referenced as the FAC by the Court in its October 23, 2007 Order) on or about September 6, 2007. In the Court's October 23, 2007 Order, the Court granted Plaintiff leave to file one more amended complaint by November 16, 2007. In correspondence to Defendant's counsel on November 6, 2007, Plaintiff's counsel represented that he would later seek leave to further amend the complaint to add "new parties and theories of recovery." (*See* Exhibit B, Jeffrey Ryan's 11/6/07 Email Correspondence to Lina M. Brenner.) Plaintiff contends that nothing has changed, as Plaintiff will seek leave of this Court if he decides to add new parties.

Plaintiff filed a new Third Amended Complaint on November 16, 2007.

Defendant plans on filing counterclaims against Plaintiff, at the time its responsive pleading is due, comprising various causes of action, including, but not limited to, Plaintiff's alleged breach of fiduciary duties.

**EVIDENCE PRESERVATION**

Defendant has retrieved and is in possession of corporate documents that were previously in the possession of Plaintiff. Defendant believes that there are various corporate documents that are missing, which will require investigation on the part of the Defendant, as discovery proceeds. Plaintiff contends that he turned over all corporate documents to Defendant many months ago but that Defendant refused to take possession of same until recently. Plaintiff contends that if any documents are missing, it is because Defendant has allegedly lost them.

Defendant also contends that WNI source code, delivered pursuant to Court Order, did not include the notes and explanations that should have been prepared by the engineers working under the supervision of Plaintiff. Defendant will conduct an investigation concerning this issue once the recently filed, further amended complaint has been analyzed.

Plaintiff contends that there was no such requirement to prepare "notes and explanations" for the source code, in this Court's order or otherwise, and Plaintiff further contends that if Mr. de Souza wanted help with understanding the source code from the engineers, he should have paid them the wages they were owed instead of stiffing them like he did the Plaintiff. Plaintiff also

contends that Mr. de Souza has been calling Plaintiff and asking him for help on the source code and Plaintiff has respectfully declined to do so as he contends he is owed a lot of money (more than $100,000) from Defendant and that Defendant refuses to pay him.

Defendant denies all these allegations, objects to the meritless insinuation of (and vulgar use of the term) "stiffing," and will conduct an investigation once it has had a chance to analyze the recently filed further amended complaint.

Plaintiff believes that Defendant has already analyzed the further amended complaint. Defendant responds that since it was originally promised the amended complaint far before November 16, 2007, and since it was only filed late on Friday, November 16, 2007, it has not had sufficient time to complete a full substantive analysis of this further amended complaint as of the filing of this Joint Statement.

## DISCLOSURES

Plaintiff and Defendant will each serve initial disclosures on November 20, 2007, pursuant to the Court's August 21, 2007 order.

Description of Disclosures: Plaintiff

Plaintiff will provide Defendant with all relevant documents in his control which support his claims against Defendant as well as a list of witnesses who can support his claims. Plaintiff reserves the right to supplement such Initial Disclosures.

Description of Disclosures: Defendant

Defendant will provide Plaintiff with documents relevant to some of Plaintiff's claims against Defendant, as well as the identification of witnesses known to Defendant at this time. Defendant reserves its right to supplement such Initial Disclosure production once it has had an opportunity to analyze the further amended complaint Plaintiff recently filed.

## DISCOVERY

Discovery Taken to Date

No discovery has been taken to date.

///

///

Scope of Anticipated Discovery: Plaintiff

Plaintiff anticipates serving Defendant with interrogatories, requests for production of documents, and requests for admission relevant both to Plaintiff's claim against Defendant, and Defendant's counterclaim against Plaintiff, once that is on file.

Scope of Anticipated Discovery: Defendant

Defendant anticipates serving Plaintiff with interrogatories, requests for production of documents, and requests for admission relevant both to Plaintiff's claim against Defendant, and Defendant's counterclaim against Plaintiff, once that is on file. Defendant plans to take Plaintiff's deposition, as well as other percipient witness depositions, as needed. Defendant also plans to serve third party subpoenas, seeking financial and related records relating to Plaintiff's claims. Should Plaintiff further amend the complaint to add new parties, Defendant will have to reevaluate the anticipated discovery at that time.

Proposed Discovery Schedule

Defendant believes it is premature at this time to develop a proposed discovery schedule, given that Plaintiff's Third Amended Complaint was just filed. Plaintiff may seek to file a Fourth Amended Complaint, and Defendant's answer and counterclaim are not yet on file. Defendant suggests a further case management conference 60 days after the responsive pleadings are on file, by which time the parties will be better able to address this issue. Plaintiff believes a discovery plan can easily be put in place now and that the case should be set for trial at the earliest possible date.

