Exhibit D-2

## Brenner, Lina M.

| | |
|---|---|
| **From:** | Debbie Vajretti [dv@ryansteiner.com] |
| **Sent:** | Tuesday, November 20, 2007 3:20 PM |
| **To:** | Brenner, Lina M. |
| **Cc:** | 'Jeff Ryan' |
| **Subject:** | Joint Case Management Statement |
| **Attachments:** | 20071120151833944.pdf |



2007112015183394
4.pdf (396 KB)...

Ms. Brenner, here are the changes on the first 4 pages. I will forward the balance when Jeff is finished.

1

1  Lina M. Brenner (SBN 191075)
   Jessica E. La Londe (SBN 235744)
2  **DUANE MORRIS LLP**
   One Market, Spear Tower, Suite 2000
3  San Francisco, CA 94105-1104
   Telephone: 415.957.3000
4  Facsimile: 415.957.3001
   E-mail:  lmbrenner@duanemorris.com
5           jelalonde@duanemorris.com

6  Daniel J. Herling (SBN 103711)
   **KELLER & HECKMAN LLP**
7  50 California Street, Suite 1500
   San Francisco, California 94111
8  T: (415) 277-5965
   F: (415) 277-5945
9  E-mail: herling@khlaw.com

10 Attorneys for Defendant
   WIRELESS NETWORKS, INC.
11

   JEFFREY F. RYAN, ESQ. SBN 129079
12 **RYAN & STEINER**
   An Association of Attorneys
13 455 North Whisman Road, Suite 200
   Mountain View, CA 94043-5721
14 Telephone:   (650) 691-1430
   Facsimile:   (650) 968-2685
15 E-mail:      jr@ryansteiner.com

16 Attorneys for Plaintiff
   CHARLES M. BROWN

17

18                    UNITED STATES DISTRICT COURT
19                   NORTHERN DISTRICT OF CALIFORNIA
20                            SAN FRANCISCO
21

| | |
|---|---|
| 22  CHARLES M. BROWN, | Case No. C-07-04301 EDL |
| 23         Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT** |
| 24     v. | |
| 25  WIRELESS NETWORKS, INC., a Delaware corporation, | Date:   November 27, 2007<br>Time:   10:00 a.m.<br>Dept:   Courtroom E, 15th Floor |
| 26         Defendant. | Judge:  Mag. Elizabeth D. Laporte |

27
28

1  The parties to the above-entitled action jointly submit this Case Management Statement, in
2  conformance with the Northern District of California's Standing Order regarding the content of
3  Joint Case Management Statements, and this Court's August 21, 2007 Order.

### JURISDICTION AND SERVICE

5  This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1332, as there exists
6  complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy
7  exceeds $75,000.

8  There are no issues currently between the current parties to this dispute regarding personal
9  jurisdiction or venue. Plaintiff reserves the right to dispute jurisdiction, once it has been served
10 with Defendant's counterclaim.

11 The Plaintiff served Defendant with an "errata" to the Third Amended Complaint, which
12 the Court labeled the "Fourth Amended Complaint" ("FAC"), on September 6, 2007. The
13 Defendant moved to strike such FAC, and the Court granted such motion, striking both the Third
14 Amended Complaint and the FAC, and ordering that Plaintiff file a properly formatted federal
15 complaint by no later than November 16, 2007. *See* October 23, 2007 Order, a true and correct
16 copy of which is attached hereto as Exhibit A.

17 Defendant notes that, given the pending Case Management Conference, scheduled for
18 November 27, 2007, and the due date of the present Joint Case Management Statement
19 ("Statement"), Defendant engaged in meet and confer discussions with Plaintiff, seeking earlier
20 receipt of the Third Amended Complaint. Attached hereto as Exhibit B is a true and correct copy
21 of such meet and confer discussions. Plaintiff originally agreed to serve the Third Amended
22 Complaint on November 5. However, Plaintiff subsequently informed Defendant that he would
23 not be filing his amended complaint early, but that: the new Third Amended Complaint would not
24 add any new parties; would be "essentially a reformatting of the state court complaint to conform
25 to Federal pleading form;" and that Plaintiff may file a motion for leave to file a Fourth Amended
26 Complaint, which would "add new parties and theories of recovery." Plaintiff's Counsel also apologized for the delay in getting the 3RD AC
27 Defendant received the Third Amended Complaint on November 16, 2007 (which, despite
28 Plaintiff's earlier representation, does add new theories of recovery) and has not had the to defense counsel. (See Ex "C").

