Lina M. Brenner (SBN 191075)
Jessica E. La Londe (SBN 235744)
**DUANE MORRIS LLP**
One Market, Spear Tower, Suite 2000
San Francisco, CA 94105-1104
Telephone: 415.957.3000
Facsimile: 415.957.3001
E-mail:   lmbrenner@duanemorris.com
          Jelalonde@duanemorris.com

Daniel J. Herling
Keller & Heckman LLP
50 California Street, Suite 1500
San Francisco, California  94111
T:  (415) 277-5965
F:  (415) 277-5945
E-mail:  herling@khlaw.com

Attorneys for Defendant
WIRELESS NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| CHARLES M. BROWN,<br><br>    Plaintiff,<br><br>    v.<br><br>WIRELESS NETWORKS, INC., a Delaware corporation,<br><br>    Defendant.<br><br>WIRELESS NETWORKS, INC., a Delaware corporation,<br><br>    Counter-claimant,<br><br>    v.<br><br>CHARLES M. BROWN,<br><br>    Counter-defendant. | Case No. C-07-04301 EDL<br><br>**DEFENDANT WIRELESS NETWORKS, INC.'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**<br><br>Dept:    Courtroom E, 15th Floor<br>Judge:   Mag. Elizabeth D. Laporte |

Now comes Defendant Wireless Networks, Inc. ("WNI") and responds to Plaintiff's Third Amended Complaint as follows:

## PARTIES

1. WNI has neither knowledge nor information sufficient to form a belief about the allegations contained in paragraph 1 of Plaintiff's Third Amended Complaint, and therefore denies the allegation therein.

2. WNI admits that it is a Delaware corporation with its principal place of business in Brazil.

## JURISDICTION AND VENUE

3. WNI admits the allegations in paragraph 3.

## GENERAL ALLEGATIONS

4. WNI admits the allegations in paragraph 4.

5. WNI denies each and every allegation in paragraph 5.

## FIRST CLAIM FOR RELIEF – ACCOUNT STATED

6. WNI denies each and every allegation in paragraph 6.

7. WNI denies each and every allegation in paragraph 7.

8. WNI denies each and every allegation in paragraph 8, and further denies that Plaintiff has been damaged in, or is entitled to, the amount alleged or any sum or sums whatsoever.

## SECOND CLAIM FOR RELIEF – BREACH OF WRITTEN CONTRACT

9. WNI denies each and every allegation in paragraph 9.

10. WNI admits that the minutes of the April 19, 2005 board meeting state that the promissory note was approved and ratified. WNI denies each and every other allegation in paragraph 10.

11. WNI denies each and every allegation in paragraph 11, and further denies that Plaintiff has been damaged in, or is entitled to, the amount alleged or any sum or sums whatsoever.

///

### THIRD CLAIM FOR RELIEF – BREACH OF WRITTEN CONTRACT

12. WNI denies each and every allegation in paragraph 12.

13. WNI admits that the minutes of the April 19, 2005 board meeting state that the promissory note was approved and ratified. WNI denies each and every other allegation in paragraph 13.

14. WNI denies each and every allegation in paragraph 14, and further denies that Plaintiff has been damaged in, or is entitled to, the amount alleged or any sum or sums whatsoever.

### FOURTH CLAIM FOR RELIEF – UNPAID WAGES

15. WNI denies each and every allegation in paragraph 15, and further denies that Plaintiff has been damaged in, or is entitled to, the amount alleged or any sum or sums whatsoever.

### FIFTH CLAIM FOR RELIEF – CALIFORNIA LABOR CODE 2802 FOR MONEY PAID AT DEFENDANT'S SPECIAL INSTANCE AND REQUEST

16. WNI denies each and every allegation in paragraph 16, and further denies that Plaintiff has been damaged in, or is entitled to, the amount alleged or any sum or sums whatsoever.

### SIXTH CLAIM FOR RELIEF – DEFAMATION

17. WNI has neither knowledge nor information sufficient to form a belief about the allegations contained in paragraph 17 of Plaintiff's complaint, and therefore denies the allegation therein.

18. WNI denies each and every allegation in paragraph 18, except that WNI admits that Ruy Rothschild de Souza sent the September 7, 2007 letter, attached to Plaintiff's Third Amended Complaint as Exhibit E, to the shareholders of WNI.

19. WNI denies each and every allegation in paragraph 19.

20. WNI denies each and every allegation in paragraph 20.

21. WNI denies, on information and belief, each and every allegation in sentences 1 and 2 of paragraph 21. With respect to sentence 3 of paragraph 21, WNI has neither knowledge

nor information sufficient to form a belief about the allegations contained in that sentence of Plaintiff's Third Amended Complaint, and therefore denies the allegation therein.

22.     WNI denies each and every allegation in paragraph 22.

23.     WNI denies each and every allegation in paragraph 23, and further denies that Plaintiff has been damaged in, or is entitled to, the amount alleged or any sum or sums whatsoever.

