JEFFREY F. RYAN, ESQ. SBN 129079
RYAN & STEINER
An Association of Attorneys
455 North Whisman Road, Suite 200
Mountain View, CA 94043-5721
Telephone:    (650) 691-1430
Facsimile:    (650) 968-2685

Attorneys for Plaintiff,
CHARLES M. BROWN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES M. BROWN,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>WIRELESS NETWORKS, INC., a Delaware corporation, and DOES 1 THROUGH 50,<br><br>　　　　Defendants. | Case No.: C-07-04301 EDL<br><br>COUNTER-DEFENDANT CHARLES M. BROWN'S ANSWER TO COUNTER-CLAIMANT'S COUNTER-CLAIM AGAINST PLAINTIFF CHARLES M. BROWN |

Now comes Counter-defendant Charles M. Brown ("Brown" or "Counter-defendant") and responds to Counter-claimant's Counterclaim as follows:

**JURISDICTION**

Brown is informed and believes and based thereon admits the allegations in paragraph 1.

Brown is informed and believes and based thereon admits the allegations in paragraph 2.

**GENERAL ALLEGATIONS**

1.　Brown has neither knowledge nor information sufficient to form a belief about the allegations contained in paragraph 3 of Counter-claimant's Counterclaim, if any, and therefore denies the allegations therein.

2.　Brown is informed and believes and based thereon admits the allegations in paragraph 4.

3.　Brown is informed and believes and based thereon admits the allegations in

1  paragraph 5.

2      4.    Brown does not have information sufficient to form a belief about the remaining allegations contained in paragraph 6, and therefore denies the allegations therein, except admits and alleges that Brown was an officer and director of WNI; that a wholly-owned subsidiary called Wireless Networks do Brasil, was formed in 1999; that he was an officer and director of WNI; that WNI entered into an Option Agreement with Souza/Cruzamerica/MRG International ("MRG") sometime in 2002; that Souza/Cruzamerica/MRG International ("MRG") acquired a majority interest in WNI in April 2005; that Souza/Cruzamerica/MRG International ("MRG") were the "alter ego" of Mr. Ruy de Souza, and that Souza completely controlled, dominated, managed and operated the corporate entities. Brown denies the allegation that pursuant to an Option Agreement, MRG agreed to lend to WNI approximately $4 M (USD).

    5.    Brown denies the allegations of paragraph 7, except admits and alleges that Brown was an officer and director of WNI with duties and responsibilities appurtenant to those positions.

    6.    Brown denies the allegations of paragraph 8, except admits and alleges that Brown was an officer and director of WNI with duties and responsibilities appurtenant to those positions.

    7.    Brown denies each and every allegation in paragraph 9.

    8.    Brown denies the allegations of paragraph 10, except admits and alleges that Brown was an officer and director of WNI with duties and responsibilities appurtenant to those positions.

    9.    Brown denies each and every allegation in paragraph 11. Brown further denies that Counter-claimant has been damaged in, or entitled to, the amount alleged or any sum or sums whatsoever.

    10.    Brown denies each and every allegation in paragraph 12.

    11.    Brown denies each and every allegation in paragraph 13.

    12.    Brown denies each and every allegation in paragraph 14.

    13.    Brown denies each and every allegation in paragraph 15.

14. Brown denies each and every allegation in paragraph 16.

15. Brown denies each and every allegation in paragraph 17, except admits and alleges that, acting upon advice of acting counsel for the Company, Mr. Frank Sudia, an NDA was sent to a single employee of WNI for the purpose of general discussion of technology unrelated to the business of WNI, and other unrelated persons. Brown denies that Cedric Berger, Dan Cochran, Bob Arasmith or Michael Hu were employees of WNI, but alleges they were unrelated parties desirous of participating in discussions. Brown further denies that Counter-claimant has been damaged in, or entitled to, the amount alleged or any sum or sums whatsoever. Brown denies each and every allegation in paragraph 18, and further denies that Counter-claimant has been damaged in, or entitled to, the amount alleged or any sum or sums whatsoever. Brown denies each and every allegation in paragraph 19, and further denies that Counter-claimant has been damaged in, or entitled to, the amount alleged or any sum or sums whatsoever.

