Lina M. Brenner (SBN 191075)
Jessica E. La Londe (SBN 235744)
**DUANE MORRIS LLP**
One Market, Spear Tower, Suite 2000
San Francisco, CA 94105-1104
Telephone: 415.957.3000
Facsimile: 415.957.3001
E-mail: lmbrenner@duanemorris.com
          jelalonde@duanemorris.com

Daniel J. Herling
Keller & Heckman LLP
50 California Street, Suite 1500
San Francisco, California  94111
T:  (415) 277-5965
F:  (415) 277-5945
E-mail: herling@khlaw.com

Attorneys for Defendant
WIRELESS NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| CHARLES M. BROWN,<br><br>    Plaintiff,<br><br>  v.<br><br>WIRELESS NETWORKS, INC., a Delaware corporation,<br><br>    Defendant.<br><br>WIRELESS NETWORKS, INC., a Delaware corporation,<br><br>    Counter-claimant,<br><br>  v.<br><br>CHARLES M. BROWN,<br><br>    Counter-defendant. | Case No. C-07-04301 EDL<br><br>**COUNTER-CLAIMANT WIRELESS NETWORKS, INC.'S NOTICE OF MOTION AND MOTION TO STRIKE CERTAIN PHRASES IN COUNTER-DEFENDANT'S ANSWER AND FOR AN ORDER THAT CERTAIN ALLEGATIONS ARE DEEMED ADMITTED; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date:   February 19, 2008<br>Time:   9:00 a.m.<br>Dept:   Courtroom E, 15th Floor<br>Judge:  Mag. Elizabeth D. Laporte |

TO COUNTER-DEFENDANT AND HIS ATTORNEY OF RECORD:

PLEASE TAKE NOTICE THAT on February 19, 2008, at 9:00 a.m. or as soon thereafter as the matter may be heard in Courtroom E of the Honorable Elizabeth D. Laporte, located at 450 Golden Gate Avenue, San Francisco, CA 94102, counter-claimant Wireless Networks, Inc. ("WNI") will and hereby does move to strike certain phrases in counter-defendant ("Brown")'s Answer to WNI's Counterclaim pursuant to Fed. R. Civ. P. 12(f), and will and herby does move for an order that certain allegations in WNI's Counterclaim are deemed admitted. This motion is based on this Notice of Motion, the within Memorandum of Points and Authorities, the Declaration of Jessica E. La Londe filed concurrently with this Motion, and upon the papers, records, and pleadings on file herein.

With this Motion, WNI seeks to strike the following phrases in Brown's Answer to WNI's Counterclaim:

1. "that Souza/Cruzamerica/MRG International ('MRG') were the 'alter ego' of Mr. Ruy de Souza, and that Souza completely controlled, dominated, managed and operated the corporate entities." (Brown's Answer ¶ 4, page 2, lines 8-10.)

2. "acting upon advice of acting counsel for the Company, Mr. Frank Sudia, an NDA was sent to a single employee of WNI for the purpose of general discussion of technology unrelated to the business of WNI, and other unrelated persons. Brown denies that Cedric Berger, Dan Cochran, Bob Arasmith or Michael Hu were employees of WNI, but alleges they were unrelated parties desirous of participating in discussions." (Brown's Answer ¶ 15, page 3, lines 3-7.)

3. "admits and alleges that he appeared at a Deposition under threat of a Subpoena being issued to him by Mr. Hagan." (Brown's Answer ¶ 27, page 4, lines 7-9.)

With this Motion, WNI also seeks the Court to enter an order that the following allegations in WNI's Counterclaim are deemed admitted:

1. "In a now-concluded lawsuit entitled *Hagan v. Wireless Networks Inc.*, Case No. CIV 464141, filed in the San Mateo Superior Court, WNI's former attorney, James Hagan, filed a complaint against WNI on June 29, 2007, alleging unpaid legal bills." (WNI's Counterclaim ¶ 30.)

2. "On July 6, 2007, while Brown was still an officer and director of WNI, he volunteered to be deposed by Mr. Hagan in the *Hagan* lawsuit, without notifying the WNI board of directors and without representation of counsel. During this deposition, Brown made various statements allegedly on behalf of WNI, that were extremely harmful and detrimental to WNI, and which Brown had no authority to make. Specifically, among

other statements, Brown stated during the deposition that WNI held certain Source Code of value, that there was no reason Mr. Hagan's bills should not be paid, and that WNI had no legal defense that would justify the nonpayment of the promissory notes issued to Brown." (WNI's Counterclaim ¶ 31.)

3. "Based on Brown's deposition testimony, on July 11, 2007, Mr. Hagan obtained a writ of attachment against WNI with respect to the aforementioned Source Code. This Source Code sat in the Superior Court for San Mateo until approximately September 21, 2007. Without the Source Code, WNI could not properly or efficiently operate its business, resulting in damages in an amount to be proven at trial." (WNI's Counterclaim ¶ 33.)

