1  Lina M. Brenner (SBN 191075)
   Jessica E. La Londe (SBN 235744)
2  **DUANE MORRIS LLP**
   One Market, Spear Tower, Suite 2000
3  San Francisco, CA 94105-1104
   Telephone: 415.957.3000
4  Facsimile: 415.957.3001
   E-mail:   lmbrenner@duanemorris.com
5             jelalonde@duanemorris.com

6  Daniel J. Herling
   Keller & Heckman LLP
7  50 California Street, Suite 1500
   San Francisco, California  94111
8  T:  (415) 277-5965
   F:  (415) 277-5945
9  E-mail:  herling@khlaw.com

10

   Attorneys for Defendant
11 WIRELESS NETWORKS, INC.

12

13                 UNITED STATES DISTRICT COURT

14              NORTHERN DISTRICT OF CALIFORNIA

15                       SAN FRANCISCO

16 CHARLES M. BROWN,                    | Case No. C-07-04301 EDL

17            Plaintiff,                | **[PROPOSED] ORDER GRANTING
                                          COUNTER-CLAIMANT WIRELESS
18      v.                               NETWORKS, INC.'S MOTION TO
                                          STRIKE CERTAIN PHRASES IN
19 WIRELESS NETWORKS, INC., a Delaware   COUNTER-DEFENDANT'S ANSWER
   corporation,                          AND MOTION TO DEEM CERTAIN
20                                        ALLEGATIONS ADMITTED**
            Defendant.
21
                                        | Date:     February 19, 2008
22 WIRELESS NETWORKS, INC., a Delaware  | Time:     9:00 a.m.
   corporation,                         | Dept:     Courtroom E, 15th Floor
23                                      | Judge:    Mag. Elizabeth D. Laporte
            Counter-claimant,
24
        v.
25
   CHARLES M. BROWN,
26
27          Counter-defendant.

28

DMI\1271337.1

[PROPOSED] ORDER GRANTING WNI'S MOTION TO  STRIKE/          CASE NO. 07-4301 EDL
MOTION TO DEEM CERTAIN ALLEGATIONS ADMITTED; MPA IN SUPPORT

Counter-Claimant Wireless Networks, Inc. Motion to Strike Certain Phrases in Counter-Defendant's Answer and Motion to Deem Certain Allegations Admitted came on regularly for hearing before this Court on February 19, 2008.  Duane Morris LLP appeared on behalf of Counter-Claimant Wireless Networks, Inc. ("WNI") and Mr. Jeffrey Ryan appeared on behalf of Counter-Defendant Charles M. Brown ("Brown").  Having read and considered all the papers, oral arguments of counsel, and good cause appearing therefor IT IS HEREBY ORDERED THAT:

The following phrases in Brown's Answer to WNI's Counterclaim are stricken:

1. "that Souza/Cruzamerica/MRG International ('MRG') were the 'alter ego' of Mr. Ruy de Souza, and that Souza completely controlled, dominated, managed and operated the corporate entities."  (Brown's Answer ¶ 4, page 2, lines 8-10.)

2. "acting upon advice of acting counsel for the Company, Mr. Frank Sudia, an NDA was sent to a single employee of WNI for the purpose of general discussion of technology unrelated to the business of WNI, and other unrelated persons.  Brown denies that Cedric Berger, Dan Cochran, Bob Arasmith or Michael Hu were employees of WNI, but alleges they were unrelated parties desirous of participating in discussions."  (Brown's Answer ¶ 15, page 3, lines 3-7.)

3. "admits and alleges that he appeared at a Deposition under threat of a Subpoena being issued to him by Mr. Hagan."  (Brown's Answer ¶ 27, page 4, lines 7-9.);

and, the following allegations in WNI's Counterclaim are deemed admitted:

1. "In a now-concluded lawsuit entitled *Hagan v. Wireless Networks Inc.*, Case No. CIV 464141, filed in the San Mateo Superior Court, WNI's former attorney, James Hagan, filed a complaint against WNI on June 29, 2007, alleging unpaid legal bills."  (WNI's Counterclaim ¶ 30.)

2. "On July 6, 2007, while Brown was still an officer and director of WNI, he volunteered to be deposed by Mr. Hagan in the *Hagan* lawsuit, without notifying the WNI board of directors and without representation of counsel.  During this deposition, Brown made various statements allegedly on behalf of WNI, that were extremely harmful and detrimental to WNI, and which Brown had no authority to make.  Specifically, among other statements, Brown stated during the deposition that WNI held certain Source Code of value, that there was no reason Mr. Hagan's bills should not be paid, and that WNI had no legal defense that would justify the nonpayment of the promissory notes issued to Brown."  (WNI's Counterclaim ¶ 31.)

3. "Based on Brown's deposition testimony, on July 11, 2007, Mr. Hagan obtained a writ of attachment against WNI with respect to the aforementioned Source Code.  This Source Code sat in the Superior Court for San Mateo until approximately September 21, 2007.

DM1\1271337.1

[PROPOSED] ORDER GRANTING WNI'S MOTION TO STRIKE/ MOTION TO DEEM CERTAIN ALLEGATIONS ADMITTED; MPA IN SUPPORT

CASE NO. 07-4301 EDL

1

2

Without the Source Code, WNI could not properly or efficiently operate its business, resulting in damages in an amount to be proven at trial." (WNI's Counterclaim ¶ 33.)

3

**IT IS SO ORDERED.**

4

5

Date: _____, 2008

6

_____
The Honorable Elizabeth D. Laporte
United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER GRANTING WNI'S MOTION TO STRIKE/      CASE NO. 07-4301 EDL
MOTION TO DEEM CERTAIN ALLEGATIONS ADMITTED; MPA IN SUPPORT