Lina M. Brenner (SBN 191075)
Jessica E. La Londe (SBN 235744)
**DUANE MORRIS LLP**
One Market, Spear Tower, Suite 2000
San Francisco, CA 94105-1104
Telephone: 415.957.3000
Facsimile: 415.957.3001
E-mail:   lmbrenner@duanemorris.com
          jelalonde@duanemorris.com

Daniel J. Herling
Keller & Heckman LLP
50 California Street, Suite 1500
San Francisco, California 94111
T: (415) 277-5965
F: (415) 277-5945
E-mail: herling@khlaw.com

Attorneys for Defendant
WIRELESS NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| CHARLES M. BROWN,<br><br>    Plaintiff,<br><br>    v.<br><br>WIRELESS NETWORKS, INC., a Delaware corporation,<br><br>    Defendant. | Case No. C-07-04301 EDL<br><br>**WIRELESS NETWORKS, INC.'S NOTICE OF MOTION AND MOTION FOR SANCTIONS AGAINST CHARLES M. BROWN AND/OR HIS COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date:     February 19, 2008<br>Time:    9:00 a.m.<br>Dept:     Courtroom E, 15th Floor<br>Judge:   Mag. Elizabeth D. Laporte |
| WIRELESS NETWORKS, INC., a Delaware corporation,<br><br>    Counter-claimant,<br><br>    v.<br><br>CHARLES M. BROWN,<br><br>    Counter-defendant. | |

DM1\1271877.1

WNI'S NOTICE OF MOTION AND MOTION FOR SANCTIONS AGAINST          CASE NO. 07-4301 EDL
CHARLES M. BROWN AND/OR HIS COUNSEL; MPA IN SUPPORT

1  TO COUNTER-DEFENDANT AND HIS ATTORNEY OF RECORD:

2     PLEASE TAKE NOTICE THAT on February 19, 2008, at 9:00 a.m. or as soon thereafter
3  as the matter may be heard in Courtroom E of the Honorable Elizabeth D. Laporte, located at 450
4  Golden Gate Avenue, San Francisco, CA 94102, counter-claimant Wireless Networks, Inc.
5  ("WNI") will and hereby does move for sanctions against counter-defendant Charles M. Brown
6  ("Brown") and/or his attorney, based on nonconformance and/or violations of Fed. R. Civ. P. 8
7  and 11(b)(4).  This motion is based on this Notice of Motion, the within Memorandum of Points
8  and Authorities, the Declaration of Jessica E. La Londe filed concurrently herewith, and upon the
9  papers, records, and pleadings on file herein.

10    With this Motion, WNI seeks sanctions against Brown and/or his attorney for the
11 attorneys' fees WNI incurred and will incur in filing Counter-Claimant Wireless Networks, Inc.'s
12 Motion to Strike Certain Phrases in Counter-Defendant's Answer and Motion to Deem Certain
13 Allegations Admitted (hereinafter "WNI's Motion to Strike/Admit"), totaling $2,677.  *See*
14 Declaration of Jessica E. La Londe ("La Londe Dec.") ¶ 4.

15                    **MEMORANDUM OF POINTS AND AUTHORITIES**
16                         **I.     INTRODUCTION**

17    Brown filed an Answer to WNI's Counterclaim which inappropriately asserted new
18 allegations, instead of simply admitting or denying WNI's allegations in accordance with Fed. R.
19 Civ. P. 8.  Because it is inappropriate to assert new allegations in an answer to a complaint, WNI
20 was forced to file WNI's Motion to Strike/Admit pursuant to Fed. R. Civ. P. 12(f), and incurred
21 and will incur attorneys' fees as a result.

22    In addition, in Brown's Answer he stated that he had "neither knowledge nor information
23 sufficient to form a belief about" certain allegations in WNI's Counterclaim, when he did or
24 should based on reasonable inquiry have sufficient knowledge and information to either admit or
25 deny these allegations, in violation of Fed. R. Civ. P. 11(b)(4).  WNI was therefore forced to file
26 WNI's Motion to Strike/Admit, and incurred and will incur attorneys' fees as a result.

27 ///
28 ///

Because of Brown's blatant violations of the Federal Rules of Civil Procedure, WNI is entitled to its attorneys' fees incurred and to be incurred in filing WNI's Motion to Strike/Admit, totaling an estimated $2,677.

## II.     FACTS AND BACKGROUND

Brown filed his Third Amended Complaint against WNI on November 16, 2007. WNI answered and filed a counterclaim against Brown on December 6, 2007. Brown served his answer to WNI's Counterclaim on December 20, 2007. On December 31, 2007, WNI wrote Brown's counsel a meet and confer letter, outlining the defects in Brown's answer to WNI's Counterclaim and asking him to amend such Answer. (*See* Declaration of Jessica E. La Londe ("La Londe Dec.") ¶ 3, Exhibit A.) Brown declined to voluntarily amend his Answer. WNI has filed WNI's Motion to Strike/Admit concurrently with this Motion.

Mediation of this dispute is currently scheduled for January 23, 2007.

## III.     ARGUMENT

This Court has inherent power to impose sanctions against both attorneys and parties for bad faith conduct in litigation. *See, e.g.*, *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991); *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764-66 (1980). The Court's inherent powers "are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers*, *supra*, 801 U.S. at 43.

Certain aspects of Brown's Answer to WNI's Counterclaim were in bad faith, as more specifically delineated in WNI's Motion to Strike/Admit, filed concurrently herewith. Specifically, Brown failed to file an Answer to WNI's Counterclaim in conformance with Fed. R. Civ. P. 8 by inappropriately asserting new allegations in its Answer. Moreover, Brown acted in bad faith by specifically violating Fed. R. Civ. P. 11(b)(4), which provides that:

> By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

In his Answer, Brown stated that he lacked knowledge or information sufficient to either admit or deny certain allegations which Brown knew or should have after reasonable inquiry known, as more fully discussed in WNI's Motion to Strike/Admit.  Indeed, such a violation of the Federal Rules of Civil Procedure would be grounds for Rule 11 sanctions.  *See* Fed. R. Civ. P. 11(c).

In its previous order granting WNI's Motion to Strike Plaintiff's Fourth Amended Complaint, the Court cautioned Brown that "it will not be so lenient should he violate federal procedural rules in the future." (*See* Order, filed October 23, 2007.)   In light of the Court's previous admonition, WNI's meet and confer letter, and the blatant violations of the Federal Rules of Civil Procedure, WNI is entitled to sanctions against Brown equal to the attorneys' fees it has incurred and will incur in filing WNI's Motion to Strike/Admit.  These fees total an estimated $2,677. (*See* La Londe Dec. ¶ 4.)  This amount should be awarded as sanctions against Brown and/or his attorney, pursuant to the Court's inherent authority to enter such sanctions.

### IV.     CONCLUSION

WNI respectfully requests this Court to enter an order that WNI is entitled to $2,677 as sanctions against Brown and/or his attorney.

Dated: January 9, 2008                    DUANE MORRIS LLP


By:   /s/ Jessica E. La Londe
         Lina M. Brenner
         Jessica E. La Londe
         Attorneys for Defendant
         WIRELESS NETWORKS, INC.