DuaneMorris®

FIRM and AFFILIATE OFFICES

NEW YORK
LONDON
SINGAPORE
LOS ANGELES
CHICAGO
HOUSTON
HANOI
PHILADELPHIA
SAN DIEGO
SAN FRANCISCO
BALTIMORE
BOSTON
WASHINGTON, DC
LAS VEGAS
ATLANTA
MIAMI
PITTSBURGH
NEWARK
WILMINGTON
PRINCETON
LAKE TAHOE
HO CHI MINH CITY

JESSICA E. LA LONDE
DIRECT DIAL: 415.957.3225
E-MAIL: jelalonde@duanemorris.com

www.duanemorris.com

December 31, 2007

**VIA FACSIMILE AND U.S. MAIL**

Jeffrey F. Ryan
Ryan & Steiner
455 North Whisman Road, Suite 200
Mountain View, California 94043-5721

Re: Charles M. Brown v. Wireless Networks, Inc.
USDC Case No.: C07-4301 EDL

Dear Mr. Ryan:

We have reviewed Plaintiff's answer to the Counterclaim of Wireless Networks, Inc. ("WNI"). Many of the responses made in that answer are inappropriate and are properly the subject of a motion to strike. We are therefore writing this meet and confer letter, outlining the problems with Plaintiff's answer, and asking you to amend the answer by Monday, January 7, 2008, or WNI will file a motion to strike and seek Rule 11 sanctions.

A party answering a complaint must either admit or deny (in whole or in part) an allegation or state that it lacks knowledge or information sufficient to admit or deny an allegation, in addition to setting forth any affirmative defenses. *See* Fed. R. Civ. Pro. 8. It is not appropriate, however, for the responding party to assert new and separate allegations in its answer to which the complaining party has no opportunity to respond; such allegations are only properly set forth in a separate, affirmative pleading, such as a counterclaim. *See* Fed. R. Civ. Pro. 13. For these reasons, the following statements are inappropriate and should be stricken from Plaintiff's answer to WNI's counterclaim:

1. In Plaintiff's answer to paragraph 6 of WNI's counterclaim: "that Souza/Cruzamerica/MRG International ('MRG') were the 'alter ego' of Mr. Ruy de Souza, and that Souza completely controlled, dominated, managed and operated the corporate entities."

2. In Plaintiff's answer to paragraph 17 of WNI's counterclaim: "acting upon advice of acting counsel for the Company, Mr. Frank Sudia, an NDA was sent to a single employee of WNI for the purpose of general discussion of technology unrelated to

**Duane Morris**

Jeffrey F. Ryan
December 31, 2007
Page 2

>   the business of WNI, and other unrelated persons. Brown denies that Cedric Berger, Dan Cochran, Bob Arasmith or Michael Hu were employees of WNI, but alleges they were unrelated parties desirous of participating in discussions."

3.  In Plaintiff's answer to paragraph 31 of WNI's counterclaim: "admits and alleges that he appeared at a Deposition under threat of a Subpoena being issued to him by Mr. Hagan."

In addition, there are certain allegations to which Plaintiff has responded that he lacks knowledge or information sufficient to either admit or deny, but which WNI believes Plaintiff likely has sufficient information to admit or deny. Indeed, Plaintiff should have knowledge or information sufficient to either admit or deny some of these statements as they pertain to what Plaintiff himself said during a deposition. A denial stating that the responding party lack's knowledge or belief must be reasonably based and made only after reasonable inquiry under the circumstances. *See* Fed. R. Civ. Pro. 11(b)(4). Based on this, we ask that Plaintiff amend his answer to either admit or deny (in whole or in part) the following from WNI's counterclaim:

1.  Paragraph 30 of WNI's counterclaim: "In a now-concluded lawsuit entitled *Hagan v. Wireless Networks Inc.*, Case No. CIV 464141, filed in the San Mateo Superior Court, WNI's former attorney, James Hagan, filed a complaint against WNI on June 29, 2007, alleging unpaid legal bills."

2.  Paragraph 31 of WNI's counterclaim: "On July 6, 2007, while Brown was still an officer and director of WNI, he volunteered to be deposed by Mr. Hagan in the *Hagan* lawsuit, without notifying the WNI board of directors and without representation of counsel. During this deposition, Brown made various statements allegedly on behalf of WNI, that were extremely harmful and detrimental to WNI, and which Brown had no authority to make. Specifically, among other statements, Brown stated during the deposition that WNI held certain Source Code of value, that there was no reason Mr. Hagan's bills should not be paid, and that WNI had no legal defense that would justify the nonpayment of the promissory notes issued to Brown."

3.  Paragraph 33 of WNI's counterclaim: "Based on Brown's deposition testimony, on July 11, 2007, Mr. Hagan obtained a writ of attachment against WNI with respect to the aforementioned Source Code. This Source Code sat in the Superior Court for San Mateo until approximately September 21, 2007. Without the Source Code, WNI could not properly or efficiently operate its business, resulting in damages in an amount to be proven at trial."

DM1\1267315.2

DuaneMorris

Jeffrey F. Ryan
December 31, 2007
Page 3

    Based on the discussion above, we ask that Plaintiff amend his answer to WNI's counterclaim by Monday, January 7, 2008, and inform us immediately of his intent to do so. If Plaintiff refuses to voluntarily amend his complaint to cure the problems outlined above, WNI will file a motion to strike the above phrases from Plaintiff's answer to WNI's counterclaim and seek Rule 11 sanctions.

    We look forward to hearing from you soon. Please do not hesitate to contact me should you have any questions.

Very truly yours,

Jessica E. La Londe

JEL/tcm

cc: Lina M. Brenner, Esq.

DM1\1267315.2