JEFFREY F. RYAN, ESQ. SBN 129079
RYAN & STEINER
An Association of Attorneys
455 North Whisman Road, Suite 200
Mountain View, CA 94043-5721
Telephone:    (650) 691-1430
Facsimile:     (650) 968-2685

Attorneys for Plaintiff,
CHARLES M. BROWN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CHARLES M. BROWN,<br><br>            Plaintiff,<br><br>     vs.<br><br>WIRELESS NETWORKS, INC., a Delaware corporation, and DOES 1 THROUGH 50,<br><br>            Defendants. | Case No.: C07-4301 EDL<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTIONS TO STRIKE AND TO DEEM CERTAIN ALLEGATIONS ADMITTED**<br><br>**Date:       February 19, 2008**<br>**Time:       9:00 a.m.**<br>**Dept.:       Courtroom E, 15th Floor**<br>**Judge:     Magistrate Elizabeth D. Laporte** |

Plaintiff Charles M. Brown ("Plaintiff" or "Brown") hereby opposed defendant Wireless Networks Inc.'s ("Defendant" or "WNI") motions to strike certain portions of his answer to WNI's counterclaim and to deem certain other allegations admitted.[1]

## **THE MOTION TO STRIKE IS WITHOUT MERIT.**

Rule 12(f) sets forth the grounds for a motion to strike. It provides:

> The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act: (1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 20 days after being served with the pleading.

---

[1] Brown separately opposes WNI's related motion for sanctions.

In its motion to strike three portions of Brown's answer to its counterclaim, WNI does not contend that the material constitutes "an insufficient defense" or that the material is "redundant, immaterial, impertinent, or scandalous." As Mr. Brown explains at paragraph 6 of his declaration accompanying this opposition, he provided additional information that responded to the allegation to explain his response in addition to admitting or denying the allegation. WNI does not dispute this. Rather, it asserts that "it is not appropriate . . . for the responding party to assert new and separate allegations in his answer to which the complaining party has no opportunity to respond. . ." (Motion at 4) . Nothing in Rule 8 or Rule 13, the only authority cited in WNI's argument, support this claim.

Indeed, given that the object of pleading is to give opposite party notice of claim that will be made against him or defense that will be interposed,[2] the allegations are appropriate to serve that purpose. Moreover, given that, "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits."[3] There is no reason or basis to strike the matters requested by WNI, and their motion should be denied.[4]

## THE MOTION FOR DEEMED ADMISSIONS SHOULD BE DENIED

WNI also seeks to have deemed admitted paragraphs 30, 31, and 33 of its counterclaim. Brown denied the allegations of each of these paragraphs in part for lack of sufficient information or belief regarding the allegations. Brown addresses each of these responses in paragraphs 3-5 of his declaration accompanying this opposition. Therein he states,

---

[2] See, e.g., United States v Johns-Manville, 67 F Supp 291, 293 (DC Ill 1941); see also, Kellogg Co. v National Biscuit Co., 38 F Supp 643 (DC NJ 1941) (denying motion to strike); Battin Amusement Co. v Cocalis Amusement Co., 1 FRD 769 (DC NJ 1941) ("[T]he purpose of pleading under the new rules, is to give notice of what an adverse party may expect to meet, rather than frame issues.").

[3] Conley v. Gibson,, 355 U.S. 41, 48; 78 S. Ct. 99; 2 L. Ed. 2d 80 (1957).

2
**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITIONTO MOTIONS
TO STRIKE AND TO DEEM CERTAIN ALLEGATIONS ADMITTED**
BROWN V. WIRELESS NETWORKS, INC.                                              CASE NO. C07-4301 EDL

## THE MOTION FOR DEEMED ADMISSIONS SHOULD BE DENIED

WNI also seeks to have deemed admitted paragraphs 30, 31, and 33 of its counterclaim. Brown denied the allegations of each of these paragraphs in part for lack of sufficient information or belief regarding the allegations. Brown addresses each of these responses in paragraphs 3-5 of his declaration accompanying this opposition. Therein he states,

## THE MOTION FOR DEEMED ADMISSIONS SHOULD BE DENIED

WNI also seeks to have deemed admitted paragraphs 30, 31, and 33 of its counterclaim. Brown denied the allegations of each of these paragraphs in part for lack of sufficient information or belief regarding the allegations. Brown addresses each of these responses in paragraphs 3-5 of his declaration accompanying this opposition. Therein he states,

> 3. I denied the allegations of paragraph 30 because I have no knowledge of whether Mr. Hagan's lawsuit against Wireless Networks, Inc. has been concluded, or what specific claims he made in that action.
>
> 4. In answering the allegations of paragraph 31, admitted that I appeared at a deposition in Mr. Hagan's case, and alleged that I did so under threat of a subpoena being issued by him because I did not "volunteer" to be deposed. I do not recall the specific things I was asked during that deposition, and understood that I was obligated to answer those questions based on what I knew or believed as an individual, not on behalf of WNI. Accordingly, I denied the remainder of paragraph 31 because I read it as reciting WNI's characterization of things, rather than an allegation of something I felt I knew was correct or not.
>
> 5. In answering the allegations of paragraph 33, I do not know whether Mr. Hagan obtained the order from the State Court "based on [my] deposition testimony" or how long the source code "sat" in that court, and denied those allegations because I don't know. I specifically denied WNI's claim that it has been damaged.

---

[4] These authorities were brought to WNI's counsel's attention in a January 3, 2008, letter from Mr. Ryan in response to the letter WNI attaches to Ms. LaLonde's "meet and confer" declaration. See, Ryan Declaration Exhibit A. We note that WNI chose to omit any reference to Mr. Ryan's letter from its motion papers.

WNI asserts that Brown "should" have enough information to answer these allegations by a straight admission or denial. Thus, WNI asserts that because the lawsuit mentioned in paragraph 30 of its counterclaim is a "matter of public record," Brown should be able to admit or deny the allegations. However, WNI assumes (incorrectly) that Brown either has access to a copy of that record, or is obligated to seek it out as part of a reasonable inquiry. Moreover, WNI ignores the fact that its allegations go well beyond the mere assertion that such a lawsuit was filed.

With paragraph 31, Brown admitted he attended the deposition mentioned therein, adding that he did so under threat of subpoena[5] because he did not "volunteer" to appear (as is alleged), and denied other parts of the paragraph for lack of information or belief for the reasons set forth above and in his declaration. Similarly, with paragraph 33, Brown denied the allegations because he does not know the reasons the State Court granted relief in Mr. Hagan's case, or when the source code was released by that court. These reasons are no sham (as in the cases relied upon by WNI), but rather reasonable and honest assessments of the information not possessed by Brown.

Accordingly, there is no basis to deem these paragraphs admitted, and WNI's motion should be denied.

Dated: January 28, 2008

                                    RYAN & STEINER

                                    By:    /s/  Jeffrey F. Ryan

                                    Jeffrey F. Ryan
                                    Attorneys for Counter-defendant
                                    CHARLES M. BROWN

---

[5] A statement that WNI seeks to strike, essentially seeking to force a yes or no answer to a loaded question.