JEFFREY F. RYAN, ESQ. SBN 129079
RYAN & STEINER
An Association of Attorneys
455 North Whisman Road, Suite 200
Mountain View, CA 94043-5721
Telephone: (650) 691-1430
Facsimile: (650) 968-2685

Attorneys for Plaintiff,
CHARLES M. BROWN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CHARLES M. BROWN,<br><br>           Plaintiff,<br><br>     vs.<br><br>WIRELESS NETWORKS, INC., a Delaware corporation, and DOES 1 THROUGH 50,<br><br>           Defendants. | Case No.: C07-4301 EDL<br><br>**DECLARATION OF CHARLES M. BROWN IN OPPOSITION TO MOTION TO STRIKE, ETC. AND MOTION FOR SANCTIONS**<br><br>**Date:     February 19, 2008**<br>**Time:     9:00 a.m.**<br>**Dept.:    Courtroom E, 15th Floor**<br>**Judge:    Magistrate Elizabeth D. Laporte** |

I, CHARLES M. BROWN, declare as follows:

1.  I am the plaintiff in the above-captioned action. I have personal knowledge of the facts set forth herein and if called to testify as a witness would testify thereto.

2.  I reviewed Wireless Network's Inc.'s counter-claim and answered its allegations to the best of my ability. It was not my intent to try and hide anything or to violate any rules or obligations I have as the plaintiff in this case.

3.  I denied the allegations of paragraph 30 because I have no knowledge of whether Mr. Hagan's lawsuit against Wireless Networks, Inc., has been concluded, or what specific claims he made in that action.

4.  In answering the allegations of paragraph 31, I admitted that I appeared at a deposition in Mr. Hagan's case, and alleged that I did so under threat of a subpoena being issued by him because I did not "volunteer" to be deposed. I do not recall the specific things I was asked during that deposition, and understood that I was obligated to answer those questions based on what I knew or believed as an individual, not on behalf of WNI. Accordingly, I denied the remainder of paragraph 31 because I read it as reciting WNI's characterization of things, rather than an allegation of something I felt I knew was correct or not.

5.  In answering the allegations of paragraph 33, I do not know whether Mr. Hagan obtained the order from the State Court "based on [my] deposition testimony" or how long the source code "sat" in that court, and denied those allegations because I don't know. I specifically denied WNI's claim that it has been damaged.

6.  In answering the allegations of the counter-claim, I understood that if I felt that an answer required additional explanation, I should include the additional information that responded to the allegation to explain my response in addition to admitting or denying the allegation, as the case may be. Accordingly, in answering paragraph 6, I admitted the things I knew to be correct, denied the things I knew to be false, and in order to fully answer the paragraph, alleged the circumstances of Mr. de Souza' role and actions. Similarly, in answering paragraph 17, I believed it necessary to explain who the individuals were and their roles rather than simply denying the allegations (which are false). Finally, in answering paragraph 31, I added to my response that I appeared at the deposition under threat of subpoena because I did not "volunteer" for the deposition, but I did attend, and did not believe that I could simply admit or deny the allegations of the paragraph.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed January 28, 2008, at Woodside, California.

1

2        /s/Charles M. Brown
         CHARLES M. BROWN

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28