JEFFREY F. RYAN, ESQ. SBN 129079
RYAN & STEINER
An Association of Attorneys
455 North Whisman Road, Suite 200
Mountain View, CA 94043-5721
Telephone:    (650) 691-1430
Facsimile:    (650) 968-2685

Attorneys for Plaintiff,
CHARLES M. BROWN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CHARLES M. BROWN,<br><br>Plaintiff,<br><br>vs.<br><br>WIRELESS NETWORKS, INC., a Delaware corporation, and DOES 1 THROUGH 50,<br><br>Defendants. | Case No.: C07-4301 EDL<br><br>**DECLARATION OF JEFFREY F. RYAN IN OPPOSITION TO MOTION TO STRIKE, ETC. AND MOTION FOR SANCTIONS**<br><br>Date:    February 19, 2008<br>Time:    9:00 a.m.<br>Dept.:    Courtroom E, 15th Floor<br>Judge:    Magistrate Elizabeth D. Laporte |

I, JEFFREY F. RYAN, declare and state as follows:

1.    I am a member of the law firm of Ryan & Steiner, attorneys of record for Plaintiff Charles M. Brown. If called upon as a witness, I could and would competently testify to the facts contained in this declaration of my own personal knowledge.

2.    Attached hereto as Exhibit "A" is a true and correct copy of my January 3, 2008, letter to Jessica LaLonde in response to her "meet and confer" letter.

---

1
**DECL. OF JEFFREY F. RYAN IN OPPOSITION TO MOTION TO STRIKE ETC. AND FOR SANCTIONS**
BROWN v. WIRELESS NETWORKS, INC.                                    CASE NO. C07-4301 EDL

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this Declaration was executed at Mountain View, California on this 28th day of January, 2008.

/s/Jeffrey F. Ryan
JEFFREY F. RYAN

# EXHIBIT A

Ryan & Steiner
An Association of Attorneys

455 North Whisman Road, Suite 200
Mountain View, CA 94043-5721
(650) 691-1430 Fax: (650) 968-2685

**JEFFREY F. RYAN**                                                                jr@ryansteiner.com

January 3, 2008

**VIA FACSIMILE AND U.S. MAIL**

Jessica E. La Londe
Duane Morris
One Market, Spear Tower, Suite 2000
San Francisco, California 94105-1104

    Re:    *Brown v Wireless Networks, Inc.*
            Case No. CIV 464574

Dear Ms. La Londe:

We are in receipt of your letter of December 31, 2007. In short, we believe that Mr. Brown's answer to your client's counterclaim is entirely appropriate within the federal pleading requirements, and will not be amending the answer in response to your letter.

In pertinent part, Federal Rule of Civil Procedure 8 provides:

    (b)    Defenses; Admissions and Denials.

        (1)    *In General.* In responding to a pleading, a party must:

            (A)    state in short and plain terms its defenses to each claim asserted against it; and

            (B)    admit or deny the allegations asserted against it by an opposing party.

        (2)    *Denials--Responding to the Substance.* A denial must fairly respond to the substance of the allegation.

        (3)    *General and Specific Denials.* A party that intends in good faith to deny all the allegations of a pleading--including the jurisdictional grounds--may do so by a general denial. A party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted.

  (4) *Denying Part of an Allegation.* A party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest.

  (5) *Lacking Knowledge or Information.* A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial.

  (6) *Effect of Failing to Deny.* An allegation--other than one relating to the amount of damages--is admitted if a responsive pleading is required and the allegation is not denied. If a responsive pleading is not required, an allegation is considered denied or avoided.

Nothing in Rule 8 prohibits the "statements" that you assert are inappropriate and should be stricken. Indeed, given that the object of pleading is to give opposite party notice of claim that will be made against him or defense that will be interposed,[1] the allegations are appropriate to serve that purpose. Moreover, given that, "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits"[2] we are at a loss to understand your concern over this issue.

With respect to your concern over the responses to paragraphs 30, 31 and 33, Mr. Brown has carefully reviewed the allegations and answered them to the best of his ability. The fact that you feel he should have enough information to respond differently does not make it so.

Finally, you are, of course, free to file whatever motions you wish, whether they do anything to materially advance this case toward resolution or not. We remain confident that Mr. Brown's answer is in compliance with his obligations under the rules of pleading and Rule 11. You may wish to consider whether your threatened motion meets that same standard.

          Very truly yours,

          RYAN & STEINER
          An Association of Attorneys

          JEFFREY F. RYAN

JFR:dv

cc: Client

---

[1] See, e.g., United States v Johns-Manville, 67 F Supp 291, 293 (DC Ill 1941); see also, Kellogg Co. v National Biscuit Co., 38 F Supp 643 (DC NJ 1941) (denying motion to strike); Battin Amusement Co. v Cocalis Amusement Co., 1 FRD 769 (DC NJ 1941) ("[T]he purpose of pleading under the new rules, is to give notice of what an adverse party may expect to meet, rather than frame issues.").

[2] Conley v. Gibson,, 355 U.S. 41, 48; 78 S. Ct. 99; 2 L. Ed. 2d 80 (1957).