JEFFREY F. RYAN, ESQ. SBN 129079
RYAN & STEINER
An Association of Attorneys
455 North Whisman Road, Suite 200
Mountain View, CA 94043-5721
Telephone:    (650) 691-1430
Facsimile:    (650) 968-2685

Attorneys for Plaintiff,
CHARLES M. BROWN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CHARLES M. BROWN,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>WIRELESS NETWORKS, INC., a Delaware corporation, and DOES 1 THROUGH 50,<br><br>　　　　　Defendants. | Case No.: C07-4301 EDL<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION FOR SANCTIONS**<br><br>**Date:    February 19, 2008**<br>**Time:    9:00 a.m.**<br>**Dept.:    Courtroom E, 15th Floor**<br>**Judge:    Magistrate Elizabeth D. Laporte** |

　　　　Plaintiff Charles M. Brown ("Plaintiff" or "Brown") hereby opposed defendant Wireless Networks Inc.'s ("Defendant" or "WNI") motion for sanctions.[1]

　　　　In its motion for sanctions, WNI relies on federal Rule of Civil Procedure 11(b)(4), and argues that Brown's responses to certain paragraphs of WNI's counter-claim are in bad faith, and neither warranted on the evidence nor reasonably based on belief or lack of information. WNI also relies, apparently, on this courts inherent power under Rule 11 to seek sanctions for certain explanatory allegations in Brown's responses. Neither contention is meritorious.

---

[1] Brown separately opposes WNI's related motions to strike certain portions of his answer to WNI's counterclaim and to deem certain other allegations admitted.

With respect to the explanatory allegations that WNI claims violate Rule 8, and thus warrant sanctions, Brown's declaration accompanying this opposition and his opposition to WNI's related motion to strike fairly belies the notion that the matter was alleged as "bad faith conduct in the ligitation." Specifically, in paragraph 6 of his declaration, Mr. Brown explains that the additional matters alleged were necessary to fully explain his answer. Sometimes a simply "yes" or "no" answer to a question or allegation is misleading. Te object of pleading is to give opposite party notice of claim that will be made against him or defense that will be interposed,[2] the allegations are appropriate to serve that purpose, and cannot be said to be a bad faith tactic warranting sanctions.

The same is true of Brown's denials for lack of information of allegations WNI feels he should be able to simply admit or deny. Brown addresses each of these allegations and his responses thereto in paragraphs 3, 4 and 5 of his declaration:

> 3. I denied the allegations of paragraph 30 because I have no knowledge of whether Mr. Hagan's lawsuit against Wireless Networks, Inc. has been concluded, or what specific claims he made in that action.
>
> 4. In answering the allegations of paragraph 31, admitted that I appeared at a deposition in Mr. Hagan's case, and alleged that I did so under threat of a subpoena being issued by him because I did not "volunteer" to be deposed. I do not recall the specific things I was asked during that deposition, and understood that I was obligated to answer those questions based on what I knew or believed as an individual, not on behalf of WNI. Accordingly, I denied the remainder of paragraph 31 because I read it as reciting WNI's characterization of things, rather than an allegation of something I felt I knew was correct or not.
>
> 5. In answering the allegations of paragraph 33, I do not know whether Mr. Hagan obtained the order from the State Court "based on [my] deposition testimony" or how long the source code "sat" in that court, and denied those allegations because I don't know. I specifically denied WNI's claim that it has been damaged.

---

[2] See, e.g., United States v Johns-Manville, 67 F Supp 291, 293 (DC Ill 1941); see also, Kellogg Co. v National Biscuit Co., 38 F Supp 643 (DC NJ 1941) (denying motion to strike); Battin Amusement Co. v Cocalis Amusement Co., 1 FRD 769 (DC NJ 1941) ("[T]he purpose of pleading under the new rules, is to give notice of what an adverse party may expect to meet, rather than frame issues.").

1  WNI believes that Mr. Brown *should* have enough information to form a belief and
2  simply admit or deny these allegations.  Indeed, WNI apparently believes that these motions
3  somehow materially advance this case toward resolution, instead of simply being a waste of
4  resources.  However, as WNI was free to bring its motions, presumptively in good faith, so too
5  has Mr. Brown explained that his answers, although different than WNI might have answered,
6  were in good faith, and do not warrant sanctions.

7  Dated:  January 28, 2008

8  RYAN & STEINER

9  By:     /s/  Jeffrey F. Ryan
10       Jeffrey F. Ryan
         Attorneys for Counter-defendant
11       CHARLES M. BROWN