Lina M. Brenner (SBN 191075)
Jessica E. La Londe (SBN 235744)
**DUANE MORRIS LLP**
One Market, Spear Tower, Suite 2000
San Francisco, CA 94105-1104
Telephone: 415.957.3000
Facsimile: 415.957.3001
E-mail:  lmbrenner@duanemorris.com
         jelalonde@duanemorris.com

Daniel J. Herling
Keller & Heckman LLP
Three Embarcadero Center, Suite 450
San Francisco, California  94111
T:  (415) 948-2800
F:  (415) 948-2808
E-mail:  herling@khlaw.com

Attorneys for Defendant
WIRELESS NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| CHARLES M. BROWN,<br><br>         Plaintiff,<br><br>    v.<br><br>WIRELESS NETWORKS, INC., a Delaware corporation,<br><br>         Defendant.<br><br>WIRELESS NETWORKS, INC., a Delaware corporation,<br><br>         Counter-claimant,<br><br>    v.<br><br>CHARLES M. BROWN,<br><br>         Counter-defendant. | Case No. C-07-04301 EDL<br><br>**COUNTER-CLAIMANT WIRELESS NETWORKS, INC.'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE CERTAIN PHRASES IN COUNTER-DEFENDANT'S ANSWER AND FOR AN ORDER THAT CERTAIN ALLEGATIONS ARE DEEMED ADMITTED**<br><br>Date:    February 19, 2008<br>Time:    9:00 a.m.<br>Dept:    Courtroom E, 15th Floor<br>Judge:   Mag. Elizabeth D. Laporte |

Defendant and Counter-claimant Wireless Networks, Inc. ("WNI") hereby files this reply in support of its Motion to Strike Certain Phrases in Counter-defendant's Answer and for An Order That Certain Allegations Are Deemed Admitted.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

In his Opposition to WNI's Motion to Strike and For an Order to Amend, Plaintiff and Counter-defendant Charles M. Brown ("Brown") fails to refute WNI's legal arguments, introduces case-law that is entirely off-point, and cannot justify factually or legally why he is unable to admit or deny information within his personal knowledge that is, moreover, documented in his own deposition, declarations, and conduct.

Therefore, certain inappropriate allegations in Brown's Answer to WNI's Counterclaim ("Answer") should be stricken, and certain allegations in WNI's Counterclaim should be deemed admitted, as Brown wrongfully stated that he lacks sufficient information to admit or deny them.

**I.    THE COURT SHOULD STRIKE CERTAIN ALLEGATIONS IN BROWN'S ANSWER TO WNI'S COUNTERCLAIM**

WNI asks the Court to strike the following statements from Brown's Answer to WNI's Counterclaim:

1. "that Souza/Cruzamerica/MRG International ('MRG') were the 'alter ego' of Mr. Ruy de Souza, and that Souza completely controlled, dominated, managed and operated the corporate entities."  (Brown's Answer ¶ 4, page 2, lines 8-10.)

2. "acting upon advice of acting counsel for the Company, Mr. Frank Sudia, an NDA was sent to a single employee of WNI for the purpose of general discussion of technology unrelated to the business of WNI, and other unrelated persons.  Brown denies that Cedric Berger, Dan Cochran, Bob Arasmith or Michael Hu were employees of WNI, but alleges they were unrelated parties desirous of participating in discussions." (Brown's Answer ¶ 15, page 3, lines 3-7.)

3. "admits and alleges that he appeared at a Deposition under threat of a Subpoena being issued to him by Mr. Hagan." (Brown's Answer ¶ 27, page 4, lines 7-9.)

The Federal Rules of Civil Procedure on which WNI relies in its motion are clear that: (1) an answer must only admit or deny allegations or admit or deny them in part, state that the responding party lacks knowledge or information, and state in short and plain terms its affirmative defenses (Fed. R. Civ. Pro. 8); (2) a counterclaim is the only appropriate place to assert new

factual allegations (Fed. R. Civ. Pro. 13); and (3) an answer may be subject to a motion to strike if it contains inappropriate statements (Fed. R. Civ. Pro. 12(f)).

