Lina M. Brenner (SBN 191075)
Jessica E. La Londe (SBN 235744)
**DUANE MORRIS LLP**
One Market, Spear Tower, Suite 2000
San Francisco, CA 94105-1104
Telephone: 415.957.3000
Facsimile: 415.957.3001
E-mail:　lmbrenner@duanemorris.com
　　　　　jelalonde@duanemorris.com

Daniel J. Herling
Keller & Heckman LLP
Three Embarcadero Center, Suite 450
San Francisco, California  94111
T:  (415) 948-2800
F:  (415) 948-2808
E-mail:  herling@khlaw.com

Attorneys for Defendant
WIRELESS NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| CHARLES M. BROWN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WIRELESS NETWORKS, INC., a Delaware corporation,<br><br>　　　　Defendant.<br><br>WIRELESS NETWORKS, INC., a Delaware corporation,<br><br>　　　　Counter-claimant,<br><br>　v.<br><br>CHARLES M. BROWN,<br><br>　　　　Counter-defendant. | Case No. C-07-04301 EDL<br><br>**WIRELESS NETWORKS, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR SANCTIONS AGAINST CHARLES M. BROWN AND/OR HIS COUNSEL**<br><br>Date:　　February 19, 2008<br>Time:　　9:00 a.m.<br>Dept:　　Courtroom E, 15th Floor<br>Judge:　　Mag. Elizabeth D. Laporte |

1  Defendant and Counter-claimant Wireless Networks, Inc. ("WNI") hereby files this reply
2  in support of its Motion for Sanctions Against Charles M. Brown and/or His Counsel.

### MEMORANDUM OF POINTS AND AUTHORITIES

4  Plaintiff and Counter-Defendant Charles M. Brown ("Brown") filed an Answer to WNI's
5  Counterclaim which inappropriately and in bad faith asserted new allegations, instead of simply
6  admitting or denying WNI's allegations in accordance with Fed. R. Civ. P. 8.  Because it is
7  inappropriate to assert new allegations in an answer to a complaint, WNI was forced to file WNI's
8  Motion to Strike Certain Phrases in Counter-Defendant's Answer and Motion to Deem Certain
9  Allegations Admitted (hereinafter "Motion to Strike/Admit") pursuant to Fed. R. Civ. P. 12(f), and
10 incurred and will incur attorneys' fees as a result.

11 In addition, in Brown's Answer he stated that he had "neither knowledge nor information
12 sufficient to form a belief about" certain allegations in WNI's Counterclaim, when he did or
13 should, based on a reasonable inquiry, have sufficient knowledge and information to either admit
14 or deny these allegations, in violation of Fed. R. Civ. P. 11(b)(4).  WNI was therefore forced to
15 file WNI's Motion to Strike/Admit, and incurred and will incur attorneys' fees as a result.

16 Brown cites no apposite authority in opposition to WNI's Motion for Sanctions, merely
17 relying on his belief that "sometimes a simply 'yes' or 'no' answer to a question or allegation is
18 misleading," and Brown's declaration in support of his opposition.  However, the rules do not
19 require Brown to say "yes" or "no" to WNI's allegations.  Brown must either admit or deny
20 allegations, and if he does not agree with the allegations, he must simply deny them and not insert
21 additional irrelevant and extraneous facts.  Moreover, as discussed in WNI's Reply in support of
22 its Motion to Strike/Admit, Brown's declaration does nothing to clarify why Brown refused to
23 admit or deny allegations of which he clearly has sufficient knowledge.

24 In light of the Court's previous admonitions regarding Brown's violation of the Federal
25 Rules of Civil Procedure, WNI's meet and confer letter (filed as an exhibit to WNI's moving
26 papers), and the blatant violations of the Federal Rules of Civil Procedure, WNI is entitled to
27 sanctions against Brown equal to the attorneys' fees it has incurred and will incur in filing WNI's
28 Motion to Strike/Admit.  These fees total an estimated $2,677.  (*See* Declaration of Jessica E. La

1  Londe filed with WNI's Motion for Sanctions on January 9, 2008.)  This amount should be
2  awarded as sanctions against Brown and/or his attorney, pursuant to the Court's inherent authority
3  to enter such sanctions.  *See, e.g.*, *Chambers v. NASCO, Inc*., 501 U.S. 32, 43 (1991); *Roadway
4  Express, Inc. v. Piper*, 447 U.S. 752, 764-66 (1980).

WNI respectfully requests this Court to enter an order that WNI is entitled to $2,677 as sanctions against Brown and/or his attorney.

Dated:  February 5, 2008                         DUANE MORRIS LLP


By:    /s/ Jessica E. La Londe
       Lina M. Brenner
       Jessica E. La Londe
       Attorneys for Defendant
       WIRELESS NETWORKS, INC.