**United States District Court**
For the Northern District of California

1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                    NORTHERN DISTRICT OF CALIFORNIA

8

9

10   CHARLES M. BROWN,

11          Plaintiff,                          No. C 07-4301 EDL

12   v.                                         ORDER GRANTING MOTION TO STRIKE
                                                COUNTER-CLAIMANT'S    MOTION    TO
13                                              STRIKE  CERTAIN  PHRASES  FROM
                                                COUNTER-DEFENDANT'S ANSWER AND
14                                              DENYING MOTION FOR SANCTIONS

15   WIRELESS NETWORKS, INC.,

16          Defendant.
     _____/
17

18          Now before the court is the motion of Counter-Claimant Wireless Networks, Inc. ("Wireless"

19   or "Defendant") to Strike Certain Phrases in Plaintiff's Answer, and Motion for Sanctions. For the

20   reasons stated at the hearing, the Court hereby grants Wireless' motion to strike and denies its

21   motion for sanctions.

22          Federal Rule of Civil Procedure 12(f) provides that "the court may order stricken from any

23   pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

24   Fed. R. Civ. P. 12(f). The function of a Rule 12(f) motion is to avoid the expenditure of time and

25   money that arises from litigating spurious issues by dispensing with those issues before trial. See

26   Fantasy Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993).

27          Wireless is correct that certain phrases in Brown's answer are immaterial. See, e.g., Answer

28   ¶ 15 ("acting upon advice of acting counsel for the Company, Mr. Frank Sudia, an NDA was sent to
     a single employee of WNI for the purpose of general discussion of technology unrelated to the

**United States District Court**
For the Northern District of California

1  business of WNI, and for other unrelated persons.  Brown denies that Cedric Berger, [etc.] were

2  employees of WNI, but alleges they were unrelated parties desirous of participating in

3  discussions."); ¶ 27 ("admits and alleges that he appeared at a Deposition under threat of a Subpoena

4  being issued to him by Mr. Hagan," despite unequivocal testimony at the deposition that Plaintiff

5  appeared voluntarily).  These extraneous allegations shall be stricken from the answer.  As stated at

6  the hearing, however, carefully crafted requests for admissions, rather than a motion to strike the

7  answer, are a more appropriate vehicle to narrow factual issues and avoid the unnecessary

8  expenditure of time and money.  Accordingly, Wireless' motion for sanctions is denied.

9      As stated at the hearing, Wireless shall provide to Plaintiff a copy of the transcript of

10  Brown's deposition that was taken in the Hagan litigation no later than February 26, 2008.  Brown's

11  amended answer shall be filed no later than February 26, 2008.

12  IT IS SO ORDERED.

13  Dated: February 19, 2008

14  _____
    ELIZABETH D. LAPORTE
    United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28