1   JEFFREY F. RYAN, ESQ. SBN 129079
    RYAN & STEINER
2   An Association of Attorneys
3   455 North Whisman Road, Suite 200
    Mountain View, CA 94043-5721
4   Telephone:    (650) 691-1430
    Facsimile:    (650) 968-2685
5
    Attorneys for Plaintiff,
6   CHARLES M. BROWN

7               UNITED STATES DISTRICT COURT

8             NORTHERN DISTRICT OF CALIFORNIA

9

| 10 | CHARLES M. BROWN, | Case No.: C-07-04301 EDL |
|---|---|---|
| 11 | Plaintiff, | |
| 12 | vs. | |
| 13 | WIRELESS NETWORKS, INC., a Delaware | COUNTER-DEFENDANT CHARLES M. |
| 14 | corporation, and DOES 1 THROUGH 50, | BROWN'S ANSWER TO COUNTER-CLAIMANT'S COUNTER-CLAIM |
| 15 | Defendants. | AGAINST PLAINTIFF CHARLES M. BROWN |
| 16 | | |

17         Now comes Counter-defendant Charles M. Brown ("Brown" or "Counter-defendant")

18   and responds to Counter-claimant's Counterclaim as follows:

19                        **JURISDICTION**

20         Brown is informed and believes and based thereon admits the allegations in paragraph 1.

21         Brown is informed and believes and based thereon admits the allegations in paragraph 2.

22                   **GENERAL ALLEGATIONS**

23         1.     Brown has neither knowledge nor information sufficient to form a belief about the

24   allegations contained in paragraph 3 of Counter-claimant's Counterclaim, if any, and therefore

25   denies the allegations therein.

26         2.     Brown is informed and believes and based thereon admits the allegations in

27   paragraph 4.

28         3.     Brown is informed and believes and based thereon admits the allegations in

1    paragraph 5.

2        4.    Brown does not have information sufficient to form a belief about the remaining

3    allegations contained in paragraph 6, and therefore denies the allegations therein, except admits

4    and alleges that Brown was an officer and director of WNI;  that a wholly-owned subsidiary

5    called Wireless Networks do Brasil, was formed in 1999;  that he was an officer and director of

6    WNI; that WNI entered into an Option Agreement with Souza/Cruzamerica/MRG International

7    ("MRG") sometime in 2002; that Souza/Cruzamerica/MRG International ("MRG") acquired a

8    majority interest in WNI in April 2005; that Souza/Cruzamerica/MRG International ("MRG")

9    were the "alter ego" of Mr. Ruy de Souza, and that Souza completely controlled, dominated,

10   managed and operated the corporate entities.  Brown denies the allegation that pursuant to an

11   Option Agreement, MRG agreed to lend to WNI approximately $4 M (USD).

12       5.    Brown denies the allegations of paragraph 7, except admits and alleges that

13   Brown was an officer and director of WNI with duties and responsibilities appurtenant to those

14   positions.

15       6.    Brown denies the allegations of paragraph 8, except admits and alleges that

16   Brown was an officer and director of WNI with duties and responsibilities appurtenant to those

17   positions.

18       7.    Brown denies each and every allegation in paragraph 9.

19       8.    Brown denies the allegations of paragraph 10, except admits and alleges that

20   Brown was an officer and director of WNI with duties and responsibilities appurtenant to those

21   positions.

22       9.    Brown denies each and every allegation in paragraph 11. Brown further denies

23   that Counter-claimant has been damaged in, or entitled to, the amount alleged or any sum or

24   sums whatsoever.

25       10.    Brown denies each and every allegation in paragraph 12.

26       11.    Brown denies each and every allegation in paragraph 13.

27       12.    Brown denies each and every allegation in paragraph 14.

28       13.    Brown denies each and every allegation in paragraph 15.

14.     Brown denies each and every allegation in paragraph 16.

15.     Brown denies each and every allegation in paragraph 17, except admits and alleges that an NDA regarding a general discussion of technology unrelated to the business of WNI was sent to a single employee of WNI and to others who were not employees of WNI. Brown denies that Frank Sudia, Cedric Berger, Dan Cochran, Bob Arasmith or Michael Hu were employees of WNI. Brown further denies that Counter-claimant has been damaged in, or entitled to, the amount alleged or any sum or sums whatsoever.

