1  Lina M. Brenner (SBN 191075)
   Jessica E. La Londe (SBN 235744)
2  **DUANE MORRIS** LLP
   One Market, Spear Tower, Suite 2000
3  San Francisco, CA 94105-1104
   Telephone: 415.957.3000
4  Facsimile: 415.957.3001
   E-mail:   lmbrenner@duanemorris.com
5             jelalonde@duanemorris.com

6  Daniel J. Herling (SBN 103711)
   **KELLER & HECKMAN LLP**
7  Three Embarcadero Center, Suite 450
   San Francisco, California  94111
8  T:  (415) 948-2800
   F:  (415) 948-2808
9  E-mail:  herling@khlaw.com

10 Attorneys for Defendant
   WIRELESS NETWORKS, INC.
11
   Jeffrey F. Ryan (SBN 129079)
12 **RYAN & STEINER**
   An Association of Attorneys
13 455 North Whisman Road, Suite 200
   Mountain View, CA 94043-5721
14 Telephone:    (650) 691-1430
   Facsimile:    (650) 968-2685
15 E-mail:      jr@ryansteiner.com

16 Attorneys for Plaintiff
   CHARLES M. BROWN
17

18              UNITED STATES DISTRICT COURT

19            NORTHERN DISTRICT OF CALIFORNIA

20                   SAN FRANCISCO

21 CHARLES M. BROWN,                    Case No. C-07-04301 EDL

22         Plaintiff,                   **JOINT CASE MANAGEMENT
                                        STATEMENT**
23     v.

24 WIRELESS NETWORKS, INC., a Delaware   Date:      March 11, 2008
   corporation,                         Time:      10:00 a.m.
25                                       Dept:      Courtroom E, 15th Floor
          Defendant.                    Judge:     Mag. Elizabeth D. Laporte
26

27

28

The parties to the above-entitled action jointly submit this Case Management Statement, in conformance with the Northern District of California's Standing Order regarding the content of Joint Case Management Statements, and this Court's November 27, 2007 Order.

## JURISDICTION AND SERVICE

This Court has jurisdiction of this matter pursuant to 28 U.S.C., § 1332, as there exists complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds $75,000.

There are no issues currently between the current parties to this dispute regarding personal jurisdiction or venue. Plaintiff has informed Defendant that he intends to file a motion for leave to amend his complaint to add additional defendants (discussed below), that will have to be served on the additional defendants. Defendant believes that there may be issues regarding personal jurisdiction, service, and/or venue that may arise out of this amended complaint.

## FACTS

Plaintiff is a former officer and director of Defendant. In Plaintiff's Third Amended Complaint against Defendant, filed on November 16, 2007, Plaintiff alleges that an account was stated between Plaintiff and Defendant in the amount of $17,000; that Defendant entered into two promissory notes, and has breached those notes by failing to pay Plaintiff $27,100.91, which Plaintiff alleges as damages; that Defendant owes Plaintiff unpaid wages, totaling $21,000; that Defendant owes Plaintiff $10,092.09 pursuant to California Labor Code section 2802; and that Defendant defamed Plaintiff, entitling Plaintiff to damages. Plaintiff also seeks attorneys fees pursuant to his claim of breach of the promissory notes, and punitive damages pursuant to his defamation cause of action.

Defendant disputes that it owes these amounts to Plaintiff because Defendant believes that these amounts may have already been paid to Plaintiff and/or are offset by other sums received by Plaintiff from Defendant. Defendant furthermore believes that the defamation claim is properly the subject of a motion to dismiss, which it will be filing prior to the case management conference. Defendant filed its answer and a counterclaim against Plaintiff on December 6, 2007, alleging causes of action for breach of fiduciary duty/duty of loyalty; intentional misrepresentation;

2

negligent misrepresentation; conversion; unjust enrichment/constructive trust; and declaratory relief. After the Court granted Defendant's Motion to Strike/Amend Plaintiff's Answer to Defendant's Counterclaim, Plaintiff filed an Answer on February 25, 2008. Defendant contends that Plaintiff's Answer fails to comply with the Court's order.

## LEGAL ISSUES

With respect to Plaintiff's Third Amended Complaint, Defendant questions the enforceability of the promissory notes, given that Plaintiff himself executed them, and they were "ratified" under false pretenses. Plaintiff contends that the notes are enforceable and the only fraud is by Defendant. Defendant also believes that Plaintiff's defamation cause of action is wholly without merit and intends to file a motion to dismiss that cause of action.

## MOTIONS

Prior Motions

Plaintiff filed an Ex Parte Application for Right to Attach Order on August 22, 2007. After briefing and a hearing on the matter, the Court ordered Defendant to post a bond, which was posted on September 13, 2007.

Plaintiff filed an Ex Parte Application for a TRO on September 6, 2007, which was denied by the Court on September 12, 2007.

Defendant filed a Motion to Strike Plaintiff's Fourth Amended Complaint on September 7, 2007. The Court granted Defendant's motion on October 23, 2007, and granted Plaintiff leave to file one more amended complaint by November 16, 2007, "but he may not file any subsequent complaints without the Court's permission." (*See* Court's October 23, 2007 Order at p. 4:5-6.)

Defendant filed a Motion to Strike Certain Phrases in Counter-Defendant's Answer and For an Order that Certain Allegations are Deemed Admitted on January 9, 2008, which was granted by the Court on February 19, 2008.

Pending Motions

There are no pending motions before the Court.

///

///

3

Anticipated Motions

Defendant will file a motion to dismiss Plaintiff's defamation cause of action prior to the March 11, 2008 case management conference.

