1  Lina M. Brenner (SBN 191075)
   Jessica E. La Londe (SBN 235744)
2  **DUANE MORRIS LLP**
   One Market, Spear Tower, Suite 2000
3  San Francisco, CA 94105-1104
   Telephone: 415.957.3000
4  Facsimile: 415.957.3001
   E-mail:  lmbrenner@duanemorris.com
5           jelalonde@duanemorris.com

6  Daniel J. Herling (SBN 103711)
   **KELLER & HECKMAN LLP**
7  Three Embarcadero Center, Suite 450
   San Francisco, California  94111
8  T:  (415) 948-2800
   F:  (415) 948-2808
9  E-mail:  herling@khlaw.com

10

11 Attorneys for Defendant
   WIRELESS NETWORKS, INC.

12

13                        UNITED STATES DISTRICT COURT

14                       NORTHERN DISTRICT OF CALIFORNIA

15                                 SAN FRANCISCO

| | |
|---|---|
| 16  CHARLES M. BROWN,                          | Case No. C-07-04301 EDL |
| 17            Plaintiff,                       | **WIRELESS NETWORKS, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S DEFAMATION CAUSE OF ACTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |
| 18            v.                               | |
| 19  WIRELESS NETWORKS, INC., a Delaware corporation, | |
| 20            Defendant.                       | |
| 21                                             | Date:   April 15, 2008 |
| 22  WIRELESS NETWORKS, INC., a Delaware corporation, | Time:   9:00 a.m. <br> Dept:   Courtroom E, 15th Floor <br> Judge:  Mag. Elizabeth D. Laporte |
| 23            Counter-claimant,                | |
| 24            v.                               | |
| 25  CHARLES M. BROWN,                          | |
| 26                                             | |
| 27            Counter-defendant.               | |

28

DM1/1280691

WNI'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S                CASE NO. 07-4301 EDL
DEFAMATION CAUSE OF ACTION; MPA IN SUPPORT

TO PLAINTIFF AND HIS ATTORNEY OF RECORD

    PLEASE TAKE NOTICE THAT on April 15, 2008, at 9:00 a.m. or as soon thereafter as the matter may be heard in Courtroom E of the Honorable Elizabeth D. Laporte, located at 450 Golden Gate Avenue, San Francisco, CA 94102, defendant Wireless Networks, Inc. ("WNI") will and hereby does move to dismiss with prejudice Plaintiff Charles M. Brown ("Brown")'s Sixth Claim for Relief (Defamation) in his Third Amended Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). This motion is based on this Notice of Motion, the within Memorandum of Points and Authorities, the Declaration of Jessica E. La Londe and the Declaration of Daniel J. Herling filed concurrently with this Motion, and upon the papers, records, and pleadings on file herein.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

    Brown's cause of action for defamation is barred by the litigation privilege, and therefore Brown's "Sixth Claim for Relief – Defamation" in his Third Amended Complaint should be dismissed with prejudice. The letter WNI sent, through its Chairman Ruy Rothschild de Souza, was sent to the shareholders of WNI during the time this lawsuit was pending, and was sent with the express purpose of refuting the allegations Brown had asserted against WNI and with the intention of staving off a shareholder derivative suit that had been threatened by Brown. Thus the litigation privilege applies to bar Brown's defamation cause of action and that cause of action should be dismissed with prejudice.[1]

### II. FACTS AND BACKGROUND

    Brown was an officer and director of Defendant WNI, until on or about July 13, 2007. (*See generally* Brown's Third Amended Complaint.) On July 19, 2007, Brown filed a lawsuit against WNI in the San Mateo Superior Court, which alleged breaches of certain promissory notes. (S*ee* Exhibit A to Notice of Removal of Action under 28 U.S.C. Section 1441 (Diversity)

---

[1] At the November 27, 2007 Case Management Conference, the Court ordered WNI to file its Answer to Brown's Third Amended Complaint, without waiver of WNI's right to later file a motion to dismiss Brown's defamation cause of action. The Court asked WNI, instead of filing a motion to dismiss, to meet and confer with Brown regarding this issue. Brown has refused to amend his complaint to remove the defamation cause of action and the parties' mediation efforts failed; therefore, WNI is filing this Motion.

