JEFFREY F. RYAN, ESQ. SBN 129079
RYAN & STEINER
An Association of Attorneys
455 North Whisman Road, Suite 200
Mountain View, CA 94043-5721
Telephone:    (650) 691-1430
Facsimile:    (650) 968-2685

Attorneys for Plaintiff,
CHARLES M. BROWN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CHARLES M. BROWN,<br><br>       Plaintiff,<br><br>  vs.<br><br>WIRELESS NETWORKS, INC., a Delaware corporation, and DOES 1 THROUGH 50,<br><br>       Defendants. | Case No.: C07-4301 EDL<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS DEFAMATION CAUSE OF ACTION**<br><br>**Date:**    **April 15, 2008**<br>**Time:**    **9:00 a.m.**<br>**Dept.:**    **Courtroom E, 15th Floor**<br>**Judge:**    **Magistrate Elizabeth D. Laporte** |

Plaintiff Charles M. Brown ("Plaintiff" or "Brown") hereby opposes defendant Wireless Networks Inc.'s ("Defendant" or "WNI") motion to dismiss Brown's defamation Cause of Action.

WNI's motion to dismiss the defamation cause of action raises only one issue – whether its letter to shareholders falls within the litigation privilege under California law.  While WNI is generally correct in its recitation of the applicable standards under the litigation privilege, WNI's communication to its shareholders does not fall within that privilege.

Certainly the privilege is not limited to the pleadings, to the oral or written evidence, or to publications in open court or in briefs or in affidavits.[1]  However, the absolute privilege attaches only to a publication that has some connection or logical relation to the judicial proceeding, is permitted by law, and is made to achieve the objects of the litigation. *Silberg v. Anderson* 50 Cal. 3d 205, 212, 266 Cal. Rptr. 638, 786 P.2d 365 (1990).  This logical relation must bear a functional connection to the litigation, so that the communicative act must be a necessary or useful step in the litigation process; it is not sufficient that the communications content is related to that of the litigation. *Rothman v. Jackson*, 49 Cal. App. 4th 1134, 1145-1146, 57 Cal. Rptr. 2d 284 (1996).  Here is where WNI's argument fails.

The Rothman case, similar to WNI's disclosures, involved public dissemination of allegedly defamatory statements by the defendant that were related to an underlying litigation. After an extensive review of the litigation privilege, the Court turned to examination of the defendant's assertion of the privilege.  The Court observed:

> [A] communication is privileged under section 47, subdivision (b) if made in, or in anticipation of, litigation by litigants or other authorized participants to achieve the objects of the litigation, and if the communication has some connection or logical relation to the action. (Moore v. Conliffe, supra, 7 Cal. 4th at p. 641; Silberg v. Anderson, supra, 50 Cal. 3d at p. 212; Albertson v. Raboff, supra, 46 Cal. 2d at pp. 380-381.) The communications at issue here were obviously made in anticipation of litigation--indeed, of a potential criminal prosecution--and were made by potential participants. However, we cannot agree with the defendants' claims that their charges against Rothman had the requisite "logical relation" with the subsequent litigation and were made to achieve the objects of the litigation simply because the statements concerned the subject matter of the litigation and were intended to vindicate Jackson in the forum of public opinion, just as the defendants ultimately intended to vindicate him in court.

---

[1] See, e.g., Albertson v. Raboff 46 Cal. 2d 375 ,381, 295 P.2d 405 (1956) (Lis pendens); Bernstein v. Alameda-Contra Costa Med. Ass'n 139 Cal. App. 2d 241, 246, 293 P.2d 862 (1956) (statements in affidavits); Thornton v. Rhoden 245 Cal. App. 2d 80, 85, 93, 53 Cal. Rptr. 706 (1966) (questions and answers at deposition); Soliz v. Williams 74 Cal. App. 4th 577, 588-589, 88 Cal. Rptr. 2d 184 (1999) (statements at settlement conference); Ascherman v. Natanson 23 Cal. App. 3d 861, 865, 100 Cal. Rptr. 656 (1972) (Interviews between a prospective witness and an attorney).

