Lina M. Brenner (SBN 191075)
Jessica E. La Londe (SBN 235744)
**DUANE MORRIS** LLP
One Market, Spear Tower, Suite 2000
San Francisco, CA 94105-1104
Telephone: 415.957.3000
Facsimile: 415.957.3001
E-mail:   lmbrenner@duanemorris.com
             jelalonde@duanemorris.com

Daniel J. Herling (SBN 103711)
**KELLER & HECKMAN** LLP
Three Embarcadero Center, Suite 450
San Francisco, California  94111
T:  (415) 948-2800
F:  (415) 948-2808
E-mail:  herling@khlaw.com

Attorneys for Defendant and Counterclaimant
WIRELESS NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

CHARLES M. BROWN,

      Plaintiff,

     v.

WIRELESS NETWORKS, INC., a Delaware
corporation,

      Defendant.

WIRELESS NETWORKS, INC., a Delaware
corporation,

      Counter-claimant,

     v.

CHARLES M. BROWN,

      Counter-defendant.

Case No. C-07-04301 EDL

**WIRELESS NETWORKS, INC.'S
OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE
AMENDED COMPLAINT**

Date:       April 15, 2008
Time:       9:00 a.m.
Dept:       Courtroom E, 15th Floor
Judge:      Mag. Elizabeth D. Laporte

DM1/1304799

1  Defendant Wireless Networks, Inc. ("WNI") respectfully submits this Opposition to

2  Plaintiff ("Brown")'s motion for leave to file a Fourth Amended Complaint.

3  ## I.    INTRODUCTION

4  Brown should not be granted leave to amend his complaint to add three alleged "alter ego"

5  defendants because: (1) amendment would be futile because there is no personal jurisdiction over

6  these proposed defendants; (2) the purported reason for alleging "alter ego" liability has

7  previously been resolved by this Court; (3) there are no charging allegations against the proposed

8  defendants and no basis for demonstrating the "alter ego" elements; and (4) Brown has been

9  dilatory in seeking this amendment.

10  For these reasons, Brown's motion for leave to file a Fourth Amended Complaint should

11  be denied.

12  ## II.    FACTS

13  Wireless Networks do Brasil, LTDA ("WNB") is a wholly-owned subsidiary of WNI, and

14  is incorporated in and does business entirely within Brazil.  (Declaration of Ruy Rothschild de

15  Souza ("de Souza Dec"), ¶ 2.)  WNB does not conduct any business in the United States, and has

16  no contacts with California.  (*Id.* at ¶¶ 2, 4, 6-16.)  MRG International Inc. ("MRG") is the

17  majority shareholder of WNI, and is an international business company organized and existing

18  under the laws of the Commonwealth of the Bahamas, with its head office in the City of Nassau,

19  in the Island of New Province.  (*Id.* at ¶ 3.)  MRG also does not conduct any business in the

20  United States, and has no contacts with California.  (*Id.* at ¶¶ 3, 4, 6-16)  Ruy Rothschild de Souza

21  is a principal of WNB and MRG, and director of WNI.[1]  (*Id.* at ¶ 1).  Mr. de Souza lives in Sao

22  Paulo, Brazil and has no contacts with California in his individual capacity.  (*Id.* at ¶ 5-8, 11, 12,

23  14, 15.)

24  Brown was an officer and director of WNI, until on or about July 13, 2007.  (*See generally*

25  Brown's Third Amended Complaint.)  He was therefore an officer and director of WNI during the

26  various times the alleged acts complained of in his complaint occurred.  (*See id.*)  On July 19,

27
28
---
[1] Mr. de Souza became CEO of WNI after Brown's resignation in July 2007, subsequent to the time the alleged events that are the subject of Brown's complaint took place, with the exception of the defamation cause of action that is currently the subject of a motion to dismiss scheduled for a hearing the same day as this motion.

DM1/1304799

WIRELESS NETWORKS, INC.'S OPPOSITION TO PLAINTIFF'S MOTION        CASE NO. 07-4301 EDL
FOR LEAVE TO FILE AMENDED COMPLAINT

