JEFFREY F. RYAN, ESQ. SBN 129079
RYAN & STEINER
An Association of Attorneys
455 North Whisman Road, Suite 200
Mountain View, CA 94043-5721
Telephone:   (650) 691-1430
Facsimile:    (650) 968-2685

Attorneys for Plaintiff,
CHARLES M. BROWN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CHARLES M. BROWN,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>WIRELESS NETWORKS, INC., a Delaware corporation, RUY ROTHSCHILD DE SOUZA, WIRELESS NETWORKS DO BRAZIL, LTDA, and MRG INTERNATIONAL, INC.,<br><br>　　　　Defendants. | Case No.: C07-4301 EDL<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO AMEND THE COMPLAINT**<br><br>Date:　April 15, 2008<br>Time:　9:00 a.m.<br>Dept.:　15th Floor, Courtroom E<br>Judge:　Mag. Elizabeth D. LaPorte |

## I.　THE COURT HAS PERSONAL JURISDICTION OVER THE PROPOSED DEFENDANTS

Defendant's assertion that the court lacks personal jurisdiction over Mr. de Souza, WNB, and MRG is incorrect. Initially, we note that de Souza, as the author and signatory of the defamatory letter, has the requisite contacts with this State to support specific personal jurisdiction. However, examination of those contacts is unnecessary. Even though a party might not normally be subject to personal jurisdiction in a particular forum, courts may exercise personal jurisdiction over an individual or corporation that is

an alter ego or successor of a corporation that would be subject to personal jurisdiction in that court. See, e.g., *Flynt Distrib. Co. v. Harvey*, 734 F.2d 1389, 1393 (9th Cir. 1984) (finding a prima facie case of alter ego-based jurisdiction over individuals who were alter egos of the contract signatories and of the corporations and partnerships).

In *Patin v. Thoroughbred Power Boats*, 294 F.3d 640 (5th Cir. 2002), the court observed that:

> [F]ederal courts have consistently acknowledged that it is compatible with due process for a court to exercise personal jurisdiction over an individual or a corporation that would not ordinarily be subject to personal jurisdiction in that court when the individual or corporation is an alter ego or successor of a corporation that would be subject to personal jurisdiction in that court. [Footnote omitted]. The theory underlying these cases is that, because the two corporations (or the corporation and its individual alter ego) are the same entity, the jurisdictional contacts of one are the jurisdictional contacts of the other for the purposes of the International Shoe due process analysis. See, e.g., Lakota Girl Scout Council, 519 F.2d 634, 637 (explaining that "if the corporation is [the individual defendant's] alter ego, its contacts are his and due process is satisfied").

*Patin*, 294 F.3d at 653.  As the *Patin* court noted in the omitted footnote 18 referenced above, the other circuits are in accord.  See, e.g., *Howard v. Everex Systems, Inc.*, 228 F.3d 1057, 1069 n.17 (9th Cir. 2000) ("Although jurisdiction over a subsidiary does not automatically provide jurisdiction over a parent . . . where the parent totally controls the actions of the subsidiary so that the subsidiary is the mere alter ego of the parent, jurisdiction is appropriate over the parent as well."); *Minnesota Mining & Mfg. Co. v. Eco Chem Inc.*, 757 F.2d 1256, 1265 (Fed. Cir. 1985) (finding that the exercise of personal jurisdiction over a successor corporation with no ties to the forum state was appropriate when the successor corporation was a "mere continuation" of the predecessor corporation and exercise of personal jurisdiction would have been appropriate over the

predecessor); *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 903 (2d Cir. 1981) (finding that the fiduciary shield doctrine, which prevents courts from imputing the jurisdictional contacts of corporations to their stockholders, is inapplicable when the corporation is a "mere shell" for the individual stockholder); *Lakota Girl Scout Council, Inc. v. Havey Fund-Raising Mgmt., Inc.*, 519 F.2d 634, 637-38 (8th Cir. 1975) (finding that the chief executive officer of a corporation was subject to in personam jurisdiction based on the corporation's activities in the forum state when the evidence indicated that the corporation was merely the alter ego of the chief executive officer); *Huth v. Hillsboro Ins. Mgmt., Inc.*, 72 F. Supp. 2d 506, 510 (E.D. Pa. 1999) (holding that the acts of a predecessor corporation may be attributed to its successor for purposes of determining whether jurisdiction over the successor is proper); *Kinetic Instruments, Inc. v. Lares*, 802 F. Supp. 976, 985 (S.D.N.Y. 1992) ("It is clear that if a court has jurisdiction over a corporation, it may obtain jurisdiction over a corporate officer or shareholder by disregarding the corporate entity.").

