| | |
|---|---|
| 1 | Lina M. Brenner (SBN 191075) |
| | Jessica E. La Londe (SBN 235744) |
| 2 | **DUANE MORRIS LLP** |
| | One Market, Spear Tower, Suite 2000 |
| 3 | San Francisco, CA 94105-1104 |
| | Telephone: 415.957.3000 |
| 4 | Facsimile: 415.957.3001 |
| | E-mail: lmbrenner@duanemorris.com |
| 5 | jelalonde@duanemorris.com |
| 6 | Daniel J. Herling (SBN 103711) |
| | **KELLER & HECKMAN LLP** |
| 7 | Three Embarcadero Center, Suite 450 |
| | San Francisco, California 94111 |
| 8 | T: (415) 948-2800 |
| | F: (415) 948-2808 |
| 9 | E-mail: herling@khlaw.com |

Attorneys for Defendant
WIRELESS NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| CHARLES M. BROWN, | Case No. C-07-04301 EDL |
| Plaintiff, | **DECLARATION OF JESSICA E. LA LONDE IN SUPPORT OF WIRELESS NETWORK'S INC.'S MOTION FOR PARTIAL SUMMARY ADJUDICATION OF PLAINTIFF'S DEFAMATION CAUSE OF ACTION** |
| v. | |
| WIRELESS NETWORKS, INC., a Delaware corporation, | |
| Defendant. | |
| WIRELESS NETWORKS, INC., a Delaware corporation, | Date: November 4, 2008<br>Time: 9:00 a.m.<br>Dept: Courtroom E, 15th Floor<br>Judge: Mag. Elizabeth D. Laporte |
| Counter-claimant, | |
| v. | |
| CHARLES M. BROWN, | |
| Counter-defendant. | |

DM1\1398182.1

I, Jessica E. La Londe, declare as follows:

1. I am an attorney duly licensed to practice in all of the courts of the State of California and am an associate of Duane Morris LLP, attorneys of record for Defendant Wireless Networks Inc. ("WNI") herein. The following matters are of my own personal knowledge, and if called as a witness in this matter, I could and would competently testify thereto.

2. This declaration is submitted in support of Wireless Networks, Inc.'s Notice of Motion and Motion for Partial Summary Adjudication of Plaintiff's Defamation Cause of Action ("Motion").

3. Charles M. Brown ("Brown") was a director and officer of WNI until his resignation, on July 13, 2007.

4. On July 19, 2007, Brown filed a lawsuit against WNI in the San Mateo Superior Court, which alleged breaches of certain promissory notes. *See* Exhibit A to Notice of Removal of Action under 28 U.S.C. Section 1441 (Diversity) to Federal Court, filed on August 21, 2007 ("Notice of Removal").)

5. On August 20, 2007, Brown filed an *ex parte* application for writ of attachment regarding certain source code belonging to WNI, consisting of three DVD computer disks used to conduct WNI's business ("Source Code"). *See* Exhibit B to Notice of Removal. That application was denied.

6. On August 20, 2007, Plaintiff filed a Second Amended Complaint, which added a claim for "wages due," which resulted in a demand of more than $75,000, thus exceeding the minimum amount in controversy for federal jurisdiction. *See* Exhibit C to Notice of Removal.

7. Attached as Exhibit A is a true and correct copy of excerpts from the deposition of Joao Araujo, taken on April 8, 2008.

8. At the time Brown's lawsuit was filed, WNI's corporate records were being held in a storage unit in Redwood City, California under the name of Charles M. Brown. After repeated attempts, commencing on July 13, 2007, it was not until August 14, 2007 that Brown sent the key to the storage unit where such records were being held to Duane Morris LLP's office in San Francisco.

9. In *Hagan v. Wireless Networks Inc.*, Case No. CIV 464141, previously pending in the San Mateo Superior Court, WNI's former attorney, James Hagan, filed a complaint against WNI on June 29, 2007, alleging unpaid legal bills. Brown accepted service of Mr. Hagan's complaint in the *Hagan* matter, ostensibly on behalf of WNI. Attached hereto as Exhibit B are true and correct copies of the complaint in the *Hagan* matter and Brown's acceptance of service of same.

10. Attached hereto as Exhibit C are true and correct copies of excerpts of Brown's deposition in the *Hagan* matter.

11. Attached hereto as Exhibit D are true and correct copies of the following documents from the *Hagan* matter: the Application for Right to Attach Order and related papers; Brown's waiver of the arbitration process; the Court's Order on the Application for Right to Attach; and the "Receipt for Deposit in Court" for the Source Code.

12. In June 2008, our office learned that certain WNI domain names had been registered to Brown as an individual, instead of WNI. These domain names were: <wireless-networks.com>, <wireless-networks.net> and <wireless-networks.us>.

13. Beginning on or about June 13, 2008, our office corresponded with Brown's counsel's office regarding the transfer of the WNI domain names from Brown to WNI. After several unsuccessful attempts to have Brown take the necessary steps to transfer the domain names to WNI, WNI was forced to file an *ex parte* application seeking an order to shorten time to hear a motion to compel transfer of the domain names. WNI filed this *ex parte* application on June 24, 2008.

14. After receiving Brown's opposition to the *ex parte* application, the Court clerk informed me that the Court felt that motions practice was unnecessary. I informed the clerk that the problem was that Brown had not taken the necessary steps to effectuate the transfer. My understanding is that the Court clerk also contacted Brown's counsel and questioned why, based on his opposition, Brown would not simply stipulate to the transfer of the domain names. After this, Brown began to take the necessary steps to effectuate the transfer. On July 17, 2008, WNI

1   was able to file a Notice of Withdrawal of its *ex parte* application, as all transfers had been
2   completed.
3          15.     Attached hereto as Exhibit E are true and correct copies of electronic mails
4   provided by Frank Sudia, an independent contractor of WNI.  The page numbers in the lower
5   right hand of each page were added by our office for ease of reference.  Further, any brackets,
6   arrows or underlined emphases within the emails were similarly added by our office, for ease of
7   reference.
8          I declare under penalty of perjury under the laws of the State of California that the
9   foregoing is true and correct and that this was executed on September 26, 2008 in San Francisco,
10  California.

                                                        /s/  Jessica E. La Londe
                                                     Jessica E. La Londe