UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHARLES M. BROWN,

    Plaintiff,

    v.

WIRELESS NETWORKS, INC.,

    Defendant.
    _____/

No. C 07-4301 EDL

ORDER DENYING PLAINTIFF'S MOTION FOR PERMISSION TO FILE A MOTION FOR RECONSIDERATION

On November 17, 2008, the Court issued an Order granting Defendant's Motion for Summary Adjudication of Plaintiff's defamation claim. On November 27, 2008, Plaintiff filed a Motion for Permission to File a Motion for Reconsideration of the November 17, 2008 Order. On December 3, 2008, Defendant filed an opposition to Plaintiff's Motion even though Local Rule 7-9 does not provide for a response unless one is ordered by the Court.

Motions for reconsideration are governed by Civil Local Rule 7-9, which requires that in a motion for leave to file a motion for reconsideration, the moving party must specifically show:

> (1) that at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) the emergence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Here, Plaintiff argues that because the transcript of Ruy Rothschild de Souza's October 21, 2008 deposition only recently became available on November 18, 2008, reconsideration is

1 appropriate as there is now a material difference in fact that exists from that which was presented to
2 the Court on summary adjudication (Civil L.R. 7-9(b)(1)) and/or there has been an emergence of
3 new material facts since the Court's Order (Civil L.R. 7-9(b)(2)).  Plaintiff's counsel's office called
4 the court reporter on November 11, 2008, one week after the hearing on summary adjudication, to
5 find out when the de Souza transcript would be ready.  See Shore Decl. ¶ 2.  Although Plaintiff was
6 told that the transcript would be ready by November 17, 2008, Plaintiff did not receive it until
7 November 18, 2008.  See id. ¶¶ 2-4.  There is no showing that Plaintiff's counsel asked the court
8 reporter to expedite the preparation of the transcript when he took the deposition.

9 Plaintiff has not satisfied any of the prongs of Local Rule 7-9(b) to warrant reconsideration.
10 The de Souza deposition took place on October 21, 2008.  The hearing on Defendant's motion for
11 summary adjudication took place on November 4, 2008.  Even though Plaintiff's counsel clearly
12 knew the substance of Mr. de Souza's deposition, having himself taken the deposition over the
13 course of several hours, at no time during the briefing on Defendant's motion or at the hearing did
14 Plaintiff mention that the deposition transcript was relevant, much less necessary, for his opposition
15 to the motion.  Moreover, Plaintiff did not utilize Federal Rule of Civil Procedure 56(f), which
16 allows a party to request a continuance when facts essential to an opposition to a summary
17 adjudication motion are unavailable, which Plaintiff contends is the case here.  Instead, Plaintiff
18 waited until one week after the hearing to first attempt to obtain the transcript.  Even at that time,
19 Plaintiff did not seek leave to submit additional information to the Court.

20 These facts do not support reconsideration under Local Rule 7-9(b)(1), which requires that
21 the party show that it did not know of the material facts at the time of the Order.  Plaintiff took Mr.
22 de Souza's deposition and so knew the facts no later than October 21, 2008, well before the Court
23 held a hearing and heard oral argument on Defendant's summary adjudication motion.  Similarly, no
24 new facts have emerged after the Court's order to support reconsideration under Local Rule 7-
25 9(b)(2); the facts in the de Souza deposition were known by Plaintiff's counsel well before the
26 November 17, 2008 Order.  Accordingly, Plaintiff's Motion for Permission to File a Motion for
27 //
28 //
//

Reconsideration is denied.

**IT IS SO ORDERED.**

Dated: December 3, 2008

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge