UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES M. BROWN,<br><br>     Plaintiff,<br><br>     v.<br><br>WIRELESS NETWORKS, INC.,<br><br>     Defendant.<br>_____/ | No. C 07-4301 EDL<br><br>ORDER GRANTING IN PART DEFENDANT'S RENEWED MOTION TO COMPEL |

Before the Court is Defendant's Renewed Motion to Compel Forensic Analysis of Plaintiff's Computer Hard Drive, filed on December 4, 2008. The Court granted Defendant's request that this matter be heard on shortened time, ordered Plaintiff to file his opposition no later than December 11, 2008 and ordered Defendant to file its reply no later than December 15, 2008. The Court did not set a hearing, and after carefully reviewing the briefs, concludes that this matter is appropriate for decision without oral argument.

This motion arises out of Plaintiff's September 12, 2008 production to Defendant of a CD containing e-mails, specifically those relating to MultiModal. Defendant was unable to read the e-mails on the CD, and tried to get help from Plaintiff which was not forthcoming, so filed a motion to compel production of the e-mails in a readable format. At the eleventh hour, during the briefing for Defendant's motion to compel, Plaintiff converted the e-mails into a readable format and produced them to Defendant in November 2008. After reviewing Plaintiff's production, Defendant believed that e-mails and attachments were missing from Plaintiff's production, and so at the hearing on

1  Defendant's motion to compel on November 18, 2008, Defendant sought production of Plaintiff's
2  hard drive.  The Court ordered the parties to meet and confer regarding a forensic analysis of
3  Plaintiff's hard drive, and gave Defendant leave to file a motion to compel inspection of the hard
4  drive if the parties could not reach agreement.
5        Defendant now seeks to compel inspection of Plaintiff's hard drive.  Plaintiff objects to the
6  forensic analysis on the grounds that, *inter alia*, the hard drives that originally stored the e-mails no
7  longer exist and the only computer that he owns was purchased long after communications about
8  MultiModal ceased in 2005 - 2006.
9        The Court is not persuaded by Plaintiff's arguments.  For example, Plaintiff argues that if
10 any e-mails were deleted, those deletions were done before Plaintiff bought his current Apple
11 computer in March 2007, and that the prior hard drives have been destroyed.  Even though the Apple
12 computer at issue was purchased in March 2007, that was several months before Plaintiff resigned
13 from Wireless Networks.  Defendant should be able to test Plaintiff's assertion that he never
14 received MultiModal e-mails on that Apple computer.  Further, although Plaintiff states that the e-
15 mails were originally stored on hard drives that no longer exist, he does not indicate which computer
16 was used to complete the translation of the CD that was produced to Defendant, and because
17 Plaintiff only has one computer, the translation may well have been completed on Plaintiff's current
18 Apple computer.  Plaintiff has provided no evidence to the contrary, nor has he stated that he did not
19 use his Apple computer for his work prior to resigning.  Therefore, that computer may contain
20 relevant information.  Defendant has shown good cause for a forensic analysis of Plaintiff's
21 computer, subject to certain procedural safeguards.
22       The parties have exchanged alternative proposed forensic analysts and search protocols.  See
23 Brenner Decl. Ex. D, F.  Defendant agreed to use Plaintiff's forensic analyst, John Berryhill, but did
24 not agree to other changes that Plaintiff made to Defendant's proposed protocol, specifically, the
25 removal of search terms, the removal of the ability to search for deleted e-mails, and the removal of
26 Plaintiff's obligation to provide a privilege log.  See Brenner Decl. Ex. H.  The Court has reviewed
27 the parties' competing proposals, and adopts Defendant's proposal, with the following
28 modifications.  First, the forensic analysis shall be conducted by John Berryhill.  Second, the list of
search terms shall include the terms proposed by Defendant, with the exception of "counsel" and

"medical." No later than December 22, 2008, Defendant shall file a proposed order regarding the search protocol in accordance with this Order.

**IT IS SO ORDERED.**

Dated: December 18, 2008

ELIZABETH D. LAPORTE
United States Magistrate Judge

3