1  Lina M. Brenner (SBN 191075)
   Jessica E. La Londe (SBN 235744)
2  **DUANE MORRIS LLP**
   One Market, Spear Tower, Suite 2000
3  San Francisco, CA 94105-1104
   Telephone: 415.957.3000
4  Facsimile: 415.957.3001
   E-mail:  lmbrenner@duanemorris.com
5           jelalonde@duanemorris.com

6  Daniel J. Herling (SBN 103711)
   **KELLER & HECKMAN LLP**
7  Three Embarcadero Center, Suite 450
   San Francisco, California  94111
8  T:  (415) 948-2800
   F:  (415) 948-2808
9  E-mail:  herling@khlaw.com

10 Attorneys for Defendant
   WIRELESS NETWORKS, INC.
11

12              UNITED STATES DISTRICT COURT

13              NORTHERN DISTRICT OF CALIFORNIA

14                      SAN FRANCISCO

| 15 | CHARLES M. BROWN, | Case No. C-07-04301 EDL |
|---|---|---|
| 16 | Plaintiff, | [~~PROPOSED~~] ORDER RE PROTOCOL FOR IMAGING AND SEARCHING PLAINTIFF'S HARD DRIVE ORDER |
| 17 | v. | |
| 18 | WIRELESS NETWORKS, INC., a Delaware corporation, | |
| 19 | | |
| 20 | Defendant. | Dept:   Courtroom E, 15th Floor<br>Judge:  Mag. Elizabeth D. Laporte |
| 21 | WIRELESS NETWORKS, INC., a Delaware corporation, | Trial Date:  March 9, 2009 |
| 22 | | |
| 23 | Counter-claimant, | |
| 24 | v. | |
| 25 | CHARLES M. BROWN, | |
| 26 | Counter-defendant. | |
| 27 | | |

28

ORDER RE PROTOCOL FOR IMAGING/SEARCHING PLAINTIFF'S HARD DRIVE     CASE NO. 07-4301 EDL

DM1\1484284.1

Pursuant to the Court's Order Granting In Part Defendant's Renewed Motion To Compel, entered December 18, 2008, the Court further orders that the following protocol be used for imaging and searching the hard drive of Plaintiff Charles Brown's ("Brown") Macintosh computer ("hard drive"):

1. Jon Berryhill of Berryhill Computer Forensics, Inc., operating as a neutral computer forensic analyst with respect to this project, will perform the imaging and searching of Brown's hard drive.

2. The parties will pick a mutually convenient date prior to January 9, 2009 on which Mr. Berryhill, Brown, counsel for Brown, and counsel for Wireless Networks, Inc. ("WNI") will meet at Brown's residence.

3. On that date, Mr. Berryhill will take an image of Brown's entire hard drive. Mr. Berryhill will take the hard drive to its offices, where it will undertake the tasks outlined in the following paragraphs.

4. Mr. Berryhill will search Brown's hard drive for both existing and deleted emails either to or from the following email addresses: <brown@wireless-networks.com> and <cbrown@multimodalnetworks.com> and containing one or more of the following terms in any part of the email (including in the "to" "from" or "subject" lines):

- Multimodal or Multimodalnetworks or Multimode or MMN or MM
- all@multimodalnetworks.com; cedric@multimodalnetworks.com; joao@multimodalnetworks.com; frank@multimodalnetworks.com; dan@multimodalnetworks.com; dcochran@multimodalnetworks.com; bob@multimodalnetworks.com; mhu@multimodalnetworks.com
- "new company" or "new business" or "new team" or startup or "team member"
- "NewCo" or "newco"
- Hagan or Hagan Law Firm
- Source Code
- Special Counsel
- "Charles Brown & Associates"
- "nondisclosure agreement" or "non-disclosure agreement" or NDA
- Retail Buddy
- First Data or FD
- Unitrol
- "brand name"
- Ruy Rothschild de Souza or Ruy or "de Souza"
- Secret or stealth or confidential
- Venture capital
- Shareholders
- Reports

5.  After completing the searches outlined above, Mr. Berryhill will provide Brown with the results of its searches.  Brown will then tag privileged information for Mr. Berryhill within one week of Mr. Berryhill providing Brown the result of its searches.

6.  Mr. Berryhill will provide to WNI the following: (1) all emails generated from the search except for those Brown has tagged as privileged; and (2) information regarding which of those emails were deleted and, where possible, when they were deleted.

7.  Brown will provide to WNI the following: a privilege log of those emails tagged as privileged.  Such privilege log will include: 1) a description of the email withheld; 2) the date of such email; 3) the direct and carbon copy recipient(s) and sender of such email; and 4) the basis for the asserted privilege.  WNI does not waive the right to object to the assertion of privilege as to any email withheld by Brown.

**IT IS SO ORDERED.**

Date:  December 23, 2008



The Honorable Elizabeth D. Laporte
United States Magistrate Judge