**CLASS ACTIONS**

This case is not a class action.

**RELATED CASES**

There are currently no related cases or proceedings pending. As the Court was previously informed, Plaintiff had an administrative claim for unpaid wages pending before the California Labor Commissioner, which claim was dismissed based on the existence of this lawsuit.

///

///

JOINT REPORT                                                                                          CASE NO. 07-4301 EDL

## RELIEF

Plaintiff seeks more than $75,000 in damages, in addition to interest and attorneys fees.

Defendant's counterclaim will seek damages, according to proof at trial.

## SETTLEMENT AND ADR

Defendant believes that once an operative complaint and responsive pleadings are on file, the parties will be better situated to consider settlement or ADR.

Plaintiff contends that he has been engaged in informal settlement negotiations directly with Mr. de Souza and was seemingly making progress until Mr. de Souza told Plaintiff that his counsel told him not to discuss settlement anymore with the Plaintiff. Plaintiff is prepared at this time to engage in any form of ADR including but not limited to mediation through the Court, or private mediation.

## CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

Plaintiff and Defendant consent to have this Court conduct all further proceedings.

## OTHER REFERENCES

Plaintiff believes that this case is suitable for reference to binding arbitration  The parties do not believe, at least at this time, that this case is suitable for reference to a special master, or the Judicial Panel on Multidistrict Litigation.

## NARROWING OF ISSUES

Defendant contends that the issues can be narrowed by motions regarding the statute of limitations on Plaintiff's claims. Plaintiff does not believe any of the issues can be narrowed at this time as Plaintiff contends there is no merit to the statute of limitations argument.

## EXPEDITED SCHEDULE

The parties believe that this is the type of case that can be handled on an expedited basis with streamlined procedures.

## SCHEDULING

Defendant believes it is premature at this time to develop a proposed schedule, given that Plaintiff's Third Amended Complaint was just filed, Plaintiff may seek to file a Fourth Amended

1  Complaint, and Defendant's answer and counterclaim are not yet on file.  Plaintiff, on the other
2  hand, believes a scheduling order is appropriate at this time and that a trial date should be set.
3       Defendant instead suggests a further case management conference 60 days after the
4  responsive pleadings are on file, by which time the parties will be better able to address this issue.

**TRIAL**

6       This case will be tried to a jury.  Including Defendant's counterclaim, which is not yet on
7  file, the parties estimate that trial will take five days.

**DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

<u>Plaintiff</u>

10       Plaintiff has not filed a "Certification of Interested Entities or Parties" pursuant to Civil
11  Local Rule 3-16 as there are none that he is aware of other than those set forth below.

<u>Defendant</u>

13       Defendant filed a "Certification of Interested Entities or Parties" on August 21, 2007,
14  pursuant to Civil Local Rule 3-16.  Pursuant to the Standing Order regarding the content of Joint
15  Case Management Statements, Defendant restates this certification as follows:

16       Pursuant to Civil Local Rule 3-16, the undersigned certifies that the following listed
17  persons, associations of person, firms, partnerships, corporations (including parent corporations)
18  or other entities (i) have a financial interest in the subject matter in controversy or in a party to the
19  proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be
20  substantially affected by the outcome of this proceeding:

21      1.    MRG International Inc. – the majority shareholder of Defendant Wireless
22  Networks, Inc. ("WNI").

23      2.    Ruy Rothschild de Souza – the principal of MRG International Inc.

24      3.    Wireless Networks do Brasil, LTDA – a subsidiary of WNI.

26  ///
27  ///
28  ///

10

JOINT REPORT            CASE NO. 07-4301 EDL

**Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.**

As stated above, Defendant suggests a further case management conference 60 days after the responsive pleadings are on file, by which time the parties will be better able to address discovery and case scheduling issues.

Dated: November 20, 2007          **DUANE MORRIS LLP**

By:   /s/ Lina M. Brenner
      Lina M. Brenner
      Jessica E. La Londe
      Attorneys for Defendant
      WIRELESS NETWORKS, INC.

Dated: November 20, 2007          **RYAN & STEINER**

By:   NO FINAL APPROVAL RECEIVED
      Jeffrey F. Ryan
      Attorneys for Plaintiff
      CHARLES M. BROWN