JOINT REPORT                                                          CASE NO. 07-4301 EDL

1  opportunity to fully analyze this complaint. Therefore, Defendant notes that it is still analyzing
2  the Third Amended Complaint as of the time of submitting this statement. *Plaintiff believes*
3  *Defendant has already analyzed the Third Amended* Plaintiff may file a motion for leave to file a Fourth Amended Complaint, which would
4  add additional defendants that will have to be served. *Complaint as it has*
5  *had it for 4 days now.*

## FACTS

6  Plaintiff is a former officer and director of Defendant. In his Third Amended Complaint,
7  Plaintiff alleges that Defendant entered into two promissory notes, and has breached those notes
8  by failing to pay Plaintiff $51,617.32 (including principal and interest due under the terms of the
9  notes), which Plaintiff alleges as damages. Plaintiff also alleges that Defendant failed to pay
10 Plaintiff certain amounts pursuant to an "account stated," totaling $17,000; certain wages, totaling
11 $46,786.80, plus attorneys fees under the applicable labor code for having to sue to recover the
12 back wages owed to Plaintiff by Defendant; and certain monies advanced on behalf of the
13 defendant, totaling $10,092.09. *which have not been reimbursed by* Plaintiff furthermore alleges that Defendant is liable for
14 defamation. Plaintiff contends he is also entitled to recover his attorneys' fees on the promissory *Defendant despite repeated requests*
15 notes due to an attorneys' fees clause in those contracts. *for same.*
16 ~~Def~~ *Plaintiff alleges that Defendant has unclean* Defendant disputes that it owes any of the above amounts to Plaintiff because Defendant
17 believes that these amounts may have already been paid to Plaintiff and/or are offset by other sums *hands.*
18 received by Plaintiff from Defendant, as well as Plaintiff's unclean hands. Defendant additionally
19 believes that the defamation cause of action is without merit. Defendant has various
20 counterclaims, including, but not limited to, breach of fiduciary duty, as against Plaintiff, which
21 Defendant will allege in its responsive pleading. Finally, Plaintiff's administrative claim for
22 allegedly outstanding wages was dismissed by the Department of Labor. Attached hereto as
23 Exhibit D is the Notice of Dismissal effectuating same. *Plaintiff believes*
24 *the administrative claim has no bearing*
25 *on any issue in this case and has asked*

## LEGAL ISSUES

25 Defendant believes that some of Plaintiff's wage claims and claims regarding the
26 promissory notes are barred by the statute of limitations. Plaintiff contends that none of his claims
27 are barred by the applicable statutes of limitations.
28 *Defendant to withdraw it from*
*this Joint Report to no avail.*

JOINT REPORT                                         CASE No. 07-4301 EDL

1  Defendant furthermore questions the enforceability of the promissory notes, given that
2  Plaintiff himself executed them, and they were "ratified" under allegedly false pretenses.
3  Plaintiff contends that the notes were expressly approved by Defendant and Mr. de Souza,
4  who attended the board meeting, was elected as a member of the board and asked questions about
5  the various amounts due Plaintiff under the notes and past due wages Defendant before expressly approved and
6  ratified those notes and amounts due Plaintiff. Plaintiff contends that the notes are enforceable
7  and the only fraud is by Defendant.
8  Defendant also contends that the claim for defamation is barred by the litigation privilege.
9  Plaintiff contends that the litigation privilege has no application here as Defendant sent the
10  defamatory letter to all shareholders which was done outside the litigation.
11  Plaintiff contends that the mere fact that Defendant attached the allegedly defamatory letter to one
12  of its pleadings filed with this Court does not make the extra litigation mailing of the defamatory letter
13  somehow privileged.