**FIRST AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

24.     Plaintiff's claims are or may be barred, in whole or in part, to the extent they fail to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**
**(Statute of Limitations)**

25.     Plaintiff's claims are or may be barred, in whole or in part, by the applicable statute of limitations, including Cal. Code Civ. Proc. §§ 337, 339, 340, and Cal. U. Com. Code § 3118.

**THIRD AFFIRMATIVE DEFENSE**
**(Laches)**

26.     Plaintiff's claims are or may be barred, in whole or in part, by the equitable doctrine of laches.

**FOURTH AFFIRMATIVE DEFENSE**
**(Unclean Hands)**

27.     Plaintiff's claims are or may be barred, in whole or in part, by the equitable doctrine of unclean hands.

**FIFTH AFFIRMATIVE DEFENSE**
**(Waiver and Estoppel)**

28.     Plaintiff's claims are or may be barred, in whole or in part, by Plaintiff's own conduct and/or by the equitable doctrines of waiver and estoppel.

///
///

### SIXTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

29. Plaintiff's claims are or may be barred, in whole or in part, to the extent Plaintiff failed to mitigate his damages, if any.

### SEVENTH AFFIRMATIVE DEFENSE
### (Conduct of Others)

30. Plaintiff's claims are or may be barred, in whole or in part, to the extent Plaintiff did not suffer damages attributable to the action or inaction of WNI.

### EIGHTH AFFIRMATIVE DEFENSE
### (Justification)

31. Plaintiff's claims are or may be barred, in whole or in part, to the extent any conduct allegedly engaged in by WNI was reasonable, based upon independent, legitimate business and economic justifications.

### NINTH AFFIRMATIVE DEFENSE
### (Contract Not Just or Reasonable)

32. Plaintiff's claims are or may be barred, in whole or in part, to the extent the contracts alleged in Plaintiff's Third Amended Complaint are not just and reasonable as to WNI, pursuant to California Civil Code § 3391(2).

### TENTH AFFIRMATIVE DEFENSE
### (Performance of Contract)

33. Plaintiff's claims are or may be barred, in whole or in part, to the extent the contracts alleged in Plaintiff's Third Amended Complaint were performed.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Accord and Satisfaction)

34. Plaintiff's claims are or may be barred, in whole or in part, to the extent the contracts alleged in Plaintiff's Third Amended Complaint were subject to an accord and satisfaction.

///

### TWELFTH AFFIRMATIVE DEFENSE
### (Novation)

35. Plaintiff's claims are or may be barred, in whole or in part, to the extent the contracts alleged in Plaintiff's Third Amended Complaint were subject to a novation.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Rescission, Repudiation, and/or Termination of Contract)

36. Plaintiff's claims are or may be barred, in whole or in part, to the extent the contracts alleged in Plaintiff's Third Amended Complaint were rescinded, repudiated, and/or terminated.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Mistake)

37. Plaintiff's claims are or may be barred, in whole or in part, to the extent the contracts alleged in Plaintiff's Third Amended Complaint were the result of a mistake.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Setoff)

38. Plaintiff's claims are or may be barred, in whole or in part, to the extent WNI is entitled to a setoff or offset of any amounts allegedly owing to Plaintiff by amounts Plaintiff owes WNI.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Sham Transaction)

39. Plaintiff's claims are or may be barred, in whole or in part, to the extent they are the result of a sham transaction.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Bad Faith)

40. Plaintiff's claims are or may be barred, in whole or in part, to the extent Plaintiff breached the implied covenant of good faith and fair dealing.

///

///

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Fraud)

41.   Plaintiff's claims are or may be barred, in whole or in part, to the extent Plaintiff committed fraud.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Uncertainty)

42.   Plaintiff's claims are or may be barred, in whole or in part, to the extent they are vague, ambiguous, uncertain, and/or unintelligible.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Truth)

43.   Plaintiff's claim of defamation is barred, in whole or in part, to the extent the alleged defamatory statements are true.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Litigation Privilege)

44.   Plaintiff's claims are or may be barred, in whole or in part, by the litigation privilege.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Reservation of Rights)

45.   WNI reserves the right to raise additional affirmative defenses as they become known through discovery in this matter.

## RELIEF REQUESTED

46.   WNI respectfully request that:

    (a)   Plaintiff take nothing by way of his complaint against WNI;

    (b)   Plaintiff's complaint against WNI be dismissed with prejudice;

    (c)   WNI recovers its attorneys' fees, costs and disbursements incurred in this action as appropriate; and

///

///

1    (d)    WNI be awarded such other and further relief, in law and in equity, as this
2 Court deems just and proper.

4 Dated: December 6, 2007                    DUANE MORRIS LLP

7                                By:    /s/ Lina M. Brenner
                                        Lina M. Brenner
                                        Jessica E. La Londe
8                                       Attorneys for Defendant
                                        WIRELESS NETWORKS, INC.