16. Brown denies each and every allegation in paragraph 20.

17. Brown denies each and every allegation in paragraph 21, except admits and alleges that WNB was WNI's wholly-owned subsidiary.

18. Brown denies each and every allegation in paragraph 22.

19. Brown denies each and every allegation in paragraph 23.

20. Brown denies each and every allegation in paragraph 24, and further denies that Counter-claimant has been damaged in, or entitled to, the amount alleged or any sum or sums whatsoever.

21. Brown denies each and every allegation in paragraph 25, and further denies that Counter-claimant has been damaged in, or entitled to, the amount alleged or any sum or sums whatsoever.

22. Brown denies each and every allegation in paragraph 26, and further denies that Counter-claimant has been damaged in, or entitled to, the amount alleged or any sum or sums whatsoever.

23. Brown denies each and every allegation in paragraph 27.

24. Brown denies each and every allegation in paragraph 28.

25. Brown denies each and every allegation in paragraph 29.

26. Brown has neither knowledge nor information sufficient to form a belief about the allegations contained in paragraph 30 of Counter-claimant's Counterclaim, and therefore denies the allegation therein.

27. Brown has neither knowledge nor information sufficient to form a belief about the allegations contained in paragraph 31 of Counter-claimant's Counterclaim, and therefore denies each and every allegation therein, except Brown admits and alleges that he appeared at a Deposition under threat of a Subpoena being issued to him by Mr. Hagan and that he was deposed by Mr. Hagan.

28. Brown denies each and every allegation in paragraph 32, except admits that he was deposed by Mr. Hagan. Brown further denies that Counter-claimant has been damaged in, or entitled to, the amount alleged or any sum or sums whatsoever.

29. Brown has neither knowledge nor information sufficient to form a belief about the allegations contained in paragraph 33 of Counter-claimant's Counterclaim, and therefore denies the allegation therein. Brown further denies that Counter-claimant has been damaged in, or entitled to, the amount alleged or any sum or sums whatsoever.

## FIRST CAUSE OF ACTION

### (Breach of Fiduciary Duty/Duty of Loyalty)

30. Brown has neither knowledge nor information sufficient to form a belief about the allegations contained in paragraph 34 of Counter-claimant's Counterclaim, and therefore denies the allegation therein.

31. Brown denies each and every allegation in paragraph 35, except admits and alleges that he was an officer and director of WNI.

32. Brown denies each and every allegation in paragraph 36(a) through 36(d), except admits and alleges that he was an officer and director of WNI. Brown further denies that Counter-claimant has been damaged in, or entitled to, the amount alleged or any sum or sums whatsoever.

33. Brown denies each and every allegation in paragraph 37, except admits and

1 alleges that he was an officer and director of WNI. Brown further denies that Counter-claimant has been damaged in, or entitled to, the amount alleged or any sum or sums whatsoever.

34. Brown denies each and every allegation in paragraph 38. Brown further denies that Counter-claimant has been damaged in, or entitled to, the amount alleged or any sum or sums whatsoever.

35. Brown denies each and every allegation in paragraph 39. Brown further denies that Counter-claimant has been damaged in, or entitled to, the amount alleged or any sum or sums whatsoever.

36. Brown denies each and every allegation in paragraph 40. Brown further denies that Counter-claimant has been damaged in, or entitled to, the amount alleged or any sum or sums whatsoever.

## SECOND CAUSE OF ACTION

### (Intentional Misrepresentation)

37. Brown has neither knowledge nor information sufficient to form a belief about the allegations contained in paragraph 41 of Counter-claimant's Counterclaim, and therefore denies the allegation therein. Brown further denies that Counter-claimant has been damaged in, or entitled to, the amount alleged or any sum or sums whatsoever.