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Brown filed an Answer to WNI's Counterclaim which inappropriately asserts new allegations, instead of simply admitting or denying WNI's allegations in accordance with Fed. R. Civ. P. 8. Because it is inappropriate to assert new allegations in an answer to a complaint, these allegations should be stricken from Brown's answer pursuant to Fed. R. Civ. P. 12(f).

In addition, Brown has stated that he has "neither knowledge nor information sufficient to form a belief about" certain allegations in WNI's Counterclaim, when he does or should based on reasonable inquiry have sufficient knowledge and information to either admit or deny these allegations, in violation of Fed. R. Civ. P. 11(b)(4). Therefore, those allegations should be deemed admitted.

### II.   FACTS AND BACKGROUND

Brown filed his Third Amended Complaint against WNI on November 16, 2007. WNI answered and filed a counterclaim against Brown on December 6, 2007. Brown served his answer to WNI's Counterclaim on December 20, 2007. On December 31, 2007, WNI wrote Brown's counsel a meet and confer letter, outlining the defects in Brown's answer to WNI's Counterclaim and asking him to amend such Answer. (*See* Declaration of Jessica E. La Londe ("La Londe Dec.") ¶ 3, Exhibit A.) Brown declined to voluntarily amend his Answer.

Mediation of this dispute is currently scheduled for January 23, 2007.

///

///

### III. ARGUMENT

#### A. The Court Should Strike Certain Allegations Made in Brown's Answer to WNI's Counterclaim

Certain allegations made in Brown's Answer to WNI's Counterclaim are inappropriate and should be stricken from Brown's Answer.

A party answering a complaint must either admit or deny (in whole or in part) an allegation or state that it lacks knowledge or information sufficient to admit or deny an allegation, in addition to setting forth any affirmative defenses. *See* Fed. R. Civ. Pro. 8. It is not appropriate, however, for the responding party to assert new and separate allegations in its answer to which the complaining party has no opportunity to respond; such allegations are only properly set forth in a separate, affirmative pleading, such as a counterclaim. *See* Fed. R. Civ. Pro. 13.

For these reasons, the following statements are inappropriate and should be stricken from Brown's Answer to WNI's Counterclaim:

1. "that Souza/Cruzamerica/MRG International ('MRG') were the 'alter ego' of Mr. Ruy de Souza, and that Souza completely controlled, dominated, managed and operated the corporate entities." (Brown's Answer ¶ 4, page 2, lines 8-10.)

2. "acting upon advice of acting counsel for the Company, Mr. Frank Sudia, an NDA was sent to a single employee of WNI for the purpose of general discussion of technology unrelated to the business of WNI, and other unrelated persons. Brown denies that Cedric Berger, Dan Cochran, Bob Arasmith or Michael Hu were employees of WNI, but alleges they were unrelated parties desirous of participating in discussions." (Brown's Answer ¶ 15, page 3, lines 3-7.)

3. "admits and alleges that he appeared at a Deposition under threat of a Subpoena being issued to him by Mr. Hagan." (Brown's Answer ¶ 27, page 4, lines 7-9.)

#### B. The Court Should Issue an Order that Certain of WNI's Allegations are Deemed Admitted

There are certain allegations in WNI's Counterclaim to which Brown has responded that he lacks knowledge or information sufficient to either admit or deny. However, with respect to these allegations, Brown should be able to either admit or deny them, as they concern what Brown himself knows, or what Brown should know after a reasonable inquiry under the circumstances. A denial stating that the responding party lacks knowledge or belief must be reasonably based and

made only after reasonable inquiry under the circumstances. *See* Fed. R. Civ. P. 11(b)(4). Moreover, "[A]n answer asserting want of knowledge sufficient to form a belief as to the truth of facts alleged in a complaint does not serve as a denial if the assertion of ignorance is obviously sham. In such circumstances the facts alleged in the complaint stand admitted." *American Photocopy Equip. Co. v. Rovico, Inc.*, 359 F.2d 745 (N.D. Ill. 1966) (quoting *Harvey Aluminum (Incorporated) v. N.L.R.B.*, 335 F.2d 749 (9th Cir. 1964)). Based on this standard, the following allegations in WNI's Counterclaim should be deemed admitted:

1. "In a now-concluded lawsuit entitled *Hagan v. Wireless Networks Inc.*, Case No. CIV 464141, filed in the San Mateo Superior Court, WNI's former attorney, James Hagan, filed a complaint against WNI on June 29, 2007, alleging unpaid legal bills." (WNI's Counterclaim ¶ 30.)