The allegations that WNI asks the Court to strike from Brown's answers are irrelevant, superfluous and/or prejudicial to WNI.  For example, Brown's allegation that MRG is an "alter ego" of Mr. de Souza has nothing to do with Brown's possible defenses with respect to the allegations in paragraph 6 of WNI's Counterclaim, or Brown's defenses.  Moreover, it is superfluous and prejudicial information, in that WNI has no opportunity to admit or deny this allegation.  In addition, Brown's allegations regarding the NDA and deposition subpoena are extraneous pieces of information that do not go to Brown's defenses, and to which WNI is not afforded an opportunity to respond, thereby prejudicing WNI.  Moreover, some of Brown's allegations are false.  Mr. Sudia, referenced in Brown's Answer ¶ 15, was not WNI's "acting counsel" as alleged by Brown, and, in any event, was and is not licensed to practice law in California.  (*See* Declaration of Jessica E. La Londe ("La Londe Dec.") ¶ 3.)

In support of his argument that he may make new factual allegations in his Answer, Brown cites to three non-California cases from 1941 – two of which involve motions to strike allegations in a <u>complaint</u>, and one of which does not even involve a motion to strike but rather a motion for a more definite statement or bill of particulars to a <u>complaint</u>.  WNI does not refute that the allegations set forth in Brown's Answer could appropriately be asserted in a complaint; however, they are inappropriate in an answer.  Therefore, these allegations in Brown's Answer should be stricken.

## II. THE COURT SHOULD ISSUE AN ORDER THAT CERTAIN OF WNI'S ALLEGATIONS ARE DEEMED ADMITTED

The Court should order that certain allegations in WNI's Counterclaim are deemed admitted because Brown has wrongfully stated that he lacks knowledge or information sufficient to either admit or deny these allegations (*see* Brown's Answer to WNI's Counterclaim ¶¶ 26, 27, and 29). With each, Brown should have either admitted or denied the allegations, as they concern what Brown himself knows, or what Brown should know after a reasonable inquiry under the circumstances.

WNI alleged as follows:

"In a now-concluded lawsuit entitled *Hagan v. Wireless Networks Inc.*, Case No. CIV 464141, filed in the San Mateo Superior Court, WNI's former attorney, James Hagan, filed a complaint against WNI on June 29, 2007, alleging unpaid legal bills." (WNI's Counterclaim ¶ 30.)

In Brown's opposition and declaration, he states:

I denied the allegations of paragraph 30 because I have no knowledge of whether Mr. Hagan's lawsuit against Wireless Networks, Inc., has been concluded, or what specific claims he made in that action.

In the first instance, neither Brown's opposition nor his declaration addresses certain other allegations of paragraph 30 of WNI's Counterclaim, such as that a complaint was filed against WNI on June 29, 2007. It is a matter of public record whether such lawsuit was filed. As such, it is not reasonably based on a reasonable inquiry under the circumstances, as required by Fed. R. Civ. P. 11(b)(4). Based on Brown's previous conduct, including sitting for a deposition in the *Hagan* matter and seeking attachment of the Source Code that was deposited with the court in the *Hagan* matter (as discussed in previous papers filed with the Court), Brown has actual knowledge of the existence of this lawsuit, and, as such, should have admitted this allegation. In fact, as Brown stated in his deposition in the *Hagan* matter, he accepted service of the complaint and summons in the *Hagan* matter, and therefore knows at least some of these facts. (*See* La Londe Dec. ¶ 4, Exhibit A, at 6:4-6:25.)

In addition, during Brown's deposition in the *Hagan* matter, Mr. Hagan and Mr. Brown specifically discussed whether WNI had legal defenses to the alleged non-payment of Mr. Hagan's legal bills, thereby demonstrating that Brown had actual knowledge regarding the allegations of Mr. Hagan's complaint. (*See* La Londe Dec. ¶ 4, Exhibit A, at 25:4-25:7.)

In its counterclaim, WNI also alleged as follows:

"On July 6, 2007, while Brown was still an officer and director of WNI, he volunteered to be deposed by Mr. Hagan in the *Hagan* lawsuit, without notifying the WNI board of directors and without representation of counsel. During this deposition, Brown made various statements allegedly on behalf of WNI, that were extremely harmful and detrimental to WNI, and which Brown had no authority to make. Specifically, among other statements, Brown stated during the deposition

1  that WNI held certain Source Code of value, that there was no reason Mr. Hagan's
2  bills should not be paid, and that WNI had no legal defense that would justify the
3  nonpayment of the promissory notes issued to Brown." (WNI's Counterclaim ¶ 31.)