16.     Brown denies each and every allegation in paragraph 20.

17.     Brown denies each and every allegation in paragraph 22.

18.     Brown denies each and every allegation in paragraph 23.

19.     Brown denies each and every allegation in paragraph 24, and further denies that Counter-claimant has been damaged in, or entitled to, the amount alleged or any sum or sums whatsoever.

20.     Brown denies each and every allegation in paragraph 25, and further denies that Counter-claimant has been damaged in, or entitled to, the amount alleged or any sum or sums whatsoever.

21.     Brown denies each and every allegation in paragraph 26, and further denies that Counter-claimant has been damaged in, or entitled to, the amount alleged or any sum or sums whatsoever.

22.     Brown denies each and every allegation in paragraph 27.

23.     Brown denies each and every allegation in paragraph 28.

24.     Brown denies each and every allegation in paragraph 29.

25.     Brown has neither knowledge nor information sufficient to form a belief about the allegations contained in paragraph 31 of Counter-claimant's Counterclaim, and therefore denies each and every allegation therein, except Brown admits and alleges: That on July 6, 2007, Brown was an officer and director of WNI; that he appeared at a Deposition in the *Hagan* lawsuit; that as a Board Member of WNI he was aware of the deposition, but did not notify Mr. de Souza, the only other board member about the deposition; that he was deposed by Mr. Hagan; that he was

1    not represented by counsel at the deposition; and that he truthfully testified in substance that (1)

2    WNI held certain Source Code of value, (2) that there was no reason Mr. Hagan's bills should

3    not be paid, and (3) that WNI had no legal defense that would justify the nonpayment of the

4    promissory notes issued to Brown.

5         26.    Brown has neither knowledge nor information sufficient to form a belief about the

6    allegations contained in paragraph 31 of Counter-claimant's Counterclaim, and therefore denies

7    each and every allegation therein, except Brown admits and alleges that he appeared at a

8    Deposition under threat of a Subpoena being issued to him by Mr. Hagan and that he was

9    deposed by Mr. Hagan.

10         27.    Brown denies each and every allegation in paragraph 32, except admits that he

11    was deposed by Mr. Hagan. Brown further denies that Counter-claimant has been damaged in, or

12    entitled to, the amount alleged or any sum or sums whatsoever.

13         28.    Brown has neither knowledge nor information sufficient to form a belief about the

14    allegations contained in paragraph 33 of Counter-claimant's Counterclaim, and therefore denies

15    the allegation therein. Brown further denies that Counter-claimant has been damaged in, or

16    entitled to, the amount alleged or any sum or sums whatsoever.

17    **FIRST CAUSE OF ACTION**

18    **(Breach of Fiduciary Duty/Duty of Loyalty)**

19         29.    Brown has neither knowledge nor information sufficient to form a belief about the

20    allegations contained in paragraph 34 of Counter-claimant's Counterclaim, and therefore denies

21    the allegation therein.

22         30.    Brown denies each and every allegation in paragraph 35, except admits and

23    alleges that he was an officer and director of WNI.

24         31.    Brown denies each and every allegation in paragraph 36(a) through 36(d), except

25    admits and alleges that he was an officer and director of WNI.  Brown further denies that

26    Counter-claimant has been damaged in, or entitled to, the amount alleged or any sum or sums

27    whatsoever.

28         32.    Brown denies each and every allegation in paragraph 37, except admits and

alleges that he was an officer and director of WNI. Brown further denies that Counter-claimant has been damaged in, or entitled to, the amount alleged or any sum or sums whatsoever.

33.    Brown denies each and every allegation in paragraph 38. Brown further denies that Counter-claimant has been damaged in, or entitled to, the amount alleged or any sum or sums whatsoever.

34.    Brown denies each and every allegation in paragraph 39. Brown further denies that Counter-claimant has been damaged in, or entitled to, the amount alleged or any sum or sums whatsoever.

35.    Brown denies each and every allegation in paragraph 40. Brown further denies that Counter-claimant has been damaged in, or entitled to, the amount alleged or any sum or sums whatsoever.

## SECOND CAUSE OF ACTION

### (Intentional Misrepresentation)

36.    Brown has neither knowledge nor information sufficient to form a belief about the allegations contained in paragraph 41 of Counter-claimant's Counterclaim, and therefore denies the allegation therein. Brown further denies that Counter-claimant has been damaged in, or entitled to, the amount alleged or any sum or sums whatsoever.