Prior to the March 11, 2008 case management conference, Plaintiff will file a motion for leave to amend his complaint to add additional defendants, as discussed in the section below. Defendant reserves the right to contest this motion, and, if such motion is granted, Defendant's counsel reserves the right to file a motion to dismiss on behalf of these defendants.

## AMENDMENT TO PLEADINGS

Plaintiff intends to file, prior to the March 11, 2008 case management conference, a motion for leave to amend the complaint to name: MRG International Inc. – the majority shareholder of Defendant Wireless Networks, Inc. ("WNI"); Ruy Rothschild de Souza – the principal of MRG International Inc.; and Wireless Networks do Brasil, LTDA – a subsidiary of WNI, as additional parties defendant to Plaintiff's claims based upon Plaintiff's claim that this individual and the entities are alter-egos of one-another and defendant WNI.

Defendant reserves the right to contest this motion.

## EVIDENCE PRESERVATION

Defendant has retrieved and is in possession of corporate documents that were previously in the possession of Plaintiff. Defendant continues to believe that there are various corporate documents that are missing, which will require investigation on the part of the Defendant, as discovery proceeds. Plaintiff contends he turned over all corporate documents to Defendant many months ago but that Defendant refused to take possession of same.

## DISCLOSURES

Defendant served initial disclosures on November 20, 2007, pursuant to the Court's August 21, 2007 order. These disclosures identified potential witnesses, including former employees of Defendant, and provided documents in support of Defendant's claims and defenses.

Plaintiff served initial disclosures on November 26, 2007, which identified witnesses and attached certain documents.

///

4

**DISCOVERY**

<u>Discovery Taken to Date</u>

No discovery has been taken to date.

<u>Scope of Anticipated Discovery: Plaintiff</u>

Plaintiff anticipates serving Defendant with interrogatories, requests for production of documents, and requests for admission relevant both to Plaintiff's claim against Defendant, and Defendant's counterclaim against Plaintiff.

<u>Scope of Anticipated Discovery: Defendant</u>

Defendant anticipates serving Plaintiff with interrogatories, requests for production of documents, and requests for admission relevant both to Plaintiff's claim against Defendant, and Defendant's counterclaim against Plaintiff.  Defendant plans to take Plaintiff's deposition, as well as other percipient witness depositions, as needed.  Defendant also plans to serve third party subpoenas, seeking financial and related records relating to Plaintiff's claims.

<u>Proposed Discovery Schedule</u>

Plaintiff and Defendant propose discovery in accordance with the Federal Rules of Civil Procedure and propose the following discovery schedule:

| | |
|---|---|
| Non-Expert Discovery Cut-Off: | July 2008 |
| Expert Discovery Cut-Off: | October 2008 |
| Dispositive Motions (Last Day for Hearing): | November 2008 |

**CLASS ACTIONS**

This case is not a class action.

**RELATED CASES**

There are currently no related cases or proceedings pending.  As the Court was previously informed, Plaintiff had an administrative claim for unpaid wages pending before the California Labor Commissioner, which claim was dismissed based on the existence of this lawsuit.

**RELIEF**

Plaintiff seeks over $75,000 in damages, in addition to interest, attorneys fees, and punitive damages.

5

Defendant's counterclaim seeks damages, according to proof at trial.

## SETTLEMENT AND ADR

Plaintiff and Defendant engaged in court-ordered mediation on January 23, 2008 with Catherine A. Yanni, at JAMS.  The parties were unable to reach a settlement.

## CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

Plaintiff and Defendant consent to have this Court conduct all further proceedings.

## OTHER REFERENCES

The parties do not believe, at least at this time, that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## NARROWING OF ISSUES

Defendant believes that the issues can be narrowed by a motion to dismiss Plaintiff's defamation claim.

## EXPEDITED SCHEDULE

The parties believe that this is the type of case that can be handled on an expedited basis with streamlined procedures.

## SCHEDULING

Plaintiff and Defendant propose the following schedule:

| | |
|---|---|
| Non-Expert Discovery Cut-Off: | July 2008 |
| Expert Discovery Cut-Off: | October 2008 |
| Dispositive Motions (Last Day for Hearing): | November 2008 |
| Pre-Trial Conference: | February 2009 |
| Trial: | March 2009 |

## TRIAL

This case will be tried to a jury.  The parties estimate that trial will take five days.

## DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Plaintiff

Plaintiff has not filed a "Certification of Interested Entities or Parties" pursuant to Civil Local Rule 3-16 as there are none that he is aware of other than those set forth below.

6

<u>Defendant</u>

Defendant filed a "Certification of Interested Entities or Parties" on August 21, 2007, pursuant to Civil Local Rule 3-16.  Pursuant to the Standing Order regarding the content of Joint Case Management Statements, Defendant restates this certification as follows:

Pursuant to Civil Local Rule 3-16, the undersigned certifies that the following listed persons, associations of person, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

1.    MRG International Inc. – the majority shareholder of Defendant Wireless Networks, Inc. ("WNI").

2.    Ruy Rothschild de Souza – the principal of MRG International Inc.

3.    Wireless Networks do Brasil, LTDA – a subsidiary of WNI.

**Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.**

None at this time.

Dated:  February 26, 2008          **DUANE MORRIS LLP**


By:   /s/ Jessica E. La Londe
        Lina M. Brenner
        Jessica E. La Londe
        Attorneys for Defendant
        WIRELESS NETWORKS, INC**.**


Dated:  February 26, 2007          **RYAN & STEINER**


By:   /s/ Jeffrey F. Ryan
        Jeffrey F. Ryan
        Attorneys for Plaintiff
        CHARLES M. BROWN

7