1  to Federal Court, filed on August 21, 2007 ("Notice of Removal").)  On August 20, Brown filed
2  an *ex parte* application for writ of attachment in the San Mateo Superior Court, regarding certain
3  source code belonging to WNI, consisting of three DVD computer disks used to conduct WNI's
4  business ("Source Code").  (*See* Exhibit B to Notice of Removal.)  That application was denied.
5  (Declaration of Jessica E. La Londe ("La Londe Dec."), filed concurrently herewith, ¶ 3.)  On
6  August 20, 2007, Plaintiff filed a Second Amended Complaint, which added a claim for "wages
7  due."  (*See* Exhibit C to Notice of Removal.)  WNI removed the San Mateo Superior Court action
8  to this Court on August 21, 2007, on the basis of diversity jurisdiction.  (*See* Notice of Removal.)
9  On August 22, 2007, Brown filed an Emergency *Ex Parte* Application for Right to Attach Order.
10  (*See* Brown's August 22, 2007 Filings.)  Pursuant to the application, this Court ordered WNI to
11  post a bond (*see* Court's August 31, 2007 Order), which was subsequently posted by WNI (*see*
12  Bond on Attachment Order, filed September 13, 2007).
13        Throughout this time, Brown's counsel suggested to WNI's counsel that Brown was
14  contemplating a shareholder derivative suit.  (Declaration of Daniel J. Herling ("Herling Dec."),
15  filed concurrently herewith, ¶ 3.)  Indeed, at the August 31 hearing regarding the Source Code,
16  Brown's counsel indicated that Brown would be filing a shareholder derivative suit on behalf of
17  the minority shareholders.  (*Id.* at ¶ 4.)  Brown's counsel claimed that there were 40 shareholders
18  who were pooling their money to prosecute the action.  (*Id.*)
19        On September 6, 2007, Brown filed an *Ex Parte* Application for Temporary Restraining
20  Order and Order to Shown Cause Re: Retention of Source Code in California.  In support of his *Ex*
21  *Parte* TRO, Brown filed declarations of several individuals, including seven (7) shareholders: Ted
22  Kubota, Patrick Lanthier, Michael W. Hu, Stephen Oku, Bob Rogers, Michael Siri, and Frank
23  LaCorte.  (*See* Brown's September 6, 2007 *Ex Parte* Application for TRO and supporting
24  declarations filed September 6 and September 11.)
25        On  September 7, 2007, WNI, through its Chairman Mr. de Souza, sent a letter to WNI
26  shareholders regarding the litigation Brown had instituted against WNI, and explaining WNI's
27  position.  (*See* Exhibit A to La Londe Dec., ¶ 4.)  When Brown filed his Third Amended
28  ///

Complaint on November 16, 2007, he added a cause of action for defamation, based on WNI's issuance of this letter to its shareholders.  (*See* Brown's Third Amended Complaint.)

### III.   ARGUMENT

#### A.   Standard for Motion to Dismiss

This Motion is based on Federal Rule of Civil Procedure 12(b)(6) ("failure to state a claim upon which relief can be granted").  A Rule 12(b)(6) dismissal is proper where there is either a "lack of cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).  A motion to dismiss for failure to state a claim is properly granted when plaintiff has included allegations in the complaint that, on their face, disclose some absolute defense or bar to recovery: "If the pleadings establish facts compelling a decision one way, that is as good as if depositions and other expensively obtained evidence on summary judgment establishes the identical facts."  *Weisbuch v. County of Los Angeles*, 119 F.3d 778, 783, fn.1 (9th Cir. 1997).  Causes of action in which the litigation privilege applies (pursuant to California Civil Code 47(b)) are properly the subject of a Rule 12(b)(6) motion.  *See, e.g.*, *Morales v. Cooperative of Am. Physicians, Inc.*, 180 F.3d 1060 (9th Cir. 1999).

#### B.   The Litigation Privilege in General

The litigation privilege is codified in the California Civil Code at section 47(b), which states: "A privileged publication or broadcast is one made: . . . (b) In any . . . (2) judicial proceeding . . . ."  The privilege is absolute, and extends to any communication: "(1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action."  *Silberg v. Anderson*, 50 Cal.3d 205, 212 (1990).  In *Silberg*, the court noted that prong three of the test was merely part of the prong four requirement, and ultimately appeared to summarize the test of these two prongs as whether the allegedly published statements "furthered the objects of the litigation."  *Id.* at 219-220.

California courts have not limited application of the litigation privilege to communications made *in* a judicial or quasi-judicial proceeding; rather, the privilege extends to communications

DM1/1280691                                               4

WNI'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S            CASE NO. 07-4301 EDL
DEFAMATION CAUSE OF ACTION; MPA IN SUPPORT

*related* to a proceeding. *See, e.g.*, *Rubin v. Green*, 4 Cal. 4th 1187, 1194 (1993). Indeed, the privilege has been regularly applied to pre-litigation communications. *See, e.g.*, *id.* For example, a demand letter sent prior to the commencement of litigation is normally considered protected by the litigation privilege of California Civil Code section 47. *See, e.g.*, *Lerette v. Dean Witter Organization, Inc.*, 60 Cal. App. 3d 573, 581 (1976). Moreover, the privilege has been applied broadly in California courts (*Silberg*, 50 Cal.3d at 212), and any doubt as to whether the privilege applies is resolved in favor of applying it. *See, e.g.*, *Adams v. Superior Court*, 2 Cal. App. 4th 521, 529 (1992).