Rothman, 49 Cal. App. 4th at 1145.  The Rothman Court's analysis rejecting the defendant's assertion of a "logical relationship" is instructive:

> An analysis of the policies which underlie the litigation privilege also compel our conclusion that similarity, or even identity, of subject matter is not a "connection or logical relation" between litigation and a communication which is alone sufficient to trigger the litigation privilege.  The purposes of section 47, subdivision (b)(2) were summarized in Silberg v. Anderson, supra, 50 Cal. 3d 205: ". . . ensuring free access to the courts, promoting complete and truthful testimony, encouraging zealous advocacy, giving finality to judgments, and avoiding unending litigation. . . ." (citations omitted). The principal purpose of the privilege is to afford the utmost freedom of access to the courts without fear of being subsequently harassed by derivative tort actions. (Silberg v. Anderson, supra, 50 Cal. 3d at p. 213.)
>
> Because this is so, it follows that the "connection or logical relation" which a communication must bear to litigation in order for the privilege to apply, is a functional connection. That is to say, the communicative act--be it a document filed with the court, a letter between counsel or an oral statement--must function as a necessary or useful step in the litigation process and must serve its purposes. This is a very different thing from saying that the communication's content need only be related in some way to the subject matter of the litigation; it is another way of saying what the Supreme Court stated in Silberg, supra, about the relationship between the "furtherance" and the "connection or logical relation" prongs of the four-part Silberg test--that the former is "simply part of" the latter. (50 Cal. 3d at pp. 219-220.) The litigation privilege exists so that persons who have been harmed or have other grievances calling for redress through the judicial processes can and will use the courts, rather than self-help, to obtain relief. The privilege thus affords its extraordinary protection to the uninhibited airing, discussion and resolution of disputes in, and only in, judicial or quasi-judicial arenas. Public mudslinging, while a less physically destructive form of self-help than a public brawl, is nevertheless one of the kinds of unregulated and harmful feuding that courts and their processes exist to prevent. It would be counterproductive to afford to it the same protections which section 47, subdivision (b) gives to court processes.

Rothman, 49 Cal. App. 4th at 1146.

Here, as in Rothman, WNI's letter to its shareholders may be viewed as "related to the subject matter" of the lawsuit, but it fails to meet the standard of a necessary or useful step in the litigation process.  Indeed, this is perhaps best demonstrated by the fact that if the letter had not

been sent, no part of this litigation would have been impacted. Thus, WNI's letter fails the logical relation test.

Further, WNI's letter also fails in its relationship to the "objects of litigation." Again, the Rothman decision is instructive:

> The defendants contend, however, that their statements about Rothman were made, in the words of the Albertson court, "to achieve the objects of the litigation"; thus, like their anticipated defense in the expected lawsuit, their out-of-court statements were intended to vindicate Jackson. In so arguing, the defendants read the phrase "objects of the litigation" far too broadly. It has previously been held that the "furtherance" test is not satisfied merely because a communication was made with an intent of achieving an advantage in litigation (Susan A. v. County of Sonoma, supra, 2 Cal. App. 4th at p. 95); application of the privilege to an otherwise unprivileged communication on this ground would contravene the rule that application of the privilege does not depend upon the speaker's motives, morals, ethics, or intent. (Id. at p. 96.) It follows that the test likewise cannot be satisfied by communications which only serve interests that happen to parallel or complement a party's interests in the litigation; and this is the most which can be said of Jackson's interest in being vindicated of the charges made by the C's.
>
> While a person's motives for litigating a dispute may include a desire to be vindicated in the eyes of the world--a result which the litigation may achieve--this is not what is meant by the term "objects of the litigation." A party's legitimate objectives in the litigation are limited to the remedies which can be awarded by courts. Thus, the "objects of the litigation" for a plaintiff are to obtain a monetary recovery for damages or other relief; a defendant's "objects" are to resist a determination of liability and whatever assessment of damages, penalty or other order that the plaintiff seeks. Thus, either party's understandable desire (or motive) for vindication--particularly where such vindication is sought outside of the litigation context--is not an "object of litigation," which satisfies the "furtherance" requirement.
>
> Stated another way, if Silberg's "furtherance" test is to serve its purpose, the test can be satisfied only by communications which function intrinsically, and apart from any consideration of the speaker's intent, to advance a litigant's case.

Rothman, 49 Cal. App. 4th at 1147-48.

///

///

Applying this part of the Rothman Court's analysis, WNI's shareholder letter does not intrinsically advance its case – indeed, it had nothing to do with advancing its case in this court. As a result, it falls outside the litigation privilege, and WNI's motion to dismiss must be denied.

```
                                        RYAN & STEINER
                                        An Association of Attorneys


Dated:  March 25, 2008         BY:      /s/ Jeffrey F. Ryan
                                        JEFFREY F. RYAN, Attorneys for Plaintiff
                                        CHARLES M. BROWN
```