2007, Brown filed a lawsuit against WNI in the San Mateo Superior Court, which alleged breaches of certain promissory notes.  (*See* Exhibit A to Notice of Removal of Action under 28 U.S.C. Section 1441 (Diversity) to Federal Court, filed on August 21, 2007 ("Notice of Removal").)  On August 20, Brown filed an *ex parte* application for writ of attachment in the San Mateo Superior Court, regarding certain source code belonging to WNI, consisting of three DVD computer disks used to conduct WNI's business ("Source Code").  (*See* Exhibit B to Notice of Removal.)  That application was denied.  On August 20, 2007, Plaintiff filed a Second Amended Complaint, which added a claim for "wages due."  (*See* Exhibit C to Notice of Removal.)  WNI removed the San Mateo Superior Court action to this Court on August 21, 2007, on the basis of diversity jurisdiction.  (*See* Notice of Removal.)  That same day, WNI filed a Certification of Interested Entities or Persons of Defendant Wireless Networks, Inc., which identified WNB, MRG, and Mr. de Souza as entities with a financial interest in the outcome of this case.  (*See* Certification of Interested Entities or Persons, filed August 21, 2007.)  On August 22, 2007, Brown filed an Emergency *Ex Parte* Application for Right to Attach Order.  (*See* Brown's August 22, 2007 Filings.)  Pursuant to the application, this Court ordered WNI to post a bond (*see* Court's August 31, 2007 Order), which was subsequently posted by WNI (*see* Bond on Attachment Order, filed September 13, 2007).

On September 6, 2007, Brown filed an Ex Parte Application for Temporary Restraining Order and Order to Show Cause Re: Retention of Source Code in California and/or For an Order Increasing the Amount of Defendant's Bond ("Application for TRO").  The Application for TRO was denied by the Court on September 12, 2007.  (*See* Court's September 12, 2007 Order.)

Brown filed a Third Amended Complaint on September 5, 2007 and an "errata" to the Third Amended Complaint (which the Court ultimately dubbed the Fourth Amended Complaint) on September 6, 2007.  (*See* Brown's September 5 and September 6 filings.)  WNI filed a Motion to Strike the Fourth Amended Complaint on the ground that Brown had violated Federal Rule of Civil Procedure 15(a) because he had not sought leave to file the amended complaint.  (*See* WNI's September 7 filings.)  The Court granted WNI's motion to strike on October 23, 2007.  (*See* Order Granting Motion to Strike Plaintiff's Fourth Amended Complaint, filed October 23, 2007).  The

Court ordered: "Brown . . . has leave to amend his second amended complaint.  Plaintiff may file an amended complaint no later than November 16, 2007. . . .  Plaintiff has leave to file one more amended complaint to restate the claims he previously pled, but he may not file any subsequent complaints without the Court's permission."  (*See* Court's October 23, 2007 Order at 3:2-3:3; 4:4-4:6.)

To prepare the Joint Case Management Statement, which was due on November 20, 2007, WNI counsel requested that Brown provide them with an advance copy of the amended complaint, which Brown's counsel originally agreed to provide early.  (*See* Joint Case Management Statement, filed November 20, 2007, at 2:27-3:7.)  However, Brown's counsel later stated that he would not be providing WNI counsel with an advance copy, stating: "The amended complaint we are going to file at this time will not add any new parties and is essentially a reformatting of the state court complaint to conform to Federal pleading form.  *We will file a motion for leave later seeking to add new parties and theories of recovery*."  (*See* Exhibit B to Joint Case Management State, filed November 20, 2007 (emphasis added).)

On November 16, 2007, Brown filed a Third Amended Complaint.  (*See* Third Amended Complaint, filed November 16, 2007.)  At the November 27, 2007 case management conference, the court stated: "Any amendments to the complaint will be to add defendants as listed in the case management statement."  (*See* November 27, 2007 Civil Minutes.)

WNI filed its answer and counterclaim on December 6, 2007.  (*See* WNI filings of that date.)  Brown filed his answer to WNI's Counterclaim on December 20, 2007.  (*Id.*)  WNI filed a motion to strike parts of Brown's answer, which was granted by the Court.  (*See* Court's February 19 Order.)  Brown filed an amended answer on February 25, 2008.  (*See* WNI filing of that date.)

It was not until March 4, 2008 that Brown filed this instant Motion for Leave to Amend Complaint.

### III.   ARGUMENT

WNI recognizes that the Federal Rules of Civil Procedure contain liberal rules regarding the amendment of pleadings.  However, amendments to pleadings will not be allowed in certain situations, such as when an amendment would be futile (*see, e.g., Moore v. Kayport Package*

1  *Express* (9th Cir. 1989) 885 F.2d 531); or the moving party has been dilatory (*see, e.g.*, *FilmTec*

2  *Corp. v. Hydranautics* (Fed. Cir. 1995) 67 F.3d 931; *AmerisourceBergen Corp. v. Dialysist West,*

3  *Inc.* (9th Cir. 2006) 465 F.3d 946, 953 ("We have held that an eight month delay between the time

4  of obtaining a relevant fact and seeking a leave to amend is unreasonable."))