As a result, this Court has personal jurisdiction over the proposed defendants, and the amendment is not "futile."

**II.   DEFENDANT'S REMAINING ARGUMENTS ARE WITHOUT MERIT.**

Defendant offers three remaining arguments in support of its motion, none of which justify denial of the motion. Defendant asserts that the reason for the amendment has already been resolved by the court. The bond required of defendant by this Court, however, does not cover all of the damages available should plaintiff prevail. In particular, the bond does not cover plaintiff's wage claim, labor code damages and fees, defamation claim, or right to attorneys fees under the promissory notes. Therefore, defendant's assertion is without merit.

Defendant also asserts that plaintiff will be unable to demonstrate alter-ego. Plaintiff has, however, alleged circumstances that support an alter-ego finding. Defendant's motion tests only the allegations of the complaint, not whether the

allegations are ultimately proven. Again, defendant's assertion is without merit as a basis to deny leave to amend the complaint.

Finally, defendant urges that the amendment be rejected as too late. With this case still in the pleading stage and discovery only beginning, defendant's argument is without merit. Indeed, under applicable law, procedures to effect the amendment can be made even after the trial where alter-ego is established. E.g., Motion after trial to amend the judgment to add the controlling person as judgment debtor [*Alexander v. Abbey of the Chimes* (1980) 104 Cal. App. 3d 39, 44-46, 163 Cal. Rptr. 377 ; *Mirabito v. San Francisco Dairy Co.* (1935) 8 Cal. App. 2d 54, 57-60, 47 P.2d 530 ; see *McClellan v. Northridge Park Townhome Owners Association, Inc.* (2001) 89 Cal. App. 4th 746, 753-756, 107 Cal. Rptr. 2d 702 (trial court properly granted motion to amend judgment adding successor corporation as judgment debtor in addition to bankrupt predecessor, when substantial evidence supported conclusion that successor was mere continuation of predecessor); *Hall, Goodhue, Haisley & Barker, Inc. v. Marconi Conf. Center Bd.* (1996) 41 Cal. App. 4th 1551, 1555, 49 Cal. Rptr. 2d 286 (judgment confirming arbitration award may be amended to add alter ego as additional judgment debtor)]. Petition for an order to show cause why the judgment should not be amended to add the controlling person as judgment debtor [*Motores De Mexicali v. Superior Court* (1958) 51 Cal. 2d 172, 174-176, 331 P.2d 1 ; *Schoenberg v. Romike Properties* (1967) 251 Cal. App. 2d 154, 168, 59 Cal. Rptr. 359] . Separate action against the controlling person or entity to establish its liability for the original judgment [*Silverman v. Superior Court* (1988) 203 Cal. App. 3d 145, 151-152, 249 Cal. Rptr. 724 ; *Taylor v. Newton* (1953) 117 Cal. App. 2d 752, 753-757, 257 P.2d 68] . Joint debtor proceedings under Code Civ. Proc. §§ 989-994 [see *Silverman v. Superior Court* (1988) 203 Cal. App. 3d 145, 147-148, 152, 249 Cal. Rptr. 724 ; *Marcus v. Superior Court* (1977) 75 Cal. App. 3d 204, 211 n.3, 141 Cal. Rptr. 890 (dicta in both cases)].

///

1  Accordingly, the amendment is not dilatory, and should be allowed.

2  Dated: April 1, 2008                    RYAN & STEINER

3

4  By:___/s/  Jeffrey F. Ryan_____
   Jeffrey F. Ryan
   Attorneys for Counter-defendant
5  CHARLES M. BROWN