## MOTIONS

Prior Motions

16  Plaintiff filed an Ex Parte Application for Right to Attach Order on August 22, 2007.
17  After briefing and a hearing on the matter, the Court ordered Defendant to post a bond, which was
18  posted on September 13, 2007.
19  Plaintiff filed an Ex Parte Application for a TRO on September 6, 2007, which was denied
20  by the Court on September 12, 2007.
21  Defendant filed a Motion to Strike Plaintiff's Fourth Amended Complaint on September 7,
22  2007. The Court granted Defendant's motion on October 23, 2007, and granted Plaintiff leave to
23  file one more amended complaint by November 16, 2007, "but he may not file any subsequent
24  complaints without the Court's permission." (See Court's October 23, 2007 Order at p. 4:5-6.)
25  Pending Motions
26  There are no pending motions before the Court.
27  //
28  //

JOINT REPORT                                                    CASE NO. 07-4301 EDL

## Brenner, Lina M.

| | |
|---|---|
| From: | Debbie Vajretti [dv@ryansteiner.com] |
| Sent: | Tuesday, November 20, 2007 3:31 PM |
| To: | Brenner, Lina M. |
| Cc: | 'Jeff Ryan' |
| Subject: | Emailing: 20071120152956794.pdf |
| Attachments: | 20071120152956794.pdf |



20071120152956794.pdf (395 KB)...

Attached are the changes for the rest of the Joint Report.

1  Anticipated Motions

2      Plaintiff may file a motion seeking leave of court to file an additional amended complaint
3  naming additional defendants and theories of recovery.

4      As Defendant only received the Third Amended Complaint on November 16, it is
5  considering filing a motion to dismiss certain of the causes of action pursuant to Federal Rule of
6  Civil Procedure 12(b)(6). Plaintiff believes such motion would be frivolous and if actually filed,
7  Plaintiff will seek sanctions under rule 11 against the Defendant and its counsel.

8      Defendant also expects that it will file motions to summarily adjudicate some of the legal
9  issues discussed above, such as the statute of limitations issue. Plaintiff will file a rule 11 motion
10 for sanctions if Defendant chooses to file such a motion as Plaintiff alleges there is no basis for
11 same. Plaintiff contends that there are no statute of limitations issues in the current complaint.

12     **AMENDMENT TO PLEADINGS**

13     Plaintiff filed a Third Amended Complaint on or about September 5, 2007, and an "errata"
14 to same (referenced as the FAC by the Court in its October 23, 2007 Order) on or about September
15 6, 2007. In the Court's October 23, 2007 Order, the Court granted Plaintiff leave to file one more
16 amended complaint by November 16, 2007. In correspondence to Defendant's counsel on
17 November 6, 2007, Plaintiff's counsel represented that he would later seek leave to further amend
18 the complaint to add "new parties and theories of recovery." (*See* Exhibit B, Jeffrey Ryan's
19 11/6/07 Email Correspondence to Lina M. Brenner.) [handwritten: *Nothing has changed*
20 Plaintiff filed a new Third Amended Complaint on November 16, 2007. [handwritten: *as Plaintiff will seek leave of this Court if he*]

21     Defendant plans on filing counterclaims against Plaintiff comprising various causes of
22 action, including, but not limited to, Plaintiff's [handwritten insert: *alleged*] breach of fiduciary duties, at the time its responsive
23 pleading is due.

24     **EVIDENCE PRESERVATION**

25     Defendant has retrieved and is in possession of corporate documents that were previously
26 in the possession of Plaintiff. Defendant believes that there are various corporate documents that
27 are missing, which will require investigation on the part of the Defendant, as discovery proceeds.
28 [handwritten: *decides to add new parties.*]