38. Brown denies each and every allegation in paragraph 42.

39. Brown denies each and every allegation in paragraph 43.

40. Brown denies each and every allegation in paragraph 44, except admits and alleges that he was an officer and director of WNI. Brown further denies that Counter-claimant has been damaged in, or entitled to, the amount alleged or any sum or sums whatsoever.

41. Brown denies each and every allegation in paragraph 45, except admits and alleges that he was an officer and director of WNI. Brown further denies that Counter-claimant has been damaged in, or entitled to, the amount alleged or any sum or sums whatsoever.

42. Brown denies each and every allegation in paragraph 46, except admits and alleges that he was an officer and director of WNI. Brown further denies that Counter-claimant has been damaged in, or entitled to, the amount alleged or any sum or sums whatsoever.

43. Brown denies each and every allegation in paragraph 47. Brown further denies that Counter-claimant has been damaged in, or entitled to, the amount alleged or any sum or sums whatsoever.

44. Brown denies each and every allegation in paragraph 48. Brown further denies that Counter-claimant has been damaged in, or entitled to, the amount alleged or any sum or sums whatsoever.

## THIRD CAUSE OF ACTION

### (Negligent Misrepresentation)

45. Brown has neither knowledge nor information sufficient to form a belief about the allegations contained in paragraph 49 of Counter-claimant's Counterclaim, and therefore denies the allegations therein. Brown further denies that Counter-claimant has been damaged in, or entitled to, the amount alleged or any sum or sums whatsoever.

46. Brown denies each and every allegation in paragraph 50. Brown further denies that Counter-claimant has been damaged in, or entitled to, the amount alleged or any sum or sums whatsoever.

47. Brown denies each and every allegation in paragraph 51.

48. Brown denies each and every allegation in paragraph 52, except Brown admits and alleges that he was an officer and director of WNI. Brown further denies that Counter-claimant has been damaged in, or entitled to, the amount alleged or any sum or sums whatsoever.

49. Brown denies each and every allegation in paragraph 53, except Brown admits and alleges that he was an officer and director of WNI. Brown further denies that Counter-claimant has been damaged in, or entitled to, the amount alleged or any sum or sums whatsoever.

50. Brown denies each and every allegation in paragraph 54, except admits and alleges that he was an officer and director of WNI. Brown further denies that Counter-claimant has been damaged in, or entitled to, the amount alleged or any sum or sums whatsoever.

51. Brown denies each and every allegation in paragraph 55. Brown further denies that Counter-claimant has been damaged in, or entitled to, the amount alleged or any sum or sums whatsoever.

## FOURTH CAUSE OF ACTION

### (Conversion)

52. Brown has neither knowledge nor information sufficient to form a belief about the allegations contained in paragraph 56 of Counter-claimant's Counterclaim, and therefore denies the allegations therein. Brown further denies that Counter-claimant has been damaged in, or entitled to, the amount alleged or any sum or sums whatsoever.

53. Brown denies each and every allegation in paragraph 57(a) through 57(c). Brown further denies that Counter-claimant has been damaged in, or entitled to, the amount alleged or any sum or sums whatsoever.

54. Brown denies each and every allegation in paragraph 58. Brown further denies that Counter-claimant has been damaged in, or entitled to, the amount alleged or any sum or sums whatsoever.

55. Brown denies each and every allegation in paragraph 59. Brown further denies that Counter-claimant has been damaged in, or entitled to, the amount alleged or any sum or sums whatsoever.

## FIFTH CAUSE OF ACTION

### (Unjust Enrichment/Constructive Trust)

56. Brown has neither knowledge nor information sufficient to form a belief about the allegations contained in paragraph 60 of Counter-claimant's Counterclaim, and therefore denies the allegation therein. Brown further denies that Counter-claimant has been damaged in, or entitled to, the amount alleged or any sum or sums whatsoever.

57. Brown denies each and every allegation in paragraph 61, except Brown admits and alleges that he was an officer and director of WNI. Brown further denies that Counter-claimant has been damaged in, or entitled to, the amount alleged or any sum or sums whatsoever.