2. "On July 6, 2007, while Brown was still an officer and director of WNI, he volunteered to be deposed by Mr. Hagan in the *Hagan* lawsuit, without notifying the WNI board of directors and without representation of counsel. During this deposition, Brown made various statements allegedly on behalf of WNI, that were extremely harmful and detrimental to WNI, and which Brown had no authority to make. Specifically, among other statements, Brown stated during the deposition that WNI held certain Source Code of value, that there was no reason Mr. Hagan's bills should not be paid, and that WNI had no legal defense that would justify the nonpayment of the promissory notes issued to Brown." (WNI's Counterclaim ¶ 31.)

3. "Based on Brown's deposition testimony, on July 11, 2007, Mr. Hagan obtained a writ of attachment against WNI with respect to the aforementioned Source Code. This Source Code sat in the Superior Court for San Mateo until approximately September 21, 2007. Without the Source Code, WNI could not properly or efficiently operate its business, resulting in damages in an amount to be proven at trial." (WNI's Counterclaim ¶ 33.)

To each of these, Brown has responded, at least in part, that he has "neither knowledge nor information sufficient to form a belief about the allegations contained" therein. (*See* Brown's Answer to WNI's Counterclaim ¶¶ 26, 27, and 29.) However, each of WNI's allegations pertain to facts that Brown himself knows, or should know after a reasonable inquiry.

With respect to the allegation in paragraph 30 of WNI's Counterclaim, it is a matter of public record whether such lawsuit was filed. As such, it is not reasonably based on a reasonable inquiry under the circumstances, as required by Fed. R. Civ. P. 11(b)(4). Moreover, based on Brown's previous conduct, including sitting for a deposition in the *Hagan* matter and seeking attachment of the Source Code that was deposited with the court in the *Hagan* matter (as discussed

in previous papers filed with this Court), Brown has actual knowledge of the existence of this lawsuit, and, as such, should have admitted this allegation.

With respect to the allegations of paragraph 31, Brown admits only "that he appeared at a Deposition under threat of a Subpoena being issued to him by Mr. Hagan and that he was deposed by Mr. Hagan" (*see* Brown's Answer ¶ 27), but otherwise states that he has "neither knowledge nor information sufficient to form a belief about the allegations contained in paragraph 31 . . . " (*see id.*).  However, Brown himself would certainly have knowledge regarding whether he attended the deposition "voluntarily," "without notifying the WNI board of directors," and "without representation of counsel," as alleged in paragraph 31 of WNI's Counterclaim. Moreover, Brown himself also has knowledge regarding what he said at that deposition, including whether the following allegation should be admitted or denied:

> Brown made various statements allegedly on behalf of WNI, that were extremely harmful and detrimental to WNI, and which Brown had no authority to make. Specifically, among other statements, Brown stated during the deposition that WNI held certain Source Code of value, that there was no reason Mr. Hagan's bills should not be paid, and that WNI had no legal defense that would justify the nonpayment of the promissory notes issues to Brown.

It is nonsensical for a party to state that he has neither knowledge nor information regarding what he himself previously said and in what capacity he said it.  Because Brown did not either admit or deny this allegation, this allegation should also be deemed admitted.

Finally, with respect to WNI's allegations in paragraph 33, Brown has knowledge regarding these allegations and should have admitted or denied it.  This is clear from Brown's efforts in this litigation to date, including attempting to persuade the Court that it should attach the Source Code that was attached in the *Hagan* matter.  *See*, *e.g.*, Brown's Ex Part Application for Right to Attach Order, and supporting papers, filed on August 22, 2007.   In addition, Brown has himself made representations regarding this issue in his declarations.  *See* Declaration of Charles M. Brown in Support of Emergency Ex Parte Application for Right to Attach Order, filed on August 22, 2007, ¶ 27, page 11, lines 26-27 ("That is why Mr. Hagan deposited the source code with this [sic] Court.")

///

DM1\1270565.1                                           6

WNI'S NOTICE OF MOTION AND MOTION TO STRIKE/                       CASE NO. 07-4301 EDL
MOTION TO DEEM CERTAIN ALLEGATIONS ADMITTED; MPA IN SUPPORT

Brown therefore has or should have knowledge or information sufficient to either admit or deny the foregoing allegations in WNI's Counterclaim.  Because Brown stated that he lacks the ability to do so, the allegations of WNI's counterclaim outlined above should be deemed admitted by the Court.

## IV.     CONCLUSION

WNI respectfully asks this court for an order that: (1) the phrases set forth in section III.A. above should be stricken from Brown's Answer to WNI's Counterclaim pursuant to Fed. R. Civ. P. 12(f) because they do not conform to the requirements of Fed. R. Civ. P. 8, as they inappropriately assert new allegations; and (2) the allegations set forth in section III.B. above should be deemed admitted because Brown has knowledge or information sufficient to either admit or deny these allegations, yet stated that he could not do so.

Dated:  January 9, 2008                         DUANE MORRIS LLP


By:   /s/ Jessica E. La Londe
       Lina M. Brenner
       Jessica E. La Londe
       Attorneys for Defendant
       WIRELESS NETWORKS, INC.