4  In Brown's opposition and declaration, he states:

5  In answering the allegations of paragraph 31, I admitted that I appeared at a
6  deposition in Mr. Hagan's case, and alleged that I did so under threat of a subpoena
7  being issued by him because I did not "volunteer" to be deposed. I do not recall the
   specific things I was asked during that deposition, and understood that I was
8  obligated to answer those questions based on what I knew or believed as an
   individual, not on behalf of WNI. Accordingly, I denied the remainder of
9  paragraph 31 because I read it as reciting WNI's characterization of things, rather
   than an allegation of something I felt I knew was correct or not.

10  It is patently false that Brown "did not 'volunteer' to be deposed." In Brown's deposition
11  in the *Hagan* matter, Mr. Hagan asks, "And you're appearing voluntarily here today, Mr. Brown?"
12  Brown responds: "Yes." (La Londe Dec. ¶ 4, Exhibit A, at 8:1-8:3.) Brown's failure to admit
13  WNI's allegation and his statement in his opposition and declaration that he did not appear
14  voluntarily is therefore a misrepresentation to WNI and to this Court. In addition, if it is true that
15  Brown believes that WNI's allegations were "reciting WNI's characterization of things," he
16  should have either admitted or denied those characterizations, and not stated that he did not have
17  sufficient information. Moreover, Brown should also know whether he appeared for the
18  deposition "without notifying the WNI board of directors," and "without representation of
19  counsel," and should know about the facts to which he testified in his deposition. These
20  allegations relate to what Brown himself did or said, and therefore Brown should be able to either
21  admit or deny them.

22  In its counterclaim, WNI also alleged as follows:

23  "Based on Brown's deposition testimony, on July 11, 2007, Mr. Hagan obtained a
    writ of attachment against WNI with respect to the aforementioned Source Code.
24  This Source Code sat in the Superior Court for San Mateo until approximately
    September 21, 2007. Without the Source Code, WNI could not properly or
25  efficiently operate its business, resulting in damages in an amount to be proven at
26  trial." (WNI's Counterclaim ¶ 33.)

27  ///
28  ///

In Brown's opposition and declaration, he states:

> In answering the allegations of paragraph 33, I do not know whether Mr. Hagan obtained the order from the State Court "based on [my] deposition testimony" or how long the source code "sat" in that court, and denied those allegations because I don't know. I specifically denied WNI's claim that it has been damaged.

Brown has knowledge regarding these allegations and should have admitted or denied them. This is clear from Brown's efforts in this litigation to date, including attempting to persuade the Court that it should attach the Source Code that was attached in the *Hagan* matter. In addition, Brown has himself made representations regarding this issue in his declarations. (*See* Declaration of Charles M. Brown in Support of Emergency Ex Parte Application for Right to Attach Order, filed on August 22, 2007, ¶ 27, page 11, lines 26-27 ("That is why Mr. Hagan deposited the source code with this [sic] Court.")) Moreover, based on Brown's extensive employment history with WNI (approximately 7 years), he should, and in fact does, know whether WNI could properly or efficiently operate its business without the Source Code. (*See, e.g.*, La Londe Dec., ¶ 4, Exhibit A, at page 15-17 (where Brown discusses the Source Code).)

Because Brown should have either admitted or denied each of these allegations but did not do so, the Court should order that they are each deemed to be admitted.

## III. CONCLUSION

WNI respectfully asks this Court for an order that: (1) the phrases set forth in section I above should be stricken from Brown's Answer to WNI's Counterclaim pursuant to Fed. R. Civ. P. 12(f) because they do not conform to the requirements of Fed. R. Civ. P. 8, as they inappropriately assert new allegations; and (2) the allegations set forth in section II above should be deemed admitted because Brown has knowledge or information sufficient to either admit or deny these allegations, yet stated that he could not do so.

Dated: February 5, 2008                              DUANE MORRIS LLP

                                                     By:   /s/ Jessica E. La Londe
                                                          Lina M. Brenner
                                                          Jessica E. La Londe
                                                          Attorneys for Defendant
                                                          WIRELESS NETWORKS, INC.