37.    Brown denies each and every allegation in paragraph 42.

38.    Brown denies each and every allegation in paragraph 43.

39.    Brown denies each and every allegation in paragraph 44, except admits and alleges that he was an officer and director of WNI. Brown further denies that Counter-claimant has been damaged in, or entitled to, the amount alleged or any sum or sums whatsoever.

40.    Brown denies each and every allegation in paragraph 45, except admits and alleges that he was an officer and director of WNI.  Brown further denies that Counter-claimant has been damaged in, or entitled to, the amount alleged or any sum or sums whatsoever.

41.    Brown denies each and every allegation in paragraph 46, except admits and alleges that he was an officer and director of WNI.  Brown further denies that Counter-claimant has been damaged in, or entitled to, the amount alleged or any sum or sums whatsoever.

42. Brown denies each and every allegation in paragraph 47. Brown further denies that Counter-claimant has been damaged in, or entitled to, the amount alleged or any sum or sums whatsoever.

43. Brown denies each and every allegation in paragraph 48. Brown further denies that Counter-claimant has been damaged in, or entitled to, the amount alleged or any sum or sums whatsoever.

### THIRD CAUSE OF ACTION

### (Negligent Misrepresentation)

44. Brown has neither knowledge nor information sufficient to form a belief about the allegations contained in paragraph 49 of Counter-claimant's Counterclaim, and therefore denies the allegations therein. Brown further denies that Counter-claimant has been damaged in, or entitled to, the amount alleged or any sum or sums whatsoever.

45. Brown denies each and every allegation in paragraph 50. Brown further denies that Counter-claimant has been damaged in, or entitled to, the amount alleged or any sum or sums whatsoever.

46. Brown denies each and every allegation in paragraph 51.

47. Brown denies each and every allegation in paragraph 52, except Brown admits and alleges that he was an officer and director of WNI. Brown further denies that Counter-claimant has been damaged in, or entitled to, the amount alleged or any sum or sums whatsoever.

48. Brown denies each and every allegation in paragraph 53, except Brown admits and alleges that he was an officer and director of WNI. Brown further denies that Counter-claimant has been damaged in, or entitled to, the amount alleged or any sum or sums whatsoever.

49. Brown denies each and every allegation in paragraph 54, except admits and alleges that he was an officer and director of WNI. Brown further denies that Counter-claimant has been damaged in, or entitled to, the amount alleged or any sum or sums whatsoever.

50. Brown denies each and every allegation in paragraph 55. Brown further denies that Counter-claimant has been damaged in, or entitled to, the amount alleged or any sum or sums whatsoever.

1

## FOURTH CAUSE OF ACTION

2

### (Conversion)

3      51.    Brown has neither knowledge nor information sufficient to form a belief about the

4    allegations contained in paragraph 56 of Counter-claimant's Counterclaim, and therefore denies

5    the allegations therein. Brown further denies that Counter-claimant has been damaged in, or

6    entitled to, the amount alleged or any sum or sums whatsoever.

7      52.    Brown denies each and every allegation in paragraph 57(a) through 57(c). Brown

8    further denies that Counter-claimant has been damaged in, or entitled to, the amount alleged or

9    any sum or sums whatsoever.

10     53.    Brown denies each and every allegation in paragraph 58. Brown further denies

11   that Counter-claimant has been damaged in, or entitled to, the amount alleged or any sum or

12   sums whatsoever.

13     54.    Brown denies each and every allegation in paragraph 59. Brown further denies

14   that Counter-claimant has been damaged in, or entitled to, the amount alleged or any sum or

15   sums whatsoever.

16

## FIFTH CAUSE OF ACTION

17

### (Unjust Enrichment/Constructive Trust)

18     55.    Brown has neither knowledge nor information sufficient to form a belief about the

19   allegations contained in paragraph 60 of Counter-claimant's Counterclaim, and therefore denies

20   the allegation therein. Brown further denies that Counter-claimant has been damaged in, or

21   entitled to, the amount alleged or any sum or sums whatsoever.

22     56.    Brown denies each and every allegation in paragraph 61, except Brown admits

23   and alleges that he was an officer and director of WNI. Brown further denies that Counter-

24   claimant has been damaged in, or entitled to, the amount alleged or any sum or sums whatsoever.

25     57.    Brown has neither knowledge nor information sufficient to form a belief about the

26   allegations contained in paragraph 62 of Counter-claimant's Counterclaim, and therefore denies

27   the allegation therein. Brown further denies that Counter-claimant has been damaged in, or

28   entitled to, the amount alleged or any sum or sums whatsoever.