### C. The Litigation Privilege Applies to Bar Brown's Defamation Claim

Brown's Sixth Claim for Relief – Defamation, is barred as a matter of law by the litigation privilege and should be dismissed with prejudice. WNI's September 7, 2007 letter to the shareholders, which forms the basis of Brown's defamation claim, is subject to the litigation privilege pursuant to California Civil Code § 47(b), and the case law analyzing this code section. WNI's letter was sent almost <u>two months after Brown had initiated litigation</u>, and was only sent to the shareholders because Brown had filed this lawsuit, had made threats regarding future litigation, and had made various erroneous statements regarding WNI and Mr. de Souza. In light of the litigation, threats, and those statements, WNI was compelled to inform its shareholders of the basis for the lawsuit, and WNI's various defenses to liability, including informing the shareholders of Brown's actions while employed with WNI, which might serve as a set-off of damages against Brown's claims.

As discussed above, Brown obtained declarations from seven (7) shareholders and filed those in support of his *Ex Parte* TRO. WNI believes that these shareholders, who willingly made themselves relevant to the litigation by signing declarations on Brown's behalf, had not heard WNI's side of the story. Moreover, many of these shareholders in their declarations contended that they had not received sufficient information from WNI and/or made allegations directly relevant to the litigation. (*See, e.g.*, Declaration of Ted Kubota, at 1:23 ("I have yet to be contacted and given any information . . . ."); Declaration of Patrick Lanthier, at 1:26-27 ("[Mr. de Souza] has not kept shareholders informed of WNI's status . . . ."); Declaration of Michael W. Hu,

at 1:26-27 ("Getting any information out of [Mr. de Souza] was virtually impossible."); Declaration of Stephen Oku, at 2:6-7 ("De Souza has consistently failed to inform WNI's shareholders of Company status and operations."); Declaration of Bob Rogers, at 1:26 ("[Mr. de Souza] has not communicated once with us investors.") and 2:9 ("I want to have my shareholder rights preserved in any action."); Declaration of Michael Siri, at 5:17-18 ("Mr. de Souza is and has been having his way with the company with total disregard to the shareholders . . . ."); Declaration of Frank LaCorte, at 1:21-22 ("I have concerns about the lack of performance and failure to communicate exhibited by Mr. Ruy de Souza.") and 1:27-2:2 ("Mr. de Souza has been lax in his fiduciary responsibilities and has not communicated well with me or other investors I have spoken to. I am concerned that he may be purposely misleading and misinforming other investors for reasons which are not in keeping with his responsibilities.").

WNI therefore sent the September 7 letter, in part, as a direct response to the shareholder's concerns about lack of communication, and to address the issues in the litigation, including but not limited to a potential shareholder derivative suit.

Moreover, Brown specifically threatened to institute a shareholder derivative suit against WNI. (Herling Dec. ¶ 3.) Indeed, at the August 31 hearing regarding the Source Code, Brown's counsel indicated that Brown would be filing a shareholder derivative suit on behalf of the minority shareholders. (*Id.* at ¶ 4.) Brown's counsel stated that there were 40 shareholders who were pooling their money to prosecute the action. (*Id.*) WNI's letter was therefore sent, in part, to dissuade the shareholders from considering such action, by informing them of WNI's perspective on the litigation.

Therefore, the September 7 letter was sent only because of Brown's litigation, threats during that litigation, and to further the objects of the litigation by educating the shareholders of WNI's perspective on Brown's allegations, in order to provide them with sufficient information to make informed decisions before submitting any further declarations on Brown's behalf or participating in a shareholder derivative suit against WNI.

Brown's defamation cause of action therefore lacks merit as a matter of law as it is subject to the litigation privilege and it must be dismissed with prejudice.

# CONCLUSION

For the reasons discussed above, WNI respectfully requests this Court to issue an order dismissing Brown's defamation cause of action with prejudice.

Dated: March 10, 2008        DUANE MORRIS LLP


By:   /s/ Jessica E. La Londe
      Lina M. Brenner
      Jessica E. La Londe
      Attorneys for Defendant
      WIRELESS NETWORKS, INC.