5       In this case, amendment would be futile because this Court has no personal jurisdiction

6  over the defendants that Brown seeks to add.  In addition, the purported reason for adding these

7  alleged "alter ego" defendants (because WNI is "judgment proof in this action, leaving plaintiff

8  without a remedy if the separateness of the entities is honored" (*see* Brown's Motion at 4:10-

9  4:11)) has already been resolved by this Court when it ordered WNI to post a bond in lieu of

10  attaching its Source Code.  Moreover, Brown's proposed amended complaint contains no charging

11  allegations against the proposed defendants and Brown cannot demonstrate the necessary elements

12  for the "alter ego" theory to apply.  Lastly, Brown has been dilatory in seeking this amendment –

13  he knew of these alleged "alter ego" facts long ago (and alleged many of them in support of his

14  attempts to attach the Source Code) and waited several months before seeking to add these

15  defendants as parties to this litigation.  For these reasons, discussed in more detail below, Brown's

16  motion for leave to amend his complaint should be denied.

### A.   Amendment Would be Futile; There is No Personal Jurisdiction Over the Proposed Defendants

19       If a proposed amendment to a complaint would be futile, a court may decline to grant a

20  party leave to amend a complaint.  (*See, e.g.*, *Moore v. Kayport Package Express* (9th Cir. 1989)

21  885 F.2d 531.)  Here, the proposed amendment is futile because this Court has no personal

22  jurisdiction over the defendants that Brown proposes to add by this amended complaint.

23       It is a fundamental principle of law that a court must have personal jurisdiction over a

24  defendant.  (*See, e.g.*, *Pennoyer v. Neff* (1877) 95 U.S. 714, 720-722; *Insurance Corp. of Ireland,*

25  *Ltd. v. Compagnie des Bauxites de Guinee* (1982) 456 U.S. 694, 711.)  Personal jurisdiction exists

26  if the defendant has "certain minimum contacts with (the forum state) such that the maintenance of

27  the suit does not offend traditional notions of fair play and substantial justice."  (*See, e,g.*,

28  *International Shoe Co. v. Washington* (1945) 326 U.S. 310, 316.)

5

1    Here, WNB, MRG, and Mr. de Souza do not have the requisite minimum contacts with

2    California such that personal jurisdiction over them exists.  WNB is incorporated in and does

3    business entirely within Brazil, and does not conduct any business in the United States.  (de Souza

4    Dec. ¶ 2.)  MRG is an international business company organized and existing under the laws of the

5    Commonwealth of the Bahamas, with its head office in the City of Nassau, in the Island of New

6    Province; MRG does not conduct any business in the United States.  (*Id.* at ¶ 3.)  Mr. de Souza

7    lives in Sao Paulo, Brazil.  (*Id.* at ¶ 5.)  None of these three entities has any contacts with or

8    connection to California.  (*Id.* at ¶¶ 4, 6-16.)

9    Importantly, the mere fact that WNI is subject to California's jurisdiction does not mean

10   that Mr. de Souza, as a director of WNI, or MRG, as a shareholder of WNI, are also subject to suit

11   here.  (*See, e.g.*, *Calder v. Jones* (1984) 465 U.S. 783; *Club Car, inc. v. Club Car (Quebec)*

12   *Import, Inc.* (11th Cir. 2004) 362 F.3d 775, 784 (a nonresident individual is not subject to personal

13   jurisdiction based solely upon acts in the forum state undertaken in his or her corporate capacity).)

14   Also, the fact that a parent corporation is subject to personal jurisdiction in California does not

15   mean that the subsidiary corporation is also subject to personal jurisdiction here.  (*See, e.g.*,

16   *Holland Am. Line, Inc. v. Wartsila N. Am., Inc.* (9th Cir. 2007) 485 F.3d 450, 459.)  Therefore,

17   whether there is personal jurisdiction over a person or entity must be established separately, apart

18   from their relationship to a corporation over which the Court may exercise personal jurisdiction.

19   Here, there is simply no basis to state that personal jurisdiction exists over these proposed

20   defendants.

21   Indeed, Brown recognizes that this Court does not have personal jurisdiction over these

22   proposed defendants.  When Brown was trying to convince this Court to attach the Source Code,

23   he stated: "If this Court allows that source code to fall into the hands of Mr. de Souza, I will never

24   be paid as Mr. de Souza and the cash generating subsidiary reside in Brazil.  There is no way that I

25   can collect a judgment in Brazil from Mr. de Souza."  (*See* Declaration of Charles M. Brown in

26   support of Emergency Ex Parte Application for Right to Attach Order, filed August 22, 2007

27   ("August 22 Brown Declaration"), at 11:28-12:2.)  Brown moreover stated: "Mr. de Souza sought

28   to take the Source Code to Brazil where WNB would have complete control, and WNI and its

shareholders would be left holding the proverbial bag in the United States." (Application for a TRO, at 3:22-3:24.) Thus, Brown himself recognized that this Court has no personal jurisdiction over these entities.