JOINT REPORT                                                              CASE NO. 07-4301 EDL

1  Plaintiff contends that he turned over all corporate documents to Defendant many months ago but [^until recently.]
2  that Defendant refused to take possession of same. [^If any documents are missing it will be because Defendant has lost them.]
3  Defendant also contends that WNI source code, delivered pursuant to Court Order, did not
4  include the notes and explanations that should have been prepared by the engineers working under
5  the supervision of Plaintiff. Defendant will conduct an investigation concerning this issue once
6  the recently filed, further amended complaint has been analyzed.
7     Plaintiff contends that there was no such requirement to prepare "notes and explanations"
8  for the source code [^in this Court's order or otherwise,] and that if Mr. de Souza wanted help with understanding the source code from
9  the engineers, he should have paid them the wages they were owed instead of ~~allegedly~~ "stiffing"
10  them like he ~~allegedly~~ did the Plaintiff. Plaintiff contends that Mr. de Souza has been calling
11  Plaintiff and asking him for help on the source code and Plaintiff has respectfully declined to do so
12  as he contends he is owed a lot of money (more than $100,000) from Defendant and that
13  Defendant refuses to pay him. Defendant denies these allegations [^and] will conduct an investigation
14  once it has had a chance to analyze the recently filed further amended complaint. [^Plaintiff believe Defendant has already analyzed the complaint.]

### DISCLOSURES

16  Plaintiff and Defendant will each serve initial disclosures on November 20, 2007, pursuant
17  to the Court's August 21, 2007 order.
18  Description of Disclosures: Plaintiff
19     Plaintiff will provide Defendant with all relevant documents in his control which support
20  his claims against Defendant as well as a list of witnesses who can support his claims. Plaintiff
21  reserves the right to supplement such Initial Disclosures.
22  Description of Disclosures: Defendant
23     Defendant will provide Plaintiff with documents relevant to some of Plaintiff's claims
24  against Defendant, as well as the identification of witnesses known to Defendant at this time.
25  Defendant reserves its right to supplement such Initial Disclosure production once it has had an
26  opportunity to analyze the further amended complaint Plaintiff recently filed.
27  //
28

JOINT REPORT                                                    CASE NO. 07-4301 EDL

1  **DISCOVERY**

2  <u>Discovery Taken to Date</u>

3  No discovery has been taken to date.

4  <u>Scope of Anticipated Discovery: Plaintiff</u>

5  Plaintiff anticipates serving Defendant with interrogatories, requests for production of
6  documents, and requests for admission relevant both to Plaintiff's claim against Defendant, and
7  Defendant's counterclaim against Plaintiff, once that is on file.

8  <u>Scope of Anticipated Discovery: Defendant</u>

9  Defendant anticipates serving Plaintiff with interrogatories, requests for production of
10 documents, and requests for admission relevant both to Plaintiff's claim against Defendant, and
11 Defendant's counterclaim against Plaintiff, once that is on file. Defendant plans to take Plaintiff's
12 deposition, as well as other percipient witness depositions, as needed. Defendant also plans to
13 serve third party subpoenas, seeking financial and related records relating to Plaintiff's claims.
14 Should Plaintiff further amend the complaint to add new parties, Defendant will have to reevaluate
15 the anticipated discovery at that time.

16 <u>Proposed Discovery Schedule</u>

17 ~~Plaintiff and~~ Defendant believes [D] it is premature at this time to develop a proposed discovery
18 schedule, given that Plaintiff's Third Amended Complaint was just filed. Plaintiff may seek to file
19 a Fourth Amended Complaint, and Defendant's answer and counterclaim are not yet on file.
20 ~~However, the parties~~ *Defendant* suggests a further case management conference 60 days after the responsive
21 pleadings are on file, by which time the parties will be better able to address this issue. *Plaintiff*
22 *believes a discovery plan can easily be*
    **CLASS ACTIONS**
23 *put in place now and that the case should*
    This case is not a class action. *be set for trial at the*
24                                    **RELATED CASES** *earliest possible*
25 There are currently no related cases or proceedings pending. As the Court was previously *date.*
26 informed, Plaintiff had an administrative claim for unpaid wages pending before the California
27 Labor Commissioner, which claim was dismissed based on the existence of this lawsuit.
28

JOINT REPORT                                                           CASE NO. 07-4301 EDL

## RELIEF

Plaintiff seeks more than $75,000 in damages, in addition to interest and attorneys fees.

Defendant's counterclaim will seek damages, according to proof at trial.