58. Brown has neither knowledge nor information sufficient to form a belief about the allegations contained in paragraph 62 of Counter-claimant's Counterclaim, and therefore denies the allegation therein. Brown further denies that Counter-claimant has been damaged in, or entitled to, the amount alleged or any sum or sums whatsoever.

59. Brown denies each and every allegation in paragraph 63. Brown further denies that Counter-claimant has been damaged in, or entitled to, the amount alleged or any sum or sums whatsoever.

60. Brown denies each and every allegation in paragraph 64. Brown further denies that Counter-claimant has been damaged in, or entitled to, the amount alleged or any sum or sums whatsoever.

61. Brown denies each and every allegation in paragraph 65. Brown further denies that Counter-claimant has been damaged in, or entitled to, the amount alleged or any sum or sums whatsoever.

62. Brown denies each and every allegation in paragraph 66. Brown further denies that Counter-claimant has been damaged in, or entitled to, the amount alleged or any sum or sums whatsoever.

63. Brown denies each and every allegation in paragraph 67. Brown further denies that Counter-claimant has been damaged in, or entitled to, the amount alleged or any sum or sums whatsoever.

64. Brown denies each and every allegation in paragraph 68. Brown further denies that Counter-claimant has been damaged in, or entitled to, the amount alleged or any sum or sums whatsoever.

## **SIXTH CAUSE OF ACTION**

**(Declaratory Relief)**

65. Brown has neither knowledge nor information sufficient to form a belief about the allegations contained in paragraph 69 of Counter-claimant's Counterclaim, and therefore denies the allegation therein. Brown further denies that Counter-claimant has been damaged in, or entitled to, the amount alleged or any sum or sums whatsoever.

66. Brown has neither knowledge nor information sufficient to form a belief about the allegations contained in paragraph 70 of Counter-claimant's Counterclaim, and therefore denies the allegation therein. Brown further denies that Counter-claimant has been damaged in, or entitled to, the amount alleged or any sum or sums whatsoever.

67. Brown has neither knowledge nor information sufficient to form a belief about the allegations contained in paragraph 71 of Counter-claimant's Counterclaim, and therefore denies the allegation therein. Brown further denies that Counter-claimant has been damaged in, or entitled to, the amount alleged or any sum or sums whatsoever.

68. Brown has neither knowledge nor information sufficient to form a belief about the allegations contained in paragraph 72 of Counter-claimant's Counterclaim, and therefore denies the allegation therein. Brown further denies that Counter-claimant has been damaged in, or entitled to, the amount alleged or any sum or sums whatsoever.

69. Brown has neither knowledge nor information sufficient to form a belief about the allegations contained in paragraph 73 of Counter-claimant's Counterclaim, and therefore denies the allegation therein. Brown further denies that Counter-claimant has been damaged in, or entitled to, the amount alleged or any sum or sums whatsoever.

### **FIRST AFFIRMATIVE DEFENSE**
### **(Failure to State a Claim)**

70. Counter-claimant's claims are or may be barred, in whole or in part, to the extent they fail to state a claim upon which relief can be granted.

### **SECOND AFFIRMATIVE DEFENSE**
### **(Statute of Limitations)**

71. Counter-claimant's claims are or may be barred, in whole or in part, by the applicable statute of limitations, including Cal. Code Civ. Proc. §§ 337, 339, 340, and Cal. U. Com. Code § 3118.

### **THIRD AFFIRMATIVE DEFENSE**
### **(Laches)**

72. Counter-claimant's claims are or may be barred, in whole or in part, by the equitable doctrine of laches.

### **FOURTH AFFIRMATIVE DEFENSE**
### **(Unclean Hands)**

73. Counter-claimant's claims are or may be barred, in whole or in part, by the

9
**BROWN'S ANSWER TO COUNTER-CLAIM**
BROWN V. WIRELESS NETWORKS, INC. CASE NO. C-07-04301 EDL

equitable doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

### (Waiver and Estoppel)

74. Counter-claimant's claims are or may be barred, in whole or in part, by Counter-claimant's own conduct and/or by the equitable doctrines of waiver and estoppel.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

75. Counter-claimant's claims are or may be barred, in whole or in part, to the extent counter-claimant failed to mitigate its damages, if any.