58.     Brown denies each and every allegation in paragraph 63. Brown further denies that Counter-claimant has been damaged in, or entitled to, the amount alleged or any sum or sums whatsoever.

59.     Brown denies each and every allegation in paragraph 64. Brown further denies that Counter-claimant has been damaged in, or entitled to, the amount alleged or any sum or sums whatsoever.

60.     Brown denies each and every allegation in paragraph 65. Brown further denies that Counter-claimant has been damaged in, or entitled to, the amount alleged or any sum or sums whatsoever.

61.     Brown denies each and every allegation in paragraph 66. Brown further denies that Counter-claimant has been damaged in, or entitled to, the amount alleged or any sum or sums whatsoever.

62.     Brown denies each and every allegation in paragraph 67. Brown further denies that Counter-claimant has been damaged in, or entitled to, the amount alleged or any sum or sums whatsoever.

63.     Brown denies each and every allegation in paragraph 68. Brown further denies that Counter-claimant has been damaged in, or entitled to, the amount alleged or any sum or sums whatsoever.

## SIXTH CAUSE OF ACTION

### (Declaratory Relief)

64.     Brown has neither knowledge nor information sufficient to form a belief about the allegations contained in paragraph 69 of Counter-claimant's Counterclaim, and therefore denies the allegation therein. Brown further denies that Counter-claimant has been damaged in, or entitled to, the amount alleged or any sum or sums whatsoever.

65.     Brown has neither knowledge nor information sufficient to form a belief about the allegations contained in paragraph 70 of Counter-claimant's Counterclaim, and therefore denies the allegation therein. Brown further denies that Counter-claimant has been damaged in, or entitled to, the amount alleged or any sum or sums whatsoever.

BROWN'S ANSWER TO COUNTER-CLAIM

BROWN V. WIRELESS NETWORKS, INC.                                CASE NO. C-07-04301 EDL

66.    Brown has neither knowledge nor information sufficient to form a belief about the allegations contained in paragraph 71 of Counter-claimant's Counterclaim, and therefore denies the allegation therein. Brown further denies that Counter-claimant has been damaged in, or entitled to, the amount alleged or any sum or sums whatsoever.

67.    Brown has neither knowledge nor information sufficient to form a belief about the allegations contained in paragraph 72 of Counter-claimant's Counterclaim, and therefore denies the allegation therein. Brown further denies that Counter-claimant has been damaged in, or entitled to, the amount alleged or any sum or sums whatsoever.

68.    Brown has neither knowledge nor information sufficient to form a belief about the allegations contained in paragraph 73 of Counter-claimant's Counterclaim, and therefore denies the allegation therein. Brown further denies that Counter-claimant has been damaged in, or entitled to, the amount alleged or any sum or sums whatsoever.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

69.    Counter-claimant's claims are or may be barred, in whole or in part, to the extent they fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

70.    Counter-claimant's claims are or may be barred, in whole or in part, by the applicable statute of limitations, including Cal. Code Civ. Proc. §§ 337, 339, 340, and Cal. U. Com. Code § 3118.

## THIRD AFFIRMATIVE DEFENSE

### (Laches)

71.    Counter-claimant's claims are or may be barred, in whole or in part, by the equitable doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

72.    Counter-claimant's claims are or may be barred, in whole or in part, by the

1  equitable doctrine of unclean hands.

2  ## FIFTH AFFIRMATIVE DEFENSE

3  ### (Waiver and Estoppel)

4  73.     Counter-claimant's claims are or may be barred, in whole or in part, by Counter-

5  claimant's own conduct and/or by the equitable doctrines of waiver and estoppel.

6  ## SIXTH AFFIRMATIVE DEFENSE

7  ### (Failure to Mitigate)

8  74.     Counter-claimant's claims are or may be barred, in whole or in part, to the extent

9  counter-claimant failed to mitigate its damages, if any.

10  ## SEVENTH AFFIRMATIVE DEFENSE

11  ### (Conduct of Others)

12  75.     Counter-claimant's claims are or may be barred, in whole or in part, to the extent

13  Plaintiff did not suffer damages attributable to the action or inaction of WNI.

14  ## EIGHTH AFFIRMATIVE DEFENSE

15  ### (Justification)

16  76.     Counter-claimant's claims are or may be barred, in whole or in part, to the extent

17  any conduct allegedly engaged in by Brown was reasonable, based upon independent, legitimate

18  business and economic justifications.