Because the Court has no personal jurisdiction over these proposed defendants, amendment of the complaint would be futile. Therefore, Brown's motion should be denied.

### B.    Reason for Adding Defendants Has Already Been Resolved by Court

Brown argues that he must add these proposed defendants because "WNI is judgment proof in this action, leaving plaintiff without a remedy if the separateness of the entities is honored." (*See* Motion at 4:9-4:11.) However, the Court ordered that WNI post a bond in this matter, which resolves Brown's alleged concern. Indeed, the Court ordered that WNI post a bond based, in part, on Brown's arguments that, without it (or the Source Code), he would have no other remedy because the allegedly solvent companies were in Brazil and could not be reached. Evidence of Brown's arguments to this effect are found throughout Brown's filings made in support of his various efforts to obtain WNI's Source Code. Some of these are:

- "If this Court allows that source code to fall into the hands of Mr. de Souza, I will never be paid as Mr. de Souza and the cash generating subsidiary reside in Brazil. There is no way that I can collect a judgment in Brazil from Mr. de Souza." (*See* August 22 Brown Declaration, at 11:28-12:2.)

- "The bottom line is that if this Court releases the source code to Wireless Networks do Brazil it will be on the first plan to Brazil never to be seen again. All of the shareholders and the creditors of Wireless Networks will be left with an absolute zero remedy. That is why a writ of attachment or a temporary restraining order keeping the source code in the Court's possession pending the outcome of this case is essential to effect justice." (*Id.* at 12:7-12:12.)

- "Mr. de Souza sought to take the Source Code to Brazil where WNB would have complete control, and WNI and its shareholders would be left holding the proverbial bag in the United States." (Application for a TRO, at 3:22-3:24.)

Based on Brown's representations, this Court ordered that WNI post a bond in this matter, which WNI ultimately did. Brown now must make the opposite argument to support his conclusion that there is personal jurisdiction over the defendants he proposes to add. Moreover,

///

1    the alleged basis for adding the defendants (that Brown will be unable to collect a judgment

2    against WNI) has already been resolved by this Court in ordering a bond to be posted.

3        The "alter ego" theory is a remedy.  (*See, e.g.*, *Sonora Diamond Corp. v. Superior Court*

4    (2000) 83 Cal.App.4th 523, 539 ("alter ego is an extreme remedy, sparingly used").)  The purpose

5    of the alter-ego exception is "not to protect every unsatisfied creditor, but rather *to afford him*

6    *protection*, where some conduct amounting to bad faith, wrongdoing, or inequitable purpose

7    makes it unfair for the shareholders of a corporation to hid behind the corporate veil." (*Associated*

8    *Vendors, Inc. v. Oakland Meat Co.* (1962) 210 Cal.App.2d 825, 842 (emphasis added).)  In fact

9    under California law, Brown must affirmatively demonstrate that there will be an "inequitable

10   result" if the acts in question are treated as those of the corporation alone, or if the failure to

11   disregard the corporate entity would promote fraud or injustice.  (*Mesler v. Bragg Mgmt. Co.*

12   (1985) 39 Cal.3d 290, 299.)  Moreover, any alleged difficulty in enforcing a judgment or

13   collecting a debt does not satisfy this requirement.  (*Sonora Diamond Corp.*, supra, 83

14   Cal.App.4th at 539.)

15       Here, the "alter ego" theory is not needed as a remedy, as the Court has previously

16   resolved the issue of a remedy by ordering WNI to post a bond.  In addition, Brown cannot

17   demonstrate that there will be an "inequitable result" here because of the existence of the bond.

18   Therefore, because the Court previously resolved any remedy issues with respect to WNI,

19   Brown's "alter ego" theory will fail, and the Court should deny Brown's motion.

20       **C.    No Charging Allegations Against Proposed Defendants; Inability to**
         **Demonstrate "Alter Ego"**
21

22       A reading of Brown's proposed complaint reveals that there are no causes of action that are

23   directed at WNB, MRG, or Mr. de Souza and no separate bases for liability against them.  In other

24   words, there are no allegations that these entities did anything independent of WNI's alleged

25   wrongful conduct.  None of these entities performed any acts in California.  (*See generally* de

26   Souza Dec.)  Additionally, as set forth in section A., above, the mere fact that these entities were

27   the subsidiary, shareholder, or director of WNI, does not automatically confer jurisdiction over

28   them.