## SETTLEMENT AND ADR

~~Once an operative complaint and responsive pleadings are on file, the parties will be better situated to consider settlement or ADR.~~

Plaintiff contends that he has been engaged in informal settlement negotiations directly with Mr. de Souza and was seemingly making progress until Mr. de Souza told Plaintiff that his counsel told him not to discuss settlement anymore with the Plaintiff. Plaintiff is prepared at this time to engage in any form of ADR including but not limited to mediation through the Court, or private mediation. *Defendant is not prepared to consider any form of ADR at this time as it believes it is premature to do so.*

## CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

Plaintiff and Defendant consent to have this Court conduct all further proceedings.

## OTHER REFERENCES

Plaintiff believes that this case is suitable for reference to binding arbitration The parties do not believe, at least at this time, that this case is suitable for reference to a special master, or the Judicial Panel on Multidistrict Litigation.

## NARROWING OF ISSUES

Defendant contends that the issues can be narrowed by motions regarding the statute of limitations on Plaintiff's claims. Plaintiff does not believe any of the issues can be narrowed at this time as Plaintiff contends there is no merit to the statute of limitations argument.

## EXPEDITED SCHEDULE

The parties believe that this is the type of case that can be handled on an expedited basis with streamlined procedures.

## SCHEDULING

~~Plaintiff and~~ Defendant believes it is premature at this time to develop a proposed schedule, given that Plaintiff's Third Amended Complaint was just filed, Plaintiff may seek to file a Fourth Amended Complaint, and Defendant's answer and counterclaim are not yet on file. ~~However, as~~

1 | ~~stated above, the parties suggest a further case management conference 60 days after the~~ Plaintiff, on the other hand, believes a scheduling order is appropriate at this
2 | ~~responsive pleadings are on file, by which time the parties will be better able to address this issue.~~ time and that a trial date should be set
3 | **TRIAL**
4 | This case will be tried to a jury. Including Defendant's counterclaim, which is not yet on
5 | file, the parties estimate that trial will take five days.
6 | **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**
7 | Plaintiff
8 | Plaintiff has not filed a "Certification of Interested Entities or Parties" pursuant to Civil
9 | Local Rule 3-16 as there are none that he is aware of other than those set forth below.
10 | Defendant
11 | Defendant filed a "Certification of Interested Entities or Parties" on August 21, 2007,
12 | pursuant to Civil Local Rule 3-16. Pursuant to the Standing Order regarding the content of Joint
13 | Case Management Statements, Defendant restates this certification as follows:
14 | Pursuant to Civil Local Rule 3-16, the undersigned certifies that the following listed
15 | persons, associations of person, firms, partnerships, corporations (including parent corporations)
16 | or other entities (i) have a financial interest in the subject matter in controversy or in a party to the
17 | proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be
18 | substantially affected by the outcome of this proceeding:
19 |     1.    MRG International Inc. – the majority shareholder of Defendant Wireless
20 | Networks, Inc. ("WNI").
21 |     2.    Ruy Rothschild de Souza – the principal of MRG International Inc.
22 |     3.    Wireless Networks do Brasil, LTDA – a subsidiary of WNI.
23 | **Such other matters as may facilitate the just, speedy and inexpensive disposition of**
24 | **this matter.**
25 | ~~As stated above, the parties suggest a further case management conference 60 days after~~
26 | ~~the responsive pleadings are on file, by which time the parties will be better able to address~~
27 | ~~discovery and case scheduling issues.~~
28 |

JOINT REPORT                                                          CASE NO. 07-4301 EDL

| | | |
|---|---|---|
| Dated: November ____, 2007 | | **DUANE MORRIS LLP** |
| | By: | /s/ Lina M. Brenner |
| | | Lina M. Brenner |
| | | Jessica E. La Londe |
| | | Attorneys for Defendant |
| | | WIRELESS NETWORKS, INC. |
| Dated: November ____, 2007 | | **RYAN & STEINER** |
| | By: | /s/ Jeffrey F. Ryan |
| | | Jeffrey F. Ryan |
| | | Attorneys for Plaintiff |
| | | CHARLES M. BROWN |