## SEVENTH AFFIRMATIVE DEFENSE

### (Conduct of Others)

76. Counter-claimant's claims are or may be barred, in whole or in part, to the extent Plaintiff did not suffer damages attributable to the action or inaction of WNI.

## EIGHTH AFFIRMATIVE DEFENSE

### (Justification)

77. Counter-claimant's claims are or may be barred, in whole or in part, to the extent any conduct allegedly engaged in by Brown was reasonable, based upon independent, legitimate business and economic justifications.

## NINTH AFFIRMATIVE DEFENSE

### (Contract Not Just or Reasonable)

78. Counter-claimant's claims are or may be barred, in whole or in part, to the extent the contracts alleged in Counter-claimant's Counterclaim are not just and reasonable as to Brown, pursuant to California Civil Code § 3391 (2).

## TENTH AFFIRMATIVE DEFENSE

### (Performance of Contract)

79. Counter-claimant's claims are or may be barred, in whole or in part, to the extent the contracts alleged in Counter-claimant's Counterclaim were performed.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Accord and Satisfaction)**

80.     Counter-claimant's claims are or may be barred, in whole or in part, to the extent the contracts alleged in Counter-claimant's Counterclaim were subject to an accord and satisfaction.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Novation)**

81.     Counter-claimant's claims are or may be barred, in whole or in part, to the extent the contracts alleged in Counter-claimant's Counterclaim were subject to a novation.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Rescission, Repudiation, and/or Termination of Contract)**

82.     Counter-claimant's claims are or may be barred, in whole or in part, to the extent the contracts alleged in Counter-claimant's Counterclaim were rescinded, repudiated, and/or terminated.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Mistake)**

83.     Counter-claimant's claims are or may be barred, in whole or in part, to the extent the contracts alleged in Counter-claimant's Counterclaim were the result of a mistake.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Setoff)**

84.     Counter-claimant's claims are or may be barred, in whole or in part, to the extent Brown is entitled to a setoff or offset of any amounts allegedly owing to Counter-claimant by amounts Counter-claimant owes Brown.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Sham Transaction)**

85.     Counter-claimant's claims are or may be barred, in whole or in part, to the extent they are the result of a sham transaction.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Bad Faith)**

86. Counter-claimant's claims are or may be barred, in whole or in part, to the extent Counter-claimant breached the implied covenant of good faith and fair dealing.

### EIGHTEENTH AFFIRMATIVE DEFENSE

**(Fraud)**

87. Counter-claimant's claims are or may be barred, in whole or in part, to the extent Counter-claimant committed fraud.

### NINETEENTH AFFIRMATIVE DEFENSE

**(Uncertainty)**

88. Counter-claimant's claims are or may be barred, in whole or in part, to the extent they are vague, ambiguous, uncertain, and/or unintelligible.

### TWENTIETH AFFIRMATIVE DEFENSE

**(Litigation Privilege)**

89. Counter-claimant's claims are or may be barred, in whole or in part, by the litigation privilege.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

**(Reservation of Rights)**

90. Brown reserves the right to raise additional affirmative defenses as they become known through discovery in this matter.

### RELIEF REQUESTED

BROWN respectfully request that:

1. Counter-claimant's counterclaim against Brown be dismissed with prejudice; Brown be awarded payments due under the Promissory Notes and Unpaid Salary, plus interest; Brown recovers his attorneys' fees, costs and disbursements incurred in this action as appropriate;

///

///

///

1    2.    Brown be awarded punitive or exemplary damages for Defamation of his character and an attempt to interfere with his livelihood; and

3.    Brown be awarded such other and further relief, in law and in equity, as this Court deems just and proper.

Dated:  December 13, 2007                    RYAN & STEINER

By:    /s/  Jeffrey F. Ryan
Jeffrey F. Ryan
Attorneys for Counter-defendant
CHARLES M. BROWN