19  ## NINTH AFFIRMATIVE DEFENSE

20  ### (Contract Not Just or Reasonable)

21  77.     Counter-claimant's claims are or may be barred, in whole or in part, to the extent

22  the contracts alleged in Counter-claimant's Counterclaim are not just and reasonable as to

23  Brown, pursuant to California Civil Code § 3391 (2).

24  ## TENTH AFFIRMATIVE DEFENSE

25  ### (Performance of Contract)

26  78.     Counter-claimant's claims are or may be barred, in whole or in part, to the extent

27  the contracts alleged in Counter-claimant's Counterclaim were performed.

28

## ELEVENTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

79.     Counter-claimant's claims are or may be barred, in whole or in part, to the extent the contracts alleged in Counter-claimant's Counterclaim were subject to an accord and satisfaction.

## TWELFTH AFFIRMATIVE DEFENSE

### (Novation)

80.     Counter-claimant's claims are or may be barred, in whole or in part, to the extent the contracts alleged in Counter-claimant's Counterclaim were subject to a novation.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Rescission, Repudiation, andlor Termination of Contract)

81.     Counter-claimant's claims are or may be barred, in whole or in part, to the extent the contracts alleged in Counter-claimant's Counterclaim were rescinded, repudiated, and/or terminated.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Mistake)

82.     Counter-claimant's claims are or may be barred, in whole or in part, to the extent the contracts alleged in Counter-claimant's Counterclaim were the result of a mistake.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Setoff)

83.     Counter-claimant's claims are or may be barred, in whole or in part, to the extent Brown is entitled to a setoff or offset of any amounts allegedly owing to Counter-claimant by amounts Counter-claimant owes Brown.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Sham Transaction)

84.     Counter-claimant's claims are or may be barred, in whole or in part, to the extent they are the result of a sham transaction.

## SEVENTEENTH AFFIRMATIVE DEFENSE

1

**(Bad Faith)**

2       85.     Counter-claimant's claims are or may be barred, in whole or in part, to the extent

3   Counter-claimant breached the implied covenant of good faith and fair dealing.

4                        **EIGHTEENTH AFFIRMATIVE DEFENSE**

5                                          **(Fraud)**

6       86.     Counter-claimant's claims are or may be barred, in whole or in part, to the extent

7   Counter-claimant committed fraud.

8                        **NINETEENTH AFFIRMATIVE DEFENSE**

9                                       **(Uncertainty)**

10      87.     Counter-claimant's claims are or may be barred, in whole or in part, to the extent

11  they are vague, ambiguous, uncertain, and/or unintelligible.

12                        **TWENTIETH AFFIRMATIVE DEFENSE**

13                                  **(Litigation Privilege)**

14      88.     Counter-claimant's claims are or may be barred, in whole or in part, by the

15  litigation privilege.

16                     **TWENTY-FIRST AFFIRMATIVE DEFENSE**

17                                 **(Reservation of Rights)**

18      89.     Brown reserves the right to raise additional affirmative defenses as they become

19  known through discovery in this matter.

20                                   **RELIEF REQUESTED**

21      BROWN respectfully request that:

22      1.      Counter-claimant's counterclaim against Brown be dismissed with prejudice;

23  Brown be awarded payments due under the Promissory Notes and Unpaid Salary, plus interest;

24  Brown recovers his attorneys' fees, costs and disbursements incurred in this action as

25  appropriate;

26  ///

27  ///

28  ///

**BROWN'S ANSWER TO COUNTER-CLAIM**

**BROWN V. WIRELESS NETWORKS, INC.**                          **CASE NO. C-07-04301 EDL**

1        2.     Brown be awarded punitive or exemplary damages for Defamation of his

2    character and an attempt to interfere with his livelihood; and

3        3.     Brown be awarded such other and further relief, in law and in equity, as this Court

4    deems just and proper.

5

6    Dated:  December 13, 2007             RYAN & STEINER

7

8                              By:___/s/  Jeffrey F. Ryan_____

                          Jeffrey F. Ryan

9                              Attorneys for Counter-defendant

                          CHARLES M. BROWN

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BROWN'S ANSWER TO COUNTER-CLAIM

BROWN V. WIRELESS NETWORKS, INC.                         CASE NO. C-07-04301 EDL