1    Moreover, in order to invoke the "alter ego" remedy, courts have repeatedly required that a

2    plaintiff show a "unity of interest and ownership" between the corporation and its equitable

3    owners, such that the separate personalities of the corporation and its shareholders do not exist.

4    (*Mesler v. Bragg Mgmt. Co.* (1985) 39 Cal.3d 290, 299.)  The essence of the "unity of interest and

5    ownership" argument is proving that the corporation was essentially a sham.  Brown has a great

6    impediment to demonstrating such "unity of interest and ownership" because, at the time his

7    alleged claims arose (as stated in his complaint), he was the officer and director of WNI, was the

8    primary individual in charge of the handling and management of WNI's corporate records,

9    directed outside counsel regarding WNI's affairs, and handled all of WNI's day-to-day business.

10   Therefore, if there was any "unity of interest and ownership" it was as a result of his own

11   wrongdoing, which he should not now be allowed to benefit from.

12   Therefore, Brown's motion should be denied on this ground as well.

13   **D.    Brown Has Been Dilatory in Amending Complaint**

14   Brown's motion to amend his complaint should also be denied because he has been

15   dilatory in seeking it.  Brown has been alleging facts that he believes supports his alter ego theory

16   since almost the inception of this case.  His various pleadings and motions are replete with

17   instances where he has made these allegations.  For example, in Brown's Reply in Support of his

18   Ex Parte Application for Right to Attach Order, Brown alleges that "Mr. de Souza is pilfering

19   from WNB on his own behalf; putting family members on the payroll, paying other personal bills,

20   etc.  Mr. de Souza runs the company as his personal fiefdom."  (*See* August 29, 2007 filing, at

21   13:8-13:10; *see generally*, August 22 Brown Declaration, which discusses in detail Brown's

22   allegations in this regard.)

23   Brown has, moreover, expressly referenced his intent to add these defendants for several

24   months.  For example, in his opposition to WNI's motion to strike the Fourth Amended

25   Complaint, Brown states: "[P]laintiff notes that certain additional factual matters have come to

26   light since the filing of the third amended complaint and its errata which will form the basis of an

27   additional claim for relief, joinder of an additional party defendant, and a concomitant motion to

28   amend the complaint."  (*See* Brown's Opposition to Motion to Strike, filed September 25, 2007, at

1  4:15-4:18.)  In addition, in a November 6, 2007 correspondence to WNI counsel, Brown's counsel

2  stated: "The amended complaint we are going to file at this time will not add any new parties and

3  is essentially a reformatting of the state court complaint to conform to Federal pleading form.  We

4  will file a motion for leave later seeking to add new parties and theories of recovery."  (*See*

5  Exhibit B to Joint Case Management Statement filed on November 20, 2007.)  The fact that

6  Brown knew he intended to add these parties and, on November 16, 2007, filed an amended

7  complaint without adding these additional parties, demonstrates his dilatory conduct.

8         In the Joint Case Management Statement, filed November 20, 2007, Brown stated

9  "Plaintiff may file a motion for leave to file a Fourth Amended Complaint, which would add

10  additional defendants that will have to be served."  (See 3:17-3:18.)  In its November 27, 2007

11  order after the case management conference, the Court ordered: "Any amendments to the

12  complaint will be to add defendants as listed in the case management statement."

13         Brown failed to file this amended complaint until March 4, 2008 - after Brown had filed

14  five amendments to his complaint all the while knowing of the alleged facts to support his alter

15  ego theory, after WNI has filed its answer and counterclaim, after Brown had filed his answer,

16  after WNI had to file a motion to strike portions of Brown's answer and a hearing was held on that

17  motion.  In total, Brown has waited in excess of 6 months to seek to add these parties, all the while

18  knowing that he intended to do so and, in the process, wasting the Court's and WNI's resources.

19         Because Brown has been dilatory in seeking to amend his complaint, his motion should be

20  denied.

21                        **IV.    CONCLUSION**

22         WNI respectfully requests that this Court deny Brown's Motion for Leave to Amend

23  Complaint based on one or more of the reasons discussed above.

24  Dated:  March 25, 2008                 DUANE MORRIS LLP

25

26                           By:    /s/ Lina M. Brenner
                                    Lina M. Brenner
27                                  Jessica E. La Londe
                                    Attorneys for Defendant and Counterclaimant
28                                  WIRELESS NETWORKS, INC.